**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

SHEM OLAM LLC,

      Debtor.

Chapter 11

Case No. 22-22493 (SHL)

## <u>DECLARATION OF ISRAEL DAHAN</u>

Israel Dahan, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am of legal age and competent to make this declaration.

2.      I have personal knowledge of the matters set forth herein, and I am competent in all respects to testify on the matters set forth herein.  If I were called to testify on these matters, I could and would competently do so.

3.      I am an attorney, licensed to practice law in the State of New York, with the firm King & Spalding LLP.

4.      I am co-counsel to Yeshiva Chofetz Chaim, Inc. ("YCC") and 82 Highview LLC, which are plaintiffs in the state court action styled *Yeshiva Chofetz Chaim, Inc. et al. v. 82 Highview LLC et al.*, Index No. 036879/2021 (N.Y. Sup. Ct. Rockland County) (the "State Court Action").  My other co-counsel is Joseph A. Churgin of the law firm, Savad Churgin.

5.      On December 23, 2021, YCC and 82 Highview LLC commenced the State Court Action against Rabbi Aryeh Zaks and Shem Olam LLC.  That action seeks to quiet title to the property located at 82 Highview Rd, Suffern, NY (the "Property") in favor of 82 Highview, to invalidate the purported sale of the Property to Shem Olam, and to preliminarily enjoin Rabbi Aryeh and Shem Olam from taking any further action with regard to the property.

6.     Attached as Ex. 1 is a true and correct copy of the Summons and Complaint in the State Court Action.

7.     Attached as Ex. 2 is a true and correct copy of the plaintiffs' motion for a preliminary injunction and all accompanying papers.

8.     On February 15, 2022, defendants Rabbi Aryeh Zaks and Shem Olam filed a motion to dismiss the State Court Action based entirely on an affirmation from Henoch Zaks, Rabbi Aryeh Zaks' son.  In it, Henoch Zaks asserted that the "sale" of the Property was proper because, under the purported Operating Agreement for 82 Highview LLC, which is attached as Ex. 6 to Henoch Zaks' affirmation, Rabbi Aryeh Zaks was the sole member and manager of the LLC "has all the rights to act in all matters on behalf of the LLC as he sees fit."  Attached as Ex. 3 hereto is true and correct copy of Henoch Zaks' affirmation.  Attached as Ex. 4 hereto is a true and correct copy of the purported "operating agreement" that Henoch Zaks submitted with his affirmation.

9.     The plaintiffs filed a response to the defendants' motion to dismiss, along with an affirmation from Rabbi Mayer Zaks, to refute their assertion that the "operating agreement" was valid.  Attached hereto as Ex. 5 is a true and correct copy of the plaintiffs' brief in opposition.  I understand that Rabbi Mayer Zaks' affirmation and its exhibits have been provided to the Court in a separate declaration from Rabbi Mayer Zaks.

10.     On July 13, 2022,  the State Court denied Shem Olam's and Rabbi Aryeh Zaks' motion to dismiss.  Attached as Ex. 6 is a true and correct copy of the State Court's decision and order.

11.     The State Court thereafter set a case management conference for 9:30 am on July 28, 2022, to discuss YCC's pending motion for preliminary injunction and discuss a pre-trial discovery schedule.

12.     On July 27, 2022, my co-counsel, Joe Churgin, received, in response to a subpoena issued to a lender of Rabbi Aryeh Zaks, the following documents, among others: *another* purported "operating agreement" for 82 Highview LLC created by Rabbi Aryeh Zaks, apparently submitted to the lender to secure a $3.5 million loan under 82 Highview LLC, a true and correct copy of which is attached as Ex. 7; and an IRS letter showing that Rabbi Aryeh Zaks had obtained a fraudulent second EIN for 82 Highview LLC, which Rabbi Aryeh Zaks send to the lender to obtain the $3.5 million loan, a true and correct copy of which is attached as Ex. 8.

13.     Immediately upon receiving these documents, on July 27, 2022, Joe Churgin contacted counsel for defendants Rabbi Aryeh and Shem Olam in the State Court Action and told counsel that he would present the documents to the State Court the next morning, at the case management conference.

14.     A few hours later, at 6:56 pm on July 27, 2022, defendants in the State Court Action filed a suggestion of bankruptcy with the State Court invoking the automatic stay.  Attached as Ex. 9 is a true and correct copy of that filing.

15.     I appeared at the State Court Action conference the next morning.  No defendant appeared.  The State Court was sympathetic to the plaintiffs' position, but it stated that, out of an abundance of caution to avoid violating the automatic stay, it would stay the action entirely while the bankruptcy case remains pending or until the Bankruptcy Court otherwise makes clear that the court may proceed.

16.     On August 2, 2022, Shem Olam and Rabbi Aryeh Zaks filed a notice in the State Court Action that they had filed a notice of removal in the U.S. District Court for the Southern District of New York.

3

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2022                          _/s/_ Israel Dahan_____

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------------------------x
YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,

<table>
<tr><td></td><td>Index No.</td></tr>
<tr><td style="text-align:right">Plaintiffs,</td><td><strong>SUMMONS</strong></td></tr>
</table>

-against-

Plaintiffs designate
Rockland County as the
place of trial. Venue is
based on location of
subject property

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

Defendants.
----------------------------------------------------------------------x
TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs'
attorneys an answer to the Complaint in this action within 20 days of service of this
Summons, exclusive of the day of service, or within 30 days after service is complete if
this Summons is not personally delivered to you within the State of New York. In case
of your failure to answer, judgment will be taken against you by default for the relief
demanded in the Complaint.

Dated: Nanuet, New York
          December  23 , 2021

SAVAD CHURGIN
*Attorneys for Plaintiffs*

By: _____

JOSEPH A. CHURGIN, ESQ.
55 Old Turnpike Road, Ste. 209
Nanuet, New York 10954
Phone: 845-624-3820
Fax: 845-624-3821
Email: mail@savadchurgin.com

Defendants' Names and Addresses

82 HIGHVIEW LLC
82 Highview Road
Suffern, New York 10901

1

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 12/23/2021

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 7 of 204

SHEM OLAM LLC
18 Mountain Avenue
Monsey, New York 10952


ARYEH ZAKS
18 Mountain Avenue
Monsey, New York 10952

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
NYSCEF DOC. NO. 1
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 8 of 204
INDEX NO. 036879/2021
RECEIVED NYSCEF: 12/23/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------------X

YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC

                Plaintiffs,

    – against –

82 HIGHVIEW LLC, SHEM OLAM LLC,
and ARYEH ZAKS

                Defendants.

-------------------------------------------------------------------------X

      Index No.

    **VERIFIED COMPLAINT**

Plaintiffs, YESHIVA CHOFETZ CHAIM INC. and 82 HIGHVIEW LLC, as and for their

complaint against defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and ARYEH ZAKS,

alleges as follows:

    1.      Plaintiff, YESHIVA CHOFETZ CHAIM INC. ("YCC") was and still is a

religious corporation duly organized under and existing by virtue of the laws of the State

of New York, with offices in the Town of Ramapo, County of Rockland, State of New

York.

    2.      82 HIGHVIEW LLC ("82 Highview") is a domestic limited liability company

with its principal office in the County of Rockland, State of New York.

    3.      YCC is the sole member of defendant 82 Highview.

    4.      Upon information and belief, defendant SHEM OLAM LLC ("Shem Olam") is a

domestic limited liability company with its principal office in the County of Rockland, State

of New York.

1

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 12/23/2021
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 9 of 204

5.      Upon information and belief, defendant ARYEH ZAKS ("Aryeh") resides in the County of Rockland, State of New York.

6.      This lawsuit was duly authorized by the Board of Trustees of YCC.

7.      YCC seeks a judgment demanding relief affecting title to real property known as 82 Highview Road, Suffern, New York (SBL 49.17-2-42) and 105 Carlton Road, Suffern, New York (SBL 49.17-2-47) (the "Properties"), to undo the unauthorized filing of a deed from 82 Highview LLC to Shem Olam based upon the following.

FACTS

8.      In 2018, the Properties were appraised in an "as is" condition at $12,300,000, and if approved for Adult Student Housing, at $26,000,000.

9.      Prior to June 30, 2021, 82 Highview held title to the Properties.

10.     On or about June 30, 2021, 82 Highview, without the consent of its sole member YCC (by its members and its Board of Trustees), and without the authorization of the New York State Attorney's General's Office and the New York State Supreme Court, transferred title to the Properties to Shem Olam.   The deed was recorded in the Office of the Rockland County Clerk on June 30, 2021 as Instrument No. 2021-27314. A copy of the recorded deed is annexed as **Exhibit "A".**

11.     The deed was signed by Aryeh Zaks as purported Manager of 82 Highview. The RP-5217 state tax form shows the Buyer's contact information is for also Aryeh Zaks, on behalf of Shem Olam.

12.     Attached as **Exhibit "B"** is a copy of the NYS Articles of Organization for Shem Olam, which were filed by Aryeh Zaks on or about July 29, 2019.

2

13.    Aryeh Zaks is the organizer of Shem Olam.

14.    Acting on behalf of 82 Highview and Shem Olam, Aryeh Zaks unlawfully transferred title to the Properties from 82 Highview to Shem Olam so that he would have complete control of the Properties.

15.    The Trustees of YCC <u>did not</u> authorize it to cause 82 Highview to transfer title of the Properties.

16.    The Members of YCC <u>did not</u> authorize it to cause 82 Highview to transfer title of the Properties.

17.    Aryeh Zaks did not have the authority to cause 82 Highview to transfer title of the Properties.

18.    In order to lawfully transfer title of the Properties from 82 Highview to Shem Olam, the approval from the New York State Supreme Court and/or the Office of the New York State Attorney General was necessary.   No such authorization was obtained.

19.    The defendants were not authorized to transfer title of YCC's real property.


### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Declaratory Judgment RPAPL Article 15)

20.    Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs 1 through 19 as if fully set forth herein.

21.    Plaintiffs are entitled to Declaratory Judgment declaring that 82 Highview is the owner of the Properties.

3

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (<u>Fraudulent Transfer of Real Property</u>)

22.    Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" through "21" as if fully set forth herein.

23.    The deed from 82 Highview to Shem Olam, signed by Aryeh Zaks as Manager of 82 Highview, was for no consideration. The recording page shows no moneys paid in transfer tax, and the recorded RP-5217 state tax form shows a purchase price of $10.00.

24.    82 Highview, Shem Olam and Aryeh Zaks all caused the fraudulent transfer of title for no or insufficient consideration.

25.    The combined total assessed value of the Properties is $476,600.

26.    The defendants stole the Properties from YCC and its Members.

WHEREFORE, plaintiffs demand judgment on the First and Second Causes of Action as follows:

A.    Setting aside and declaring null and void the deed transferring title from defendant 82 Highview LLC to defendant Shem Olam LLC for the properties known as 82 Highview Road, Suffern, New York (SBL 49.17-2-42) and 105 Carlton Road, Suffern, New York (SBL 49.17-2-47), which deed was

4

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
NYSCEF DOC. NO. 1

INDEX NO. 036879/2021

RECEIVED NYSCEF: 12/23/2021

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 12 of 204

recorded in the Office of the Rockland County Clerk on June 30, 2021 as

Instrument No. 2021-27314.

B.  Directing the Rockland County Clerk to cancel the subject deed of record.

C.  Such further relief as the Court deems just and proper, together with costs

and disbursements.

Dated: Nanuet, New York
       December 23, 2021

JOSEPH A. CHURGIN, ESQ.
Savad Churgin
Attorneys for Plaintiffs
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954
(845) 624-3820

5

# VERIFICATION

STATE OF NEW YORK    )
                     )
COUNTY OF ROCKLAND )

_Rabbi Mayer Zaks_____, duly affirms and says:   I am an officer of the Plaintiff in the action herein; I have read the annexed Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. I affirm pursuant to my religious beliefs.

_____

Affirmed before me this
23rd day of December 2021

_____
Notary Public

MARIANA COTTER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CO6424197
Qualified in Rockland County
Commission Expires October 25, 2025

6

# EXHIBIT 2

At an I.A.S. Part of the Supreme
Court of the State of New York,
held in and for the County of
Rockland at the Courthouse, 1
South Main Street, New City,
New York, on the _____ day of
_____, 2022

P R E S E N T: HON. ROBERT M. BERLINER, J.S.C.

---------------------------------------------------------------------------x

YESHIVA CHOFETZ CHAIM INC. and 82 HIGHVIEW
LLC,

                           Plaintiffs,

     -against-

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                          Defendants.

---------------------------------------------------------------------------X

Index No. 036879/2021

*(Ex Parte)*

ORDER TO SHOW CAUSE
FOR PRELIMINARY
INJUNCTION AND **TRO**

UPON reading and filing the Verified Complaint, verified December 23, 2021, the

Affirmation of Joseph A. Churgin, Esq., dated April 14, 2022, with the exhibits annexed

thereto; the Affirmation of Rabbi Mayer Zaks, affirmed to on April 13, 2022, with the

exhibits annexed thereto;

LET the Defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and ARYEH ZAKS

SHOW CAUSE before the Honorable Robert M. Berliner, J.S.C., at a hearing to be held

at the Rockland County Courthouse, 1 South Main Street, New City, New York 10956,

or virtually as directed by the Court, on the _____ day of _____, 2022, at

1

9:30 a.m., or as soon thereafter as counsel may be heard, why an Order should not be signed and entered with the following preliminary and temporary injunctions:

1.    Pending a determination of this motion and further order of the Court, ENJOINING Defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and ARYEH ZAKS and their agents, representatives, and entities from taking any action in any manner to:

(a)    sell, mortgage, lease or in any way encumber the real properties that are the subject of the Complaint or title thereto;

(b)    interfere in any way with the operations religious observances, education and activities occurring at the real properties that are the subject of the Complaint;

(c)    commence any eviction proceeding, ejectment proceeding, or any other court proceeding relating to the use, possession or occupancy of the real properties that are the subject of the Complaint; and

(d)    interfere in any way with the governance of either Yeshiva Chofetz Chaim Inc. or 82 Highview LLC;

2.    Pending a determination of this motion, and further order of the Court, lifting the stay imposed, pursuant to CPLR 3214(b) and party and non-party discovery; and

3.    Granting such further relief as the Court deems just and proper.


SUFFICIENT reason appearing therefore, it is

ORDERED, that pending a determination of this motion, and further order of the Court, Defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and ARYEH ZAKS and their

agents, representatives, and entities are ENJOINED from taking any action in any manner to:

      (a)    sell, mortgage, lease or in any way encumber the real properties that are the subject of the Complaint or title thereto;

      (b)    interfere in any way with the operations religious observances, education and activities occurring at the real properties that are the subject of the Complaint;

      (c)    commence any eviction proceeding, ejectment proceeding, or any other court proceeding relating to the use, possession or occupancy of the real properties that are the subject of the Complaint; and

      (d)    interfere in any way with the governance of either Yeshiva Chofetz Chaim Inc. or 82 Highview LLC; and it is further

ORDERED, that pending a determination of this motion, and further order of the Court, the stay imposed, pursuant to CPLR 3214(b) is hereby lifted to permit party and non-party discovery; and it is further

ORDERED that a copy of this Order to Show Cause and the papers upon which this Order was made, be served upon Defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and ARYEH ZAKS by _____; and that such service is deemed good and sufficient, provided proof of such service is filed with the Court prior to the return date of this Order to Show Cause.

Enter.

_____

HON. ROBERT M. BERLINER, J.S.C.

3

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 55

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 18 of 204

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------------X

YESHIVA CHOFETZ CHAIM INC. and 82 HIGHVIEW
LLC,

                                        Plaintiffs,

        – against –

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                                        Defendants.

-------------------------------------------------------------------------X

Index No. 036879/2021

**AFFIRMATION OF
JOSEPH CHURGIN
IN SUPPORT OF
MOTION FOR A TRO
AND PRELIMINARY
INJUNCTION**

        JOSEPH A. CHURGIN, an attorney duly admitted to practice law in the courts of

this State, affirms the following under penalty of perjury:

        1.      I am a member of the law firm of Savad Churgin, attorneys for Plaintiffs

Yeshiva Chofetz Chaim Inc. ("YCC") and 82 Highview LLC ("82 Highview") (collectively

"Plaintiffs").

        2.      I submit this affirmation, along with Israel Dahan, Esq., in support of the

proposed Order to Show Cause with TRO, pursuant to CPLR 6301, 6311 and 6313, on a

motion seeking an order granting the following relief:

        a.      ENJOINING Defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and

ARYEH ZAKS and their agents, representatives, and entities from taking any

action in any manner to:

        (1)      sell, mortgage, lease or in any way encumber the real properties that

are the subject of the Complaint or title thereto;

1

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

NYSCEF DOC. NO. 55

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 19 of 204

(2)      interfere in any way with the operations religious observances, education and activities occurring at the real properties that are the subject of the Complaint;

(3)      commence any eviction proceeding, ejectment proceeding, or any other court proceeding relating to the use, possession or occupancy of the real properties that are the subject of the Complaint; and

(4)      interfere in any way with the governance of either Yeshiva Chofetz Chaim Inc. or 82 Highview LLC;

b.      Granting such further relief as the Court deems just and proper.

3.      This affirmation is based on my personal knowledge, my review of files and conversations with my clients.


Introduction

4.      Defendants have used deception and subterfuge to obtain and then transfer real property and a membership interest in an LLC from a religious entity to an entity controlled by defendant Aryeh Zaks.

5.      They have filed documents in connection with tax exemption applications that contradict the purported Operating Agreement that they submitted in opposition to the motion to dismiss in this action.

6.      And now they have filed a document with the Town of Ramapo in which they have stated that they intend to displace Plaintiffs' members by removing Plaintiffs, a religious entity from the property that rightfully belongs to them.

2

7.     If Defendants are not immediately enjoined from transferring or encumbering the Properties, Plaintiffs will be irreparably harmed as they will be displaced from their Properties.

8.     It is only through our FOIL requests to the Town of Ramapo and the Town's responses that we discovered the existence of documents revealing defendants' secret plan to remove the Yeshiva from the properties and thus prevent it from further operating.   If we were aware of this plan at the outset of this case, we would have sought such emergency injunction relief at that time.

Background

9.     This is an action seeking relief affecting title to real property known as 82 Highview Road, Suffern, New York (SBL 49.17-2-42) and 105 Carlton Road, Suffern, New York (SBL 49.17-2-47) (the "Properties"), to undo the unauthorized filing of a deed from 82 Highview LLC to Shem Olam.  A copy of the Complaint is attached hereto as **Exhibit A**.

10.     In August of 2013, TD Bank took title of 24 Highview Road and 82 Highview Road ("the involved properties") pursuant to referee's deed.  Affirmation of Rabbi Mayer Zaks, submitted herewith ("Zaks Affirmation") ¶ 3, Exhibit A.

11.     Plaintiff Yeshiva Chofetz Chaim Inc. had owned and occupied the involved properties going back as far as the 1960's.  Even after the property was deeded to TD Bank, Yeshiva Chofetz Chaim Inc. was in possession.   Zaks Affirmation ¶ 4.

12.     For many years, YCC has utilized the property for several religious purposes:

A) a Shul for religious services,

3

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 55
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 21 of 204
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

B) a Kollel for adult learning,

C) a Yeshiva for roughly 60 students, and

D) a religious preschool for approximately 50 children.

Zaks Affirmation ¶ 5.

13.    The Shul has served the community for many, many years so that the members of the Congregation have a place to pray during Shabbos, week day minyans and holidays.  I have led the Yeshiva and the congregation for many years. At time when I have not been available to lead, my son-in-law Solomon Stein leads the services.  Zaks Affirmation ¶ 6.

14.    Between 2013 and 2017, Mayer Zaks and his brother Aryeh Zaks attempted to identify a donor who would be willing and able to purchase title to the property from TD Bank and donate it back to Yeshiva Chofetz Chaim Inc.  The donation would be a tax deduction.  Zaks Affirmation ¶ 7.

15.    In 2017 Mayer Zaks and Aryeh Zaks identified Jacob Karmel and his entity Del Realty LLC as being the potential donor and he agreed to do so.  On August 27, 2017 Aryeh Zaks, using his regular email address Yeshivacc@yahoo.com sent an email to a third party, and to Mayer Zaks care of his wife's email account (feag123@yahoo.com) confirming this.  Aryeh Zak's email states:

> Insert # 1.  We have a person Mr. Jacob Karmel who was brought to us through Mr. Shimon Ganz who wants to buy the 14 acre Yeshiva property from TD Bank for 2 million dollars under an LLC called Del Realty LLC. He is agreeing to donate the property to the Mosad [Institution] of our choice (me and my Brother) for a deduction of 12 million after a year and a day and if not we have the right to repurchase this for the price he paid plus direct expenses such as taxes if any are paid during this time.  If the amount of the deduction is more than 12 Mil then he will give another 6% of the additional value as a donation to the charity of our choice.

4

Zaks Affirmation ¶ 8, Exhibit B.

16.    On September 18, 2017, TD Bank issued a deed of the properties to Del Realty LLC.  The purchase price reflected on the deed was $1,400,000.  Zaks Affirmation ¶ 9, Exhibit C.

17.    During this entire time, up to and including the present, Yeshiva Chofetz Chaim Inc. remained in possession of the involved properties, operating them as religious institutions for learning and prayer.

18.    On November 16, 2018, just prior to Del Realty LLC's donation of the property back to Yeshiva Chofetz Chaim Inc., Aryeh Zaks sent an email to a representative of Mr. Karmel and to Mayer Zaks through his wife's email address in which he stated that the transfer would be to 82 Highview Road LLC, a "single member" LLC belonging solely to Yeshiva Chofetz Chaim Inc.  Zaks Affirmation ¶ 10, Exhibit D.

19.    In this e-mail Aryeh Zaks attached only the 82 Highview Road LLC Articles of Organization and filing receipt to the email.  Zaks Affirmation ¶ 10, Exhibit D.

20.    Aryeh Zaks did not attach an Operating Agreement or disclosure that Yeshiva Chofetz Chaim Inc. would only be the member for 30 months and then automatically he would become the member.  Zaks Affirmation ¶ 10, Exhibit D.

21.    On December 28, 2018, Jacob Karmel executed a deed transferring title to the involved properties to 82 Highview LLC.  The RP-5217 reflects a purchase price of $0.00.  Zaks Affirmation ¶ 11, Exhibit E.

22.    On June 29, 2021, Aryeh Zaks signed a deed transferring title to the involved properties to Shem Olam LLC.  Zaks Affirmation ¶ 12, Exhibit F.

5

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 55
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 23 of 204

23.    Shem Olam LLC is a limited liability company that is wholly controlled by Aryeh Zaks and his wife and sons. Zaks Affirmation ¶ 12.

24.    In his motion to dismiss this action dated February 15, 2022, Aryeh Zaks, through his son Henoch, for the first time, produced a phony Operating Agreement of 82 Highview LLC. Zaks Affirmation ¶ 13, Exhibit G.

25.    That purported Operating Agreement dated October 16, 2018, (just prior to the transfer from Del Realty LLC to 82 Highview LLC) was signed by only Aryeh Zaks. Zaks Affirmation ¶ 16, Exhibit G. This is the document pursuant to which Aryeh Zaks claims he had the right to take control of Yeshiva Chofetz Chaim Inc. and 82 Highview LLC and transfer title to Shem Olam LLC. *Id.*

26.    Aryeh was a fiduciary of Yeshiva Chofetz Chaim Inc. at the time. Zaks Affirmation ¶ 13.

27.    Defendant's motion to dismiss is the first time that Mayer Zaks ever saw the purported Operating Agreement. Zaks Affirmation ¶ 14.

28.    Defendant's motion to dismiss is also the first time Aryeh Zaks claimed that the membership interest in 82 Highview LLC reverted back to him. Zaks Affirmation ¶ 14.

29.    Aryeh Zaks did not state this in 2017 and 2018 when there were discussions regarding the potential donation. Zaks Affirmation ¶ 14.

30.    Aryeh Zaks did not include this claim in his two emails regarding the transaction. Zaks Affirmation ¶ 14, Exhibits B and D.

31.    Aryeh Zaks did not disclose this in his three successive applications for tax exemptions on behalf of 82 Highview LLC. Zaks Affirmation ¶ 14, Exhibit H (2019, 2020 and 2021 exemption applications exhibits).

6

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 55    22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of    RECEIVED NYSCEF: 04/18/2022

Israel Dahan    Pg 24 of 204

32.    In fact, Question "9" on all three years application asks "Does any person or organization have a reversionary interest in the property?" Aryeh answered "No" for all three years.  Zaks Affirmation ¶ 14, n 1, Exhibit H.

33.    It should also be noted that on April 17, 2020, Aaron Lijoi of the Town of Ramapo Assessment Department sent Aryeh Zaks an email requesting among other things "82 Highview LLC's Operating Agreement and any amendments thereto."  My office obtained a copy of that email pursuant to a FOIL request.  Zaks Affirmation ¶ 14, Exhibit I.

34.    The purported Operating Agreement was never received by the Town as evidenced by the fact that it was not included in the response to the FOIL.  Zaks Affirmation ¶ 17, Exhibit I.  By all accounts Aryeh Zaks withheld this document until he was forced to disclose it as part of his motion to dismiss.  Zaks Affirmation ¶ 14.

35.    Most disturbingly, another document received in response to the FOIL request revealed that Aryeh Zaks intends to remove Yeshiva Chofetz Chaim Inc. from the property. Zaks Affirmation ¶ 15, Exhibit J.  Specifically, on February 23, 2022 Aryeh Zaks stated "A general approximation of annual income and expenditures for our campus at 82 Highveiw Road, are not know as **we have not removed the current Yeshiva from the property**".  Zaks Affirmation ¶ 15, Exhibit J, paragraph 3 (emphasis added).

36.    Aryeh Zaks' intent to remove YCC from its property, combined with his wrongful and secret transfer of the Property and the membership in 82 Highview LLC makes it necessary for Plaintiffs to obtain a preliminary injunction enjoining Defendants 82 Highview LLC, Shem Olam LLC and Aryeh Zaks from selling, mortgaging, leasing or in any way encumbering the Properties or title thereto, from interfering in any way with

7

the operations, religious observances, education and activities occurring at the properties, commencing any eviction proceeding, ejectment proceeding, or any other court proceeding relating to the use, possession or occupancy of the properties and interfering in any way with the governance of either Yeshiva Chofetz Chaim Inc. or 82 Highview LLC.

Argument

37.    A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff.  C.P.L.R. 6301

38.    A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had. C.P.L.R. 6301.

39.    To be entitled to a preliminary injunction, the movant must establish (1) the likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor.  *Ying Fung Moy v. Hohi Umeki*, 10 A.D.3d 604 (App. Div. 2d Dept. 2004) *citing Hightower v. Reid*, 5 A.D.3d 440 (App. Div. 2d Dept. 2004) (additional citations omitted).

8

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 55
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan   Pg 26 of 204

40.     "The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual". *Ying Fung Moy v. Hohi Umeki*, 10 A.D.3d at 604 (additional citations omitted) (preliminary injunction granted enjoining defendant from transferring or encumbering the plaintiff's interest in her property where the plaintiff alleged that her son tricked her into executing a deed and other legal document by which he gained title to her interest in her home).

<u>Plaintiffs are Likely to Succeed on the Merits of this Action</u>

41.     Plaintiffs' causes of action are (1) a declaratory judgment that Highview LLC is the owner of the Properties and (2) a fraudulent transfer of property.  Ex. A.

42.     Plaintiffs are seeking to have the deed that transferred title of the Properties from 82 Highview LLC to Shem Olam LLC set aside and declared null and void.  Ex. A.

43.     Plaintiffs are likely to succeed on these claims because Aryeh Zaks transferred the Properties from a religious entity to an entity completely owned by him, and he did so by using secret documents that he withheld from the religious entity.  And Aryeh Zaks made misrepresentations to the donor who donated the money to secure the Properties.  Mayer Zaks Aff. ¶¶ 10-18.

44.     Further Aryah Zaks filed tax exemption applications in 2019, 2020 and 2021.  Zaks Affirmation ¶ 17, Exhibit H.  Such applications would only be appropriate if the Properties were owned by a religious entity, not by Aryeh Zaks' entity.

45.     Additionally, Aryeh Zaks did not disclose the purported reversionary interest of Shem Olam when he answered no from 2019-2021 as to whether "any person or

9

organization ha[s] a reversionary interest in the property". Zaks Affirmation ¶ 17, Exhibit H.

46.    And most importantly, Aryeh Zaks has stated that he plans to remove Yeshiva Chofetz Chaim Inc. from the Property. Zaks Affirmation ¶ 18, Exhibit J.

47.    These deceptive and fraudulent actions make it likely that Plaintiffs will succeed on the merits of this case. *See Panish v. Panish*, 8 Misc. 3d 1001(A) (N.Y. Sup. Ct. Suffolk Co.), *order aff'd in part, modified in part*, 24 A.D.3d 642 (App. Div. 2d Dept. 2005) (defendant preliminaily enjoined from transferring or encumbering the property to maintain the status quo and prevent the dissipation of property that would render a judgment ineffectual and to restore to the plaintiff real property which she alleges belongs to her).

### Plaintiffs Will Be Irreparably Injured Absent the Granting of the Preliminary Injunction

48.    Aryeh Zaks has already stated to a governmental agency that he intends to remove Yeshiva Chofetz Chaim Inc. from the Property. Zaks Affirmation ¶ 18, Exhibit J.

49.    If the preliminary injunction is not granted, Defendants will be able to transfer the Property again and will be able to displace YCC, depriving YCC and its members of their ability to worship their religion. *Rogers v. Rogers*, 161 A.D.2d 754 (App. Div. 2d Dept. 1990) (preliminary injunction granted in the form of a restraint on the disposition or encumbrance of property because the party to be restrained has done, or is threatening to do, an act which would prejudice the movant's claim) (additional citations omitted); *Zimnoch v. Bridge View Palace, LLC*, 19 Misc. 3d 1107(A) (Sup. Ct. Kings Co. 2008), *aff'd as modified*, 69 A.D.3d 928 (App. Div. 2d Dept. 2010) (temporary restraining order issued preventing defendant and its principal from conveying, assigning, or further encumbering

10

property where plaintiffs will suffer immediate and irreparable harm if defendant is permitted to convey, assign, or otherwise encumber the premises) (additional citations omitted). *See also N. Blvd Corona, LLC v. N. Blvd Prop., LLC*, 157 A.D.3d 893, 894 (App. Div. 2d Dept. 2018) (temporary restraining order enjoining defendants from further selling or further encumbering the property).

<u>A Balancing of the Equities Favors Plaintiffs</u>

50.    A balancing of the equities favors Plaintiffs because if the injunction is not granted Plaintiffs will be harmed and be in imminent danger of being thrown out of the Property.  But Defendants will suffer no harm if the status quo is maintained.

<u>The Automatic Stay of Discovery Should Be Lifted</u>

51.    The FOIL Request that my office initiated revealed that Defendants have stated their intention to displace Plaintiffs from the Properties.

52.    This discovery has revealed that it is imperative for Plaintiffs to conduct immediate discovery to determine if there are additional imminent threats to Plaintiffs or the Properties.

53.    The Court should therefore lift the stay of party and non-party discovery, pursuant to CPLR 3214(b).[1]

---

[1] I mistakenly issued a non-party subpoena in this matter which was responded to.  Upon discovering my error, I advised Defendants' counsel that I will not utilize the subpoenaed material prior to issue being joined in this matter.

11

<u>Conclusion</u>

54.    Plaintiffs are at risk of being displaced from their place of religious worship due to Defendants' deceitful and fraudulent actions.

WHEREFORE, Plaintiffs respectfully request that the Court issue preliminary and temporary injunctions:

1.    Pending a determination of this motion and further order of the Court, ENJOINING Defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and ARYEH ZAKS and their agents, representatives, and entities from taking any action in any manner to:

(a)    sell, mortgage, lease or in any way encumber the real properties that are the subject of the Complaint or title thereto;

(b)    interfere in any way with the operations religious observances, education and activities occurring at the real properties that are the subject of the Complaint;

(c)    commence any eviction proceeding, ejectment proceeding, or any other court proceeding relating to the use, possession or occupancy of the real properties that are the subject of the Complaint; and

(d)    interfere in any way with the governance of either Yeshiva Chofetz Chaim Inc. or 82 Highview LLC;

2.    Pending a determination of this motion, and further order of the Court, lifting the stay imposed, pursuant to CPLR 3214(b) and party and non-party discovery; and

12

3.    Granting such further relief as the Court deems just and proper.

Dated: Nanuet, New York
     April 14, 2022

                        JOSEPH A. CHURGIN

13

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 55

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 31 of 204

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-----------------------------------------------------------------------x

YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,

                                  Plaintiffs

               -against-

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                                  Defendants.

-----------------------------------------------------------------------x

Index No. 036879/2021

Certificate of Word Count

       Pursuant to Rule 202.8-b(c) of the Rules of this Court, I certify that the accompanying Affirmation of Joseph A. Churgin, Esq. in Support Plaintiffs' Ex Parte Order to Show Cause/TRO, which was prepared using Ariel 12-point typeface, contains 3029 words, excluding the parts of the document that are exempted by Rule 202.8-b(c). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 14, 2022

                                                    _____
                                JOSEPH A. CHURGIN, ESQ.
                                Savad Churgin
                                Attorneys for the Plaintiffs
                                55 Old Turnpike Road, Suite 209
                                Nanuet, New York 10954
                                (845) 624-3820

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------------X    Index No. 036879/2021
YESHIVA CHOFETZ CHAIM INC. and 82 HIGHVIEW
LLC,

                                    Plaintiffs,          **AFFIRMATION OF**
                                                         **RABBI MAYER ZAKS IN**
       – against –                                       **SUPPORT OF**
                                                         **MOTION FOR**
                                                         **TRO AND**
82 HIGHVIEW LLC, SHEM OLAM LLC, and                      **PRELIMINARY**
ARYEH ZAKS,                                              **INJUNCTION**

                                    Defendants.
-------------------------------------------------------------------------X

       RABBI MAYER ZAKS, being duly affirmed, states the following under penalty of

perjury:

       1.      I am the President of Plaintiff Yeshiva Chofetz Chaim Inc. ("YCC") and also

a member of Plaintiff 82 Highview LLC ("82 Highview") (collectively "Plaintiffs"). In such

capacity, I am fully familiar with the facts and circumstances set forth herein.

       2.      I submit this Affirmation in support of Plaintiffs' motion for a temporary

restraining order and preliminary injunction to address what I believe is a criminal fraud

upon myself, YCC, all of its members, congregants, as well as 82 Highview, and the

individual who was kind enough to save YCC's properties for YCC.

       3.      In August of 2013, TD Bank took title of 24 Highview Road and 82 Highview

Road ("the involved properties") pursuant to referee's deed (**Exhibit "A"**).

       4.      Plaintiff Yeshiva Chofetz Chaim Inc. had owned and occupied the involved

properties going back as far as the 1960's. Even after the property was deeded to TD

Bank, Yeshiva Chofetz Chaim Inc. was in possession.

1

5.      For many years YCC has utilized the property for several religious purposes. A) a Shul for religious services, B) a Kollel for adult learning, C) a Yeshiva for students, and D) a religious preschool. There are over 100 people who study at the properties.

6.      The Shul has served the community for many, many years so that the members of the Congregation have a place to pray during Shabbos, week day minyans and holidays. I have led the Yeshiva and the congregation for many years. At time when I have not been available to lead, my son-in-law Solomon Stein leads the services.

7.      Between 2013 and 2017, my brother Aryeh and I attempted to identify a donor who would be willing and able to purchase title to the property from TD Bank and donate it back to Yeshiva Chofetz Chaim Inc. The donation would be a tax deduction.

8.      In 2017, I identified Jacob Karmel and his entity Del Realty LLC as being the potential donor and he agreed to do so. On August 27, 2017 my brother, using his regular email address Yeshivacc@yahoo.com sent an email to a third party, and to me through the email account (feag123@yahoo.com) confirming this. My brother's email (**Exhibit "B"**) states:

> *Insert # 1. We have a person Mr. Jacob Karmel who was brought to us through Mr. Shimon Ganz who wants to buy the 14 acre Yeshiva property from TD Bank for 2 million dollars under an LLC called Del Realty LLC. He is agreeing to donate the property to the Mosad [Institution] of our choice (me and my Brother) for a deduction of 12 million after a year and a day and if not we have the right to repurchase this for the price he paid plus direct expenses such as taxes if any are paid during this time. If the amount of the deduction is more than 12 Mil then he will give another 6% of the additional value as a donation to the charity of our choice.*

9.      On September 18, 2017, TD Bank issued a deed of the properties to Del Realty LLC. The purchase price reflected on the deed was $1,400,000. A copy of the

2

deed is annexed as **Exhibit "C"**. During this entire time, up to and including the present,

Yeshiva Chofetz Chaim Inc. remained in possession of the involved properties, operating

them as religious institutions for learning and prayer!

10.    On November 16, 2018, just prior to Del Realty LLC's donation of the

property back to Yeshiva Chofetz Chaim Inc., my brother, Aryeh sent an email to a

representative of Mr. Karmel and again to me through the same email address in which

he stated that the transfer would be to 82 Highview Road LLC, a "single member" LLC

belonging solely to Yeshiva Chofetz Chaim Inc. A copy of Aryeh's email is annexed as

**Exhibit "D"**. This is the way he perpetrated his fraud on Yeshiva Chofetz Chaim Inc. He

attached the LLC Articles of Organization and filing receipt to the email. He did not attach

an Operating Agreement or disclose that Yeshiva Chofetz Chaim Inc. would only be the

member for 30 months and then automatically he would become the member. He knew

I did not consent to this arrangement, and would <u>never</u> consent to this arrangement, and

neither would any of the other Trustees of YCC, or the donor. That is why he kept it

secret.[1]

11.    On December 28, 2018, Jacob Karmel executed a deed transferring title to

the involved properties to 82 Highview LLC. The RP-5217 reflects a purchase price of

$0.00. A copy of that deed is annexed as **Exhibit "E"**.

12.    On June 29, 2021, Aryeh Zaks signed a deed transferring title to the

involved properties to Shem Olam LLC. A copy of that deed, which was filed over a Notice

of Pendency, is annexed as **Exhibit "F"**. Shem Olam LLC is a limited liability company

that is wholly controlled by Aryeh and his wife and sons.

---

[1] I fully believe that this "Operating Agreement" was actually created now, not in 2018. However, as my brother Aryeh is claiming it existed in 2018, he had the obligation to disclose it!

3

13.     In his motion to dismiss this action dated February 15, 2022, Aryeh, through Henoch, for the first time, produced a phony Operating Agreement of 82 Highview LLC. That Operating Agreement dated October 16, 2018, (right before the transfer from Del Realty LLC to 82 Highview LLC) was signed by only Aryeh Zaks.  This is the document pursuant to which Aryeh Zaks claims he had the right to take control of Yeshiva Chofetz Chaim Inc. and 82 Highview LLC and transfer title to Shem Olam LLC.  Aryeh was a fiduciary of Yeshiva Chofetz Chaim Inc. at the time.  A copy of the 82 Highview LLC Operating Agreement is annexed as **Exhibit "G"**.

14.     Defendant's motion to dismiss is the first time I have ever seen this Operating Agreement.  It is also the first time Aryeh Zaks claimed that the membership interest in 82 Highview LLC reverted back to him. He did <u>not</u> state this in 2017 and 2018 when there were discussions regarding the potential donation.  He did not include this claim in his two emails regarding the transaction, **Exhibits "B" and "D"**.  He did not disclose in his three successive applications for exemptions on behalf of 82 Highview LLC.  (See 2019, 2020 and 2021 exemption applications exhibits-collectively **Exhibit "H"**).[2]  It should also be noted that on April 17, 2020, Aaron Lijoi of the Town of Ramapo Assessment Department sent Aryeh Zaks an email requesting among other things "82 Highview LLC's Operating Agreement and any amendments thereto."  A copy of that email which was obtained by my lawyer pursuant to a FOIL request, is annexed as **Exhibit "I"**.  I am advised that no Operating Agreement was received by the Town as it was <u>not </u>included in the response to the FOIL.  Aryeh withheld this document until he was forced to disclose it as part of his motion to dismiss.

---

[2] Question "9" on all three years application asks "Does any person or organization have a reversionary interest in the property?" Aryeh answered "No" for all three years.

4

15.        Similarly, based on another document, Aryeh filed with the Town of Ramapo, we now know what we previously feared was the case. My brother intends on removing Yeshiva Chofetz Chaim Inc. from the property.  See his letter of February 23, 2022.  In paragraph "3" he states "A general approximation of annual income and expenditures for our campus at 82 Highveiw Road, are not know as we have not removed the current Yeshiva from the property".  A copy of that letter is annexed as **Exhibit "J"**. My attorneys received it in response to a FOIL request on the Town of Ramapo.

WHEREFORE, I respectfully request that the Court issue preliminary and temporary injunctions:

1.        Pending a determination of this motion and further order of the Court, ENJOINING Defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and ARYEH ZAKS and their agents, representatives, and entities from taking any action in any manner to:

(a)        sell, mortgage, lease or in any way encumber the real properties that are the subject of the Complaint or title thereto;

(b)        interfere in any way with the operations religious observances, education and activities occurring at the real properties that are the subject of the Complaint;

(c)        commence any eviction proceeding, ejectment proceeding, or any other court proceeding relating to the use, possession or occupancy of the real properties that are the subject of the Complaint; and

(d)        interfere in any way with the governance of either Yeshiva Chofetz Chaim Inc. or 82 Highview LLC;

5

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 37 of 204

2. Pending a determination of this motion, and further order of the Court,

lifting the stay imposed, pursuant to CPLR 3214(b) and party and non-party discovery;

and

3. Granting such further relief as the Court deems just and proper.

Rabbi Mayer Zaks

Affirmed to me this 14th day of April, 2022

Notary Public

Matisyahu Wolfberg, Esq.
Notary Public State of New York
Rockland - Commission Expires
September 3, 2022

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------------x
YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,
                                                         Index No. 036879/2021

                              Plaintiffs

              -against-                                   Certificate of Word Count

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                              Defendants.
------------------------------------------------------------------------x

      Pursuant to Rule 202.8-b(c) of the Rules of this Court, I certify that the accompanying Affirmation of Rabbi Mayer Zaks in Support Plaintiffs' Ex Parte Order to Show Cause/TRO, which was prepared using Ariel 12-point typeface, contains 1490 words, excluding the parts of the document that are exempted by Rule 202.8-b(c). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

      I declare under penalty of perjury that the foregoing is true and correct.


Dated: April 14, 2022

                          _____
                          JOSEPH A. CHURGIN, ESQ.
                          Savad Churgin
                          Attorneys for the Plaintiffs
                          55 Old Turnpike Road, Suite 209
                          Nanuet, New York 10954
                          (845) 624-3820

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021

# EXHIBIT A

# EXHIBIT A

22-2493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 40 of 204

7 South Main St, Ste 460
New City, NY 10956
(845) 638-5070

## Rockland County Clerk Recording Cover Sheet

Received From :
YESHIVA CHOFETZ CHAIM
82 HIGHVIEW RD
SUFFERN, NY 10901

Return To :
MICHAEL G GARTLAND ESQ    SW
35 MARKET ST
POUGHKEEPSIE, NY 12601

Method Returned : MAIL

**First GRANTOR**

SMITH, MARGARET R -REFEREE

**First GRANTEE**

TD BANK NA

Index Type : Land Records
Instr Number : 2014-00003867
Book :                Page :
Type of Instrument :
Type of Transaction : Deed Other
Recording Fee :            $316.00

The Property affected by this instrument is situated in Ramapo, in the
County of Rockland, New York

Recording Pages :            5

| Real Estate Transfer Tax | |
|---|---|
| RETT # : | 2853 |
| Deed Amount : | $2,670,000.00 |
| RETT Amount : | $10,680.00 |
| Total Fees : | $10,996.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was
recorded in the Clerk's office for Rockland County,
New York

On (Recorded Date) : 02/10/2014

At (Recorded Time) : 12:40:00 PM

Doc ID - 032198580005

Paul Piperato, County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By: COUNTER1 Printed On : 02/11/2014    At : 10:34:54AM

# REFEREE'S DEED

This deed, made the 20th day of August, 2013, between **MARGARET REGAN SMITH**, referee, 107 North Main Street, New City, New York duly appointed in the action hereinafter mentioned, grantor, and **TD BANK, N.A.**, a national banking association, with offices at One Portland Square, Portland, Maine 04101, grantee.

Witness, that the grantor, the referee appointed in an action between TD Bank, N.A., plaintiff, and Yeshiva Chofetz Chaim; Yeshiva Chofetz Chaim Inc.; Yeshiva Chofetz Chaim Radin; People of the State of New York; Panco Petroleum Products; Chaitan, Stewart Ascape Landscape & Construction Corp.; Renee Gross; B & Z Development Inc. and "John" Brook, defendant, foreclosing a mortgage recorded on June 14, 2005, in the office of the Clerk of the County of Rockland, in Instrument # 2005-32128, in pursuance of a judgment entered at an IAS Part of the Supreme Court, on April 29, 2011, and in consideration of One Million Six Hundred Four Thousand Five Hundred Ten and no/100 Dollars ($1,604,510.00) paid by the grantee, being the highest sum bid at the sale under the above-referenced judgment, does hereby grant and convey unto the grantee, all of that certain real property located in the Village of Suffern, Town of Ramapo, County of Rockland, State of New York, and more particularly described on **SCHEDULE A** annexed hereto.

The premises are not in an agricultural district and the parcel is entirely owned by the transferor by virtue of a power of sale contained in the Judgment referred to above.

To have and to hold the premises herein granted unto the grantee, its successors and assigns forever.

In witness whereof, the grantor has hereunto set her hand and seal the day and year first above written.

_____
MARGARET REGAN SMITH, Referee

State of New York      )
                       ) ss.:
County of Rockland     )

On the 20th day of August, 2013 before me, the undersigned, personally appeared MARGARET REGAN SMITH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

RECORD & RETURN TO:

MICHAEL G. GARTLAND, ESQ.
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601

BARBARA L. GIONTA
Notary Public, State of New York
No. 02GI6044763
Qualified in Rockland County
Commission Expires Nov. 16, 20_13_

3-R

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 58
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 42 of 204
Schedule A
RECEIVED NYSCEF: 04/18/2022

Tax Lot 49.17-2-47

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Village of Suffern, Town of Ramapo, County of Rockland, State of New York, known and designated as Lot 47 and 47.1 Block No. 2, which said lot is more particularly bounded and described as follows:

BEGINNING at a point locate on the northerly boundary of Highview Road, said point being located 30 feet from the centerline of the original right of way of Highview Road and further described as being located 102.01 feet from the westerly terminus of the westerly return curve formed by the intersection of the northerly right of way of Highview Road and the westerly boundary of Wendover Lane;

thence the following courses and distances:

Parallel to Highview Road North 74 degrees 40 minutes 00 seconds West 199.33 feet;

On a curve to the left on a reverse tangent to the previous course a radius of 25 feet, an arc length of 37.51 feet, subtended by a central angle of 85 degrees 58 minutes 00 seconds;

North 19 degrees 22 minutes 00 seconds East 336.53 feet;

North 74 degrees 27 minutes 03 seconds west 300.81 feet to a point located along a stone wall;

Along a stone wall North 2 degrees 40 minutes 06 seconds East 831.09 feet to a point located 25 feet southerly from the centerline of the original right of way of Carlton Road;

On a curve to the left, concentric with Carlton Road a radius of 94.42 feet, an arc length of 27.61 feet, subtended by a central angle of 16 degrees 45 minutes 11 seconds and having a chord bearing North 34 degrees 12 minutes 12 seconds East;

Along a stone wall South 72 degrees 15 minutes 00 seconds East 707.77 feet to an existing marble monument;

South 19 degrees 22 minutes 00 seconds West 1170.03 feet to the point of BEGINNING.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 58

INDEX NO. 036879/2021

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 43 of 204

RECEIVED NYSCEF: 04/18/2022

**Schedule A**

Tax Lpt 49.17-2-42

BEGINNING at a point locate on the northerly boundary of Highview Road, said point being located 30 feet from the centerline of the original right of way of Highview Road and further described as being located 301.34 feet from the westerly terminus of the westerly return curve formed by the intersection of the northerly right of way of Highview Road and the westerly boundary of Wendover Lane;

thence the following courses and distances:

Parallel to Highview Road North 74 degrees 40 minutes 00 seconds West 171.28 feet;

Along a stone wall North 2 degrees 40 minutes 06 seconds East 369.05 feet;

South 74 degrees 27 minutes 03 seconds West 300.81 feet;

South 19 degrees 22 minutes 00 seconds East 336.53 feet;

On a curve to the right on a tangent to the previous course a radius of 25 feet, an arc length of 37.51 feet, subtended by a central angle of 85 degrees 58 minutes 00 seconds to the point of BEGINNING.

**FOR COUNTY USE ONLY**

| | |
|---|---|
| C1. SWIS Code | 3,9,2,6,8,9 |
| C2. Date Deed Recorded | 2 / 10 / 2014 |
| C3. Book | 2,0,1,4, | C4. Page | 3,8,6,7, |

New York State Department of
**Taxation and Finance**
Office of Real Property Tax Services

**RP-5217-PDF**
Real Property Transfer Report (8/10)

**PROPERTY INFORMATION**

1. Property Location: 82 and 24    Highview Road
   * STREET NUMBER    * STREET NAME
   Ramapo    Suffern    10901
   * CITY OR TOWN    VILLAGE    * ZIP CODE

2. Buyer Name: TD Bank, N.A.
   * LAST NAME/COMPANY    FIRST NAME

3. Tax Billing Address: Indicate where future Tax Bills are to be sent if other than buyer address(at bottom of form)    LAST NAME/COMPANY    FIRST NAME
   STREET NUMBER AND NAME    CITY OR TOWN    STATE    ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed    2    # of Parcels    OR    ☐ Part of a Parcel    (Only if Part of a Parcel) Check as they apply:
   4A. Planning Board with Subdivision Authority Exists ☐

5. Deed Property Size: X    FRONT FEET    OR    DEPTH    13.54    ACRES
   4B. Subdivision Approval was Required for Transfer ☐
   4C. Parcel Approved for Subdivision with Map Provided ☐

6. Seller Name: Smith (REFEREE)    Margaret Regan
   * LAST NAME/COMPANY    FIRST NAME
   LAST NAME/COMPANY    FIRST NAME

*7. Select the description which most accurately describes the use of the property at the time of sale:
I. Community Service

Check the boxes below as they apply:
8. Ownership Type is Condominium ☐
9. New Construction on a Vacant Land ☐
10A. Property Located within an Agricultural District ☐
10B. Buyer received a disclosure notice indicating that the property is in an Agricultural District ☐

**SALE INFORMATION**

11. Sale Contract Date
12. Date of Sale/Transfer    12/31/2013
*13. Full Sale Price    2,670,000.00

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

14. Indicate the value of personal property included in the sale    .00

15. Check one or more of these conditions as applicable to transfer:
A. Sale Between Relatives or Former Relatives ☐
B. Sale between Related Companies or Partners in Business. ☐
C. One of the Buyers is also a Seller ☐
☒ D. Buyer or Seller is Government Agency or Lending Institution
E. Deed Type not Warranty or Bargain and Sale (Specify Below) ☐
F. Sale of Fractional or Less than Fee Interest (Specify Below) ☐
G. Significant Change in Property Between Taxable Status and Sale Dates ☐
H. Sale of Business is Included in Sale Price ☐
☒ I. Other Unusual Factors Affecting Sale Price (Specify Below)
J. None ☐
*Comment(s) on Condition:
referee deed - foreclosure

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

16. Year of Assessment Roll from which information taken(YY)    11    *17. Total Assessed Value    476,600
*18. Property Class    612    *19. School District Name    Ramapo
*20. Tax Map Identifier(s)/Roll Identifier(s) (If more than four, attach sheet with additional identifier(s))
49.17-2-47    49.17-2-42

**CERTIFICATION**

I Certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein subject me to the provisions of the penal law relative to the making and filing of false instruments.

SELLER SIGNATURE
_Margaret A. Regan Smith_    DATE
SELLER SIGNATURE

BUYER SIGNATURE
_Fred Casale_    1/29/14
BUYER SIGNATURE    DATE

**BUYER CONTACT INFORMATION**
(Enter information for the buyer. Note: if buyer is LLC, society, association, corporation, joint stock company, estate or entity that is not an individual agent or fiduciary, then a name and contact information of an individual/responsible party who can answer questions regarding the transfer must be entered. Type or print clearly.)

Casale    Fred
* LAST NAME    FIRST NAME
(207)    761-8554
AREA CODE    TELEPHONE NUMBER (Ex: 999999)
* STREET NUMBER    P. O. Box 9540    * STREET NAME
Portland    ME    04112
* CITY OR TOWN    STATE    * ZIP CODE

**BUYER'S ATTORNEY**
Gartland    Michael G.
LAST NAME    FIRST NAME
(845)    454-1110
AREA CODE    TELEPHONE NUMBER (Ex: 999999)

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 59

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 45 of 204

# EXHIBIT B

# EXHIBIT B

## Highview Property URGENT

From: Yeshiva CC (yeshivacc@yahoo.com)

To: rabbimbergman@gmail.com

Cc: feag123@yahoo.com

Date: Sunday, August 27, 2017, 10:23 PM EDT

Good evening

We have a person Mr Jacob Karmel who was brought to us through Mr Shimon Ganz
who wants to buy the 14 acre yeshiva property from TD Bank for 2 million dollars
under an LLC called Del Realty LLC.
He is agreeing to donate the property to the Mosad of our choice (me and my Brother)
for a deduction of 12 million after a year and a day and if not we have the right to
repurchase this for the price he paid plus direct expenses such as taxes if any are paid
during this time. If the amount of the deduction is more that 12 Mil then he will give
another 6% of the additional value as a donation to the charity of our choice.
During this time he is not allowed to transfer, lien, encumber, or mortgage the property
without our written permission.
He never met with us but he is willing to sign and make a Kabolas Kinyan before Rabbi
Bergman that he is going to do what he said. He is willing to sign that if we have any
dispute about anything relating to this he is willing to have Rav Bergman as the sole
arbitrator.

I have also made a lease between myself and my brother and him with an arbitration
clause for three years to further give us some protection. Ganz has said he would fund
the lease for the year. This needs to be confirmed by Rabbi Bergman as well.
Attached lease for your review
We need this done ASAP

Thank You

 Yeshiva -triple-net-commercial-lease.pdf
600.8kB

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 60

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 47 of 204

# EXHIBIT C

# EXHIBIT C

1 South Main St., Ste. 100
New City, NY 10956
(845) 638-5070

## Rockland County Clerk Recording Cover Sheet

Received From :
RIVERSIDE ABSTRACT,LLC
3839 FLATLANDS AVE
SUITE 208
BROOKLYN, NY 11234

Return To :
RIVERSIDE ABSTRACT,LLC
3839 FLATLANDS AVE
SUITE 208
BROOKLYN, NY 11234

Method Returned : ERECORDING

**First GRANTOR**

TD BANK NA

**First GRANTEE**

DEL REALTY LLC

Index Type : Land Records
**Instr Number : 2017-00031743**
Book :                    Page :

Type of Instrument : Deed
Type of Transaction : Deed Other
Recording Fee:                    $321.00

Recording Pages :                    6

The Property affected by this instrument is situated in Ramapo, in the County of Rockland, New York

| Real Estate Transfer Tax | |
|---|---|
| RETT # : | 1353 |
| Deed Amount : | $1,400,000.00 |
| RETT Amount : | $5,600.00 |
| | |
| Total Fees : | $5,921.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was recorded in the Clerk's office for Rockland County, New York

On (Recorded Date) : 10/04/2017

At (Recorded Time) : 11:55:00 AM



Paul Piperato, County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By: NYROCKLANDUSER15  Printed On : 10/04/2017        At : 11:56:07AM

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

NYSCEF DOC. NO. 80

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

Case 22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 49 of 204

5:44.17

B: 2

C:42 and 47

# DEED

*as of*   *18*   *September*

**THIS INDENTURE**, made the ___10th___ day of ~~August~~ 2017, between **TD BANK, N.A.**, a national banking association, with offices at One Portland Square, Portland, Maine 04101, party of the first part, and **DEL REALTY, LLC**, a Delaware Limited Liability Company, with offices at 20 F Robert Pitt Drive, Suite 204, Monsey, New York 10952, party of the second part,

   **WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other good and valuable consideration, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Village of Suffern, Town of Rampo, County of Rockland and State of New York, and more particularly described as on **SCHEDULE A** annexed hereto:

This conveyance is made in the regular course of business of the party of the first part herein and does not represent all or substantially all of the assets of the party of the first part.

The premises are not in an agricultural district and the parcel is entirely owned by the party of the first part.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payments of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF**, the party of the first part has duly executed this deed the day and year first above written.

In presence of:

TD BANK, N.A.

Florinda Franklin, V.P.

State of Maine )
                                    ) ss.:
County of Cumberland )

On the 10th day of August, 2017 before me, the undersigned, personally appeared Florinda Franklin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

KIMBERLY N. BAKER
Notary Public
Maine
My Commission Expires Jul 13, 2021

RECORD & RETURN:

KEVIN J. NASH, ESQ.
GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
1501 BROADWAY, 22ND FLOOR
NEW YORK, NEW YORK 10036

# RIVERSIDE ABSTRACT, LLC

### as Agent for
### Fidelity National Title Insurance Company

### SCHEDULE A – DESCRIPTION

Title No.: RANY-15937

Parcel I:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Suffern, Town of Ramapo, County of Rockland, State of New York, more particularly bounded and described as follows:

BEGINNING at a point locate on the northerly boundary of Highview Road, said point being located 30 feet from the centerline of the original right of way of Highview Road and further described as being located 301.34 feet from the westerly terminus of the westerly return curve formed by the intersection of the northerly right of way of Highview Road and the westerly boundary of Wendover Lane:

thence the following courses and distances:

Parallel to Highview Road North 74 degrees 40 minutes 00 seconds West 171.28 feet;

Along a stone wall North 2 degrees 40 minutes 06 seconds East 369.05 feet;

THENCE South 74 degrees 27 minutes 03 seconds West 300.81 feet;

THENCE South 19 degrees 22 minutes 00 seconds East 336.53 feet;

On a curve to the right on a tangent to the previous course a radius of 25 feet, an arc length of 37.51 feet, subtended by a central angle of 85 degrees 58 minutes 00 seconds to the point of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only

Designated as Section 49.17 Block 2, Lot 42 Rockland County and also known as 24 Highview Road.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021
NYSCEF DOC. NO. 60     22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Page 5 of 6                                  Israel Dahan     Pg 52 of 204      RECEIVED NYSCEF: 04/18/2022

SCHEDULE A cont.

Parcel II:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Suffern, Town of Ramapo, County of Rockland, State of New York, known and designated as Lot 47 and 47.1 Block No. 2, which said lot is more particularly bounded and described as follows:

BEGINNING at a point locate on the northerly boundary of Highview Road, said point being located, 30 feet from the centerline of the original right of way of Highview Road and further described as being located 102.01 feet from the westerly terminus of the westerly return curve formed by the intersection of the northerly right of way of Highview Road and the westerly boundary of Wendover Lane;

thence the following courses and distances:

Parallel to Highview Road North 74 degrees 40 minutes 00 seconds West 199.33 feet;

On a curve to the left on a reverse tangent to the previous course a radius of 25 feet, an arc length of 37.51 feet, subtended by a central angle of 85 degrees 58 minutes 00 seconds;

North 19 degrees 22 minutes 00 seconds East 336.53 feet;

North 74 degrees 27 minutes 03 seconds west 300.81 feet to a point located along a stone wall;

Along a stone wall North 2 degrees 40 minutes 06 seconds East 831.09 feet to a point located 25 feet southerly from the centerline of the original right of way of Carlton Road;

On a curve to the left, concentric with Carlton Road a radius of 94.42 feet, an arc length of 27.61 feet, subtended by a central angle of 16 degrees 45 minutes 11 seconds and having a chord bearing North 34 degrees 12 minutes 12 seconds East;

Along a stone wall South 72 degrees 15 minutes 00 seconds East 707.77 feet to an existing marble monument;

South 19 degrees 22 minutes 00 seconds West 1170.03 feet to the point of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only

Designated as Section 49.17 Block 2, Lot 47 Rockland County and also known as 82 Highview Road.

INSTRUCTIONS(RP-5217-PDF-INS): www.orps.state.ny.us

| FOR COUNTY USE ONLY | 392607 |
| --- | --- |

C1. SWIS Code 392607

C2. Date Deed Recorded 10/4/2017

C3. Book 2017    C4. Page 31743

New York State Department of
**Taxation and Finance**
Office of Real Property Tax Services

**RP-5217-PDF**
Real Property Transfer Report (8/10)

**PROPERTY INFORMATION**

1. Property Location

STREET NUMBER 82 and 105    STREET NAME HIGHVIEW RD & CARLTON RD

CITY OR TOWN RAMPO RAMAPO    VILLAGE SUFFERN    ZIP CODE 10901

2. Buyer Name

LAST NAME/COMPANY DEL REALTY LLC    FIRST NAME

3. Tax Billing Address

Indicate where future Tax Bills are to be sent if other than buyer address(at bottom of form)

LAST NAME/COMPANY    FIRST NAME

STREET NUMBER AND NAME    CITY OR TOWN    STATE    ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed    # of Parcels 2    OR    Part of a Parcel

(Only if Part of a Parcel) Check as they apply:

4A. Planning Board with Subdivision Authority Exists ☐
4B. Subdivision Approval was Required for Transfer ☐
4C. Parcel Approved for Subdivision with Map Provided ☐

5. Deed Property Size

FRONT FEET    X    DEPTH    OR    ACRES 13.54

5. Seller Name

LAST NAME/COMPANY DEL REALTY LLC    FIRST NAME

LAST NAME/COMPANY    FIRST NAME

*7. Select the description which most accurately describes the use of the property at the time of sale:

I. Community Service

Check the boxes below as they apply:

8. Ownership Type is Condominium ☐
9. New Construction on a Vacant Land ☐
10A. Property Located within an Agricultural District ☐
10B. Buyer received a disclosure notice indicating that the property is in an Agricultural District ☐

**SALE INFORMATION**

11. Sale Contract Date 07/25/2017

*12. Date of Sale/Transfer 09/18/2017

*13. Full Sale Price 1,400,200.00

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

14. Indicate the value of personal property included in the sale 0.00

15. Check one or more of these conditions as applicable to transfer:
A. Sale Between Relatives or Former Relatives
B. Sale between Related Companies or Partners in Business.
C. One of the Buyers is also a Seller
D. Buyer or Seller is Government Agency or Lending Institution ☒
E. Deed Type not Warranty or Bargain and Sale (Specify Below)
F. Sale of Fractional or Less than Fee Interest (Specify Below)
G. Significant Change in Property Between Taxable Status and Sale Dates
H. Sale of Business is Included in Sale Price
I. Other Unusual Factors Affecting Sale Price (Specify Below)
J. None

Comment(s) on Condition:

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

16. Year of Assessment Roll from which information taken(YY) 17

*18. Property Class 612 and 312

*17. Total Assessed Value $226,600.00 and $$250,000.00

*19. School District Name RAMPO

*20. Tax Map Identifier(s)/Roll Identifier(s) (If more than four, attach sheet with additional identifier(s))

49.17-2-42    49.17-2-47

**CERTIFICATION**

I Certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein subject me to the provisions of the penal law relative to the making and filing of false instruments.

**SELLER SIGNATURE**

SELLER SIGNATURE    DBankNA    DATE 9/13/17

**BUYER SIGNATURE**

BUYER SIGNATURE    DATE 9/13/17

BUYER SIGNATURE

**BUYER CONTACT INFORMATION**

(Enter information for the buyer. Note, if buyer is LLC society, association, corporation, joint stock company, estate or entity that is not an individual agent or fiduciary, then a name and contact information of an individual/responsible party who can answer questions regarding the transfer must be entered. Type or print clearly.)

LAST NAME DEL REALTY LLC    FIRST NAME Karmel    Jacob

STREET NUMBER 94 400    STREET NAME GATHERING STREET Rella Blvd suite 200

CITY OR TOWN POUGHKEEPSIE Montibello    STATE NY    ZIP CODE 10901 12601    (4)

**BUYER'S ATTORNEY**

LAST NAME STURTA    FIRST NAME BARRY A.

AREA CODE (845)    TELEPHONE NUMBER 369-3000

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 61

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 54 of 204

# EXHIBIT D

# EXHIBIT D

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 61
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan   Pg 55 of 204

82 Highview

From:   Yeshiva CC (yeshivacc@yahoo.com)

To:   simong@platinumhrm.com; simong5055@gmail.com

Cc:   feag123@yahoo.com

Date:   Monday, November 26, 2018, 08:29 PM EST

Good evening Reb Shimon,

B"h we have the completed appraisals and I believe you received them.

Moshe Underwiser from Riverside Abstract is preparing the deed and documents.

He would like to know to know who is the attorney for the grantor, for them to communicate with and to make sure the documents are acceptable.

The prepared deed by the Title company is from **Del Realty LLC** to **82 Highview Rd LLC** located at 82 Highview Rd Suffern NY 10901.
82 Highview Rd LLC is a New York State "single member" LLC belonging solely to **Yeshiva Chofetz Chaim Inc**.

A copy of the NYS LLC formation docs is attached.

The recognized tax exempt entity giving the receipt for donations is Yeshiva Chofetz Chaim Inc. EIN # 113179075

The title company has the previously filed deed and the property description in their files as they gave the title insurance policy and filed the documents last year.

Thank you
Tizkeh limitzvos
Rabbi Aryeh Zaks

 82 Highview LLC FILED.pdf
1.6MB

 82 Highview LLC_FilingReceipt.pdf
11.2kB

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 62

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 56 of 204

# EXHIBIT E

# EXHIBIT E

Paul Piperato, County Clerk
1 South Main St., Ste. 100
New City, NY 10956
(845) 638-5070

## Rockland County Clerk Recording Cover Sheet

**Received From :**
RIVERSIDE ABSTRACT,LLC
3839 FLATLANDS AVE
SUITE 208
BROOKLYN, NY 11234

**Return To :**
RIVERSIDE ABSTRACT,LLC
3839 FLATLANDS AVE
SUITE 208
BROOKLYN, NY 11234

**Method Returned : ERECORDING**

**First GRANTOR**

DEL REALTY LLC

**First GRANTEE**

82 HIGHVIEW LLC

**Index Type :** Land Records
**Instr Number : 2018-00037834**
**Book :**              **Page :**

**Type of Instrument :** Deed
**Type of Transaction :** Deed Other
**Recording Fee :**                    $321.00

**Recording Pages :**                        6

The Property affected by this instrument is situated in Ramapo, in the County of Rockland, New York

| Real Estate Transfer Tax | |
| --- | --- |
| **RETT # :** | 3038 |
| **Deed Amount :** | $0.00 |
| **RETT Amount :** | $0.00 |
| **Total Fees :** | $321.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was recorded in the Clerk's office for Rockland County, New York

On (Recorded Date) : 12/31/2018

At (Recorded Time) : 12.27.00 PM

*Paul Piperato*

Paul Piperato, County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made as of the 23rd Day of October, 2018

**BETWEEN DEL REALTY LLC** having an address at 20 F Robert Pitt Drive, Suite 204, Monsey, NY 10952, party of the first part,

**AND 82 HIGHVIEW LLC** having an address at 82 Highview Road, Suffern, NY 10952, party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten dollars and other good and valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**See attached Schedule A**

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

 

**DEL REALTY LLC**

By: _Jacob Karmel, Authorized Signatory_

_____

**USE ACKNOWLEDGEMENT FORM BELOW WITHIN NEW YORK STATE ONLY:**

State of New York,
County of _Rockland_ ) ss.:
On the _28_ of _December_ , 2018
before me, the undersigned, personally appeared
_Jacob Karmel_
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

SHLOIME SILBIGER
Notary Public - State of New York
NO. 01SI6236859
Qualified in Rockland County
My Commission Expires Mar 7, 2019

**USE ACKNOWLEDGEMENT FORM BELOW WITHIN NEW YORK STATE ONLY:**

State of New York,
County of _____ ) ss.:
On the _____ of _____, 2018
before me, the undersigned, personally appeared
_____
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**ACKNOWLEDGEMENT FORM FOR USE WITHIN NEW YORK STATE ONLY:**
(New York Subscribing Witness Acknowledgement Certificate)
State of New York, County of
) ss.:
On the _____ of _____ , _____
before me, the undersigned, personally appeared

the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

*(if the place of residence is in a city, include the street and street number if any, thereof)*; that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto

**ACKNOWLEDGEMENT FORM FOR USE OUTSIDE NEW YORK STATE ONLY:**
(Out of State or Foreign General Acknowledgement Certificate)
) ss.:
(Complete Venue with State, Country, Province or Municipality)
On the _____ of _____ , _____
before me, the undersigned, personally appeared

Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the

*(Insert the city or other political subdivision and the state or country or other place the acknowledgement was taken).*

### Bargain and Sale Deed
with Covenant against Grantors Acts

TITLE NO: **Ra-rec-36375**

| DISTRICT | |
|---|---|
| SECTION | 49.17 |
| BLOCK | 2 |
| LOT | 42 & 47 |
| COUNTY OR TOWN | ROCKLAND |

**DISTRIBUTED BY:**

RIVERSIDE ABSTRACT LLC
3839 FLATLANDS AVENUE, SUITE 208
BROOKLYN, NY 11234

**RECORD & RETURN TO:**

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 62
RECEIVED NYSCEF: 04/18/2022

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 60 of 204

# RIVERSIDE ABSTRACT, LLC
### as Agent for
#### Fidelity National Title Insurance Company

### SCHEDULE A – DESCRIPTION

**Title No.: RANY-15937**

Parcel I:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Suffern, Town of Ramapo, County of Rockland, State of New York, more particularly bounded and described as follows:

BEGINNING at a point locate on the northerly boundary of Highview Road, said point being located 30 feet from the centerline of the original right of way of Highview Road and further described as being located 301.34 feet from the westerly terminus of the westerly return curve formed by the intersection of the northerly right of way of Highview Road and the westerly boundary of Wendover Lane:

thence the following courses and distances:

Parallel to Highview Road North 74 degrees 40 minutes 00 seconds West 171.28 feet;

Along a stone wall North 2 degrees 40 minutes 06 seconds East 369.05 feet;

THENCE South 74 degrees 27 minutes 03 seconds West 300.81 feet;

THENCE South 19 degrees 22 minutes 00 seconds East 336.53 feet;

On a curve to the right on a tangent to the previous course a radius of 25 feet, an arc length of 37.51 feet, subtended by a central angle of 85 degrees 58 minutes 00 seconds to the point of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only

Designated as Section 49.17 Block 2, Lot 42 Rockland County and also known as 24 Highview Road.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 62
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan    Pg 61 of 204

**SCHEDULE A cont.**

Parcel II:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Suffern, Town of Ramapo, County of Rockland, State of New York, known and designated as Lot 47 and 47.1 Block No. 2, which said lot is more particularly bounded and described as follows:

BEGINNING at a point locate on the northerly boundary of Highview Road, said point being located, 30 feet from the centerline of the original right of way of Highview Road and further described as being located 102.01 feet from the westerly terminus of the westerly return curve formed by the intersection of the northerly right of way of Highview Road and the westerly boundary of Wendover Lane;

thence the following courses and distances:

Parallel to Highview Road North 74 degrees 40 minutes 00 seconds West 199.33 feet;

On a curve to the left on a reverse tangent to the previous course a radius of 25 feet, an arc length of 37.51 feet, subtended by a central angle of 85 degrees 58 minutes 00 seconds;

North 19 degrees 22 minutes 00 seconds East 336.53 feet;

North 74 degrees 27 minutes 03 seconds west 300.81 feet to a point located along a stone wall;

Along a stone wall North 2 degrees 40 minutes 06 seconds East 831.09 feet to a point located 25 feet southerly from the centerline of the original right of way of Carlton Road;

On a curve to the left, concentric with Carlton Road a radius of 94.42 feet, an arc length of 27.61 feet, subtended by a central angle of 16 degrees 45 minutes 11 seconds and having a chord bearing North 34 degrees 12 minutes 12 seconds East;

Along a stone wall South 72 degrees 15 minutes 00 seconds East 707.77 feet to an existing marble monument;

South 19 degrees 22 minutes 00 seconds West 1170.03 feet to the point of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only

Designated as Section 49.17 Block 2, Lot 47 Rockland County and also known as 82 Highview Road.

INSTRUCTIONS(RP-5217-PDF-INS): www.orps.state.ny.us

**FOR COUNTY USE ONLY**

C1. SWIS Code  392607

C2. Date Deed Recorded  12/31/2018

C3. Book  2018    C4. Page  37834

New York State Department of
**Taxation and Finance**
Office of Real Property Tax Services
**RP-5217-PDF**
Real Property Transfer Report (8/10)

**PROPERTY INFORMATION**

1. Property Location
   82 and 105    Highview Rd. & Carlton Rd
   *STREET NUMBER    *STREET NAME
   Ramapo    10901
   *CITY OR TOWN    VILLAGE    *ZIP CODE

2. Buyer Name
   82 Highview LLC
   *LAST NAME/COMPANY    FIRST NAME

3. Tax Billing Address
   Indicate where future Tax Bills are to be sent
   if other than buyer address(at bottom of form)    LAST NAME/COMPANY    FIRST NAME
   STREET NUMBER AND NAME    CITY OR TOWN    STATE    ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed    2    # of Parcels    OR    ☐ Part of a Parcel
   (Only if Part of a Parcel) Check as they apply:
   4A. Planning Board with Subdivision Authority Exists    ☐
   4B. Subdivision Approval was Required for Transfer    ☐
   4C. Parcel Approved for Subdivision with Map Provided    ☐

5. Deed Property Size
   X    OR    14.14
   *FRONT FEET    *DEPTH    *ACRES

6. Seller Name
   Del Realty LLC
   *LAST NAME/COMPANY    FIRST NAME
   LAST NAME/COMPANY    FIRST NAME

7. Select the description which most accurately describes the use of the property at the time of sale:
   1. Community Service

   Check the boxes below as they apply:
   8. Ownership Type is Condominium    ☐
   9. New Construction on a Vacant Land    ☐
   10A. Property Located within an Agricultural District    ☐
   10B. Buyer received a disclosure notice indicating that the property is in an Agricultural District    ☐

**SALE INFORMATION**

11. Sale Contract Date

12. Date of Sale/Transfer    10/23/2018

13. Full Sale Price    .00
( Full Sale Price is the total amount paid for the property including personal property.
This payment may be in the form of cash, other property or goods, or the assumption of
mortgages or other obligations.) Please round to the nearest whole dollar amount.

14. Indicate the value of personal property included in the sale    .00

15. Check one or more of these conditions as applicable to transfer:
   A. Sale Between Relatives or Former Relatives
   B. Sale between Related Companies or Partners in Business.
   C. One of the Buyers is also a Seller
   D. Buyer or Seller is Government Agency or Lending Institution
   ☒ E. Deed Type not Warranty or Bargain and Sale (Specify Below)
   F. Sale of Fractional or Less than Fee Interest (Specify Below)
   G. Significant Change in Property Between Taxable Status and Sale Dates
   H. Sale of Business is Included in Sale Price
   I. Other Unusual Factors Affecting Sale Price (Specify Below)
   J. None
   *Comment(s) on Condition:

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

16. Year of Assessment Roll from which information taken(YY)    17    17. Total Assessed Value    476,600

18. Property Class    612    19. School District Name    Ramapo

20. Tax Map Identifier(s)/Roll Identifier(s) (If more than four, attach sheet with additional identifier(s))
   49.17-2-42    49.17-2-47

**CERTIFICATION**

I Certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein subject me to the provisions of the penal law relative to the making and filing of false instruments.

SELLER SIGNATURE

SELLER SIGNATURE    DATE

BUYER SIGNATURE

BUYER SIGNATURE    DATE

BUYER CONTACT INFORMATION
(Enter information for the buyer. Note: If buyer is LLC,society, association, corporation, joint stock company, estate or entity that is not an individual agent or fiduciary, then a name and contact information of an individual/responsible party who can answer questions regarding the transfer must be entered. Type or print clearly.)

ZAKS    DOSER
*LAST NAME    *FIRST NAME

845    538-7909
*AREA CODE    *TELEPHONE NUMBER (Ex. 999999)

82    82 HIGHVIEW RD
*STREET NUMBER    *STREET NAME

SUFFERN    NY    10904
*CITY OR TOWN    *STATE    *ZIP CODE

BUYER'S ATTORNEY

LAST NAME    FIRST NAME

AREA CODE    TELEPHONE NUMBER (Ex. 999999)

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 63
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 63 of 204

# EXHIBIT F

# EXHIBIT F

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

INDEX NO. 036879/2021

NYSCEF DOC. NO. 63     22-2493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of   RECEIVED NYSCEF: 04/18/2022
Israel Dahan   Pg 64 of 204

FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM

INDEX NO. 036879/2021

NYSCEF DOC. NO. 17

RECEIVED NYSCEF: 02/15/2022

Donna G. Silberman, County Clerk
1 South Main St., Ste. 100
New City, NY 10956
(845) 638-5070

## Rockland County Clerk Recording Cover Sheet

Received From :
SHEM OLAM LLC
18 MOUNTAIN AVE
MONSEY, NY 10952

**First GRANTOR**

| 82 HIGHVIEW LLC |
|---|

**First GRANTEE**

| SHEM OLAM LLC |
|---|

Index Type : Land Records
Instr Number : 2021-00027314
Book :          Page :

Type of Instrument : Deed
Type of Transaction : Deed Other
Recording Fee:              $321.00

Recording Pages :          6

The Property affected by this instrument is situated in Ramapo, in the County of Rockland, New York

Real Estate Transfer Tax

| | |
|---|---|
| RETT # : | 7755 |
| Deed Amount : | $10.00 |
| RETT Amount : | $0.00 |
| Total Fees : | $321.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was recorded in the Clerk's office for Rockland County, New York

On (Recorded Date) : 06/30/2021

At (Recorded Time) : 3:43:00 PM

Doc ID - 053865150006

*Donna Simon Silberman*

Donna G. Silberman
County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By: NYROCKLANDUSER23 Printed On : 06/30/2021   At : 3:44:21PM

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS INDENTURE, made the _29th___ day of JUNE, 2021

BETWEEN

82 Highview LLC of 82 Highview Rd Suffern NY 10901
party of the first part, and

Shem Olam LLC 18 MENAHEM AVE MONSEY N.Y. 10952
party of the second part,
WITNESSETH, that the party of the first part, in consideration of TEN dollars
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or successors and assigns of the party of the second part forever, as per the collateral agreement between
Yeshiva Chofetz Chaim Inc and Shem Olam LLC dated June 29 2021.

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying
and being in the County of Rockland in the Town of Ramapo. TWO PARCELS as per the discriptions attached
in schedual A.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads
abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all
the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the
premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of
the second part forever.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the
first part will receive the consideration for this conveyance and will hold the right to receive such consideration
as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same
first to the payment of the cost of the improvement before using any part of the total of the same for any other
purpose.   The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so
requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above
written.

IN PRESENCE OF:

Witness                                              82 Highview LLC By Rabbi Aryeh Zaks    MANAGER A.Z.

Standard N.Y.B.T.U. Form 8001- Bargain and Sale Deed, without Covenant against Grantor's Acts – Uniform Acknowledgment
Form 3264

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

NYSCEF DOC. NO. 63

INDEX NO. 036879/2021

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 66 of 204

RECEIVED NYSCEF: 04/18/2022

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of Rockland __ , ss:

On the 29ᵗʰ ___ day of JUNE in the year 2021, before me, the undersigned, personally appeared Rabbi Aryeh Zaks , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

David M Schlachter
NYS Notary Public
No. 02SC6193160 • New York County
Commission Expires

ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE

State of New York, County of _____ , ss:
On the _____ day of _____ in the year before me, the undersigned, a Notary Public in and for said State, personally appeared _____ , the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

_____

(if the place of residence is in a city, include the street and street number if any, thereof); that he/she/they know(s) _____ to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said _____ execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto

# BARGAIN & SALE DEED
# WITHOUT COVENANTS

Title No.

82 Highview LLC
TO
Shem-Olam  LLC
18 Mountain Ave
Monsey  NY 10952

MADISON TITLE AGENCY L.L.C.

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of        , ss:

On the        day of        in the year        , before me, the undersigned, personally appeared        , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE

*State of        , County of        , ss:
*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the        day of        in the year        , before me the undersigned personally appeared        Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the

(add the city or political subdivision and the state or country or other place the acknowledgement was taken).

SECTION: 49-17

BLOCK: 2

LOT: _____42___

COUNTY OR TOWN: Rockland County Town of Ramapo _

RETURN BY MAIL TO:

RETURN TO:
ARYEH ZAKS

**RIVERSIDE ABSTRACT, LLC**
as Agent for
Fidelity National Title Insurance Company

SCHEDULE A - DESCRIPTION

Title No.: RANY-15937

Parcel I:
ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Suffern, Town of Ramapo, County of Rockland, State of New York, more particularly bounded and described as follows:

BEGINNING at a point located on the northerly boundary of Highview Road, said point being located 30 feet from the centerline of the original right of way of Highview Road and further described as being located 301.34 feet from the westerly terminus of the westerly return curve formed by the intersection of the northerly right of way of Highview Road and the westerly boundary of Wendover Lane;

Thence the following courses and distances:

Parallel to Highview Road North 74 degrees 00 minutes 00 seconds West 171.28 feet;

Along a stone wall North 2 degrees 40 minutes 00 seconds East 369.05 feet;

THENCE South 74 degrees 27 minutes 03 seconds West 300.81 feet;

THENCE South 19 degrees 22 minutes 00 seconds East 336.53 feet;

On a curve to the right on a tangent to the previous course a radius of 25 feet, an arc length of 37.51 feet, subtended by a central angle of 85 degrees 58 minutes 00 seconds to the point of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only

Designated as Section 49.17 Block 2, Lot 42 Rockland County and also known as 24 Highview Road.

Schedule A Description-Page 1 of 2

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 63

22-2493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 68 of 204

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

SCHEDULE A cont.

Parcel I

All that certain plot, piece or parcel of land, situate, lying and being in the Village of Suffern, Town of Ramapo, County of Rockland, State of New York, known and designated as Lot 47 and 47.1 Block No. 2 which said lot is more particularly bounded and described as follows:

BEGINNING at a point located on the northerly boundary of Highview Road, said point being located 30 feet from the centerline of the original right of way of Highview Road and further described as being located 102.01 feet from the westerly terminus of the westerly return curve formed by the intersection of the northerly right of way of Highview Road and the westerly boundary of Wendover Lane;

thence the following courses and distances:

Parallel to Highview Road North 72 degrees 40 minutes 00 seconds West 199.33 feet;

On a curve to the left on a reverse tangent to the previous course a radius of 25 feet, an arc length of 37.51 feet, subtended by a central angle of 85 degrees 58 minutes 00 seconds;

North 19 degrees 22 minutes 00 seconds East 336.53 feet;

North 71 degrees 27 minutes 03 seconds West 300.81 feet to a point located along a stone wall;

Along a stone wall North 2 degrees 40 minutes 00 seconds East 831.09 feet to a point located 25 feet southerly from the centerline of the original right of way of Carlton Road;

On a curve to the left, concentric with Carlton Road a radius of 94.02 feet, an arc length of 27.61 feet, subtended by a central angle of 16 degrees 45 minutes 11 seconds and having a chord bearing North 34 degrees 12 minutes 12 seconds East;

Along a stone wall South 72 degrees 15 minutes 00 seconds East 707.77 feet to an existing marble monument;

South 19 degrees 22 minutes 00 seconds West 1170.03 feet to the point of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only.

Designated as Section 49.17 Block 2, Lot 47 Rockland County and also known as 82 Highview Road.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM    INDEX NO. 036879/2021

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
NYSCEF DOC. NO. 63                    Israel Dahan    Pg 69 of 204    RECEIVED NYSCEF: 04/18/2022

| FOR COUNTY USE ONLY | INSTRUCTIONS(RP-5217-PDF-INS): www.orps.state.ny.us | New York State Department of |
|---|---|---|
| C1. SWIS Code | 3 9 2 6 0 7 | **Taxation and Finance** |
| C2. Date Deed Recorded | 6 / 30 / 21 | Office of Real Property Tax Services |
| C3. Book | 2021 | C4. Page 27314 | **RP-5217-PDF** |
| | | Real Property Transfer Report (8/10) |

**PROPERTY INFORMATION**

**1. Property Location**    82 & 105    Highview Rd & Carlton Rd
    • STREET NUMBER    • STREET NAME
    Ramapo    VILLAGE    10901
    • CITY OR TOWN    • ZIP CODE

**2. Buyer Name**    Shem Olam LLC
    • LAST NAME/COMPANY    FIRST NAME

    LAST NAME/COMPANY    FIRST NAME

**3. Tax Billing Address**    Indicate where future Tax Bills are to be sent if other than buyer address(at bottom of form)    LAST NAME/COMPANY    FIRST NAME

    STREET NUMBER AND NAME    CITY OR TOWN    STATE    ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed**    2    # of Parcels    OR    ☐ Part of a Parcel    (Only if Part of a Parcel) Check as they apply:
    4A. Planning Board with Subdivision Authority Exists ☐
**6. Deed Property Size**    FRONT FEET    X    DEPTH    OR    14.40    ACRES    4B. Subdivision Approval was Required for Transfer ☐
    4C. Parcel Approved for Subdivision with Map Provided ☐

**5. Seller Name**    82 Highview LLC
    • LAST NAME/COMPANY    FIRST NAME

    LAST NAME/COMPANY    FIRST NAME

**7. Select the description which most accurately describes the use of the property at the time of sale:**    Check the boxes below as they apply:
    I. Community Service    8. Ownership Type is Condominium ☐
    9. New Construction on a Vacant Land ☐
    10A. Property Located within an Agricultural District ☐
    10B. Buyer received a disclosure notice indicating that the property is in an Agricultural District ☐

**SALE INFORMATION**    15. Check one or more of these conditions as applicable to transfer:
    A. Sale Between Relatives or Former Relatives ☐
**11. Sale Contract Date**    B. Sale between Related Companies or Partners in Business. ☐
    C. One of the Buyers is also a Seller ☐
**12. Date of Sale/Transfer**    06/29/2021    D. Buyer or Seller is Government Agency or Lending Institution ☐
    E. Deed Type not Warranty or Bargain and Sale (Specify Below) ☐
**13. Full Sale Price**    10.00    F. Sale of Fractional or Less than Fee Interest (Specify Below) ☐
    ( Full Sale Price is the total amount paid for the property including personal property.    G. Significant Change in Property Between Taxable Status and Sale Dates ☐
    This payment may be in the form of cash, other property or goods, or the assumption of    H. Sale of Business is Included in Sale Price ☐
    mortgages or other obligations.) Please round to the nearest whole dollar amount.    I. Other Unusual Factors Affecting Sale Price (Specify Below) ☒
    J. None ☐
**14. Indicate the value of personal property included in the sale**    .00    *Comment(s) on Condition:
    Conveyance is being used to secure a debt or other obligation as per a collateral agreement

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

**16. Year of Assessment Roll from which information taken(YY)** 20    **17. Total Assessed Value** $476,000

**18. Property Class** 612    **19. School District Name** Ramapo

**20. Tax Map Identifier(s)/Roll Identifier(s) (If more than four, attach sheet with additional identifier(s))**
    49.17-2-42    49.17-2-47

**CERTIFICATION**

I Certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein subject me to the provisions of the penal law relative to the making and filing of false instruments.

| SELLER SIGNATURE | BUYER CONTACT INFORMATION |
|---|---|

(Enter information for the buyer. Note: if buyer is LLC, society, association, corporation, joint stock company, estate or entity that is not an individual agent or fiduciary, then a name and contact information of an individual/responsible party who can answer questions regarding the transfer must be entered. Type or print clearly.)

SELLER SIGNATURE    DATE    6-29-21

BUYER SIGNATURE

BUYER SIGNATURE    DATE    6-29-21

| Zaks | Rabbi Aryeh |
|---|---|
| • LAST NAME | • FIRST NAME |
| 845 | 538 7109 |
| • AREA CODE | • TELEPHONE NUMBER (EX: 9999999) |
| 18 | Mountain Ave |
| • STREET NUMBER | • STREET NAME |
| Monsey | NY | 10952 |
| • CITY OR TOWN | • STATE | • ZIP CODE |

**BUYER'S ATTORNEY**

LAST NAME    FIRST NAME

AREA CODE    TELEPHONE NUMBER (EX: 9999999)

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 64

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 70 of 204

# EXHIBIT G

# EXHIBIT G

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 64
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 71 of 204
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM
NYSCEF DOC. NO. 16
INDEX NO. 036879/2021
RECEIVED NYSCEF: 02/15/2022

## OPERATING AGREEMENT FOR LIMITED LIABILITY COMPANY

### I. PRELIMINARY PROVISIONS

*(1) Effective Date:* This operating agreement of **82 HIGHVIEW LLC** effective **THE DATE BELOW**, is adopted by the LLC formation managing member whose signature appears at the end of this agreement (the "Agreement").

*(2) Formation:* This limited liability company (LLC) was formed by filing Articles of Organization, a Certificate of Formation or a similar organizational document with the LLC filing office of the state of NEW YORK on **October 16 2018**. A copy of this organizational document has been placed in the LLC's records book.

*(3) Name:* The formal name of this LLC is as stated above. However, this LLC may do business under a different name by complying with the state's fictitious or assumed business name statutes and procedures.

*(4) Registered Office and Agent:* The registered office of this LLC and the registered agent at this address are as follows:
**RABBI ARYEH ZAKS** – (Heretofore Forming Member Manager)
**82 Highview LLC**
**82 HIGHVIEW RD**
**SUFFERN NY 10901**

The registered office and agent may be changed from time to time as the members may see fit, by filing a change of registered agent or office form with the state LLC filing office. It will not be necessary to amend this provision of the operating agreement if and when such a change is made.

*(5) Business Purposes:* The specific business purposes and activities contemplated by the founders of this LLC at the time of initial signing of this agreement consist of the following:

**OWNERSHIP OF REAL PROPERTY, FINANCING, AND DEVELOPMENT**

It is understood that the foregoing statement of purposes shall not serve as a limitation on the powers or abilities of this LLC, which shall be permitted to engage in any and all lawful business activities. If this LLC intends to engage in business activities outside the state of its formation that require the qualification of the LLC in other states, it shall obtain such qualification before engaging in such out-of-state activities.

*(6) Duration of LLC:* The duration of this LLC shall be unlimited. Further, this LLC may terminate earlier when a proposal to dissolve the LLC is adopted by the membership of this LLC or when this LLC is otherwise terminated in accordance with law.

### II. MEMBERSHIP PROVISIONS

*(1) Non-liability of Members:* No member of this LLC shall be personally liable for the expenses, debts, obligations or liabilities of the LLC, or for claims made against it.

*(2) Reimbursement for Organizational Costs:* Members shall be reimbursed by the LLC for organizational expenses paid by the members. The LLC shall be authorized to elect to deduct organizational expenses and start-up expenditures ratably over a period of time as permitted by the Internal Revenue Code and as may be advised by the LLC's tax advisor.

*(3) Management:* This LLC shall be managed exclusively by its forming member manager.

*(4) Members' Percentage Interests: if the membership shall be more than one,* a member's percentage interest in this LLC shall be computed as a fraction, the numerator of which is the total of a member's capital account and the denominator of which is the total of all capital accounts of all members. This fraction shall be expressed in this agreement as a percentage, which shall be called each member's "percentage interest" in this LLC.

1

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 64    22-2493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of    RECEIVED NYSCEF: 04/18/2022
Israel Dahan    Pg 72 of 204
FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 16
RECEIVED NYSCEF: 02/15/2022

*(5) Membership Voting:* Except as otherwise may be required by the Articles of Organization, Certificate of Formation or a similar organizational document, other provisions of this operating agreement, or under the laws of this state, the forming manager shall vote on any matter submitted as he sees fit.

*(6) Compensation:* Members shall not be paid as members of the LLC for performing any duties associated with such membership, including management of the LLC. Members may be paid, however, for any services rendered in any other capacity for the LLC, whether as officers, employees, independent contractors or otherwise.

*(7) Members' Meetings:* The LLC shall not provide for regular members' meetings. However, if the partnership shall have more than a single member, upon the consent of the forming member manager any member may call a meeting by communicating his or her wish to schedule a meeting to all other members. Such consent shall not be unreasonably withheld by the forming member manager. Such notification may be in person or in writing, or by telephone, facsimile machine, or other form of electronic communication reasonably expected to be received by a member, and the other members shall then agree, either personally, in writing, or by telephone, facsimile machine or other form of electronic communication to the member calling the meeting, to meet at a mutually acceptable time and place. Notice of the business to be transacted at the meeting need not be given to members by the member calling the meeting, and any business may be discussed and conducted at the meeting. If all members cannot attend a meeting, it shall be postponed to a date and time when all members can attend, unless all members who do not attend have agreed in writing to the holding of the meeting without them. If a meeting is postponed, and the postponed meeting cannot be held either because all members do not attend the postponed meeting or the non-attending members have not signed a written consent to allow the postponed meeting to be held without them, a second postponed meeting may be held at a date and time announced at the first postponed meeting. The date and time of the second postponed meeting shall also be communicated to any members not attending the first postponed meeting. The second postponed meeting may be held without the attendance of all members as long as a majority of the percentage interests of the membership of this LLC is in attendance at the second postponed meeting. Written notice of the decisions or approvals made at this second postponed meeting shall be mailed or delivered to each non-attending member promptly after the holding of the second postponed meeting. Written minutes of the discussions and proposals presented at a members' meeting, and the votes taken and matters approved at such meeting, shall be taken by one of the members or a person designated at the meeting. All matters approved by said meetings must be approved in writing by the forming member manager Rabbi Aryeh Zaks. A copy of the minutes of the meeting shall be placed in the LLC's records book after the meeting.

*(8) Membership Certificates:* This LLC shall be authorized to obtain and issue certificates representing or certifying membership interests in this LLC. Each certificate shall show the name of the LLC, the name of the member, and state that the person named is a member of the LLC and if said member is entitled to all the rights granted members of the LLC under the Articles of Organization, Certificate of Formation or a similar organizational document, this operating agreement and provisions of law. Each membership certificate shall be consecutively numbered and signed by one or more officers of this LLC. The certificates shall include any additional information considered appropriate for inclusion by the members on membership certificates. In addition to the above information, all membership certificates shall bear a prominent legend on their face or reverse side stating, summarizing or referring to any transfer restrictions that apply to memberships in this LLC under the Articles of Organization, Certificate of Formation or a similar organizational document and/or this operating agreement, and the address where a member may obtain a copy of these restrictions upon request from this LLC. The records book of this LLC shall contain a list of the names and addresses of all persons to whom certificates have been issued, show the date of issuance of each certificate, and record the date of all cancellations or transfers of membership certificates.

*(9) Other Business by Members:* each member may own an interest in, manage or work for another business, enterprise or endeavor, even if such ownership or activities would compete with this LLC's business goals, mission, profitability or productivity, or would diminish or impair the member's ability to provide maximum effort and performance in managing the business of this LLC.

## III. TAX AND FINANCIAL PROVISIONS

*(1) Tax Classification of LLC:* The members of this LLC intend that this LLC be initially classified as a **Single member LLC** for federal and, if applicable, state income tax purposes. It is understood that forming member may change the tax treatment of this LLC by signing, or authorizing the signature of, IRS Form 8832, Entity Classification Election, and filing it with the IRS and, if applicable, the state tax department within the prescribed time limits if so required.

2

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 64
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 73 of 204
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

*(2) Tax Year and Accounting Method:* The tax year of this LLC shall begin January 1st . The LLC shall use the any legally acceptable method of accounting. Both the tax year and the accounting period of the LLC may be changed by the manager if the LLC qualifies for such change, and may be effected by the filing of appropriate forms with the IRS and state tax authorities.

*(3) Tax Matters Partner:* If this LLC is required under Internal Revenue Code provisions or regulations, it shall designate from among its members a "tax matters partner" in accordance with Internal Revenue Code Section 6231 (a) (7) and corresponding regulations, who will fulfill this role by being the spokesperson for the LLC in dealings with the IRS as required under the Internal Revenue Code and Regulations, and who will report to the members on the progress and outcome of these dealings.

*(4) Annual Income Tax Returns and Reports:* Within 60 days after the end of each tax year of the LLC, a copy of the LLC's state and federal income tax returns for the preceding tax year shall be mailed or otherwise provided to each member of the LLC if so requested, together with any additional information and forms necessary for each member to complete his or her individual state and federal income tax returns. If this LLC is classified as a partnership for income tax purposes, this additional information shall include a federal (and, if applicable, state) Form K-1 (Form 1065 - Partner's Share of Income, Credits, Deductions) or equivalent income tax reporting form. This additional information shall also include a financial report, which shall include a balance sheet and profit and loss statement for the prior tax year of the LLC.

*(5) Bank Accounts:* The LLC shall designate one or more banks or other institutions for the deposit of the funds of the LLC, and shall establish savings, checking, investment and other such accounts as are reasonable and necessary for its business and investments.  One or more members of the LLC shall be designated to deposit and withdraw funds of the LLC, and to direct the investment of funds from, into and among such accounts. The funds of the LLC, however and wherever deposited or invested, shall not be commingled with the personal funds of any members of the LLC.

*(6) Title to Assets:* All personal and real property of this LLC shall be held in the name of the LLC, not in the names of individual members.

## IV. MEMBERSHIP PROVISIONS

*(1)* Forming Member Manager is the permanent manager of the LLC and said manager has all the rights to act in all matters on behalf the LLC as he sees fit.

*(2):* Yeshiva Chofetz Chaim Inc a religious tax-exempt entity is to be the sole member for the first thirty months of the LLC. Automatically upon the completion of said thirty-month term, all rights title and membership interests in the LLC shall belong to the Forming Member Manager or if so designated by the Forming member manager, to anyone else he so designates.

Upon the completion of the Thirty-month period above the percentage interest in the LLC that each member shall have is at follows:

| NAME & ADDRESS | CONTRIBUTION | % INTEREST IN LLC |
|---|---|---|
| (1)  Rabbi Aryeh Zaks | NA | 100% |

*(2) Additional Contributions by Members:* If the LLC converts to a multimember LLC, The members may agree, from time to time, require the payment of additional capital contributions by the members, on or by a mutually agreeable date.

*(3) Failure to Make Contributions:* If any member fails to make a required capital contribution within the time agreed for a member's contribution, the remaining members may, by unanimous vote, agree to reschedule the time for payment of the capital contribution by the late-paying member, setting any additional repayment terms, such as a late payment

3

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021
NYSCEF DOC. NO. 64       22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of   RECEIVED NYSCEF: 04/18/2022
                                                  Israel Dahan   Pg 74 of 204
FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM INDEX NO. 036879/2021
NYSCEF DOC. NO. 16                                                                              RECEIVED NYSCEF: 02/15/2022

penalty, or other monetary amount to be paid by the delinquent member, as the remaining members decide. NO rate of interest is to be applied to the unpaid balance. Alternatively, the remaining members may, by unanimous vote, agree to cancel the membership of the delinquent member, provided any prior partial payments of capital made by the delinquent member are refunded promptly by the LLC to the member after the decision is made to terminate the membership of the delinquent member.

*(4) No Interest on Capital Contributions:* No interest shall be paid on funds or property contributed as capital to this LLC, or on funds reflected in the capital accounts of the members.

*(5) Capital Account Bookkeeping:* A capital account shall be set up and maintained on the books of the LLC for each member. It shall reflect each member's capital contribution to the LLC, increased by each member's share of profits in the LLC, decreased by each member's share of losses and expenses of the LLC, and adjusted as required in accordance with applicable provisions of the Internal Revenue Code and corresponding income tax regulations.

*(6) Consent to Capital Contribution Withdrawals and Distributions:* Members shall not be allowed to withdraw any part of their capital contributions or to receive distributions, whether in property or cash, except as otherwise allowed by this agreement and, in any case, only if such withdrawal is made with the written consent of all members.

*(7) Allocations of Profits and Losses.* No member shall be given priority or preference with respect to other members in obtaining a return of capital contributions, distributions or allocations of the income, gains, losses, deductions, credits or other items of the LLC. The profits and losses of the LLC, and all items of its income, gain, loss, deduction and credit shall be allocated to members according to each member's percentage interest in this LLC.

*(8) Allocation and Distribution of Cash to Members:* Cash from LLC business operations, as well as cash from a sale or other disposition of LLC capital assets, may be distributed from time to time to members in accordance with each member's percentage interest in the LLC, as may be decided by forming member manager .

*(9) Allocation of Noncash Distributions:* If proceeds consist of property other than cash, the members shall decide the value of the property and allocate such value among the members in accordance with each member's percentage interest in the LLC if applicable. If such noncash proceeds are later reduced to cash, such cash may be distributed among the members as otherwise provided in this agreement.

*(10) Allocation and Distribution of Liquidation Proceeds:* Regardless of any other provision in this agreement, if there is a distribution in liquidation of this LLC, or when any member's interest is liquidated, all items of income and loss shall be allocated to the members' capital accounts if any, and all appropriate credits and deductions shall then be made to these capital accounts before any final distribution is made. A final distribution shall be made to members only to the extent of, and in proportion to, any positive balance in each member's capital account.

## V. MEMBERSHIP WITHDRAWAL AND TRANSFER PROVISIONS

*(1) Withdrawal of Members: If applicable* a member may withdraw from this LLC by giving written notice to all other members at least **10** days before the date the withdrawal is to be effective.

*(2) Restrictions on the Transfer of Membership:* A member shall not transfer his or her membership in the LLC unless all non-transferring members in the LLC first agree to approve the admission of the transferee into this LLC. Further, no member may encumber a part or all of his or her membership in the LLC by mortgage, pledge, granting of a security interest, lien or otherwise, unless the encumbrance has first been approved in writing by forming member manager of the LLC.
Notwithstanding the above provision, any member shall be allowed to assign an economic interest in his or her membership to another person without the approval of the other members. Such an assignment shall not include a transfer of the member's voting or management rights in this LLC, and the assignee shall not become a member of the LLC.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 64    22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
                                   Israel Dahan   Pg 75 of 204

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM
NYSCEF DOC. NO. 16

INDEX NO. 036879/2021
RECEIVED NYSCEF: 02/15/2022

## VI. DISSOLUTION PROVISIONS

*(1) Events That Trigger Dissolution of the LLC:* The following events shall trigger dissolution of the LLC, except as provided in paragraph 6:

(a) the death, permanent incapacity, bankruptcy, retirement, or resignation of a Member or the forming member manager, except that within **30 days** of the happening of any of these events, all remaining members of the LLC (if any) may vote to continue the legal existence of the LLC, in which case the LLC shall not dissolve;

(b) the expiration of the term of existence of the LLC if such term is specified in the Articles of Organization, Certificate of Formation or a similar organizational document, or this operating agreement;

(c) the written agreement of all members to dissolve the LLC;

(d) entry of a decree of dissolution of the LLC under state law.

## VII. GENERAL PROVISIONS

*(1) Officers:* The LLC may designate one or more officers, such as a President, Vice President, Secretary and Treasurer. Persons who fill these positions need not be members of the LLC. Such positions may be compensated or non-compensated according to the nature and extent of the services rendered for the LLC as a part of the duties of each office. Ministerial services only as a part of any officer position will normally not be compensated, such as the performance of officer duties specified in this agreement, but any officer may be reimbursed by the LLC for out-of-pocket expenses paid by the officer in carrying out the duties of his or her office.

*(2) Records:* The LLC shall keep at its principal business address a copy of all proceedings of membership meetings, as well as books of account of the LLC's financial transactions. A list of the names and addresses of the current membership of the LLC also shall be maintained at this address, with notations on any transfers of members' interests to nonmembers or persons being admitted into membership in the LLC.

Copies of the LLC's Articles of Organization, Certificate of Formation or a similar organizational document, a signed copy of this operating agreement, and the LLC's tax returns for the preceding three tax years shall be kept at the principal business address of the LLC. A statement also shall be kept at this address containing any of the following information that is applicable to this LLC:

• the amount of cash or a description and value of property contributed or agreed to be contributed as capital to the LLC by each member;
• a schedule showing when any additional capital contributions are to be made by members to this LLC;
• a statement or schedule, if appropriate, showing the rights of members to receive distributions representing a return of part or all of members' capital contributions; and
• a description of, or date when, the legal existence of the LLC will terminate under provisions in the LLC's Articles of Organization, Certificate of Formation or a similar organizational document, or this operating agreement.

If one or more of the above items is included or listed in this operating agreement, it will be sufficient to keep a copy of this agreement at the principal business address of the LLC without having to prepare and keep a separate record of such item or items at this address. Any member may inspect any and all records maintained by the LLC upon reasonable notice to the LLC. Copying of the LLC's records by members is allowed, but copying costs shall be paid for by the requesting member.

*(3) All Necessary Acts:* The members and officers of this LLC are authorized to perform all acts necessary to perfect the organization of this LLC and to carry out its business operations expeditiously and efficiently. The Forming Member Manager of the LLC, or other officers of the LLC, may certify to other businesses, financial institutions and individuals as to the authority of one or more members or officers of this LLC to transact specific items of business on behalf of the LLC.

5

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 64    22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
INDEX NO. 036879/2021
Israel Dahan   Pg 76 of 204
RECEIVED NYSCEF: 04/18/2022

FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM
NYSCEF DOC. NO. 16
INDEX NO. 036879/2021
RECEIVED NYSCEF: 02/15/2022

*(4) Indemnification:* The LLC shall indemnify the Member and those authorized officers, agents, and employees of the LLC identified in writing by the Member as entitled to being indemnified under this section for all costs, losses, liabilities and damages paid or accrued by the Member (as the Member or officer, agent, or employee) or any such office, agent, or employee in connection with the business of the LLC, except to the extent prohibited by the laws of the state that governs this Agreement. In addition, the LLC may advance costs of defense of any proceeding to the Member or any such officer, agent, or employee upon receipt by the LLC of an undertaking by or on behalf of such person to repay such amount if it shall ultimately be determined that the person is not entitled to be indemnified by the LLC.

*(5) Mediation and Arbitration* of *Disputes Among Members:* In any dispute over the provisions of this operating agreement among the members, if the members cannot resolve the dispute to their mutual satisfaction, the party raising the dispute shall first offer to sit in mediation before a neutral mediator acceptable to all parties before commencing any legal action whatsoever. It is agreed in any mediation, arbitration or legal action in any forum regarding this agreement, any ambiguity or uncertainty in this agreement shall be interpreted to the benefit of the Forming Member Manager.

*(6) Governing Law:* This Agreement shall be governed by, and interpreted an enforced in accordance with, the substantive laws of the State Of New York, the State in which this LLC was formed, without reference to the conflicts of law rules of that or any other jurisdiction.

*(7) Entire Agreement.* This operating agreement represents the entire agreement among the members of this LLC, and it shall not be amended, modified or replaced except by a written instrument executed by all the parties to this agreement who are current members of this LLC as well as any and all additional parties who became members of this LLC after the adoption of this agreement. This agreement replaces and supersedes all prior written and oral agreements among any and all members of this LLC.

*(8) Severability:* If any provision of this agreement is determined by a court or arbitrator to be invalid, unenforceable or otherwise ineffective, that provision shall be severed from the rest of this agreement, and the remaining provisions shall remain in effect and enforceable.

## VIII. SIGNATURES OF MEMBER(S)

*Execution of Agreement: In* witness whereof, the members of this LLC sign and adopt this agreement as the operating agreement of this LLC.

Date:          October 22, 2018

Signature:     _(signature)_

Printed Name:  Rabbi Aryeh Zaks, Forming Member Manager

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 77 of 204

# EXHIBIT H

# EXHIBIT H



**NYS DEPARTMENT OF TAXATION & FINANCE**
**OFFICE OF REAL PROPERTY TAX SERVICES**

RP-420-a/b-Use (9/08)

**APPLICATION FOR REAL PROPERTY TAX EXEMPTION FOR**
**NONPROFIT ORGANIZATIONS**
**II – PROPERTY USE**

YESHIVA CHOFETZ CHAIM INC
1 a.  Name of organization

113179075
2.  Employer ID no

18 MOUNTAIN AVE
b.  Mailing address
MONSEY NY 10952

3a.  Name of contact person
RABBI ZAKS
b.  Day telephone no. of contact person
845 538 7909
Evening telephone no.

82 HIGHVIEW RD  SUFFERN NY 10901
c.  Address of property

c.  E-mail address (optional)

d.  Property identification (see tax bill or assessment roll) Tax map number or section/block/lot _____

4 a.  Has any part of this property been conveyed to another person or organization?   ☐ Yes   ☑ No
b.  Is the property or any part thereof under contract for sale?   ☐ Yes   ☑ No
c.  Is the property or any part thereof for sale?   ☐ Yes   ☑ No
d.  If answer to 4 a, b, or c is yes, give full details (indicate question letter): _____

5.  Name of grantee as set forth in deed by which property was acquired if different from answer to question 1.
DEL REALTY

6.  If the property was acquired within the last three (3) years, indicate:  Date of acquisition: Dec 2018
Deed recording information – Book of Deeds: 49.17 BL 2 LOT42-47-47.1    Page: _____

7.  Was the property acquired from anyone who has or had any interest in the owning organization (e.g., officer, director, employee, member, etc.)?   ☐ Yes   ☑ No

If yes, explain the relationship and circumstances of sale (including purchase price and terms of sale):

8.  Is the property mortgaged?   ☐ Yes   ☑ No

a.  If yes, does the holder of the mortgage presently (or did it formerly) have any interest in the owning organization?   ☐ Yes   ☐ No

b.  If answer to 8a is yes, explain the relationship and details of mortgage(s), original principal amount, principal currently outstanding, interest rate, original term of mortgage, term remaining: _____

(attach additional sheets if necessary)

**FOR ASSESSOR'S USE**

Assessing unit _____          County _____
City/Town _____          Village _____
School District _____

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 79 of 204

RP-420-a/b-Use (9/08)

2

9. Does any person or organization have a reversionary interest in this property?   ☐ Yes   ☑ No

   a. If yes, indicate name and address of such person and state terms of right of reverter: _____
   _____
   _____

10. Describe, in detail, use or uses of the property:
    YESHIVA RELIGIOUS AND EDUCATIONAL CAMPUS
    _____

   **IF THE ORGANIZATION SEEKING EXEMPTION HAS INDICATED ONE OF ITS CORPORATE**
   **PURPOSES IS HOSPITAL IN QUESTION 2a. ON FORM RP-420-a-Org, ANSWER QUESTION 11.**
   **IF NOT SKIP TO 12.**

11. Are the premises or any portion thereof leased or otherwise occupied as professional offices?   ☐ Yes ☑ No

   If yes, answer a through c.

   a. The professional offices are leased or otherwise occupied by:   (1) ☐ members of the staff, e.g. doctors
      (2) ☐ professionals not on the staff of the hospital            (3) ☐ a combination of 1 and 2

   b. If leased to members of the staff, are the offices used:   (1) ☐ solely for hospital related matters
      (2) ☐ for the private practice of the staff members        (3) ☐ a combination of 1 and 2

   c. If not used solely for direct-hospital related purposes, what percentage of time and space are the offices
      used for direct hospital-related purposes, and what percentage of time and space are they used for private
      practice of the staff? _____

12. Is the property or any portion thereof regularly occupied by persons or organizations other than applicant?

   ☐ Yes   ☑ No

   If yes, answer a through d.

   a. Name of occupant(s) _____

   b. Use by occupant(s) (also indicate specific portion of property so occupied): _____

   c. Term(s) of occupancy (e.g. one-year lease, month-to-month tenancy): _____
   d. Amount of rental paid by occupant(s) _____

13. Is the property or any portion thereof <u>occasionally</u> used by persons or organizations other than the applicant?

   ☐ Yes   ☑ No

   If yes, state use and indicate specific portion of property used, frequency of use and fee charged or
   contributions received for use: _____
   _____

14. Are there any buildings or other improvements on the property?   ☑ Yes   ☐ No

   If yes, skip questions a through e.  If no, answer a-e and skip questions 15-16.

   a. Use or uses of property if not described in question 10. _____

   b. Are building or other improvements contemplated on this unimproved land?   ☐ Yes   ☐ No
      If yes, give full details including proposed use(s): _____
      _____

RP-420-a/b-Use (9/08)

c.  Do the minutes of the organization contain a resolution(s) authorizing contemplated building or other improvements?  ☐ Yes  ☑ No
    If yes, attach a copy of resolution(s).

d.  State detailed financial resources for contemplating buildings or other improvements (including building fund). _____

e.  When will construction begin? _____

15. Describe, briefly, the building(s) or other improvements: _____

    a.  Approximate acreage of land not underlying buildings or other improvements: _____

    b.  Use or uses of land referred to in 15a. if not described in question 10. _____

    c.  Are buildings or other improvements contemplated on this unimproved land?  ☐ Yes  ☐ No
        If yes, give full details including proposed use(s): _____

    d.  Do the minutes of the organization contain a resolution authorizing contemplated buildings or other improvements?  ☐ Yes  ☐ No    If yes, attach copy of resolution(s)

    e.  State financial resources for contemplated buildings or other improvements (including building fund). _____

    f.  When will construction begin? _____

16. Are there any unoccupied buildings or other improvements on this property?  ☐ Yes  ☑ No

    a.  Date(s) they became unoccupied _____

    b.  Describe contemplated use(s) of the buildings or other improvements: _____

State of New York

**VERIFICATION**

County of Rockland    ss:

_____ ARKH ZAKS AFFIRMS of the applicant organization, that the statements contained in this application (including the attached sheets consisting of _____ pages) are true and correct and complete, and that __ he makes this application for real property tax exemption as provided by law.

_____
Signature of owner or authorized representative

Subscribed and sworn to before me
this 28 day of Feb 20 19

_____
Commissioner of deeds or notary public

ROCHELLE INGER
Notary Public State of New York
No. 02IN6063222
Qualified in Rockland County
Commission Expires Aug. 27, 20__

3

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 81 of 204

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022



**NYS DEPARTMENT OF TAXATION & FINANCE**
**OFFICE OF REAL PROPERTY TAX SERVICES**

RP-420-a/b-Use (9/08)

### APPLICATION FOR REAL PROPERTY TAX EXEMPTION FOR
### NONPROFIT ORGANIZATIONS
### II – PROPERTY USE

1 a. Name of organization  *YESHIVA CHOTEZ CHAIMING OWNER OF 82 HIGHVIEW LLC.*

b. Mailing address  *18 MOUNTAIN AVE. MONSEY NY 10952*

c. Address of property  *82 HIGHVIEW RD. SUFFERN NY*

2. Employer ID no  *113179075*

3a. Name of contact person  *RABBI ARYEH ZAKS*

b. Day telephone no. of contact person  *845-538-7100*

Evening telephone no.

c. E-mail address (optional)

d. Property identification (see tax bill or assessment roll) Tax map number or section/block/lot _____

4 a. Has any part of this property been conveyed to another person or organization?  ☐ Yes  ☒ No
b. Is the property or any part thereof under contract for sale?  ☐ Yes  ☒ No
c. Is the property or any part thereof for sale?  ☐ Yes  ☒ No
d. If answer to 4 a, b, or c is yes, give full details (indicate question letter): _____

5. Name of grantee as set forth in deed by which property was acquired if different from answer to question 1.

6. If the property was acquired within the last three (3) years, indicate:  Date of acquisition: _____

Deed recording information – Book of Deeds: _____  Page: _____

7. Was the property acquired from anyone who has or had any interest in the owning organization (e.g., officer, director, employee, member, etc.)?  ☐ Yes  ☒ No

If yes, explain the relationship and circumstances of sale (including purchase price and terms of sale):

8. Is the property mortgaged?  ☐ Yes  ☒ No

a. If yes, does the holder of the mortgage presently (or did it formerly) have any interest in the owning organization?  ☐ Yes  ☐ No

b. If answer to 8a is yes, explain the relationship and details of mortgage(s), original principal amount, principal currently outstanding, interest rate, original term of mortgage, term remaining: _____

(attach additional sheets if necessary)

─────────────────── **FOR ASSESSOR'S USE** ───────────────────

Assessing unit _____    County _____

City/Town _____    Village _____

School District _____

RP-420-a/b-Use (9/08)                                                    2

9. Does any person or organization have a reversionary interest in this property?  ☐ Yes  ☑ No

   a. If yes, indicate name and address of such person and state terms of right of reverter: _____
   _____
   _____

10. Describe, in detail, use or uses of the property: *Yeshiva Campus* _____
   _____

**IF THE ORGANIZATION SEEKING EXEMPTION HAS INDICATED ONE OF ITS CORPORATE
PURPOSES IS HOSPITAL IN QUESTION 2a. ON FORM RP-420-a-Org, ANSWER QUESTION 11.
IF NOT SKIP TO 12.**

11. Are the premises or any portion thereof leased or otherwise occupied as professional offices?  ☐ Yes ☐ No

   If yes, answer a through c.

   a. The professional offices are leased or otherwise occupied by:  (1) ☐ members of the staff, e.g. doctors
      (2) ☐ professionals not on the staff of the hospital  (3) ☐ a combination of 1 and 2

   b. If leased to members of the staff, are the offices used:  (1) ☐ solely for hospital related matters
      (2) ☐ for the private practice of the staff members  (3) ☐ a combination of 1 and 2

   c. If not used solely for direct-hospital related purposes, what percentage of time and space are the offices
      used for direct hospital-related purposes, and what percentage of time and space are they used for private
      practice of the staff? _____

12. Is the property or any portion thereof regularly occupied by persons or organizations other than applicant?

   ☐ Yes  ☐ No

   If yes, answer a through d.

   a. Name of occupant(s) _____

   b. Use by occupant(s) (also indicate specific portion of property so occupied): _____
      _____

   c. Term(s) of occupancy (e.g. one-year lease, month-to-month tenancy): _____
   d. Amount of rental paid by occupant(s) _____

13. Is the property or any portion thereof <u>occasionally</u> used by persons or organizations other than the applicant?

   ☐ Yes  ☐ No

   If yes, state use and indicate specific portion of property used, frequency of use and fee charged or
   contributions received for use: _____
   _____

14. Are there any buildings or other improvements on the property?  ☐ Yes  ☐ No

   If yes, skip questions a through e.  If no, answer a-e and skip questions 15-16.

   a. Use or uses of property if not described in question 10. _____
      _____

   b. Are building or other improvements contemplated on this unimproved land?  ☐ Yes  ☐ No
      If yes, give full details including proposed use(s): _____
      _____

RP-420-a/b-Use (9/08)                                                            3

    c.   Do the minutes of the organization contain a resolution(s) authorizing contemplated building or other improvements? ☐ Yes ☐ No

        If yes, attach a copy of resolution(s).

    d.   State detailed financial resources for contemplating buildings or other improvements (including building fund). _____

    e.   When will construction begin? _____

15.   Describe, briefly, the building(s) or other improvements: _____

    a.   Approximate acreage of land not underlying buildings or other improvements: _____

    b.   Use or uses of land referred to in 15a. if not described in question 10. _____

    c.   Are buildings or other improvements contemplated on this unimproved land? ☐ Yes ☐ No

        If yes, give full details including proposed use(s): _____

    d.   Do the minutes of the organization contain a resolution authorizing contemplated buildings or other improvements? ☐ Yes ☐ No    If yes, attach copy of resolution(s)

    e.   State financial resources for contemplated buildings or other improvements (including building fund). _____

    f.   When will construction begin? _____

16.  Are there any unoccupied buildings or other improvements on this property? ☐ Yes ☐ No

    a.   Date(s) they became unoccupied _____

    b.   Describe contemplated use(s) of the buildings or other improvements: _____

## VERIFICATION

State of New York

                ss:

County of Rockland

I, RABBI ARYEH ZAKS, being duly sworn, says that he is the President of the applicant organization, that the statements contained in this application (including the attached sheets consisting of _____ pages) are true and correct and complete, and that he makes this application for real property tax exemption as provided by law.

Subscribed and sworn to before me

this 26th day of February 202e

_____
Signature of owner or authorized representative

_____
Commissioner of deeds or notary public

OSCAR J FUQUENE
Notary Public, State of New Jersey
No. 2413667
Qualified in Bergen County
Commission Expires October 20, 2022

RP-420-a/b-Use (9/08)                                                                                    4

## GENERAL INFORMATION AND FILING REQUIREMENTS

### 1. Tax exemption for nonprofit organizations under section 420-a or 420-b of the Real Property Tax Law

Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children, or for two or more such purposes, and used exclusively for carrying out thereupon one or more such purposes, is exempt from taxation pursuant to section 420-a.

Unless a municipally has chosen to make it taxable, real property owned by a corporation or association organized exclusively for bible, tract, benevolent, missionary, infirmary, public playground, scientific, literary, bar association, medical society, library, patriotic or historical purposes, for the development of good sportsmanship for persons under the age of eighteen years through the conduct of supervised athletic games, for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out one or more such purposes, is exempt from taxation pursuant to section 420-b.

### 2. APPLICATION

A two-part application must be filed in each assessing unit in which exemption is sought: Form RP-420-b-Org (I-Organization purpose) and form RP-420-a/b-Use (II-Property use). One copy of Form RP-420-b-Org must be filed in each assessing unit. One copy of Form RP-420-a/b-Use must be filed in each assessing unit for each separately assessed parcel for which exemption is sought. Each year following the year in which exemption is granted on the basis of this application, renewal forms RP-420-a/b-Rnw-I and RP-420a/b-Rnw-II must be filed.

If you need more space for any item in the application, attach additional sheets and indicate the question(s) to which you are responding. Please give your name and employer identification number on all attachments. The assessor may request information in addition to the information contained in the application.

For purposes of section 420-a, the same forms may be used (except RP-420-a-Org replaces RP-420-b-Org). In the alternative, the owner may submit proof of exempt status to the assessor in whatever form is mutually acceptable.

### 3. Place of filing application

Application for exemption from city, town, or village taxes must be filed with the city, town, or village assessor. Application for exemption from county or school district taxes must be filed with the city or town assessor who prepares the assessment roll used in levying county or school taxes. In Nassau County, applications must be filed with the Nassau County Board of Assessors. In Tompkins County, applications must be filed with the Tompkins County Division of Assessment. **Do not file with the Office of Real Property Tax Services.**

### 4. Time of filing application

For purposes of section 420-b, the application must be filed in the assessor's office on or before the appropriate taxable status date. For purposes of section 420-a, the application should be filed on or before such date. In towns preparing their assessment roll in accordance with the schedule provided by the Real Property Tax Law, the taxable status date is March 1. In towns in Nassau County, the taxable status date is January 2. Westchester County towns have either a May 1 or June 1 taxable status date; contact the assessor. In villages and cities, the taxable status dates vary, and the appropriate assessor should be consulted for the correct date. In New York City, property acquired by an organization exempt pursuant to either of these sections may receive exemption as of the date of its acquisition; application for exemption should be filed promptly.

───────────────── **SPACE BELOW FOR ASSESSOR'S USE** ─────────────────

Parcel identification no.(s)

Applicant organization                    Employer ID no.                    Date application filed

Application    ☐ Approved    ☐ Disapproved

Assessed Valuation  $_____    Taxable    $_____Exempt

Documentary evidence presented: _____

Assessing unit                    Assessor's signature                    Date

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 85 of 204
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

# APPLICATION FOR REAL PROPERTY TAX EXEMPTION
## PROPERTY USE – <u>OCCUPANCY STATEMENT</u>

PROPERTY ADDRESS LOCATION: *82 HIGHVIEW RD, SUFFERN NY. 10901*
APPLICANT ORGANIZATION NAME: *YESHIVA CHOFETZ CHAIM INC. / 82 HIGHVIEW LLC.*
ORGANIZATION'S MAILING ADDRESS: *18 MOUNTAIN AVE MONSEY NY 10952*
PARCEL DESCRIPTION AS IT APPEARS ON ASSESSMENT ROLL: _____

A. NAME OF OCCUPANTS:
1. *YESHIVA CHOFETZ CHAIM*
2. _____
3. _____
4. _____

B. SPECIFY THE EXACT USE OF THE PROPERTY BY THE OCCUPANT(S):
1. *YESHIVA, RELIGIOUS PRAYER, STUDY, LECTURES, . . .*
2. _____
3. _____
4. _____
***PLEASE PROVIDE WRITTEN NARRATIVE OF WORK OR STUDENT STATUS FOR EACH RESIDENT.**

C. TERM(S) OF OCCUPANCY:
1. *N/A*
2. _____
3. _____
4. _____

D. AMOUNT OF RENT PAID BY OCCUPANT(S):
1. _____
2. _____
3. _____
4. _____

E. IS THIS PROPERTY OR ANY PORTION THEREOF AT ANY TIME USED BY OTHERS THAN
THE APPLICANT OR THE OCCUPANTS NAMED ABOVE? YES _____ NO ✓
IF YES, SPECIFICALLY FOR WHAT PURPOSE: _____

PRINT NAME: *RABBI ARYEH ZAKS*    SIGNATURE: *[signature]*
TITLE: _____    TELEPHONE: *845-538-7700*    DATE: *FEB 26-20*

g:\forms\exemption forms\2011 exemption forms\occupancy statement.doc



**NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE**
**OFFICE OF REAL PROPERTY TAX SERVICES**

RP- 462 (9/08)

## APPLICATION FOR EXEMPTION FROM REAL PROPERTY TAXES FOR
## PROPERTY USED AS RESIDENCE OF OFFICIATING CLERGY ("PARSONAGE" OR "MANSE")

(See general information and instructions on back of form)

1 a.   Name of religious corporation _Yeshiva Choroz Chaim Inc. / 92 Highview LLC._    2.  Mailing address of organization  _18 MOUNTAIN AVE_
_MONSEY N.Y. 10952_

   b.   Name of officiating clergy _____

   c.   Telephone no. of clergy    Day  ( )  _____    Evening (    )_____

   d.   E-mail address (optional) _____

3.   Location of property _____

                          Street address

    Village (if any)     City/Town     School district

          Property identification (see tax bill or assessment roll)

   Tax map number or section/block/lot _____

4.   Is there any other property owned by this religious corporation which is used exclusively for religious purposes so as to entitle the other property to an exemption pursuant to section 420-a of the Real Property Tax Law?  ☐ Yes  ☐ No

   If yes, state location of other property or properties. _____

5.   Has the officiating clergy of this religious corporation had formal training as a clergy?  ☐ Yes  ☐ No
   If yes, give full details. _____

6.   Has the officiating clergy been formally ordained?  ☐ Yes  ☐ No
   If yes, state when, where and by whom such officiating clergy was ordained. _____

   If no, explain. _____

7a.   Is any portion of the premises used for purposes other than as residence of the officiating clergy?
   ☐ Yes  ☐ No

   b.   If yes, are the premises, or any portion thereof, used for banquets, dances, meetings, weddings or other purposes?  ☐ Yes  ☐ No

   If the answer to 7b, is yes, give full details including gross annual income realized from such renting or other use. _____

   If the answer to 7a. is yes, and the answer to 7b. is no, state in detail other uses of this property other than for residence of officiating clergy. _____

## ATTACH ADDITIONAL SHEETS WHENEVER NECESSARY

Submit form RP-420-a-Org (available from assessor) or RP-420-a/b-Rnw-I, if renewal, and all attachments required in that form with respect to the religious corporation named in answer to question 1a. above.

RP-462 (9/08)

2

## VERIFICATION

State of New York

ss:

County of

_____, being duly sworn, says that __he is the _____ of the organization, that the statements contained in this application (including the attached sheets consisting of ___ pages) are true, correct and complete, and that __he makes this application for real property tax exemption as provided by law.

Subscribed and sworn to before me this _____ day of _____ 20____

_____
Signature of owner or authorized representative

_____
Commissioner of deeds or notary public

## GENERAL INFORMATION AND FILING REQUIREMENTS

1. **Tax exemption for real property used as residence of officiating clergy ("parsonage" or "manse")**
   Section 462 of the Real Property Tax Law authorizes an exemption from real property taxation for property owned by a religious corporation while actually used by the officiating clergy thereof for residential purposes.

2. **Application**
   An application for exemption pursuant to section 462 must be filed annually for each separately assessed parcel for which an exemption is claimed. Applicants must also submit Form RP-420-a-Org. Where exemption is claimed in any one assessing unit for more than one parcel, the submission of one Form RP-420-a-Org is sufficient. Each year following the year in which exemption is first granted on the basis of this application, a renewal form RP-420-a/b-Rnw-I may be filed with this form in lieu of RP-420-a-Org.

   If you need more space for any item in the application, attach additional sheets and indicate the question(s) to which you are responding. Please give your name and the name of your church on all attachments. The assessor may request information in addition to the information contained in the application.

3. **Place of filing application**
   Application for exemption from city, town or village taxes must be filed with the city, town or village assessor. Application for exemption from county or school district taxes must be filed with the city or town assessor who prepares the assessment roll used in levying county or school taxes. In Nassau County, applications should be filed with the Nassau County Board of Assessors. In Tompkins County, applications should be filed with the Tompkins County Division of Assessment. **Do not file this form with the Office of Real Property Tax Services.**

4. **Time of filing application**
   The application must be filed in the assessor's office on or before the appropriate taxable status date. In towns preparing their assessment roll in accordance with the schedule provided in the Real Property Tax Law, the taxable status date is March 1. In towns in Nassau County, the taxable status date is January 2. Westchester County towns have either a May 1 or June 1 taxable status date; contact the assessor. In villages and cities, the taxable status dates vary, and the appropriate assessor should be consulted for the correct date. In New York City, taxable status date is January 5, but applications for this exemption may be filed on or before March 15.

## SPACE BELOW FOR ASSESSOR'S USE ONLY

1. Applicant religious corporation: _____
2. Date application filed _____
3. Application ☐ Approved ☐ Disapproved
4. Assessed valuation $_____ Taxable $_____ Exempt
5. Documentary evidence presented _____

_____     _____     _____
Assessing unit                  Assessor's signature              Date

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 88 of 204



RP-420-a-Org (9/08)

**NYS DEPARTMENT OF TAXATION & FINANCE**
**OFFICE OF REAL PROPERTY TAX SERVICES**

**APPLICATION FOR REAL PROPERTY TAX EXEMPTION FOR**
**NONPROFIT ORGANIZATIONS - MANDATORY CLASS**
**I-ORGANIZATION PURPOSE**

(See general information and instructions on back of form)

*Yeshiva Chofetz Chaim inc /82 Highview LLC.*

1a. Name of Organization

*18 Mountain Ave*

*Monsey NY - 10952*

b. Mailing address

*113179075*

c. Employer ID no.

*Rabbi Aryeh Zaks*

d. Name of contact person

*845-558-700*

e. Day telephone no. of contact person

_____

Evening telephone no.

_____

f. E-mail address (optional)

2a. Purpose(s) of organization:

☑ Religious       ☐ Educational
☐ Charitable      ☐ Moral or mental improvement of men, women, or children
☐ Hospital

b. If the organization has more than one purpose, state the primary purpose: _____
_____
_____

c. State briefly specific activities related to each purpose checked above: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(Attach additional sheets if necessary)

— **FOR ASSESSOR'S USE** —

Assessing unit _____      County _____

City/Town _____      Village _____

School District _____

RP-420-a-Org (9/08)                                                              2

3.  Is the organization currently exempt from Federal income tax?  ☑ Yes  ☐ No

    If no, skip to question 4.  If yes, answer a. through d.

    a.  Under which section, subsection and paragraph of the Internal Revenue Code?  _501 3C_____

    b.  Did the Internal Revenue Service recognize the exemption on the basis of an application form or a
        written request or statement?  ☑ Yes  ☐ No

    If yes:  (1)  Was the exemption recognized by a   (check one)
                  ☐ Group exemption letter
                  ☑ Separate exemption letter

             (2)  If exemption was recognized by a group exemption letter, give name and address of
                  organization receiving group exemption. _____
                  _____
                  _____

             (3)  If the exemption was recognized by an advanced ruling, when does the ruling expire?

                  _____
                              (month/day/year)

                  **ATTACH COPY OF DETERMINATION OR RULING LETTER**

    If no:   (4)  Please explain how the organization is exempt from Federal income tax (attach additional
                  sheets if needed). _____
                  _____
                  _____
                  _____

    c.  Is the organization required to file annual returns with the Internal Revenue Service?  ☐ Yes  ☐ No
        If yes, attach form number(s). _____

    **ATTACH COPY OF EACH RETURN FILED FOR THE ORGANIZATION'S LAST FISCAL YEAR**

    d.  For the last fiscal year, did the organization file Internal Revenue Form 990-T (Exempt Organization
        Business Income Tax Return)?  ☐ Yes  ☐ No

                  **IF YES ATTACH COPY OF FORM 990-T AND SKIP TO QUESTION 5**

4.  Has the organization applied for recognition of exemption from Federal income tax?  ☐ Yes  ☐ No

    a.  Under which section, subsection and paragraph of the Internal Revenue Code? _____
        _____

    b.  Date of application _____

            **ATTACH COPY OF APPLICATION, REQUEST OR STATEMENT AND ATTACHMENTS**
    **IF NO, COMPLETE AND ATTACH SCHEDULE A (RP-420-a/b-Org)  (obtain Sch. A from assessor)**

5.  Is the organization incorporated?  ☐ Yes  ☐ No

    If yes, answer a through c.  If no, answer d through f.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021

NYSCEF DOC. NO. 65
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan   Pg 90 of 204

RP-420-a-Org (9/08)                                                              3

a.   Date incorporated _____  b. State/County in which incorporated _____
c.   Under which law? Law: _____  Article or section: _____

**ATTACH COPY OF CURRENT ARTICLES OF INCORPORATION** (Note: If a dissolution provision is not included in the articles, also attach a statement describing how assets would be distributed should the organization dissolve.)

d.   Form of organization _RELIGIOUS CORP._____   e. Date formed _1925_

f.   Has the organization applied for incorporation?  ☐ Yes   ☐ No - If no, skip to question 6.   If yes:

   (1)   State/County in which application has been filed _____

   (2)   Under which Law?  Law: _____   Article or section: _____

   (3)   Date application filed: _____

**ATTACH COPY OF APPLICATION AND CONSENTS REQUIRED WITH APPLICATION**

**ATTACH COPY OF CURRENT ARTICLES OF ORGANIZATION**   (Note: If a dissolution provision is not included in the articles, also attach a statement describing how assets would be distributed should the organization dissolve.)

6.   Is the organization under the supervision of any public regulatory body?  ☐ Yes  ☑ No
If yes, answer a through c.

   a.   Which one(s)?  Give name and address _____
   _____

   b.   Does the organization have an operating certificate, permit, charter, or similar authorization issued by a public regulatory body?  ☐ Yes  ☐ No

**IF YES, ATTACH COPY OF AUTHORIZATION**

   c.   Does the organization solicit contributions from the public?  ☐ Yes  ☐ No

   If yes and the organization is registered with the Attorney General's Charities Bureau, give the organization's registration number _____

──────────────  **VERIFICATION**  ──────────────

State of New York

County of _Rockland_                    ss:
_Petr Askh Tzks_____, being duly sworn, says that __he is the _PRES_____ of the applicant organization, that the statements contained in this application (including the attached sheets consisting of ____ pages) are true, correct and complete, and that __he makes this application for real property tax exemption as provided by law.

                                                          Subscribed and sworn to before me
                                                          this _26th_ day of _February_, 20_20_

_____          _____
Signature of owner or authorized representative        Commissioner of deeds or notary public
                                                          OSCAR J FOGUENE
                                                          Notary Public, State of New Jersey
                                                          No. 2413667
                                                          Qualified in Bergen County
                                                          Commission Expires October 20, 2023

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

NYSCEF DOC. NO. 65

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 91 of 204

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

RP-420-a-Org (9/08)                                                                                                    4

## GENERAL INFORMATION AND FILING REQUIREMENTS

**1.  Tax exemption for nonprofit organizations under section 420-a of the Real Property Tax Law**

Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children, or for two or more such purposes, and used exclusively for carrying out thereupon one or more such purposes, is exempt from taxation.

**2.  Application**

For the property to be granted tax exempt status on the tentative assessment roll, the assessor must be satisfied that the statutory standards are met.  This can be most readily accomplished through submission of the Office of Real Property Tax Service's forms.

A two-part application should be filed in each assessing unit in which exemption is sought: Form RP-420-a-Org (I-Organization purpose) and form RP-420-a/b-Use (II-Property use).  One copy of Form RP-420-a-Org should be filed in each assessing unit.  One copy of Form RP-420-a/b-Use should be filed in each assessing unit for each separately assessed parcel for which exemption is sought.  Each year following the year in which exemption is granted on the basis of this application, renewal forms RP-420-a/b-Rnw-I and RP-420-a/b-Rnw-II should be filed.

If you need more space for any item in the application, attach additional sheets and indicate the question(s) to which you are responding.  Please give your name and employer identification number on all attachments.  The assessor may request information in addition to the information contained in the application.

The law does not require that Office of Real Property Tax Service's forms be used.  In the alternative, the owner may present proof of exempt status to the assessor in whatever format is mutually acceptable.

**3.  Place of filing application**

Application for exemption from city, town or village taxes should be filed with the city, town or village assessor.  Application for exemption from county or school district taxes should be filed with the city or town assessor who prepares the assessment roll used in the levying of county or school taxes.  In Nassau County, applications should be filed with the Nassau County Board of Assessors.  In Tompkins County, applications should be filed with the Tompkins County Division of Assessment.  **Do not file with the Office of Real Property Tax Services.**

**4.  Time of filing application**

The application should be filed in the assessor's office on or before the appropriate taxable status date.  In towns preparing their assessment roll in accordance with the schedule provided in the Real Property Tax Law, the taxable status date is March 1.  In towns in Nassau County, the taxable status date is January 2.  Westchester County towns have either a May 1 or June 1 taxable status date; contact the assessor.  In villages and cities, the taxable status dates vary, and the appropriate assessor should be consulted for the correct date.  In New York City, property acquired by an organization exempt pursuant to this section may receive exemption as of the date of its acquisition; application for exemption should be filed promptly.

---

### SPACE BELOW FOR ASSESSOR'S USE

_____

Applicant organization

_____              _____
Employer identification number                      Date application filed

---

### See form RP-420-a/b-Use for parcel number(s)

Documentary evidence presented: _____

_____

_____          _____          _____
Assessing unit                         Assessor's signature                          Date

---



NYS DEPARTMENT OF TAXATION & FINANCE
OFFICE OF REAL PROPERTY TAX SERVICES

SCHEDULE A
RP-420-a/b-Org (1/95)

## APPLICATION FOR REAL PROPERTY TAX EXEMPTION FOR NONPROFIT ORGANIZATIONS

ALL organizations filing this form must complete Parts A, B and C.  FOUNDATIONS and TRUSTS must complete Part D.  Certain organizations must complete additional parts of this form as follows.

RELIGIOUS ORGANIZATIONS.......Part E
CHARITABLE ORGANIZATIONS THAT ARE NOT FOUNDATIONS OR TRUSTS......Part F
HOSPITAL ORGANIZATIONS.......Part G
EDUCATIONAL ORGANIZATIONS.......Part H
ORGANIZATIONS THAT OPERATE HOMES FOR THE AGED.......Part I

Attach additional sheets if necessary.  On each attachment, indicate name of organization, employer identification number and question answered.  If assistance is needed in completing this form, consult the assessor.

**ALL ORGANIZATIONS MUST COMPLETE THE VERIFICATION ON PAGE 19**

### PART A—IDENTIFICATION

*YESHIVA CHOFETZ CHAIM, INC. OWNER OF*
*82 H MHVIEW LLC.*
1a.  Name of Organization

*18 MOUNTAIN AVE*

*MONSEY N.Y. 10952*
b.  Mailing address

*113179075*
c.  Employer ID no.

*RABBI ARYEH ZAKS*
d.  Name of contact person

_____
e.  Day telephone no. of contact person

_____
f.  Evening telephone no.

2.  Date incorporated or formed *June 1925*

3.  Month annual accounting period ends _____

4.  Has the organization filed Federal Income Tax Returns?  ____Yes  ✓No
    If YES, state form number(s), year(s) filed, and Internal Revenue Office where filed.

### Part B—ACTIVITIES AND OPERATIONS

1.  Describe in detail the specific purposes for which the organization was formed, the activities presently carried on and those which will be carried on.  If the organization is not fully operational, explain what stage of development its activities have reached, what further steps remain for the organization to become fully operational, and when they will take place.  Specifically identify the services performed or to be performed by the organization.  (Do not state the purposes of the organization in general terms or repeat the language of the organizational documents).  Include sufficient information to show that the organization's activities are related to the purpose(s) stated in Question 2a Form RP-420-a-Org or RP-420-b-Org.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan   Pg 93 of 204

SCHEDULE A                                                                2
RP-420-a/b-Org (1/95)

**Part B (continued)**

2.  Membership of the organization's governing body:

a.  Names, addresses, and duties of officers, directors, trustees, etc.

b.  Specialized knowledge, training, expertise or particular qualifications.

*RABBI AROEH ZAKS    PRES*
*BEATRICE WALDMAN      . SEC.*
*HENOCH  ZAKS    TRES.*

c.  Are any members of the governing body the following persons?

(1) A "substantial contributor" to the organization?  (A "substantial contributor" is any person – including a corporation, trust, etc. – who contributed or bequeathed an aggregate amount of more than $5,000, if such amount is more than 2 percent of the total contributions and bequests received by the organization from the time of its creation through the close of the accounting year of the organization in which the contribution or bequest was received by the organization from such person.  In the case of a trust, the creator is a substantial contributor regardless of the size of the creator's contribution or bequest).  _____Yes _____No

(2) A Foundation manager?  _____Yes _____No

(3) An owner of more than 20 percent of the total combined voting power of a corporation, the profits interest of a partnership, or the beneficial interest of a trust or unincorporated enterprise which is a substantial contributor to the organization?  _____ Yes _____ No

(4) A "member of the family" of any person described in (1), (2), or (3) above?  (A member of the family with respect to any person described above means his or her spouse, ancestors and lineal descendants).  _____Yes _____No

**IF YES ANSWERED TO ANY OF THE ABOVE QUESTIONS, ATTACH FULL EXPLANATION.**

d.  Do any members of the governing body have either a business or a family relationship with the following persons:

(1) A "substantial contributor" to the organization? (See question 2 (c).)  _____Yes _____No

(2) A foundation manager?  _____Yes _____No

(3) An owner of more than twenty percent of the total combined voting power of a corporation, the profits interest of a partnership, or the beneficial interest of a trust or unincorporated enterprise which is a substantial contributor to the organization?  _____Yes _____No

(4) A "member of the family" of any person described in (1), (2) or (3) above?  (See question 2 (c).)  _____Yes _____No

(5) A corporation in which persons described in (1), (2), (3) or (4) above own more than 35 percent of the total combined voting power?  _____Yes _____No

(6) A partnership in which persons described in (1), (2), (3), or (4) above hold more than 35 percent of the profits interest?  _____Yes _____No

(7) A trust or estate in which the persons described in (1), (2), (3), or (4) hold more than 35 percent of the the beneficial interest?  _____Yes _____No

(8) Any organization which is effectively controlled by the same persons who control your organization or any organization whose contributions were made by the same contributors who contributed to your organization?  _____Yes _____No

**IF YES ANSWERED TO ANY OF THE ABOVE QUESTIONS, ATTACH FULL EXPLANATION.**

e.  Have any members of the governing body assigned income or assets to the organization?

_____Yes _____No

**IF YES, ATTACH A COPY OF ASSIGNMENT(S) AND A LIST OF ITEMS ASSIGNED.**

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 94 of 204

SCHEDULE A
RP-420-a/b-Org (1/95)

3

**Part B (continued)**

2f.  Is it anticipated that any current or future member of the governing body will assign income or assets to the organization?
_____Yes _____No

### IF YES, ATTACH FULL EXPLANATION ON SEPARATE SHEET.

g.  Has any member of your organization, either directly or indirectly, engaged in any of the following acts with a trustee, director, principal officer, or creator of your organization, or any other organization with which such person is affiliated?

(1)  Sale, exchange or leasing of property?
_____Yes _____No

(2)  Lending of money or other extension of credit?
_____Yes _____No

(3)  Furnishing of goods, services or facilities?
_____Yes _____No

(4)  Payment of compensation (or payment of reimbursement) for expenses if in excess of $1,000?
_____Yes _____No

(5)  Transfer of income or assets?
_____Yes _____No

### IF YES ANSWERED TO ANY OF THE ABOVE QUESTIONS, ATTACH A DETAILED STATEMENT EXPLAINING THE TRANSACTION (S).

3.  Is the organization the outgrowth or continuation of any form of predecessor(s)? _____Yes _____No
If yes, state the name of each predecessor, the period during which it was in existence, and the reasons for its termination.

_____

_____

_____

### ATTACH COPIES OF ALL PAPERS BY WHICH THE TRANSFER OF ASSETS, IF ANY, WAS EFFECTED.

4a.  Is the organization now connected or is it planned that it will be connected (other than by association with a statewide or nationwide organization) through common membership governing bodies, trustees, officers, etc., with any other organization? _____Yes _____No
If yes, enter name(s) of organization(s) and explain relationship.

_____

_____

b.  Is the organization financially accountable to any other organization? _____Yes _____No
If yes, enter name(s) of organization(s) and give details concerning accountability.

_____

_____

_____

5a.  What benefits, services, or products does or will the organization provide?

_____

_____

_____

b.  Are the recipients required or will they be required to pay for the organization's benefits, services or products? _____Yes _____No
If yes, please explain and show how the charges are determined.

_____

_____

c.  Does or will the organization limit its benefits, services or products to specific classes of individuals? _____Yes _____No
If yes, please explain how the recipients or beneficiaries are or will be selected.

_____

_____

SCHEDULE A                                                                    4
RP-420-a/b-Org (1/95)

**Part B (continued)**

6. Is the organization a membership organization? _____Yes _____No
   If yes:
a. Describe the membership requirements, the classes of membership (with the number of members in each class) and the voter rights and
privileges received. Also, if any group or class of persons is required to join, describe the requirements and explain the relationship between
those members and members who join voluntarily.

_ORTHODOX JEWISH FAITH   UPON ACCEPTANCE  AS A MEMBER BY THE BOARD_

**ATTACH A SCHEDULE OF MEMBERSHIP FEES AND DUES.**

b. Describe your present and proposed efforts to attract members.
_NO FEES/DUES_

c. Are benefits, service or products limited to members? _____Yes __✓__No
   If no, please explain. _____

**Part C – Finances**

1a. Statement of receipts and expenditures.        _SEE LETTER ATTACHED_

Note: Complete a statement for the last fiscal year and for each of the three years immediately before it. If in existence les than
four years, complete a statement for each year in existence. (If the organization prepares a statement of receipts and expenditures
that is more descriptive and detailed than the statement below, that statement may be submitted in place of this one.)

RECEIPTS AND EXPENDITURES FOR THE YEAR ENDING_____20_____

**I. RECEIPTS**

| | | |
|---|---|---|
| (1) Gross dues and assessments of members .................................................... | | |
| (2) Gross contributions, gifts, etc. * ............................................................ | | |
| (3) Gross amount derived from activities related to organization's exempt purposes (attach schedule) .................... | | |
| Less cost of sales (attach schedule) ............................................. | | |
| (4) Gross amounts from unrelated business activities (attach schedule)... | | |
| Less cost of sales (attach schedule) ............................................. | | |
| (5) Gross amounts received form sale of assets, excluding inventory items (attach schedule) ................................ | | |
| Less cost or other basis and sales expenses of assets sold (attach schedule) ................................ | | |
| (6) Interest, dividends, rents and royalties ................................................. | | |
| (7) Other receipts (attach schedule) ......................................................... | | |
| (8) NET RECEIPTS ............................................................................... | | |

SCHEDULE A
RP-420-a/b-Org (1/95)

*See letter attached.*

5

## II. EXPENDITURES

(9) Fund raising expenses .................................................

(10) Contributions, gifts, grants and similar amounts paid (attach schedule) ...............

(11) Disbursements to or for the benefit of members (attach schedule) ...............

(12) Compensation of officers, directors and trustees ...............

(13) Other salaries and wages ...............

(14) Interest ...............

(15) Rent ...............

(16) Depreciation and depletion ...............

(17) Other expenditures (attach schedule) ...............

(18) TOTAL EXPENDITURES ...............

(19) Excess of receipts over expenditures (line 8 less line 18) ...............

*If the organization received any unusual grants during the year, attach a list showing the name of the contributor, the date and amount of the grant and a brief description of the nature of the grant.

1b.    Statement of assets and liabilities for the fiscal year.

Enter Dates

## I. ASSETS

| | Beginning date | Ending date |
|---|---|---|
| (1) Cash (a) interest bearing accounts | | |
|     (b) other | | |
| (2) Accounts receivable, net | | |
| (3) Inventories | | |
| (4) Bonds and notes (attach schedule) | | |
| (5) Corporate stocks (attach schedule) | | |
| (6) Mortgage loans (attach schedule) | | |
| (7) Other investments (attach schedule) | | |
| (8) Depreciable and depletable assets (attach schedule) | | |
| (9) Land | | |
| (10) Other assets (attach schedule) | | |
| (11) TOTAL ASSETS | | |

## II. LIABILITIES

| | Beginning date | Ending date |
|---|---|---|
| (12) Accounts payable | | |
| (13) Contributions, gifts, grants, etc. payable | | |
| (14) Mortgages and notes payable (attach schedule) | | |
| (15) Other liabilities (attach schedule) | | |
| (16) TOTAL LIABILITIES | | |

SCHEDULE A                                                                              6
RP-420-a/b-Org (1/95)

**Part C – Finances (continued)**

**III. FUND BALANCE OR NET WORTH**

(17) Total fund balance or net worth ...................................................................

(18) Total liabilities and fund balance or net worth (line 16 plus line 17) ...........................

(19) Has there been any substantial change in any aspect of the organization's financial activities since the period ended as shown above?
_____Yes          _____No

If yes, attach a detailed explanation.

2a.  What assets does the organization have that are used in the performance of its exempt function?  If any assets are not fully operational, explain what stage of completion has been reached, what additional steps remain to be completed and when such final steps will be taken.
_____
_____
_____
_____

b.  To what extent has the organization used or does it plan to use contributions as an endowment fund, i.e. hold contributions to produce income for the support of the organization's exempt function?
_____
_____
_____
_____

c.  Does or will any part of the organization's net income inure to the benefit of any private shareholder or individual?  _____Yes _____No
   If yes, explain in detail.
_____
_____
_____
_____
_____
_____

d.  Has the organization made or does it plan to make any distribution of its property or surplus to shareholders or members?____Yes____No
If yes, state full details, including:  (1) amounts or value, (2) source of funds or property distributed or to be distributed and (3) basis of and authority for distribution or planned distribution. _____

3a.  Has the organization made or does it plan to make any payments to members or shareholders for services rendered or to be rendered?
_____Yes _____No

If yes, please state in detail the amount paid, the character of the services, and to whom payments have been or will be made.
_____
_____
_____
_____

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 98 of 204

SCHEDULE A
RP-420-a/b-Org (1/95)

7

**Part C – Finances (continued)**

b. Does the organization have any arrangements to provide insurance for members, their dependents, or others (including provisions for the payment of sick or death benefits and pensions and annuities)?    _____Yes    _____No
If yes, please describe and explain the arrangement's rules of eligibility.

_____

_____

_____

c. Officers, directors and trustees:

| Name and title | Time devoted to position | Compensation (annual) | Contributions to Employee Benefit Plans (annual) | Expense account and other Allowances (annual) |
|---|---|---|---|---|
| RABBI ANSCH ZAKS | | 0 | | |
| BEATRICE WALDMAN | | 0 | | |
| HENOCH ZAKS | | 0 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

d. Five highest paid full-time employee (other than officers, directors and trustees):

| Name, and Title and Address | Time devoted to Position | Compensation (annual) | Contributions to Employee Benefit Plans (annual) | Expense account and other Allowances (annual) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

3e. Five highest paid part-time employees (other than officers, directors and trustees):

| Name, title and Addresses | Time devoted to position | Compensation (annual) | Contributions to Employee Benefit Plans (annual) | Expense Account and other Allowances (annual) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 99 of 204

SCHEDULE A
RP-420-a/b-Org (1/95)

8

**Part C – Finances (continued)**

f. Five highest paid persons for professional services (non-employees):

| Name and Address | Type of service | Time devoted to service | Compensation (annual) | Expense Account and other Allowances (annual) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

4. Are any of the organization's funds expended or will they be expended in foreign countries? _____ Yes _____ No

If yes, please give details, including: (1) the manner in which and by whom recipients are or will be selected, (2) the names of recipient organizations and/or purposes for which the funds are or will be expended, (3) the extent to which your organization controls or will control expenditure of funds donated by your organization to foreign organizations and whether there is or will be any required reporting of such expenditures to your organization and (4) whether contributions are or will be selected by your organization and embarked for specific foreign distributes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Part D – Foundations and Trusts**

1a. Is the organization a private foundation? _____ Yes _____ No

b. Foundation or trust managers: list names, titles, addresses, where managers may be contacted.

_____

_____

_____

_____

SCHEDULE A                                                                                9
RP-420-a/b-Org (1/95)

**Part D – Foundations and Trusts (continued)**

c.  Have any managers contributed 2 percent or more of the total contributions received by the foundation or trust during any year?

_____Yes  _____No

d.  Do any managers own 10 percent or more of the stock of a corporation (or equally large portion of the ownership of a partnership or other entity) of which the foundation or trust has a 10 percent or greater interest?

_____Yes  _____No

2a.  Name and address of organization(s) supported by the foundation or trust.

b.  To what extent are the members of your organization's governing board elected or appointed by the supported organization(s)?

c.  What is the extent of common supervision or control that your organization and the supported organization(s) share?

d.  To what extent do(es) the supported organization(s) have a significant voice in your organization's investment policies, the making and timing of grants, and in otherwise directing the use of your organization's income or assets?

e.  If any supported organization is mentioned in your organization's governing instrument, is your organization a trust that the supported organization can enforce under state law and with respect to which the supported organization can compel an accounting?

_____Yes  _____No

If yes, please explain.

f.  What position of your organization's income does your organization pay to each supported organization and how significant is such support to each?

g.  To what extent does your organization conduct activities which would otherwise be carried out by the supported organization(s)?  For any such activities, please explain your organization's reasoning as to why such activities would otherwise be carried on by the supported organization.

SCHEDULE A                                                                          10
RP-420-a/b-Org (1/95)

**Part D – Foundations and Trusts (continued)**

3. Grants and contributions to organizations and individuals (including scholarships) paid or approved for future payment during the next fiscal year:

| Recipient's Name and Address (home or business) | If recipient is an individual, show any relationship to any manager of or substantial contributor to your organization. | Concise statement of purpose of grant or contribution | Amount |
|---|---|---|---|
| a. Paid during year | | | |

**TOTAL** ...................................................................................................................

| | | | |
|---|---|---|---|
| b. Approved for future payment | | | |

**TOTAL** ...................................................................................................................

4. Does the organization now award scholarships or plan to award them in the future?  _____ Yes  _____ No    If yes,

   a.    What criteria are or will be used for selecting recipients, including the rules of eligibility?

   _____

   _____

   b.    Who selects or will select recipients?

   _____

   c.  If awards are or will be made directly to individuals, is information required or will it be required assuring that the student remains in school?  _____ Yes  _____ No

   d.  Are awards made or will they be made to recipients of a particular class (for example, to children of employees of a particular employer)?  _____ Yes  _____ No
       If yes, describe the class(es) of recipients and conditions attached to the award.

   _____

   _____

   _____

**Part E – Religious organizations**

1. Is the organization a church, synagogue or similar establishment?  _____ Yes  _____ No

2. Is the organization an association or convention of churches?  _____ Yes  _____ No

3. Is the organization a religious order?  _____ Yes  _____ No

**IF YES ANSWERED TO ANY OF THE ABOVE QUESTIONS, SKIP TO QUESTION 6.**

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 102 of 204
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

SCHEDULE A
RP-420-a/b-Org (1/95)

11

**Part E – Religious organizations**

4. Is the organization an integrated auxiliary of a church?    _____ Yes   ✓ No
   If yes, (a) Name and addresses of a church:

       (b) Type of integrated auxiliary:
          _____ Theological seminary or          _____ Mission society
                other religious school
          _____ Men's or women's organization    _____ Youth group

5. Is the organization a religious organization other than those described in Questions 1-4 above?    _____ Yes   ✓ No
   If yes, describe the organization and its members.

6. Describe the organization's belief, creed or doctrine.

   *Orthodox Jewish.*

7. Describe the organization's form of worship, rituals and practices.

   *Prayer, Torah study, religious activities and charity, Yeshiva*

8. Describe the organization's places of worship and the type and schedule of religious services conducted.

   *62 Highview rd, Prayer, study and Jewish Education.*

9. Describe the organization's congregation (state the number of members and indicate the percentage of members that are associated with another denomination).

10. Describe the organization's ecclesiastical government.

    *Rabbi*

11. Describe the organization's ministers (state the number of ministers, the procedure by which they are ordained and the courses of study they must complete before they are ordained, the organization of ministers, and the schools that the organization has to prepare its ministers).

12. Describe the program that the organization has for the religious instruction of the young.

    *Classes for the young*

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 103 of 204

SCHEDULE A                                                                          12
RP-420-a/b-Org (1/95)

## Part F – Charitable organizations that are not foundations or trusts

1a.  Name and addresses of organization(s) supported by your organization.

_____

_____

_____

_____

_____

_____


b.  What portion of your organization's income does your organization pay to each supported organization and how significant is such support to each?

_____

_____

_____

_____

_____

_____


2.  Grants and contributions to organizations and individuals (including scholarships) paid or approved for future payment during the last fiscal year:

| Recipient's Name and Address (home or business) | If recipient is an individual show any relationship to any manager of or substantial contributor to your organization. | Concise statement of purpose of grant or contribution | Amount |
|---|---|---|---|
| a.  Paid during year | | | |

TOTAL ...............................................................................

| | | | |
|---|---|---|---|
| b.  Approved for future payment | | | |

TOTAL ...............................................................................

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
RECEIVED NYSCEF: 04/18/2022
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 104 of 204

SCHEDULE A
RP-420-a/b-Org (1/95)

13

**Part F – Charitable organizations that are not foundations or trusts (continued)**

3.  Does the organization now award scholarships or plan to award them in the future?        _____Yes        _____No

   If yes:

      a.    What criteria are or will be used for selecting recipients, including the rules of eligibility?

_____

_____

_____

      b.    Who selects or will select recipients?

_____

_____

_____

      c.  If awards are or will be made directly to individuals, is information required or will it be required assuring that the student
remains in school?        _____Yes        _____No

      d.  Are awards made or will they be made to recipients of a particular class (for example, to children of employees of a particular
employer)?        _____Yes        _____No

      If yes, describe the class(es) of recipients and conditions attached to  the award.

_____

_____

_____

_____

_____

_____

_____

_____

_____

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
22-22493-shl Doc 7-2 Filed 08/03/22 Entered 08/03/22 10:30:01 Declaration of
Israel Dahan Pg 105 of 204
RECEIVED NYSCEF: 04/18/2022

SCHEDULE A                                                                    14
RP-420-a/b-Org (1/95)

**Part C – Hospital organizations**

1a.  Which general type(s) of service does or will the organization provide?

_____Diagnosis and treatment of physical disabilities
_____Diagnosis and treatment of mental disabilities
_____Nursing home care

b.  Describe the specialized service(s) provided or to be provided.

_____

_____

_____

_____

2a.  Does or will the organization provide inpatient services?               _____Yes _____No
     If no, skip to Question 3.  If yes:
b.  Number of beds:      (1) Total                    _____
                        (2) Physical treatment       _____
                        (3) Mental treatment         _____
                        (4) Nursing home             _____

c.  Does or will the organization provide 24-hour patient services?          _____Yes _____No
    If no, please explain.

_____

_____

d.  Does or will the organization have an organized medical staff of licensed doctors of medicine and licensed nurses?
                                                                     _____Yes _____No
    If yes:
                (1)  Number of doctors_____
                (2)  Number of nurses_____
e.  Does or will the organization have a courtesy medical staff (i.e. allow doctors who are not formally affiliated with the organization to
treat their patients in the organization's facilities)?              _____Yes _____No
    If yes:
                (1)  Number of doctors on courtesy staff_____
                (2)  Does or will the courtesy staff include all the doctors in the community?  _____Yes _____No
                     If no, give the reasons why not, and explain how the courtesy staff is or will be selected.

_____

_____

f.  Does or will the organization provide emergency services to the general public?      _____Yes _____No
    If yes:
                (1) Does or will the organization maintain a full-time emergency room?      _____Yes _____No
                (2)What is the organization's policy as to administering emergency services to persons without apparent means to pay?

_____

_____

g.  Does or will the organization have any arrangements with police, fire and voluntary ambulance services as to the delivery or admission of
emergency cases?                                                     _____Yes _____No
    If yes, please explain the arrangements.

_____

_____

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 106 of 204

SCHEDULE A                                                                                    15
RP-420-a/b-Org (1/95)

**Part G – Hospital organizations (continued)**

3. Describe the organization's existing or planned outpatient services, including the number and type of patients served and the size and composition of the medical staff.

_____

_____

_____

4. Does the organization have bylaws, rules and regulations pertaining to standards of medical care and service rendered by its medical staff?                              _____Yes _____No

5. Does or will the organization maintain records for all patients?                    _____Yes _____No

6. Is it or will it be a requirement that every patient be under the care of a member of the medical staff? _____Yes _____No

7. Does or will the organization carry on a program of medical training and research?  _____Yes _____No
   If yes, please describe.

_____

_____

8. Does or will the organization admit persons covered by Medicare or Medicaid?       _____Yes _____No
   If yes:
   (a)  Does or will the organization require a deposit from persons covered by Medicare or Medicaid
        in its admission practices?                                                    _____Yes _____No
        If yes, please explain.

_____

_____

   b. If a deposit is or will be required from persons covered by Medicare or Medicaid, does or will the same deposit requirement
      apply to all other patients?                                                     _____Yes _____No
      If no, please explain.

_____

9. Does or will the organization provide for a portion of its services and facilities to be used for charity patients?
                                                                                       _____Yes _____No

   Please explain (include data as to the organization's past experience admitting charity patients and arrangements it may have with municipal or government agencies for absorbing the cost of such care).

_____

_____

_____

_____

_____

_____

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 107 of 204

SCHEDULE A
RP-420-a/b-Org (1/95)

16

**Part H -- Education Organizations**

1. Is the organization a school?                                                          _____Yes    _____No
   If no, skip to Question 2, If yes:

   a.  What type of school is it?        _____Primary    _____Secondary    _____College or University

                                                _____Other (specify) _____

   b.  Describe the school's courses of study and degrees conferred (if any).

   _____

   _____

   _____

   _____

   c.  Give number of:  (1) Faculty members  _____
                             (2) Full-time students_____
                             (3) Part-time students_____

   d.  Describe the nature of the scholarships and student aid, awarded to students, including the terms and conditions governing the use of these funds and the amount thereof.  If the school has established or will establish several categories of scholarships, identify each category and explain how the school determines the recipients for each category.

   _____

   _____

2.  Is the organization one whose activities consist of conducting public discussion groups, forums, panels, lectures or other similar programs?                                                          _____Yes    _____No
    If yes, describe the program(s) in detail, including any fees charged.

   _____

   _____

3.  Is the organization one that presents a course of instruction by means of correspondence or through the use of television or radio?
                                                                                   _____Yes    _____No

    If yes, describe the program(s) in detail, including, any fees charged.

   _____

   _____

4.  If the organization is not one described in Questions 1, 2 or 3, what type of organization is it?  Describe the activities of the organization in detail, including any fees charged.

   _____

   _____

   _____

   _____

   _____

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan    Pg 108 of 204

SCHEDULE A
RP-420-a/b-Org (1/95)

17

**Part I – Homes for the aged**

1.  What are the requirements for admission to residency?

_____

_____

2.  Does or will the home charge an entrance or Founder's Fee?        _____Yes _____No
    If yes, please explain.

_____

3.  What periodic fees or maintenance charges are or will be required of residents?

_____

_____

4a.  What established policy does the home have concerning residents who become unable to pay their regular charges?

_____

_____

 b.  What arrangements does the home have or will it make with local and Federal welfare units, sponsoring organizations, or others to absorb all or part of the cost of maintaining such persons?

_____

_____

5.  What arrangements does or will the home have to provide for the health needs of its residents?

_____

_____

6.  In what way are the home's residential facilities designed to meet some combination of the physical, emotional, recreational, social, religious and similar needs of the aged?

_____

_____

7.  Has the home established or will it establish any reserves for future expenditures?        _____Yes _____No
    If yes, please state the source of such reserves and explain how they will be used.

_____

_____

8.  Attach a sample copy of the contract or agreement that the home makes with or requires of its residents.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

NYSCEF DOC. NO. 65

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 109 of 204

SCHEDULE A
RP-420-a/b-Org (1/95)

18

**Verification**

State of New York                              )

County of                                      )ss:
                                               )

_RABBI ARYEH TAUB_ , being duly ~~sworn~~ AFFIRMS says: that __he is the

_PRES_ of the applicant organization, that the statements contained in this application

(including the attached sheets consisting of _____ pages) are true, correct and complete, and that ___he

makes this application for real property tax exemption as provided by law.

_____
Signature of owner or authorized representative

Subscribed and ~~sworn~~ AFFIRMED to me before

this _26th_ day of _February_ 20 _20_

_____
Commissioner of deeds or notary public

OSCAR J FUQUENE
**Notary Public, State of New Jersey**
No. 2413667
Qualified in Bergen County
Commission Expires October 20, 2022

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65   22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 110 of 204

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

ישיבה חפץ חיים מראדין
Yeshiva Chofetz Chaim of Radin

82 Highview Road Suffern, New York 10901
Tel (845) 357-9821 • Fax (845) 503-2308





| Harav Arych Zev Zaks Shlit'a | Harav Yisroel Mayer Zaks Shlit'a | Mr. Bernard Hochstein |
| Rosh Hayeshiva | Rosh Hayeshiva | President |

February 11, 2020

Scott Schedler
Town Of Ramapo
Office of the Assessor
Route 59
Suffern NY 10901

Re: Income and expense statement

Dear Mr Schedler

We submit our exemption application. The property is listed in the name of 82 Highview LLC a single member LLC of the Yeshiva Chofetz Chaim Inc. who is the sole member. 82 Highview LLC is a fully tax exempt entity as per the IRS rules that state a single member LLC is only a passthrough entity and is part and parcel of the parent corporation.

As per our discussions in years past, we are inclosing a general approximation of annual income and expenditures for the yeshiva and our campus at 82 Highview Rd. These numbers include all funds including funds raised charitably as income, and all student support Kollel stipends are included in the expenses. Funds spent in excess of income are borrowed to cover the deficit.

The Total income for the last year (School year starts in September and ends in August) is $355,000.00
Total annual expenditures are $540,000.00

Please note the numbers of this income and expense statement were not audited and were prepared exclusively for the Town of Ramapo at the assessors request for review of our real property tax exemption. We do not accept responsibility to any other person for the contents of this letter. This review did not include general accounting verification or validation procedures. Accordingly no assurance of accuracy is expressed. As mentioned earlier, we have compiled the financial information based on information readily available to us which has not been subject to an accounting review. Accordingly we, do not accept any responsibility for the reliability, accuracy or completeness of the financial information nor do we accept any liability of any kind whatsoever, including liability by reason of negligence, to any person for losses incurred as a result of placing reliance on the information provided.

Sincerely

Rabbi Aryeh Zaks

CERTIFICATE OF INCORPORATION

-of-

THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM
YESHIVAH INC.

STATE OF NEW YORK,

BOROUGH OF MANHATTAN,    SS.:

COUNTY OF NEW YORK.

We, the undersigned, of full age, being desirous
of associating ourselves together for social, benevolent and
charitable purposes, as hereinafter is more particularly
described, pursuant to and in conformity with Acts of the
Legislature of the State of New York, relating to Membership
Corporations, do hereby certify and declare that we are all
of full age, two-thirds of us are citizens of the United
States and all of us are residents of the State of New York.

We do further certify and declare as follows:

FIRST: That the particular objects for which
said Corporation is formed are as follows; viz:

(a) To study, expound and propagate the religious
principles of the Hebrew faith, its Culture, traditions
and history, to voluntarily aid and assist its members,
co-religionists and others.

(b) To develop, promote and practice the knowledge
and ideals of true American citizenship and American
institutions.

(c) To create a fund by voluntary dues and donations
to be applied towards the purposes heretofore stated.

(d) To raise funds in the United States of America
for the purpose of supporting the Chofetz Chaim Yeshivah
in Radin, Poland, and aiding and to aid the needy
students of that institution.

(e) The method of raising this money in America
shall be by means of lectures, concerts, membership
dues and general contributions through mite boxes or
other legitimate means, which method of collecting, as
herein provided, must comply with all State and
Municipal laws and ordinances.

(f) Nothing in these purposes shall be construed as
authorizing the establishment or maintenance of any adult
or tuitional activity for the care of children, the sick
or the aged within the State of New York.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 65    22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
RECEIVED NYSCEF: 04/18/2022

Israel Dahan    Pg 112 of 204

SECOND: That the corporate name by which said
Corporation hereby to be formed shall be known and distinguish-
ed is and shall be THE NEW YORK CO-WITTEE OF THE CHOFETZ
CHAIM YESHIVAH, INC, *the Chofetz Chaim being the Rev. of Radin*

THIRD: That the territory in which the operations
of said Corporation are to be principally conducted in THE
STATE OF NEW YORK, U.S.A.

FOURTH: That the principal office of said Corpora-
tion shall be located in the City of New York, County of
New York and State of New York.

FIFTH: That the number of directors of said
Corporation shall be five (5).

SIXTH: That the names and places of residence
of the persons to be the Directors of said corporation until
its first annual meeting, and their P.O. addresses are:

| Names | Places of Residence. |
|---|---|
| Rabbi H.S.Margolies | 46 East ... New York City. |
| Joseph Stern | 115 Division Street, New York C. |
| Rabbi Rachmiel Kusin | 207 East Broadway, New York City. |
| Rabbi Moses M.Yoshor | 207 East Broadway, New York City. |
| Rabbi David S. Stern | 301 East Broadway, New York City. |

SEVENTH: That the annual meeting of said
Corporation shall be held on the last Monday of May, in
each and every year.

IN TESTIMONY WHEREOF, we have made and signed
this Certificate in duplicate and have hereunto set our hands
and affixed our respective seals this 27th day of May, one
thousand nine hundred and twenty-five.

*[signatures]*

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

INDEX NO. 036879/2021

NYSCEF DOC. NO. 65

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 113 of 204

RECEIVED NYSCEF: 04/18/2022

COUNTY OF NEW YORK, SS.:

On this 27th day of May, 1925, before me personally
came Rabbi M.S.Margolies, Joseph Stern, Rabbi Rachmiel
Kumin, Rabbi Moses M. Yoshor and Rabbi David S. Stern, to
me personally known to be the individuals described in and
who executed the foregoing Certificate, and they severally
duly acknowledged to me that they executed the same.

STATE OF NEW YORK,
                                SS.:
COUNTY OF NEW YORK.

Rabbi M.S.Margolies, Joseph Stern, Rabbi Rachmiel
Kumin, Rabbi Moses M. Yoshor and Rabbi David S. Stern, being
duly severally sworn, depose and say; that they are the
persons described in and who executed the foregoing Certifi-
cate of Incorporation; that no previous application has been
made for the approval of said Certificate; that they are of
full age; that the said Rabbi M.S.Margolies, Joseph Stern,
Rabbi Rachmiel Kumin, Rabbi Moses M. Yoshor and Rabbi David
S. Stern, are citizens of the United States; that the said
Rabbi M.S.Margolies, Joseph Stern, Rabbi Rachmiel Kumin,
Rabbi Moses M. Yoshor and Rabbi David S. Stern, are resi-
dents of the State of New York.

Sworn to before me, this
27th day of May, 1925.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 114 of 204

I, the undersigned, Justice of the Supreme Court of the State of New York, do hereby approve of the within certificate.

Dated at New York.

*JUSTICE OF THE SUPREME COURT OF THE STATE OF NEW YORK*

**State of New York**
**DEPARTMENT OF STATE**

I CERTIFY That I have compared the preceding copy with the original

Certificate of Incorporation of

THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM YESHIVAH, INC.,

filed in this department on the        5th        day of        June        , 1 925        , and that such

copy is a correct transcript therefrom and of the whole of such original.

Witness my hand and the official seal of the Department of State at the City of Albany, this        sixth        day of        June,        one thousand nine hundred sixty-seven.

*Carmine G. DeSapio*
*Secretary of State.*

By *Samuel London*
*Deputy Secretary of State.*

Form 81.  Printed by the Department of State.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 115 of 204

CERTIFICATE

OF EXTENSION OF CORPORATE PURPOSES OF

THE NEW YORK COMMITTEE OF THE CHOFETZ
CHAIM YESHIVA INC.,

Pursuant to Section 30 of the Member-
ship Corporations Law.

We, the undersigned, the President and Secretary
of THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM YESHIVA INC.,
make and file this Certificate pursuant to, and in con-
formity with, Section 30, of the Membership Corporations
Law, for the purpose of extending the purposes of said
Corporation, and do hereby certify, declare, subscribe,
acknowledge and file this Certificate for such purpose,
as follows:

1. The name of the Corporation is:

THE NEW YORK COMMITTEE OF THE CHOFETZ
CHAIM YESHIVA INC.

2. The date of filing the Certificate of Incor-
poration in the Office of the Secretary of State at Albany,
New York, is the 5th day of June, 1925. A copy of said
Certificate of Incorporation was filed in the Office of the
County Clerk of New York County on the 9th day of June, 1925.

3. In addition to the purpose or purposes for
which said Corporation has been formed, the following
purposes are to be added, to wit:

(a) To conduct and maintain Hebrew
schools (Yeshivas) for the purpose of
preparing students for the Rabbinate.

(b) To acquire and hold the title to real
estate and make such alterations and im-
provements therein, as may be necessary,
consistent with the purposes herein men-
tioned.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 116 of 204

IN WITNESS WHEREOF, the President and Secretary
of said Corporation have duly executed this Certificate,
this 23 day of February, 1949.

*Mendel Zaks*
Mendel Zaks, President

*Noah Brevda*
Noah Brevda, Secretary

STATE OF NEW YORK )
CITY OF NEW YORK  ) ss:
COUNTY OF NEW YORK)

On this 23 day of February, 1949, before me
personally came MENDEL ZAKS and NOAH BREVDA, to me known
and known to me to be the individuals described in and
who executed the foregoing instrument; and they duly ac-
knowledged to me that they executed the same.

*Raymond Ryan*

STATE OF NEW YORK )
CITY OF NEW YORK  ) ss:
COUNTY OF NEW YORK)

MENDEL ZAKS and NOAH BREVDA, each being severally
and duly sworn, deposes and says:

Deponent MENDEL ZAKS is President and deponent
NOAH BREVDA is Secretary, of THE NEW YORK COMMITTEE OF THE
CHOFETZ CHAIM YESHIVA INC.

That they have been authorized to execute and file
the foregoing Certificate by the concurring vote of a
majority of the members of the Corporation present at a
Special Meeting held upon notice, pursuant to Section 43 of
the Membership Corporations Law, and such Special Meeting
was held on the 10th day of October, 1948.

Sworn to before me, this
23 day of February, 1949.

*Raymond Ryan*

*Mendel Zaks*
Mendel Zaks

*Noah Brevda*
Noah Brevda

5129-43.3

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 117 of 204
RECEIVED NYSCEF: 04/18/2022

I, the undersigned, Commissioner of Education of the State of New York, do hereby consent to the filing of the within Certificate of extension of corporate purposes of The New York Committee of the Chofetz Chaim Yeshiva Inc.

Dated: New York, the        day of February, 1949.

Commissioner of Education of
the State of New York.

I, the undersigned, a Justice of the Supreme Court of the State of New York, do hereby approve the the within Certificate of extension of corporate purposes of The New York Committee of the Chofetz Chaim Yeshiva Inc.

Dated: New York, the 2 3  day of March, 1949.

Justice of the Supreme Court
of the State of New York
AARON J. LEVY

512g - 43. 4

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

NYSCEF DOC. NO. 65

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 118 of 204

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022



I, the undersigned, Commissioner of Education of the State of New York, do hereby consent to the filing of the within Certificate of extension of corporate purposes of The New York Committee of the Chofetz Chaim Yeshiva Inc.

Dated: New York, the        day of February, 1949.

Commissioner of Education of

State of New York
DEPARTMENT OF STATE } ss.:

19231

I CERTIFY That I have compared the preceding copy with the original Certificate of Amendment of Certificate of Incorporation of

THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM YESHIVA INC.,

filed in this department on the    24th    day of    March    , 1 949    , and that such copy is a correct transcript therefrom and of the whole of such original.

Witness my hand and the official seal of the Department of State at the City of Albany, this    twenty-eighth    day of November    one thousand nine hundred sixty-one.

Caroline K. Simon
Secretary of State

#43    By    John J. Framer

Deputy Secretary of State

m 83.    (Printed by the Department of State)

5138-43-4

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 65    22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of    RECEIVED NYSCEF: 04/18/2022
Israel Dahan    Pg 119 of 204

C E R T I F I C A T E

OF CHANGE OF NAME OF THE NEW YORK
COMMITTEE OF THE CHOFETZ CHAIM YESHIVAH INC.

Pursuant to Section Forty of the General
Corporation Law.

We, MENDEL ZAKS and EMERICH FEIGELSTOCK, being respectively the president and

the secretary of The New York Committee of the Chofetz Chaim Yeshivah Inc., certify:

1. The name of this corporation is THE NEW YORK COMMITTEE OF
   THE CHOFETZ CHAIM YESHIVAH INC.

2. The certificate of incorporation was filed in the Office
   of the Department of State on the 5th day of June, 1925.

3. The new name to be assumed by this corporation is
   YESHIVAH CHOFETZ CHAIM INC.

IN WITNESS WHEREOF, we have made and subscribed this certificate this

22nd day of October, 1962.

_____
Mendel Zaks              President

_____
Emerich Feigelstock      Secretary

State of New York)
County of New York) ss:

On this 22nd day of October, 1962, before me personally came MENDEL ZAKS
and EMERICH FEIGELSTOCK, to me known and known to me to be the persons described
in and who executed the foregoing certificate of change of name, and they
thereupon severally duly acknowledged to me that they executed the same.

Sworn to before me this
22 day of October, 1962.

BERNARD KOENIGSBERG
Notary Public, State of New York
No. 31-7425300
Qualified in New York County
Commission Expires March 30, 1964

State of New York)
County of New York) ss:

MENDEL ZAKS and EMERICH FEIGELSTOCK, each being severally and duly
sworn, deposes and says:

Deponent MENDEL ZAKS is President and deponent EMERICH FEIGELSTOCK is
secretary of THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM YESHIVAH INC.

That they have been authorized to execute and file the foregoing
certificate by the concurring vote of a majority of the members of the
Corporation present at a Special Meeting held upon notice, pursuant to Section
43 of the Membership Corporations Law, and such Special Meeting was held on
the 1st day of October, 1962.

_____
Mendel Zaks

**Internal Revenue Service**

**Department of the Treasury**

P. O. Box 2508
Cincinnati, OH 45201

Date:  January 29. 2002

Person to Contact:
  Mr. Corbin 31-00205
  Customer Service Specialist

Yeshivah Chofetz Chaim Inc

Toll Free Telephone Number:
  8:00 a.m. to 6:30 p.m. EST
  877-829-5500

Fax Number:
  513-263-3756

Federal Identification Number:
  11-3179075

Dear Sir or Madam:

This is in response to your request for a copy of your organization's determination letter.  This will take the place of the copy you requested.

In September 1948 we issued a determination letter that recognized your organization as exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.  That letter is still in effect.

We classified your organization as one that is not a private foundation within the meaning of section 509(a) of the Code because it is an organization described in sections 509(a)(1) and 170(b)(1)(A)(i).  This classification was based on the assumption that your organization's operations would continue as stated in your application.  If your sources of support, character, method of operations, or purposes have changed, please let us know so we can consider the effect of the change on your organization's exempt and foundation status.

All exempt organizations (unless specifically excluded) are liable for taxes under the Federal Insurance Contributions Act (social security taxes) on remuneration of $100 or more paid each employee during a calendar year.  Your organization is not liable for the tax imposed under the Federal Unemployment Tax Act (FUTA).

If your organization is a church or a qualified church-controlled organization as defined in section 3121(w)(3) of the Code, it may elect to exclude wages paid to its employees (other than for services performed in an unrelated trade or business) for social security taxes.  This election must be made by filing Form 8274 by the day before the date the organization's first quarterly employment tax return would be due under the revised law.  If your organization makes this election, its employees who earn $100 or more during a calendar year become liable for the payment of the self-employment tax on the wages the organization pays them.

Donors may deduct contributions to your organization as provided in section 170 of the Code.  Bequests, legacies, devises, transfers, or gifts to your organization or for its use are deductible for federal estate and gift tax purposes if they meet the applicable provisions of sections 2055, 2106, and 2522 of the Code.

Your organization is not required to file federal income tax returns unless it is subject to the tax on unrelated business income under section 511 of the Code.  If your organization is subject to this tax, it must file an income tax return on the Form 990-T, Exempt Organization Business Income Tax Return.  In this letter, we are not determining whether any of your organization's present or proposed activities are unrelated trade or business as defined in section 513 of the Code.

Organizations that are not private foundations are not subject to the excise taxes under Chapter 42 of the Code.  However, these organizations are not automatically exempt from other federal excise taxes.

(2)

Yeshivah Chofetz Chaim Inc
11-3179075

If your organization had a copy of its application for recognition of exemption on July 15, 1987, it is also required to make available for public inspection a copy of the exemption application, any supporting documents and the exemption letter to any individual who requests such documents in person or in writing. You can charge only a reasonable fee for reproduction and actual postage costs for the copied materials. The law does not require you to provide copies of public inspection documents that are widely available, such as by posting them on the Internet (World Wide Web). You may be liable for a penalty of $20 a day for each day you do not make these documents available for public inspection.

Because this letter could help resolve questions about your organization's exempt status and foundation status, you should keep it with the organization's permanent records.

If you have any questions, please call us at the telephone number shown in the heading of this letter.

This letter affirms your organization's exempt status.

Sincerely,

John E. Ricketts, Director, TE/GE
Customer Account Services

# ACKNOWLEDGEMENT COPY

## ARTICLES OF ORGANIZATION
## OF
## 82 Highview LLC

Under Section 203 of the Limited Liability Company Law

**FIRST:**  The name of the limited liability company is:

**82 Highview LLC**

**SECOND:**  To engage in any lawful act or activity within the purposes for which limited liability companies may be organized pursuant to Limited Liability Company Law provided that the limited liability company is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency, or other body without such consent or approval first being obtained.

**THIRD:**  The county, within this state, in which the office of the limited liability company is to be located is ROCKLAND.

**FOURTH:**  The Secretary of State is designated as agent of the limited liability company upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the limited liability company served upon him or her is:

82 Highview LLC
82 Highview Rd
Suffern, NY 10901

**FIFTH:**  The existence of the limited liability company shall begin upon filing of these Articles of Organization with the Department of State.

**SIXTH:**  The limited liability company shall defend, indemnify and hold harmless all members, managers, and former members and managers of the limited liability company against expenses (including attorney's fees, judgments, fines, and amounts paid in settlement) incurred in connection with any claims, causes of action, demands, damages, liabilities of the limited liability company, and any pending or threatened action, suit, or proceeding. Such indemnification shall be made to the fullest extent permitted by the laws of the State of New York, provided that such acts or omissions which gives rise to the cause of action or proceedings occurred while the Member or Manager was in performance of his or her duties for the limited liability company and was not as a result of his or her fraud, gross negligence, willful misconduct or a wrongful taking. The indemnification provided herein shall inure to the benefit of successors, assigns, heirs, executors, and the administrators of any such person.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 123 of 204

I certify that I have read the above statements, I am authorized to sign these Articles of Organization, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

Rabbi Zaks, Authorized signatory  (signature)

Rabbi Zaks , ORGANIZER
82 Highview Rd
Suffern, NY 10901

**Filed by:**
Rabbi Zaks
82 Highview Rd
Suffern, NY 10901

# ACKNOWLEDGEMENT COPY

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan   Pg 124 of 204

Yeshiva CC <yeshivacc@yahoo.com>
Monday, April 20, 2020 2:04 PM
Aaron Lijoi
Scott Shedler
Re: 82 Highview LLC
CamScanner 04-20-2020 13.50.34 (1).pdf

.chments:

Good afternoon,

Please see attached documents.

I would have had the hard copy delivered to your office but I understand Town Hall is only open by appointment.

please let me know if anything further is required.

Thank you
Rabbi Zaks

On Friday, April 17, 2020, 03:07:29 PM EDT, Aaron Lijoi <lijoia@ramapo-ny.gov> wrote:

Rabbi Zaks,

Below is a corrected list of documents our office is requesting for 82 Highview LLC's file:
1. 82 Highview LLC's articles of organization and any amendments thereto;
2. 82 Highview LLC's operating agreement and any amendments thereto;
3. Bylaws if any;
4. Any other governing documents for 82 Highview LLC;
5. Tax return for the tax previous year;
6. Most recent annual financial report if any;
7. Most recent audit if one is required by law.

We are also requesting additional information from Yeshiva Chofetz Chaim including:
1. Most recent annual financial report;
2. IRS letter recognizing the entity as a 501(c)(3) tax-exempt organization;
3. Registration and current annual filings with the New York State Charities Bureau;
4. 990 tax return for the previous tax year;
5. Most recent audit if one is required by law.

If you have any additional questions feel free to email or call me at (845)357-5100 ext 257.

Thank You,

Aaron Lijoi

1

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65
22-22493-shl     Doc 7-2     Filed 08/03/22     Entered 08/03/22 10:30:01     Declaration of
Israel Dahan     Pg 125 of 204

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

ישיבה חפץ חיים מראדין

Yeshiva Chofetz Chaim of Radin
18 Mountain Ave Monsey NY 10952
Tel 845-538-7100 Fax 845-504-2308

  

April 19, 2020
Aaron Lijoi
Town Of Ramapo
Office of the assessor
Rt. 59
Suffern NY 10901

Re: Yeshiva Chofetz Chaim
82 Highview Rd and Carlton Rd Suffern NY
ID: 89/49.17-2-47    ID: 89/49.17-2-42

Dear Aaron:

I thank you for reaching out and asking for further information in regard to our exemption application. Yeshiva Chofetz Chaim Inc EIN 113179075 is recognized as a religious Yeshiva that is exempt from taxation by the IRS since 1925 and I believe this has been part of our original property exemption request.

I attach hereto the IRS letter confirming our exempt status for your review. As a religious institution we are not required to be registered with the NYS charities bureau, and we are not. I also attach a copy of our original incorporation documents from 1925 together with the name change documents attached thereto.

Furthermore, as a religious institution we are not required to file 990s or tax returns so none are provided. We have not made any certified financial statements as we have no reason to hire accountants for our relatively small congregation and Yeshiva and no audits are required. Our cover letter set forth our approximate expenses and income as requested.

The Yeshiva is well known to the Assessor and the town legal department and has been operating continuously at the same site on Highview Rd for over 50 years.

Wherefore I respectfully request that we receive our exemption as requested without necessitating further expenditures by our institution in these difficult times.

Thank You

Sincerely

Rabbi Aryeh Zaks

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 126 of 204

N.Y.S. DEPARTMENT OF STATE
DIVISION OF CORPORATIONS AND STATE RECORDS       ALBANY, NY 12231-0001

ONLINE FILING RECEIPT

--------------------------------------------------------------------------------

ENTITY NAME: 82 HIGHVIEW LLC

DOCUMENT TYPE: ARTICLES OF ORGANIZATION (DOM. LLC)          COUNTY: ROCK
--------------------------------------------------------------------------------

FILED:10/16/2018 DURATION:********** CASH#:181016010199 FILE#:181016010199
                              DOS ID:5426447

    FILER:                                    EXIST DATE
    ------                                    ----------
    RABBI ZAKS                                10/16/2018
    82 HIGHVIEW RD
    SUFFERN, NY 10901

    ADDRESS FOR PROCESS:
    -------------------
    82 HIGHVIEW LLC
    82 HIGHVIEW RD
    SUFFERN, NY 10901

    REGISTERED AGENT:
    -----------------



    The limited liability company is required to file a Biennial Statement with the
    Department of State every two years pursuant to Limited Liability Company Law
    Section 301. Notification that the Biennial Statement is due will only be made via
    email. Please go to www.email.ebiennial.dos.ny.gov to provide an email address to
    receive an email notification when the Biennial Statement is due.
==============================================================================
SERVICE COMPANY: ** NO SERVICE COMPANY **
SERVICE CODE: 00

    FEE:            200.00                    PAYMENTS      200.00
                    ----------                              --------
    FILING:         200.00                    CHARGE        200.00
    TAX:              0.00                     DRAWDOWN        0.00
    PLAIN COPY:       0.00
    CERT COPY:        0.00
    CERT OF EXIST:    0.00
==============================================================================
                                              DOS-1025 (04/2007)

Authentication Number: 1810160193  To verify the authenticity of this document you
may access the Division of Corporation's Document Authentication Website at
http://ecorp.dos.ny.gov

# ACKNOWLEDGEMENT COPY

## ARTICLES OF ORGANIZATION
## OF
## 82 Highview LLC

Under Section 203 of the Limited Liability Company Law

**FIRST:** The name of the limited liability company is:

**82 Highview LLC**

**SECOND:** To engage in any lawful act or activity within the purposes for which limited liability companies may be organized pursuant to Limited Liability Company Law provided that the limited liability company is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency, or other body without such consent or approval first being obtained.

**THIRD:** The county, within this state, in which the office of the limited liability company is to be located is ROCKLAND.

**FOURTH:** The Secretary of State is designated as agent of the limited liability company upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the limited liability company served upon him or her is:

82 Highview LLC
82 Highview Rd
Suffern, NY 10901

**FIFTH:** The existence of the limited liability company shall begin upon filing of these Articles of Organization with the Department of State.

**SIXTH:** The limited liability company shall defend, indemnify and hold harmless all members, managers, and former members and managers of the limited liability company against expenses (including attorney's fees, judgments, fines, and amounts paid in settlement) incurred in connection with any claims, causes of action, demands, damages, liabilities of the limited liability company, and any pending or threatened action, suit, or proceeding. Such indemnification shall be made to the fullest extent permitted by the laws of the State of New York, provided that such acts or omissions which gives rise to the cause of action or proceedings occurred while the Member or Manager was in performance of his or her duties for the limited liability company and was not as a result of his or her fraud, gross negligence, willful misconduct or a wrongful taking. The indemnification provided herein shall inure to the benefit of successors, assigns, heirs, executors, and the administrators of any such person.

I certify that I have read the above statements, I am authorized to sign these Articles of Organization, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

Rabbi Zaks, Authorized signatory  (signature)

Rabbi Zaks , ORGANIZER
82 Highview Rd
Suffern, NY 10901

**Filed by:**
Rabbi Zaks
82 Highview Rd
Suffern, NY 10901

# ACKNOWLEDGEMENT COPY

Page 2 of 2

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan    Pg 129 of 204

IRS DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI OH  45999-0031

Date of this notice:  02-20-2019

Employer Identification Number:
83-3639126

Form:  SS-4

Number of this notice:  CP 575 G

82 HIGHVIEW LLC
% YESHIVA CHOFETZ CHAIM INC SOLE MB
82 HGHVIEW ROAD
SUFFERN, NY  10901

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

                    WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

     Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN 83-3639126.  This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees.  Please keep this notice in your permanent
records.

     When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above.  Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN.  If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

     A limited liability company (LLC) may file Form 8832, *Entity Classification Election*,
and elect to be classified as an association taxable as a corporation.  If the LLC is
eligible to be treated as a corporation that meets certain tests and it will be electing S
corporation status, it must timely file Form 2553, *Election by a Small Business
Corporation*.  The LLC will be treated as a corporation as of the effective date of the S
corporation election and does not need to file Form 8832.

     To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov.  If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

**IMPORTANT REMINDERS:**

     *  Keep a copy of this notice in your permanent records.  **This notice is issued only
        one time and the IRS will not be able to generate a duplicate copy for you.**  You
        may give a copy of this document to anyone asking for proof of your EIN.

     *  Use this EIN and your name exactly as they appear at the top of this notice on all
        your federal tax forms.

     *  Refer to this EIN on your tax-related correspondence and documents.

     If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice.  If you write, please tear off the stub
at the bottom of this notice and send it along with your letter.  If you do not need to
write us, do not complete and return the stub.

     Your name control associated with this EIN is 82HI.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

     Thank you for your cooperation.

(IRS USE ONLY)    575G          02-20-2019   82HL  O  9999999999  SS-4

Keep this part for your records.          CP 575 G (Rev. 7-2007)

----------------------------------------------------------------------------------------

Return this part with any correspondence
so we may identify your account.  Please                          CP 575 G
correct any errors in your name or address.
                                                                9999999999

Your Telephone Number  Best Time to Call   DATE OF THIS NOTICE:  02-20-2019
(    )      ~                              EMPLOYER IDENTIFICATION NUMBER:  83-3639126
                                          FORM:  SS-4              NOBOD
_____  _____

INTERNAL REVENUE SERVICE                   82 HIGHVIEW LLC
CINCINNATI  OH   45999-0023               % YESHIVA CHOFETZ CHAIM INC SOLE MB
|.|..|.|.|.|.|.|.|.|.|.|.||..|.|.|.|.|.|   82 HGHVIEW ROAD
                                          SUFFERN, NY  10901

-of-

THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM
YESHIVAH INC.

STATE OF NEW YORK,

BOROUGH OF MANHATTAN,    SS.:

COUNTY OF NEW YORK.

We, the undersigned, of full age, being desirous
of associating ourselves together for social, benevolent and
charitable purposes, as hereinafter is more particularly
described, pursuant to and in conformity with Acts of the
Legislature of the State of New York, relating to Membership
Corporations, do hereby certify and declare that we are all
of full age, two-thirds of us are citizens of the United
States and all of us are residents of the State of New York.

We do further certify and declare as follows:

FIRST: That the particular objects for which
said Corporation is formed are as follows; viz:

(a) To study, expound and propagate the religious
principles of the Hebrew faith, its Culture, traditions
and history, to voluntarily aid and assist its members,
co-religionists and others.

(b) To develope, promote and practice the knowledge
and ideals of true American citizenship and of American
institutions.

(c) To create a fund by voluntary dues and donations
to be applied towards the purposes heretofore stated.

(d) To raise funds in the United States of America
for the purpose of supporting the Chofetz Chaim Yeshivah
in Radin, Poland, and aiding and to aid the needy
students of that institution.

(e) The method of raising this money in America
shall be by means of lectures, concerts, membership
dues and general contributions through subscribers and
other legitimate means. The method of collection
herein provided, must comply with all State, Federal or
Municipal laws and ordinances.

(f) Nothing in these purposes shall be construed as
authorizing the establishment or maintenance of any in-
stitutional activity for the care of children, the sick
or the aged within the State of New York.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 132 of 204

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

SECOND: That the corporate name by which said
Corporation hereby to be formed shall be known and distinguish-
ed is and shall be THE NEW YORK COMMITTEE OF THE CHOVEVI
CHAIM YESHIVAH, INC, the Chofetz Chaim being the same Organization.

THIRD:  That the territory in which the operations
of said Corporation are to be principally conducted is THE
STATE OF NEW YORK, U.S.A.

FOURTH: That the principal office of said Corpora-
tion shall be located in the City of New York, County of
New York and State of New York.

FIFTH:  That the number of directors of said
Corporation shall be five (5).

SIXTH:  That the names and places of residence
of the persons to be the Directors of said corporation until
its first annual meeting, and their P.O. addresses are:

| Names | Places of Residence. |
|---|---|
| Rabbi H.S.Margolies | 48 East 85th Street,New York City. |
| Joseph Stern | 115 Division Street,New York C. |
| Rabbi Rachmiel Kusin | 207 East Broadway,New York City, |
| Rabbi Moses M,Yoshor | 207 East Broadway,New York City, |
| Rabbi David S. Stern | 301 East Broadway,New York City. |

SEVENTH: That the annual meeting of said
Corporation shall be held on the last Monday of May, in
each and every year.

IN TESTIMONY WHEREOF, we have made and signed
this Certificate in duplicate and have hereunto set our hands
and affixed our respective seals this 27th day of May, one
thousand nine hundred and twenty-five.

Rabbi H. S. Margolies (L.S.)
Joseph Stern (L.S.)
Rabbi Rachmiel Kusin (L.S.)
Rabbi M. M. Yoshor (L.S.)
Rabbi David S. Stern (L.S.)

241 P 38 2

COUNTY OF NEW YORK., SS.:

On this 27th day of May, 1925, before me personally came Rabbi M.S.Margolies, Joseph Stern, Rabbi Rachmiel Kumin, ................ David S. Stern, to me personally known to be the individuals described in and who executed the foregoing Certificate, and they severally duly acknowledged to me that they executed the same.

STATE OF NEW YORK,
                          SS.:
COUNTY OF NEW YORK.

Rabbi M.S.Margolies, Joseph Stern, Rabbi Rachmiel Kumin, Rabbi Moses M. Yoshor and Rabbi David S. Stern, being duly severally sworn, depose and say; that they are the persons described in and who executed the foregoing Certificate of Incorporation; that no previous application has been made for the approval of said Certificate; that they are of full age; that the said Rabbi M.S.Margolies, Joseph Stern, Rabbi Rachmiel Kumin, Rabbi Moses M. Yoshor and Rabbi David S. Stern, are citizens of the United States; that the said Rabbi M.S.Margolies, Joseph Stern, Rabbi Rachmiel Kumin, Rabbi Moses M. Yoshor and Rabbi David S. Stern, are residents of the State of New York.

Sworn to before me, this 27th day of May, 1925.

I, the undersigned, Justice of the Supreme Court
of the State of New York, do hereby approve of the within
certificate.

Dated at New York,
this    day of May, 1925.

JUSTICE OF THE SUPREME COURT
OF THE STATE OF NEW YORK

State of New York }
DEPARTMENT OF STATE }ss.:

I CERTIFY That I have compared the preceding copy with the original

Certificate of Incorporation of

THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM YESHIVAH, INC.,

filed in this department on the    5th    day of    June    , 1 925    , and that such

copy is a correct transcript therefrom and of the whole of such original.

Witness my hand and the official seal of the Department of State at the
City of Albany, this    sixth    day
of    June,    one thousand nine hundred
fifty-seven.

Carmine G. DeSapio
Secretary of State.

By    Samuel London
Deputy Secretary of State.

Form 85.    (Printed by the Department of State)

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021

NYSCEF DOC. NO. 65

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of

RECEIVED NYSCEF: 04/18/2022

Israel Dahan    Pg 135 of 204

CERTIFICATE

OF EXTENSION OF CORPORATE PURPOSES OF

THE NEW YORK COMMITTEE OF THE CHOFETZ
CHAIM YESHIVA INC.,

Pursuant to Section 30 of the Member-
ship Corporations Law.

We, the undersigned, the President and Secretary
of THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM YESHIVA INC.,
make and file this Certificate pursuant to, and in con-
formity with, Section 30, of the Membership Corporations
Law, for the purpose of extending the purposes of said
Corporation, and do hereby certify, declare, subscribe,
acknowledge and file this Certificate for such purpose,
as follows:

1. The name of the Corporation is:

THE NEW YORK COMMITTEE OF THE CHOFETZ
CHAIM YESHIVA INC.

2. The date of filing the Certificate of Incor-
poration in the Office of the Secretary of State at Albany,
New York, is the 5th day of June, 1925. A copy of said
Certificate of Incorporation was filed in the Office of the
County Clerk of New York County on the 9th day of June, 1925.

3. In addition to the purpose or purposes for
which said Corporation has been formed, the following
purposes are to be added, to wit:

(a) To conduct and maintain Hebrew
schools (Yeshivas) for the purpose of
preparing students for the Rabbinate.

(b) To acquire and hold the title to real
estate and make such alterations and im-
provements therein, as may be necessary,
consistent with the purposes herein men-
tioned.

43

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 65    22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of    RECEIVED NYSCEF: 04/18/2022
Israel Dahan    Pg 136 of 204

IN WITNESS WHEREOF, the President and Secretary
of said Corporation have duly executed this Certificate,
this 23 day of February, 1949.

Mendel Zaks
Mendel Zaks, President    [L.S.]

Noah Brevda
Noah Brevda, Secretary    [L.S.]

STATE OF NEW YORK )
CITY OF NEW YORK  )  SS:
COUNTY OF NEW YORK)

On this 23 day of February, 1949, before me
personally came MENDEL ZAKS and NOAH BREVDA, to me known
and known to me to be the individuals described in and
who executed the foregoing instrument; and they duly ac-
knowledged to me that they executed the same.

Raymond Ryan

STATE OF NEW YORK )
CITY OF NEW YORK  )  SS:
COUNTY OF NEW YORK)

MENDEL ZAKS and NOAH BREVDA, each being severally
and duly sworn, deposes and says:

Deponent MENDEL ZAKS is President and deponent
NOAH BREVDA is Secretary, of THE NEW YORK COMMITTEE OF THE
CHOFETZ CHAIM YESHIVA INC.

That they have been authorized to execute and file
the foregoing Certificate by the concurring vote of a
majority of the members of the Corporation present at a
Special Meeting held upon notice, pursuant to Section 43 of
the Membership Corporations Law, and such Special Meeting
was held on the 10th day of October, 1948.

Sworn to before me, this
23 day of February, 1949.

Raymond Ryan

Mendel Zaks
Mendel Zaks

Noah Brevda
Noah Brevda

§129-43.3

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65

INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 137 of 204

I, the undersigned, Commissioner of Education of the State of New York, do hereby consent to the filing of the within Certificate of extension of corporate purposes of The New York Committee of the Chofetz Chaim Yeshiva Inc.

Dated: New York, the        day of February, 1949.

                                    Commissioner of Education of
                                    the State of New York.

I, the undersigned, a Justice of the Supreme Court of the State of New York, do hereby approve the the within Certificate of extension of corporate purposes of The New York Committee of the Chofetz Chaim Yeshiva Inc.

Dated: New York, the 2   day of March, 1949.

                                    Justice of the Supreme Court
                                    of the State of New York

                                    AARON J. LEVY

5128-43.4

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

NYSCEF DOC. NO. 65

22-2493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 138 of 204

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022



I, the undersigned, Commissioner of Education of the State of New York, do hereby consent to the filing of the within Certificate of extension of corporate purposes of The New York Committee of the Chofetz Chaim Yeshiva Inc.

Dated: New York, the _____ day of February, 1949.

State of New York
DEPARTMENT OF STATE } ss.:

19231

I CERTIFY That I have compared the preceding copy with the original Certificate of Amendment of Certificate of Incorporation of

THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM YESHIVA INC.,

filed in this department on the    24th    day of    March    , 1 949    , and that such copy is a correct transcript therefrom and of the whole of such original.

Witness my hand and the official seal of the Department of State, at the City of Albany, this    twenty-eighth    day of November,    one thousand nine hundred sixty-one.

Caroline K. Simon
Secretary of State

#73    By John J. _____
Deputy Secretary of State

rm 83
(Printed by the Department of State)

5139-43-4

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO.: 65
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 139 of 204
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

C E R T I F I C A T E

OF CHANGE OF NAME OF THE NEW YORK
COMMITTEE OF THE CHOFETZ CHAIM YESHIVAH INC.,

Pursuant to Section forty of the General
Corporation Law.

We, MENDEL ZAKS and EMERICH FEIGELSTOCK, being respectively the president and

the secretary of The New York Committee of the Chofetz Chaim Yeshivah Inc., certify:

1. The name of this corporation is THE NEW YORK COMMITTEE OF
THE CHOFETZ CHAIM YESHIVAH INC.

2. The certificate of incorporation was filed in the Office
of the Department of State on the 5th day of June, 1935.

3. The new name to be assumed by this corporation is
YESHIVAH CHOFETZ CHAIM INC.

IN WITNESS WHEREOF, we have made and subscribed this certificate this

22nd day of October, 1962.

_____
Mendel Zaks            President

_____
Emerich Feigelstock    Secretary

State of New York)
County of New York) ss:

On this 22nd day of October, 1962, before me personally came MENDEL ZAKS
and EMERICH FEIGELSTOCK, to me known and known to me to be the persons described
in and who executed the foregoing certificate of change of name, and they
thereupon severally duly acknowledged to me that they executed the same.

Sworn to before me this
22 day of October, 1962.

BERNARD KOENIGSBERG
Notary Public, State of New York
No. 31-7055300
Qualified in New York County
Commission Expires March 30, 1964

State of New York)
County of New York) ss:

MENDEL ZAKS and EMERICH FEIGELSTOCK, each being severally and duly
sworn, deposes and says:

Deponent MENDEL ZAKS is President and deponent EMERICH FEIGELSTOCK is
secretary of THE NEW YORK COMMITTEE OF THE CHOFETZ CHAIM YESHIVAH INC.

That they have been authorized to execute and file the foregoing
certificate by the concurring vote of a majority of the members of the
Corporation present at a Special Meeting held upon notice, pursuant to Section
43 of the Membership Corporations Law, and such Special Meeting was held on
the 1st day of October, 1962.

_____
Mendel Zaks

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM

NYSCEF DOC. NO. 65

INDEX NO. 036879/2021

RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 140 of 204

Internal Revenue Service

Date:   January 29, 2002

Yeshivah Chofetz Chaim Inc

Department of the Treasury

P. O. Box 2508
Cincinnati, OH  45201

Person to Contact:
  Mr. Corbin 31-00205
  Customer Service Specialist
Toll Free Telephone Number:
  8:00 a.m. to 6:30 p.m. EST
  877-829-5500
Fax Number:
  513-263-3756
Federal Identification Number:
  11-3179075

Dear Sir or Madam:

This is in response to your request for a copy of your organization's determination letter. This will take the place of the copy you requested.

In September 1948 we issued a determination letter that recognized your organization as exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. That letter is still in effect.

We classified your organization as one that is not a private foundation within the meaning of section 509(a) of the Code because it is an organization described in sections 509(a)(1) and 170(b)(1)(A)(i). This classification was based on the assumption that your organization's operations would continue as stated in your application. If your sources of support, character, method of operations, or purposes have changed, please let us know so we can consider the effect of the change on your organization's exempt and foundation status.

All exempt organizations (unless specifically excluded) are liable for taxes under the Federal Insurance Contributions Act (social security taxes) on remuneration of $100 or more paid each employee during a calendar year. Your organization is not liable for the tax imposed under the Federal Unemployment Tax Act (FUTA).

If your organization is a church or a qualified church-controlled organization as defined in section 3121(w)(3) of the Code, it may elect to exclude wages paid to its employees (other than for services performed in an unrelated trade or business) for social security taxes. This election must be made by filing Form 8274 by the day before the date the organization's first quarterly employment tax return would be due under the revised law. If your organization makes this election, its employees who earn $100 or more during a calendar year become liable for the payment of the self-employment tax on the wages the organization pays them.

Donors may deduct contributions to your organization as provided in section 170 of the Code. Bequests, legacies, devises, transfers, or gifts to your organization or for its use are deductible for federal estate and gift tax purposes if they meet the applicable provisions of sections 2055, 2106, and 2522 of the Code.

Your organization is not required to file federal income tax returns unless it is subject to the tax on unrelated business income under section 511 of the Code. If your organization is subject to this tax, it must file an income tax return on the Form 990-T, Exempt Organization Business Income Tax Return. In this letter, we are not determining whether any of your organization's present or proposed activities are unrelated trade or business as defined in section 513 of the Code.

Organizations that are not private foundations are not subject to the excise taxes under Chapter 42 of the Code. However, these organizations are not automatically exempt from other federal excise taxes.

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
RECEIVED NYSCEF: 04/18/2022
Israel Dahan    Pg 141 of 204

(2)

Yeshivah Chofetz Chaim Inc
11-3179075

If your organization had a copy of its application for recognition of exemption on July 15, 1987, it is also required to make available for public inspection a copy of the exemption application, any supporting documents and the exemption letter to any individual who requests such documents in person or in writing. You can charge only a reasonable fee for reproduction and actual postage costs for the copied materials. The law does not require you to provide copies of public inspection documents that are widely available, such as by posting them on the Internet (World Wide Web). You may be liable for a penalty of $20 a day for each day you do not make these documents available for public inspection.

Because this letter could help resolve questions about your organization's exempt status and foundation status, you should keep it with the organization's permanent records.

If you have any questions, please call us at the telephone number shown in the heading of this letter.

This letter affirms your organization's exempt status.

Sincerely,

John E. Ricketts, Director, TE/GE
Customer Account Services

TOTAL P.03

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 65    22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of RECEIVED NYSCEF: 04/18/2022

Israel Dahan    Pg 142 of 204



**NYS DEPARTMENT OF TAXATION & FINANCE**
**OFFICE OF REAL PROPERTY TAX SERVICES**

RP-420-a/b-Use (9/08)

**APPLICATION FOR REAL PROPERTY TAX EXEMPTION FOR**
**NONPROFIT ORGANIZATIONS**
**II – PROPERTY USE**

Yeshiva chofetz Chaim Inc

1 a. Name of organization

2. Employer ID no    113179075

Rabbi Aryeh Zaks

3a. Name of contact person

b. Mailing address    18 mountain Ave    Monsey NY 10952

b. Day telephone no. of contact person    845 538 7100

105 Carlton Rd - 80 Highview Rd

c. Address of property

Evening telephone no.

c. E-mail address (optional)

d. Property identification (see tax bill or assessment roll) Tax map number or section/block/lot    49.17-2 -47

4 a. Has any part of this property been conveyed to another person or organization? ☐ Yes ☒ No
b. Is the property or any part thereof under contract for sale? ☐ Yes ☒ No
c. Is the property or any part thereof for sale? ☐ Yes ☒ No
d. If answer to 4 a, b, or c is yes, give full details (indicate question letter): _____

5. Name of grantee as set forth in deed by which property was acquired if different from answer to question 1.
82 Highview LLC

6. If the property was acquired within the last three (3) years, indicate: Date of acquisition:    12/31 2018
Deed recording information – Book of Deeds: _____ Page: _____

7. Was the property acquired from anyone who has or had any interest in the owning organization (e.g., officer, director, employee, member, etc.)? ☐ Yes ☒ No

If yes, explain the relationship and circumstances of sale (including purchase price and terms of sale):
_____
_____

8. Is the property mortgaged? ☐ Yes ☒ No

a. If yes, does the holder of the mortgage presently (or did it formerly) have any interest in the owning organization? ☐ Yes ☒ No

b. If answer to 8a is yes, explain the relationship and details of mortgage(s), original principal amount, principal currently outstanding, interest rate, original term of mortgage, term remaining: _____
_____

(attach additional sheets if necessary)

**FOR ASSESSOR'S USE**

Assessing unit _____    County _____
City/Town _____    Village _____
School District _____

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 65
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 143 of 204
RECEIVED NYSCEF: 04/18/2022

RP-420-a/b-Use (9/08)                                                        2

9. Does any person or organization have a reversionary interest in this property?   ☐ Yes   ☒ No

   a. If yes, indicate name and address of such person and state terms of right of reverter: _____

_____

_____

10. Describe, in detail, use or uses of the property:   part of Yeshiva campus _____

   part of Yeshiva campus, Play ground, parking, and nature study area. All Religious use

IF THE ORGANIZATION SEEKING EXEMPTION HAS INDICATED ONE OF ITS CORPORATE
PURPOSES IS HOSPITAL IN QUESTION 2a. ON FORM RP-420-a-Org, ANSWER QUESTION 11.
IF NOT SKIP TO 12.

11. Are the premises or any portion thereof leased or otherwise occupied as professional offices?   ☐ Yes ☐ No

If yes, answer a through c.

   a.  The professional offices are leased or otherwise occupied by:   (1) ☐ members of the staff, e.g. doctors
      (2) ☐ professionals not on the staff of the hospital   (3) ☐ a combination of 1 and 2

   b.  If leased to members of the staff, are the offices used:   (1) ☐ solely for hospital related matters
      (2) ☐ for the private practice of the staff members   (3) ☐ a combination of 1 and 2

   c.  If not used solely for direct-hospital related purposes, what percentage of time and space are the offices
      used for direct hospital-related purposes, and what percentage of time and space are they used for private
      practice of the staff? _____

12. Is the property or any portion thereof regularly occupied by persons or organizations other than applicant?

   ☐ Yes   ☒ No

If yes, answer a through d.

   a.  Name of occupant(s) _____

   b.  Use by occupant(s) (also indicate specific portion of property so occupied): _____

_____

   c.  Term(s) of occupancy (e.g. one-year lease, month-to-month tenancy): _____
   d.  Amount of rental paid by occupant(s) _____

13. Is the property or any portion thereof <u>occasionally</u> used by persons or organizations other than the applicant?

   ☐ Yes   ☒ No

If yes, state use and indicate specific portion of property used, frequency of use and fee charged or
contributions received for use: _____

_____

14. Are there any buildings or other improvements on the property?   ☒ Yes   ☐ No

If yes, skip questions a through e.  If no, answer a-e and skip questions 15-16.

   a.  Use or uses of property if not described in question 10. _____

   b.  Are building or other improvements contemplated on this unimproved land?   ☐ Yes   ☒ No
      If yes, give full details including proposed use(s): _____

_____

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 65    22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of    RECEIVED NYSCEF: 04/18/2022

Israel Dahan    Pg 144 of 204

RP-420-a/b-Use (9/08)                                                                    3

c.   Do the minutes of the organization contain a resolution(s) authorizing contemplated building or other improvements?   ☐ Yes   ☐ No

If yes, attach a copy of resolution(s).

d.   State detailed financial resources for contemplating buildings or other improvements (including building fund). _____

_____

e.   When will construction begin? _____

15.  Describe, briefly, the building(s) or other improvements: _____

_____

a.   Approximate acreage of land not underlying buildings or other improvements: ____12 Acres____

b.   Use or uses of land referred to in 15a. if not described in question 10. ___part of Yeshiva campus___

c.   Are buildings or other improvements contemplated on this unimproved land?   ☐ Yes   ☐ No

If yes, give full details including proposed use(s): _____

_____

d.   Do the minutes of the organization contain a resolution authorizing contemplated buildings or other improvements?   ☐ Yes   ☐ No      If yes, attach copy of resolution(s)

e.   State financial resources for contemplated buildings or other improvements (including building fund).

_____

f.   When will construction begin? _____

16.  Are there any unoccupied buildings or other improvements on this property?   ☐ Yes   ☐ No

a.   Date(s) they became unoccupied _____

b.   Describe contemplated use(s) of the buildings or other improvements: _____

_____

_____

**VERIFICATION**

State of New York

County of  Rockland                          ss:

Rabbi Aryeh Zaks            Affirms                          President
_____, being duly sworn, says that __he is the _____
of the applicant organization, that the statements contained in this application (including the attached sheets consisting of _____ pages) are true and correct and complete, and that __he makes this application for real property tax exemption as provided by law.

                                        Affirmed
                           Subscribed and sworn to before me

_____          this_____day of __March__ 20__21
Signature of owner or authorized representative          _____
                                        Commissioner of deeds or notary public

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 145 of 204

RP-470-a/b-Use (9/08)                                                                              3

c.  Do the minutes of the organization contain a resolution(s) authorizing contemplated building or other improvements?  ☐ Yes  ☐ No
If yes, attach a copy of resolution(s).

d.  State detailed financial resources for contemplating buildings or other improvements (including building fund).
_____
_____

e.  When will construction begin? _____

15. Describe, briefly, the building(s) or other improvements: _____

a.  Approximate acreage of land not underlying buildings or other improvements: _____ 12 Acres

b.  Use or uses of land referred to in 15a. if not described in question 10. _____ part of Yeshiva campus
_____

c.  Are buildings or other improvements contemplated on this unimproved land?  ☐ Yes  ☐ No
If yes, give full details including proposed use(s): _____
_____

d.  Do the minutes of the organization contain a resolution authorizing contemplated buildings or other improvements?  ☐ Yes  ☐ No    If yes, attach copy of resolution(s)

e.  State financial resources for contemplated buildings or other improvements (including building fund).
_____
_____

f.  When will construction begin? _____

16. Are there any unoccupied buildings or other improvements on this property?  ☐ Yes  ☐ No

a.  Date(s) they became unoccupied _____

b.  Describe contemplated use(s) of the buildings or other improvements: _____
_____
_____

**VERIFICATION**

State of New York
County of  Rockland                           ss:

_____ Rabbi Aryeh Zaks _____ , being duly sworn **Affirms** says that __ he is the _____ President _____
of the applicant organization, that the statements contained in this application (including the attached sheets consisting of _____ pages) are true and correct and complete, and that __ he makes this application for real property tax exemption as provided by law.

_____        **Affirmed**
Signature of owner or authorized representative    Subscribed and sworn to before me
                                                through teleconference being present in the county
                                                this 9th day of March 20 21

                                                _____
                                                Commissioner of deeds or notary public
                                                David Schlachter, Notary
                                                02SC6182166 Expires: 8/23/2024
                                                Rockland County

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 65
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 146 of 204

# APPLICATION FOR REAL PROPERTY TAX EXEMPTION
## PROPERTY USE – OCCUPANCY STATEMENT

PROPERTY ADDRESS LOCATION: _____105 Carlton Rd - 80 Highview Rd_____

APPLICANT ORGANIZATION NAME: ___Yeshiva chofetz Chaim Inc_____

ORGANIZATION'S MAILING ADDRESS: ___18 Mountain AvenueMonsey NY 10952___

PARCEL DESCRIPTION AS IT APPEARS ON ASSESSMENT ROLL: ____49.17-2-47___

A. NAME OF OCCUPANTS:
   1. _____Yeshiva Chofetz Chaim Inc_____
   2. _____
   3. _____
   4. _____

B. SPECIFY THE EXACT USE OF THE PROPERTY BY THE OCCUPANT(S):
   1. _part of Yeshiva campus, Play ground, parking, and nature study area. All Religious use_
   2. _Enire campus is used by the Yeshiva on site located at 82 Highview Rd_
   3. _____
   4. _____
   ***PLEASE PROVIDE WRITTEN NARRATIVE OF WORK OR STUDENT STATUS FOR EACH RESIDENT.

C. TERM(S) OF OCCUPANCY:
   1. ____N/A_____
   2. _____
   3. _____
   4. _____

D. AMOUNT OF RENT PAID BY OCCUPANT(S):
   1. _____)0_____
   2. _____
   3. _____
   4. _____

E. IS THIS PROPERTY OR ANY PORTION THEREOF AT ANY TIME USED BY OTHERS THAN
   THE APPLICANT OR THE OCCUPANTS NAMED ABOVE? YES _____ NO _X_
   IF YES, SPECIFICALLY FOR WHAT PURPOSE: _____

PRINT NAME: ___Rabbi Aryeh Zaks_____   SIGNATURE: _____

TITLE: __Pres_____   TELEPHONE: _845 538 7100___   DATE: _____

g:\forms\exemption forms\2011 exemption forms\occupancy statement.doc

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 66
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 147 of 204

# EXHIBIT I

# EXHIBIT I

Yeshiva CC <yeshivacc@yahoo.com>
Monday, April 20, 2020 2:04 PM
Aaron Lijoi
Scott Shedler
Re: 82 Highview LLC
CamScanner 04-20-2020 13.50.34 (1).pdf

.c:
.chments:

Good afternoon,

Please see attached documents.

I would have had the hard copy delivered to your office but I understand Town Hall is only open by appointment.

please let me know if anything further is required.

Thank you
Rabbi Zaks

On Friday, April 17, 2020  03:07:29 PM EDT, Aaron Lijoi <lijoia@ramapo-ny.gov> wrote:

Rabbi Zaks,

Below is a corrected list of documents our office is requesting for 82 Highview LLC's file:
1.  82 Highview LLC's articles of organization and any amendments thereto;
2.  82 Highview LLC's operating agreement and any amendments thereto;
3.  Bylaws if any;
4.  Any other governing documents for 82 Highview LLC;
5.  Tax return for the tax previous year;
6.  Most recent annual financial report if any;
7.  Most recent audit if one is required by law.

We are also requesting additional information from Yeshiva Chofetz Chaim including:
1.  Most recent annual financial report;
2.  IRS letter recognizing the entity as a 501(c)(3) tax-exempt organization;
3.  Registration and current annual filings with the New York State Charities Bureau;
4.  990 tax return for the previous tax year;
5.  Most recent audit if one is required by law.

If you have any additional questions feel free to email or call me at (845)357-5100 ext 257.

Thank You,

Aaron Lijoi

# EXHIBIT J

# EXHIBIT J

FILED: ROCKLAND COUNTY CLERK 04/18/2022 12:42 PM
NYSCEF DOC. NO. 67
INDEX NO. 036879/2021
RECEIVED NYSCEF: 04/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 150 of 204

# SHEM OLAM LLC
# 18 Mountain Ave
# Monsey NY 10952

February 23, 2022

Scott Schedler
Town Of Ramapo
Office of the Assessor
Route 59
Suffern NY 10901

Re: Income and expense statement

Dear Mr Schedler

Please see our new religious exemption application attached. The property in question is owned by Shem Olam LLC a Single member entity that is solely held by Chofetz Chaim Inc a recognized religious charitable corporation.

We have further attached to our application the corporate documents from our LLC and Chofetz Chaim Inc for your review.

A general approximation of annual income and expenditures for our campus at 82 Highview Rd, are not known yet as we have not removed the current Yeshiva from the property. These numbers will eventually include all funds including funds raised charitably as income, and all student support Kollel stipends. As of now the LLC has not made any income during the past year.

Please note any numbers of our income and expense statements were not audited and were prepared exclusively for the Town of Ramapo at the assessors request for review of our real property tax exemption. We do not accept responsibility to any other person for the contents of this letter. This review did not include general accounting verification or validation procedures. Accordingly no assurance of accuracy is expressed. As mentioned earlier, we have compiled the financial information based on information readily available to us which has not been subject to an accounting review. Accordingly we, do not accept any responsibility for the reliability, accuracy or completeness of the financial information nor do we accept any liability of any kind whatsoever, including liability by reason of negligence, to any person for losses incurred as a result of placing reliance on the information provided.

Sincerely

Rabbi Zaks

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 151 of 204

Index No. 036879/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------x
YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,

                                        Plaintiffs

                -against-

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                                        Defendants.
-----------------------------------------------------------------------x

---

### Order to Show Cause/TRO

---

SAVAD CHURGIN
55 Old Turnpike Road – Suite 209
Nanuet, NY 10954

# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

------------------------------------------- X

YESHIVA CHOFETZ CHAIM INC. and 82 : Index No. 036879/2021
HIGHVIEW LLC,

                      :

              **Plaintiffs,**

                      : **AFFIRMATION IN SUPPORT**

         - against -            **OF MOTION TO DISMISS**

                      :

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

              **Defendants.**     :

------------------------------------------- X

**HENOCH ZAKS**, being duly affirmed, sets forth as follows, under the penalty of perjury:

1.   I am the Treasurer of Defendant Shem Olam LLC and an agent of Defendant 82 Highview LLC and, as such, am fully familiar with the facts and circumstances as are hereinafter set forth.

2.   Purported Plaintiff Yeshiva Chofetz Chaim Inc. ("YCC") is a religious entity in which my father, Rabbi Aryeh Zaks ("Rabbi Aryeh"), is the President and Rabbi. YCC formerly owned the real property located at 82 Highview Avenue in Suffern, New York (the "Property"). In 2007, the mortgagee on the Property, TD Bank, N.A. ("TD Bank"), commenced an action against YCC seeking to foreclose TD Bank's mortgage on the property, which was then in default.

3.   In that foreclosure action, TD Bank was eventually awarded a Judgment of foreclosure and a foreclosure sale took place on August 20, 2013, in which TD Bank purchased the Property. A copy of the recorded Referees' Deed conveying the property to TD Bank is annexed hereto and labeled Exhibit "1".

4.   On September 18, 2017, TD Bank sold the Property to an entity known as Del Realty, LLC for $1,400,000.00. That entity had nothing whatsoever to do with Rabbi Mayer Zaks ("Rabbi

FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 10
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
RECEIVED NYSCEF: 02/15/2022
Israel Dahan    Pg 154 of 204

Mayer"), my father's brother who is behind the instant action.  A copy of the recorded deed by which Del Realty LLC acquired the Property is annexed hereto and labeled Exhibit "2".

5.  my father and I decided that we would attempt to acquire the Property from Del Realty so that my father could, if he wished, either use the site for YCC or form his own new yeshiva on the site in the future and use the Property as the site of a new campus and (ultimately) student housing units.

6.  I formed Dell Realty LLC for the property's purchase, and subsequently worked with the representatives of the financing party for the purchaser to have the property transferred to 82 Highview LLC. We ultimately reached an agreement for the transfer of the Property.  I formed 82 Highview LLC on October 16, 2018, with the intention of acquiring the Property in the name of that entity as soon thereafter as possible.  we did not form 82 Highview LLC as a religious corporation, but rather we formed it under § 203 of the New York Limited Liability Company Law.    /    .  A copy of the filing receipt and articles of organization for 82 Highview LLC are annexed hereto and labeled exhibit "3".  A copy of a printout from the New York Secretary of State confirming the formation date and status of 82 Highview LLC is annexed hereto and labeled Exhibit "4".

7.  The Property was ultimately conveyed from Del Realty LLC to 82 Highview LLC on December 28, 2018.  A copy of the recorded deed reflecting that transfer is annexed hereto and labeled Exhibit "5".

8.  At the time of the formation of 82 Highview LLC, my father, Rabbi Aryeh, was the sole founding member/manager of 82 Highview LLC.  A copy of the operating agreement of 82 Highview LLC is annexed hereto and labeled Exhibit "6".

9.   As can be seen from 82 Highview LLC's operating agreement, YCC (the purported plaintiff in this action) was designated as the sole member of 82 Highview LLC "for the first thirty months of the LLC." That meant that YCC was the sole member of 82 Highview LLC from October 16, 2018 through April 16, 2021. The Operating Agreement further provided that:

> Automatically upon the completion of said thirty-month term, all rights title (sic) and membership interests in the LLC shall belong to the Forming Member Manger or if so designated by the Forming member manager, to anyone else he so designates,..
>
> Upon the completion of the Thirty-month period above the percentage interest in the LLC that each member shall have is as follows:

| NAME & ADDRESS | CONTRIBUTION | %INTERST I LLC |
|---|---|---|
| (1) Rabbi Aryeh Zaks | NA | 100% |

10.   As is clear from that unambiguous language, on April 17, 2021 YCC was no longer a member of 82 Highview LLC, and Rabbi Aryeh was its sole member.[1]

11.   On June 29, 2021 – more than two month *after* he became the sole member and manager of 82 Highview LLC, Rabbi Aryeh Zaks caused the 82 Highview Road Property to be transferred to Shem Olam LLC. A copy of the deed conveying the same is annexed hereto and labeled Exhibit "7".

12.   The documentary evidence makes clear that (i) there is a complete defense to the instant action based on that documentary evidence, (ii) Yeshiva Chofetz Chaim has no legal

---

[1]  Even were it not that Rabbi Aryeh became the sole member of 82 Highview LLC at that point, the Operating Agreement still gave him the exclusive right to manage the LLC. Section II(3) of the Operating Agreement provided that "[t]his LLC shall be managed exclusively by its forming member manager."

capacity to sue, and (iii) whoever claims to have authorized this action on behalf of 82 Highview

LLC has no standing to do so.[2]

      13. As such, this action should be dismissed on this motion.

      **WHEREFORE**, it is respectfully requested that this Court dismiss the within action in its

entirety, award to the Defendants the costs and taxable disbursements of this action, and award to

the Defendants such other, further and different relief as may be just, proper and equitable.

                            _____
                            Henoch Zaks

Affirmed to me this
15th day of February, 2022*

_____

* Notarized pursuant to COVID rules

> Michael Levine
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02LE6972017
> Qualified in Westchester County
> Commission Expires September 17, 2022

---

[2] Indeed, although not relevant to the instant motion, Rabbi Mayer also has no standing to act on behalf of YCC either, as he is not a board member nor officer of that entity.

# <u>EXHIBIT 4</u>

FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 16
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 158 of 204
RECEIVED NYSCEF: 02/15/2022

# EXHIBIT 6

## OPERATING AGREEMENT FOR LIMITED LIABILITY COMPANY

### I. PRELIMINARY PROVISIONS

*(1) Effective Date:* This operating agreement of **82 HIGHVIEW LLC** effective **THE DATE BELOW**, is adopted by the LLC formation managing member whose signature appears at the end of this agreement (the "Agreement").

*(2) Formation:* This limited liability company (LLC) was formed by filing Articles of Organization, a Certificate of Formation or a similar organizational document with the LLC filing office of the state of NEW YORK on **October 16 2018**. A copy of this organizational document has been placed in the LLC's records book.

*(3) Name:* The formal name of this LLC is as stated above. However, this LLC may do business under a different name by complying with the state's fictitious or assumed business name statutes and procedures.

*(4) Registered Office and Agent:* The registered office of this LLC and the registered agent at this address are as follows:
**RABBI ARYEH ZAKS** – (Heretofore Forming Member Manager)
**82 Highview LLC**
**82 HIGHVIEW RD**
**SUFFERN NY 10901**

The registered office and agent may be changed from time to time as the members may see fit, by filing a change of registered agent or office form with the state LLC filing office. It will not be necessary to amend this provision of the operating agreement if and when such a change is made.

*(5) Business Purposes:* The specific business purposes and activities contemplated by the founders of this LLC at the time of initial signing of this agreement consist of the following:

**OWNERSHIP OF REAL PROPERTY, FINANCING, AND DEVELOPMENT**

It is understood that the foregoing statement of purposes shall not serve as a limitation on the powers or abilities of this LLC, which shall be permitted to engage in any and all lawful business activities. If this LLC intends to engage in business activities outside the state of its formation that require the qualification of the LLC in other states, it shall obtain such qualification before engaging in such out-of-state activities.

*(6) Duration of LLC:* The duration of this LLC shall be unlimited. Further, this LLC may terminate earlier when a proposal to dissolve the LLC is adopted by the membership of this LLC or when this LLC is otherwise terminated in accordance with law.

### II. MEMBERSHIP PROVISIONS

*(1) Non-liability of Members:* No member of this LLC shall be personally liable for the expenses, debts, obligations or liabilities of the LLC, or for claims made against it.

*(2) Reimbursement for Organizational Costs:* Members shall be reimbursed by the LLC for organizational expenses paid by the members. The LLC shall be authorized to elect to deduct organizational expenses and start-up expenditures ratably over a period of time as permitted by the Internal Revenue Code and as may be advised by the LLC's tax advisor.

*(3) Management:* This LLC shall be managed exclusively by its forming member manager.

*(4) Members' Percentage Interests: if the membership shall be more than one,* a member's percentage interest in this LLC shall be computed as a fraction, the numerator of which is the total of a member's capital account and the denominator of which is the total of all capital accounts of all members. This fraction shall be expressed in this agreement as a percentage, which shall be called each member's "percentage interest" in this LLC.

1

*(5) Membership Voting:* Except as otherwise may be required by the Articles of Organization, Certificate of Formation or a similar organizational document, other provisions of this operating agreement, or under the laws of this state, the forming manager shall vote on any matter submitted as he sees fit.

*(6) Compensation:* Members shall not be paid as members of the LLC for performing any duties associated with such membership, including management of the LLC. Members may be paid, however, for any services rendered in any other capacity for the LLC, whether as officers, employees, independent contractors or otherwise.

*(7) Members' Meetings:* The LLC shall not provide for regular members' meetings. However, if the partnership shall have more than a single member, upon the consent of the forming member manager any member may call a meeting by communicating his or her wish to schedule a meeting to all other members. Such consent shall not be unreasonably withheld by the forming member manager. Such notification may be in person or in writing, or by telephone, facsimile machine, or other form of electronic communication reasonably expected to be received by a member, and the other members shall then agree, either personally, in writing, or by telephone, facsimile machine or other form of electronic communication to the member calling the meeting, to meet at a mutually acceptable time and place. Notice of the business to be transacted at the meeting need not be given to members by the member calling the meeting, and any business may be discussed and conducted at the meeting. If all members cannot attend a meeting, it shall be postponed to a date and time when all members can attend, unless all members who do not attend have agreed in writing to the holding of the meeting without them. If a meeting is postponed, and the postponed meeting cannot be held either because all members do not attend the postponed meeting or the non-attending members have not signed a written consent to allow the postponed meeting to be held without them, a second postponed meeting may be held at a date and time announced at the first postponed meeting. The date and time of the second postponed meeting shall also be communicated to any members not attending the first postponed meeting. The second postponed meeting may be held without the attendance of all members as long as a majority of the percentage interests of the membership of this LLC is in attendance at the second postponed meeting. Written notice of the decisions or approvals made at this second postponed meeting shall be mailed or delivered to each non-attending member promptly after the holding of the second postponed meeting. Written minutes of the discussions and proposals presented at a members' meeting, and the votes taken and matters approved at such meeting, shall be taken by one of the members or a person designated at the meeting. All matters approved by said meetings must be approved in writing by the forming member manager Rabbi Aryeh Zaks. A copy of the minutes of the meeting shall be placed in the LLC's records book after the meeting.

*(8) Membership Certificates:* This LLC shall be authorized to obtain and issue certificates representing or certifying membership interests in this LLC. Each certificate shall show the name of the LLC, the name of the member, and state that the person named is a member of the LLC and if said member is entitled to all the rights granted members of the LLC under the Articles of Organization, Certificate of Formation or a similar organizational document, this operating agreement and provisions of law. Each membership certificate shall be consecutively numbered and signed by one or more officers of this LLC. The certificates shall include any additional information considered appropriate for inclusion by the members on membership certificates. In addition to the above information, all membership certificates shall bear a prominent legend on their face or reverse side stating, summarizing or referring to any transfer restrictions that apply to memberships in this LLC under the Articles of Organization, Certificate of Formation or a similar organizational document and/or this operating agreement, and the address where a member may obtain a copy of these restrictions upon request from this LLC. The records book of this LLC shall contain a list of the names and addresses of all persons to whom certificates have been issued, show the date of issuance of each certificate, and record the date of all cancellations or transfers of membership certificates.

*(9) Other Business by Members:* each member may own an interest in, manage or work for another business, enterprise or endeavor, even if such ownership or activities would compete with this LLC's business goals, mission, profitability or productivity, or would diminish or impair the member's ability to provide maximum effort and performance in managing the business of this LLC.

## III. TAX AND FINANCIAL PROVISIONS

*(1) Tax Classification of LLC:* The members of this LLC intend that this LLC be initially classified as a **Single member LLC** for federal and, if applicable, state income tax purposes. It is understood that forming member may change the tax treatment of this LLC by signing, or authorizing the signature of, IRS Form 8832, Entity Classification Election, and filing it with the IRS and, if applicable, the state tax department within the prescribed time limits if so required.

2

FILED: ROCKLAND COUNTY CLERK 02/15/2022 09:43 PM

NYSCEF DOC. NO. 18

INDEX NO. 036879/2021

RECEIVED NYSCEF: 02/15/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 161 of 204

*(2) Tax Year and Accounting Method:* The tax year of this LLC shall be January 1*ˢᵗ* . The LLC shall use the any **legally acceptable** method of accounting. Both the tax year and the accounting period of the LLC may be changed by the manager if the LLC qualifies for such change, and may be effected by the filing of appropriate forms with the IRS and state tax authorities.

*(3) Tax Matters Partner:* If this LLC is required under Internal Revenue Code provisions or regulations, it shall designate from among its members a "tax matters partner" in accordance with Internal Revenue Code Section 6231 (a) (7) and corresponding regulations, who will fulfill this role by being the spokesperson for the LLC in dealings with the IRS as required under the Internal Revenue Code and Regulations, and who will report to the members on the progress and outcome of these dealings.

*(4) Annual Income Tax Returns and Reports:* Within 60 days after the end of each tax year of the LLC, a copy of the LLC's state and federal income tax returns for the preceding tax year shall be mailed or otherwise provided to each member of the LLC if so requested, together with any additional information and forms necessary for each member to complete his or her individual state and federal income tax returns. If this LLC is classified as a partnership for income tax purposes, this additional information shall include a federal (and, if applicable, state) Form K-1 (Form 1065 - Partner's Share of Income, Credits, Deductions) or equivalent income tax reporting form. This additional information shall also include a financial report, which shall include a balance sheet and profit and loss statement for the prior tax year of the LLC.

*(5) Bank Accounts:* The LLC shall designate one or more banks or other institutions for the deposit of the funds of the LLC, and shall establish savings, checking, investment and other such accounts as are reasonable and necessary for its business and investments. One or more members of the LLC shall be designated to deposit and withdraw funds of the LLC, and to direct the investment of funds from, into and among such accounts. The funds of the LLC, however and wherever deposited or invested, shall not be commingled with the personal funds of any members of the LLC.

*(6) Title to Assets:* All personal and real property of this LLC shall be held in the name of the LLC, not in the names of individual members.

## IV. MEMBERSHIP PROVISIONS

*(1)* Forming Member Manager is the permanent manager of the LLC and said manager has all the rights to act in all matters on behalf the LLC as he sees fit.

*(2):* Yeshiva Chofetz Chaim Inc a religious tax-exempt entity is to be the sole member for the first thirty months of the LLC. Automatically upon the completion of said thirty-month term, all rights title and membership interests in the LLC shall belong to the Forming Member Manager or if so designated by the Forming member manager, to anyone else he so designates.

Upon the completion of the Thirty-month period above the percentage interest in the LLC that each member shall have is at follows:

| NAME & ADDRESS | CONTRIBUTION | % INTEREST IN LLC |
|---|---|---|
| (1)  Rabbi Aryeh Zaks | NA | 100% |

*(2) Additional Contributions by Members:* If a the LLC converts to a multimember LLC, The members may agree, from time to time, require the payment of additional capital contributions by the members, on or by a mutually agreeable date.

*(3) Failure to Make Contributions:* If any member fails to make a required capital contribution within the time agreed for a member's contribution, the remaining members may, by unanimous vote, agree to reschedule the time for payment of the capital contribution by the late-paying member, setting any additional repayment terms, such as a late payment

3

penalty, or other monetary amount to be paid by the delinquent member, as the remaining members decide. NO rate of interest is to be applied to the unpaid balance. Alternatively, the remaining members may, by unanimous vote, agree to cancel the membership of the delinquent member, provided any prior partial payments of capital made by the delinquent member are refunded promptly by the LLC to the member after the decision is made to terminate the membership of the delinquent member.

*(4) No Interest on Capital Contributions:* No interest shall be paid on funds or property contributed as capital to this LLC, or on funds reflected in the capital accounts of the members.

*(5) Capital Account Bookkeeping:* A capital account shall be set up and maintained on the books of the LLC for each member. It shall reflect each member's capital contribution to the LLC, increased by each member's share of profits in the LLC, decreased by each member's share of losses and expenses of the LLC, and adjusted as required in accordance with applicable provisions of the Internal Revenue Code and corresponding income tax regulations.

*(6) Consent to Capital Contribution Withdrawals and Distributions:* Members shall not be allowed to withdraw any part of their capital contributions or to receive distributions, whether in property or cash, except as otherwise allowed by this agreement and, in any case, only if such withdrawal is made with the written consent of all members.

*(7) Allocations of Profits and Losses:* No member shall be given priority or preference with respect to other members in obtaining a return of capital contributions, distributions or allocations of the income, gains, losses, deductions, credits or other items of the LLC. The profits and losses of the LLC, and all items of its income, gain, loss, deduction and credit shall be allocated to members according to each member's percentage interest in this LLC.

*(8) Allocation and Distribution of Cash to Members:* Cash from LLC business operations, as well as cash from a sale or other disposition of LLC capital assets, may be distributed from time to time to members in accordance with each member's percentage interest in the LLC, as may be decided by forming member manager .

*(9) Allocation of Noncash Distributions:* If proceeds consist of property other than cash, the members shall decide the value of the property and allocate such value among the members in accordance with each member's percentage interest in the LLC if applicable. If such noncash proceeds are later reduced to cash, such cash may be distributed among the members as otherwise provided in this agreement.

*(10) Allocation and Distribution of Liquidation Proceeds:* Regardless of any other provision in this agreement, if there is a distribution in liquidation of this LLC, or when any member's interest is liquidated, all items of income and loss shall be allocated to the members' capital accounts if any, and all appropriate credits and deductions shall then be made to these capital accounts before any final distribution is made. A final distribution shall be made to members only to the extent of, and in proportion to, any positive balance in each member's capital account.

## V. MEMBERSHIP WITHDRAWAL AND TRANSFER PROVISIONS

*(1) Withdrawal of Members: If applicable* a member may withdraw from this LLC by giving written notice to all other members at least **10** days before the date the withdrawal is to be effective.

*(2) Restrictions on the Transfer of Membership:* A member shall not transfer his or her membership in the LLC unless all non-transferring members in the LLC first agree to approve the admission of the transferee into this LLC. Further, no member may encumber a part or all of his or her membership in the LLC by mortgage, pledge, granting of a security interest, lien or otherwise, unless the encumbrance has first been approved in writing by forming member manager of the LLC.
Notwithstanding the above provision, any member shall be allowed to assign an economic interest in his or her membership to another person without the approval of the other members. Such an assignment shall not include a transfer of the member's voting or management rights in this LLC, and the assignee shall not become a member of the LLC.

4

## VI. DISSOLUTION PROVISIONS

*(1) Events That Trigger Dissolution of the LLC:* The following events shall trigger dissolution of the LLC, except as provided in paragraph 6:

> (a) the death, permanent incapacity, bankruptcy, retirement, or resignation of a
> Member or the forming member manager, except that within **30 days** of the happening of any of these events, all remaining members of the LLC (if any) may vote to continue the legal existence of the LLC, in which case the LLC shall not dissolve;

> (b) the expiration of the term of existence of the LLC if such term is specified in the Articles of Organization, Certificate of Formation or a similar organizational document, or this operating agreement;

> (c) the written agreement of all members to dissolve the LLC;

> (d) entry of a decree of dissolution of the LLC under state law.

## VII. GENERAL PROVISIONS

*(1) Officers:* The LLC may designate one or more officers, such as a President, Vice President, Secretary and Treasurer. Persons who fill these positions need not be members of the LLC. Such positions may be compensated or non-compensated according to the nature and extent of the services rendered for the LLC as a part of the duties of each office. Ministerial services only as a part of any officer position will normally not be compensated, such as the performance of officer duties specified in this agreement, but any officer may be reimbursed by the LLC for out-of-pocket expenses paid by the officer in carrying out the duties of his or her office.

*(2) Records:* The LLC shall keep at its principal business address a copy of all proceedings of membership meetings, as well as books of account of the LLC's financial transactions. A list of the names and addresses of the current membership of the LLC also shall be maintained at this address, with notations on any transfers of members' interests to nonmembers or persons being admitted into membership in the LLC.

Copies of the LLC's Articles of Organization, Certificate of Formation or a similar organizational document, a signed copy of this operating agreement, and the LLC's tax returns for the preceding three tax years shall be kept at the principal business address of the LLC. A statement also shall be kept at this address containing any of the following information that is applicable to this LLC:

> • the amount of cash or a description and value of property contributed or agreed to be contributed as capital to the LLC by each member;
> • a schedule showing when any additional capital contributions are to be made by members to this LLC;
> • a statement or schedule, if appropriate, showing the rights of members to receive distributions representing a return of part or all of members' capital contributions; and
> • a description of, or date when, the legal existence of the LLC will terminate under provisions in the LLC's Articles of Organization, Certificate of Formation or a similar organizational document, or this operating agreement.

If one or more of the above items is included or listed in this operating agreement, it will be sufficient to keep a copy of this agreement at the principal business address of the LLC without having to prepare and keep a separate record of such item or items at this address. Any member may inspect any and all records maintained by the LLC upon reasonable notice to the LLC. Copying of the LLC's records by members is allowed, but copying costs shall be paid for by the requesting member.

*(3) All Necessary Acts:* The members and officers of this LLC are authorized to perform all acts necessary to perfect the organization of this LLC and to carry out its business operations expeditiously and efficiently. The Forming Member Manager of the LLC, or other officers of the LLC, may certify to other businesses, financial institutions and individuals as to the authority of one or more members or officers of this LLC to transact specific items of business on behalf of the LLC.

*(4) Indemnification:* The LLC shall indemnify the Member and those authorized officers, agents, and employees of the LLC identified in writing by the Member as entitled to being indemnified under this section for all costs, losses, liabilities and damages paid or accrued by the Member (as the Member or officer, agent, or employee) or any such office, agent, or employee in connection with the business of the LLC, except to the extent prohibited by the laws of the state that governs this Agreement. In addition, the LLC may advance costs of defense of any proceeding to the Member or any such officer, agent, or employee upon receipt by the LLC of an undertaking by or on behalf of such person to repay such amount if it shall ultimately be determined that the person is not entitled to be indemnified by the LLC.

*(5) Mediation and Arbitration* of *Disputes Among Members:* In any dispute over the provisions of this operating agreement among the members, if the members cannot resolve the dispute to their mutual satisfaction, the party raising the dispute shall first offer to sit in mediation before a neutral mediator acceptable to all parties before commencing any legal action whatsoever. It is agreed in any mediation, arbitration or legal action in any forum regarding this agreement, any ambiguity or uncertainty in this agreement shall be interpreted to the benefit of the Forming Member Manager.

*(6) Governing Law:* This Agreement shall be governed by, and interpreted an enforced in accordance with, the substantive laws of the State Of New York, the State in which this LLC was formed, without reference to the conflicts of law rules of that or any other jurisdiction.

*(7) Entire Agreement.* This operating agreement represents the entire agreement among the members of this LLC, and it shall not be amended, modified or replaced except by a written instrument executed by all the parties to this agreement who are current members of this LLC as well as any and all additional parties who became members of this LLC after the adoption of this agreement. This agreement replaces and supersedes all prior written and oral agreements among any and all members of this LLC.

*(8) Severability:* If any provision of this agreement is determined by a court or arbitrator to be invalid, unenforceable or otherwise ineffective, that provision shall be severed from the rest of this agreement, and the remaining provisions shall remain in effect and enforceable.

## VIII. SIGNATURES OF MEMBER(S)

*Execution of Agreement: In* witness whereof, the members of this LLC sign and adopt this agreement as the operating agreement of this LLC.

Date:    October 22, 2018

Signature:    _____

Printed Name:    Rabbi Aryeh Zaks, Forming Member Manager

# <u>EXHIBIT 5</u>

FILED: ROCKLAND COUNTY CLERK 03/18/2022 05:33 PM
NYSCEF DOC. NO. 28
INDEX NO. 036879/2021
RECEIVED NYSCEF: 03/18/2022
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 166 of 204

Index No. 036879/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------x
YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,

                                        Plaintiffs

              -against-

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                                        Defendants.

-------------------------------------------------------------------x

---

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

---

SAVAD CHURGIN
55 Old Turnpike Road – Suite 209
Nanuet, NY 10954

FILED: ROCKLAND COUNTY CLERK 03/18/2022 05:33 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 28
22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 167 of 204
RECEIVED NYSCEF: 03/18/2022

# TABLE OF CONTENTS

                                                                                    **Page**

LEGAL ARGUMENT ………………………………………………………..          2

    A.  Legal Standard On Motion To Dismiss ………………………………………          2

    B.  Defendants' Purported "Evidence" Must Not Be Considered ………………………          2

        1.  Henoch Zaks' Affirmation Is Not Documentary Evidence …………………          2

        2.  Even If Defendants' Evidence Was Permitted To Be Considered,
           It Does Not Disprove Plaintiffs' Allegations …………………………………          4

CONCLUSION ……………………………………………………………………          8

FILED: ROCKLAND COUNTY CLERK 03/18/2022 05:33 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 28
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 168 of 204
RECEIVED NYSCEF: 03/18/2022

# TABLE OF AUTHORITIES

Page

Cases

*Anderson v. Armentano*, 139 A.D.3d 769, 770–71, 33 N.Y.S.3d 294, 296 (2d Dept. 2016) ...... 3

*Bd. of Managers of 285 Driggs Ave. Condo. v. 285 Driggs Ave., LLC*, 173 A.D.3d 821, 822 (App. Div. 2d Dept. 2019) ……………………………………………………….. 3

*Berardi v. Phillips Nizer, LLP*, 2016 N.Y. Misc. LEXIS 1747, at *15 (N.Y. Sup. Ct. N.Y. Cty. May 6, 2016) 8

*CSC Holdings, LLC v Samsung Elecs. Am., Inc.*, 2020 N.Y. Misc. LEXIS 5653, at *6 (N.Y. Sup. Ct. Sept. 8, 2020) ……………………………………………………….. 2

*Fontanetta v. Doe*, 73 A.D.3d 78, 86 (App. Div. 2d Dept. 2010) ……………………………. 3

*Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 275 (N.Y. 1977) ………………………………. 4

*Hutton Group, Inc. v. Cameo Owners Corp.*, 160 A.D.3d 676, 677, 75 N.Y.S.3d 193, 194-95 (2d Dep't 2018) ………………………………………………………………….. 4, 8

*J.P. Morgan Sec. Inc. v. Vigilant Ins. Co.*, 21 N.Y.3d 324, 334 (2013) …………………… 2

*Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994) ……………………………………………... 2

*Orange Orch. Props., LLC v. Gentry Unlimited, Inc.*, 2021 N.Y. Misc. LEXIS 6826, at *21 (N.Y. Sup. Ct. N.Y. Cty. Dec. 23, 2021) ………………………………………………… 4, 8

*Wiener v. Lazard Freres & Co.*, 241 A.D.2d 114, 672 N.Y.S.2d 8, 13 (1st Dep't 1998) ……… 2

FILED: ROCKLAND COUNTY CLERK 03/18/2022 05:33 PM
NYSCEF DOC. NO. 28
INDEX NO. 036879/2021
RECEIVED NYSCEF: 03/18/2022
22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 169 of 204

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------------x

YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,                                           Index No. 036879/2021

                              Plaintiffs

        -against-

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                              Defendants.

-------------------------------------------------------------------------x

### PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Plaintiffs Yeshiva Chofetz Chaim ("YCC") and 82 Highview LLC ("82 Highview") submit this brief in opposition to the Motion to Dismiss filed by Defendants. Notably, Defendants do not submit an attorney affirmation or legal brief in support of their motion and request for early dismissal of this case. They do not cite any caselaw or legal authority.[1] Nor do they submit any affirmation from the named individual defendant, Aryeh Zaks. Instead, Defendants' Motion to Dismiss is solely supported by a four page Affirmation from Henoch Zacks, the alleged Treasurer of Defendant Shem Olam LLC ("Shem Olam"), the entity that unlawfully obtained title to the real property at issue. In any event, for the reasons described below and in the Affirmation of Rabbi Mayer Zaks, submitted in support of Plaintiffs' opposition, Defendants' motion to dismiss should be denied because it is not based on permissible documentary evidence, is riddled with misstatements and, at a minimum, raises disputed factual issues beyond the Complaint—disputed facts that should be determined after discovery.

---

[1] Having submitted no legal argument in their moving papers, they are precluded from doing so in their reply.

1

# LEGAL ARGUMENT

## A. Legal Standard On Motion To Dismiss

It is well-settled that, "[o]n a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction." *Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994). To that end, in deciding Defendants' Motion, the Court "must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory.'" *CSC Holdings, LLC v Samsung Elecs. Am., Inc.*, 2020 N.Y. Misc. LEXIS 5653, at *6 (N.Y. Sup. Ct. Sept. 8, 2020) (citation omitted). "Whether the plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." *J.P. Morgan Sec. Inc. v. Vigilant Ins. Co.*, 21 N.Y.3d 324, 334 (2013) (citation omitted). "So liberal is the standard under these provisions that the test is simply whether the proponent of the pleading has a cause of action, not even whether he has stated one." *Wiener v. Lazard Freres & Co.*, 241 A.D.2d 114, 672 N.Y.S.2d 8, 13 (1st Dep't 1998) (citation omitted).

Applying this liberal pleading standard here, the Court can easily dispose of Defendants' Motion to Dismiss.

## B. Defendants' Purported "Evidence" Must Not Be Considered

### 1. Henoch Zaks' Affirmation Is Not Documentary Evidence

In support of their Motion to Dismiss, Defendants have not submitted a supporting brief or even an attorney affirmation authenticating any documents or alleged facts. Not did any named defendant submit an affirmation. Instead, Defendants attempt to support their Motion to Dismiss with a four-page affirmation from Aryeh Zak's son, Henoch. Such affirmation from a non-defendant or non counsel for a defendants should not even be considered on a motion to dismiss.

2

But even if the affirmation was submitted instead by Defendant Aryeh Zaks, it should still not be considered because an affidavit submitted by a defendant is "not considered documentary evidence" unless it established "conclusively that the plaintiff has no cause of action." *Bd. of Managers of 285 Driggs Ave. Condo. v. 285 Driggs Ave., LLC*, 173 A.D.3d 821, 822 (App. Div. 2d Dept. 2019) Indeed, to qualify as documentary evidence, "the evidence must be unambiguous and of undisputed authenticity." *Id.* (citations omitted); *see also Fontanetta v. Doe*, 73 A.D.3d 78, 86 (App. Div. 2d Dept. 2010); *Anderson v. Armentano*, 139 A.D.3d 769, 770–71, 33 N.Y.S.3d 294, 296 (2d Dept. 2016).

Here, the allegations made in the Affirmation of Henoch Zaks are strongly disputed by Plaintiffs and the purported evidence submitted by Henoch Zaks (e.g., the purported 82 Highview LLC Operating Agreement) is ambiguous and its authenticity is very much disputed. This purported Operating Agreement is not notarized and is only signed by Aryeh Zaks, the same person to whom the membership interest is allegedly transferring. And neither Defendant Aryeh Zaks or his have submitted an affirmation attesting to and conclusively establishing its authenticity. Nor did Defendants submit any resolution of YCC which would show that it agreed to give up its membership interest in 82 Highview. And the Affirmation of Rabbi Mayer Zaks strongly contests its authenticity (*See* Mayer Zaks Aff. ¶¶ 21, 22).

Indeed, the nature of the document itself makes it suspicious at best. A person who is not a member of an LLC[2] signs a non-notarized document that transfers the complete interest in the LLC from a religious corporation to that individual for no consideration. Further, as set forth below and in the Affirmation of Rabbi Mayer Zaks, the contents of this document (specifically the statement that

---

[2] Aryeh Zaks is referred to in the purported agreement as "Forming Member Manager". NYSECF No. 16. However, even according to the purported agreement, Aryeh Zaks was not a member at the time of the forming of the LLC. Aryeh Zaks can't be a member manager if he isn't a member. The document is therefore ambiguous, in addition to being disputed.

FILED: ROCKLAND COUNTY CLERK 03/18/2022 05:33 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 28    22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 172 of 204    RECEIVED NYSCEF: 03/18/2022

YCC is only sole member of 82 Highview LLC for a thirty month period) is contradicted by governmental filings made by that same individual who signed the non-notarized document, Aryeh Zaks.

In short, Defendants have not submitted "documentary evidence" that can be considered by this Court and evidence that is "unambiguous" and has "undisputed authenticity" sufficient to warrant dismissal of the Complaint.

> ### 2. Even If Defendants' Evidence Was Permitted To Be Considered, It Does Not Disprove Plaintiffs' Allegations

Where evidentiary material is submitted and considered on a motion to dismiss, dismissal is not appropriate "***unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate.***" *Hutton Group, Inc. v. Cameo Owners Corp.*, 160 A.D.3d 676, 677, 75 N.Y.S.3d 193, 194-95 (2d Dep't 2018) (citation omitted) (emphasis added). *See also Orange Orch. Props., LLC v. Gentry Unlimited, Inc.*, 2021 N.Y. Misc. LEXIS 6826, at *21 (N.Y. Sup. Ct. N.Y. Cty. Dec. 23, 2021) (*citing Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 275 (N.Y. 1977)) (same); *Berardi v. Phillips Nizer, LLP*, 2016 N.Y. Misc. LEXIS 1747, at *15 (N.Y. Sup. Ct. N.Y. Cty. May 6, 2016) (same).

Here, in this case, Plaintiffs allege that the real property located at 82 Highview Road in Suffern, New York, was improperly transferred by Defendant Aryeh Zaks to Shem Olam, a company that Aryeh Zaks privately owns. NYSECF No. 1("Complaint") ¶¶ 10-19. In fact, Defendants made this secret and unlawful transfer the day after the long-standing congregants and members of Yeshiva Chofetz Chaim met and overwhelmingly voted on a slate of Board of Trustees and officers that would govern over YCC and 82 Highview LLC and resolved that any actions related to 82 Highview LLC shall be authorized only at the direction of the newly voted slate of Board of Trustees. (*See* Mayer

Zaks Aff. ¶ 24). Neither Defendant Aryeh Zaks Nor his son, Henoch Zaks, were selected by the congregants as members of the Board of Trustees or any officer position for YCC or 82 Highview LLC. And none of the Board of Trustees chosen by the congregants and members of YCC and 82 Highview LLC were aware of such transfer, let alone approved such transfer of the 82 Highview Road property to Shem Olam, LLC. Mayer Zaks Aff. ¶ 24, and Exhibit Q, attached thereto.

Specifically, Plaintiffs allege that, as of June 30, 2021, the real property located at 82 Highview was owned by 82 Highview LLC, whose sole member was Plaintiff YCC, a religious tax-exempt entity. Complaint ¶ 10. 82 Highview was formed in or around October 2018 and obtained title to the 82 Highview Road property through a donation from the then owner, Del Realty, LLC. Complaint ¶ 8; Mayer Zaks Aff. ¶ 12. On June 30, 2021—the day after the congregants and members of YCC met to elect a Board of Trustees and officers for YCC and 82 Highview LLC—Defendant Aryeh Zaks, without the consent of the Board of Trustees of YCC or its Chief Rabbi and President, Rabbi Mayer Zaks, transferred title of the real property located at 82 Highview Road, including the buildings on said premises, to Shem Olam, LLC, a company Defendant Aryeh Zaks privately founded and owns. Such transfer was clearly unlawful and amounts to theft of millions of dollars from YCC and 82 Highview LLC. Complaint ¶¶ 10-19. Indeed, the 82 Highview Road property, including the buildings on its premises has been appraised for over $20 million. Mayer Zaks Aff. ¶ 10. Even worse, Defendant Aryeh Zaks transferred title of the 82 Highview Road property to his private company for virtually no money. Complaint ¶ 22. Such allegations by Plaintiffs, which the Court must accept as true at this stage of the case, is more than sufficient to meet the liberal pleading standard recognized by New York courts and to warrant denial of Defendants' Motion to Dismiss.

In response to these allegations, Defendants, through only the Affirmation of Henock Zaks, claim that they did nothing wrong because Defendant Aryeh Zaks had sole decision making power

5

over 82 Highview LLC and that at the time of the transfer to Shem Olam, YCC was no longer the sole member and manager of 82 Highview LLC. Instead, magically, at the time of transfer, the manager role of 82 Highview belonged to Defendant Aryeh Zaks because YCC was only given the role of sole member of 82 Highview for a thirty month period that coincidentally ended shortly before the improper and secret transfer by Defendants. These contentions by Henoch Zaks are simply false and strongly disputed by Plaintiffs. They also border on the absurd and, if to be believed, are an admission of corporate and tax fraud by him and his father, Defendant Aryeh Zaks.

As described in more detail in the supporting Affirmation of Rabbi Mayer Zaks, the claim by Henoch Zaks that his father, Defendant Aryeh Zaks, was the President and Chief Rabbi of YCC is patently false and, at worst, a material disputed fact necessitating discovery. Indeed, such contention is contrary to pleadings filed in other court matters and prior sworn deposition testimony provided by Defendant Aryeh Zaks. *See* Mayer Zaks Aff. ¶ 5. It is also contrary to documents that Defendant Aryeh Zaks himself submitted to the Town of Ramapo and the New York State Department of Taxation and Finance as part of applying for tax-exempt status for the property located at 82 Highview Road. Mayer Zaks Aff. ¶¶ 5, 19.

To this end, in February 2019, several months *after* the formation of 82 Highview, YCC and 82 Highview filed with the Town of Ramapo and the New York State Department of Taxation and Finance an application for approval of tax-exempt status on the 82 Highview Road property. That application was submitted and signed by Defendant Aryeh Zaks. In this application, Defendant Aryeh Zaks affirms and verifies to the Town of Ramapo and the New York State Department of Taxation and finance that he is the Chief Operating Officer of YCC and 82 Highview and that his brother, Rabbi Mayer Zaks is the President of YCC and 82 Highview. He further affirms that YCC is the sole member of 82 Highview LLC and does not state that such sole member role is limited in time. In

6

fact, he states the very opposite. Specifically, in response to a question in the application as to whether "any person or organization [has] a reversionary interest in the property," Defendant Aryeh Zaks responds "No." *See* Mayer Zaks Aff. at ¶ 19, and Exhibit K, attached thereto. In other words, Defendant Aryeh Zaks affirmed and verified to the Town of Ramapo and the New York State Department of Taxation and Finance in February 2019—***after the formation of 82 Highview***—that Rabbi Mayer Zaks is the President of YCC and 82 Highview, that YCC is the sole member of 82 Highview and that there exists no reversionary interest in the property back to any person or organization.

Now, along with his Affirmation, Henoch Zaks has submitted a purported Operating Agreement for 82 Highview LLC. *See* NYSECF No. 16. Putting aside that such document is beyond the four corners of the Complaint, Plaintiffs submit that discovery will prove that this document is a forgery. Indeed, such non-notarized document is nothing more than a sample form document that Henoch Zaks along with his father Aryeh Zaks created after the fact and sometime before they secretly planned to sell 82 Highview Road to defendant Shem Olam. It is simply illogical to believe that Defendant Aryeh Zaks would be given the title of sole forming member of 82 Highview Road in October 2018, when Rabbi Zaks had been the Chief Rabbi and President of YCC by Defendant Aryeh Zaks's own admission. Indeed, Rabbi Mayer Zaks has been the Chief Rabbi and President of YCC for over 30 years. For this same reason, it is also absurd to believe that Rabbi Mayer Zaks would have agreed to give Defendant Aryeh Zaks 100% interest in 82 Highview LLC and to have that 100% interest in 82 Highview LLC revert back to Defendant Aryeh Zaks personally 30 months after formation of 82 Highview LLC. It is just nonsensical and devoid of reality.

But more significantly, the purported Operating Agreement submitted by Henoch Zaks is in direct contradiction of the sworn statements Defendant Aryeh Zaks provided to the Town of Ramapo

7

and the New York State Department of Taxation and Finance in February 2019, months after the formation of 82 Highview and the execution of the purported Operating Agreement. It is also contrary to the sworn statements Defendant again made to the Town of Ramapo and the New York State Department of Taxation and Finance in 2020 and 2021 that YCC was the sole member of 82 Highview LLC and that there was no person or entity has a reversionary interest in the 82 Highview Road property. *See* Mayer Zaks Aff. at ¶ 19, and Exhibits L and M, attached thereto. Even more troubling, it is contrary to a letter Aryeh Saks sent to Scott Shedler, Assessor for the Town of Ramapo, on February 12, 2021, just a few weeks before the thirty month period expired, that "[t]he property in question belongs to Yeshiva Chofetz Chaim Inc. and is listed in the name of 82 Highview LLC a single member LLC that belongs to the Yeshiva." *See* Mayer Zaks Aff. at ¶ 20, and Exhibit N, attached thereto.

Put simply, the purported Operating Agreement submitted by Henoch Zaks is either a forgery or Henoch Zaks is admitting that his father, Defendant Aryeh Zaks, has lied to the Town of Ramapo and the New York State Department of Finance and Taxation. Only discovery will bear out the true answer to this question. Indeed, New York courts routinely deny motions to dismiss when there are disputed factual issues raised by Defendants that necessitate discovery. *See Hutton Group, Inc.*, 75 N.Y.S.3d at 194-95; *Orange Orch. Props., LLC*, 2021 N.Y. Misc. LEXIS 6826, at *21; *Berardi*, 2016 N.Y. Misc. LEXIS 1747, at *15.

## CONCLUSION

Accordingly, consistent with the liberal pleading standards recognized by New York courts and the foregoing case law, the Court should deny Defendants' Motion to Dismiss and allow Plaintiffs the opportunity to conduct discovery and establish their claims. Plaintiffs submit that discovery will establish that Rabbi Mayer Zaks has been the Chief Rabbi and President of YCC for the past 30 years;

8

FILED: ROCKLAND COUNTY CLERK 03/18/2022 05:33 PM
NYSCEF DOC. NO. 26
INDEX NO. 036879/2021
RECEIVED NYSCEF: 03/18/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 177 of 204

that he was part of the formation of 82 Highview and that Defendant Aryeh Zaks was not the sole

forming member manager of 82 Highview; that YCC was the sole member of 82 Highview at the

time of formation and with no time limit; that the purported Operating Agreement submitted by

Henoch Zaks is a forgery and an after-the-fact created document; and that the transfer of the 82

Highview Road property to Shem Olam LLC on June 30, 2021 was improper and unauthorized by

YCC.

Dated:  Nanuet, New York
        March 18, 2022

_____
JOSEPH A. CHURGIN, ESQ.
Savad Churgin
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954
(845) 624-3820

ISRAEL DAHAN, ESQ.
King & Spalding LLP
1185 Avenue of the Americas - 34th Floor
New York, NY 10036

*Attorneys for Plaintiffs*

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------x
YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,                                                    Index No. 036879/2021

                              Plaintiffs

                -against-                                           Certificate of Word Count

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                              Defendants.
-----------------------------------------------------------------------x

       Pursuant to Rule 202.8-b(c) of the Rules of this Court, I certify that the accompanying
Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint, which
was prepared using Times Roman 12-point typeface, contains 2,699 words, excluding the parts
of the document that are exempted by Rule 202.8-b(c). This certificate was prepared in reliance
on the word-count function of the word-processing system (Microsoft Word) used to prepare the
document.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2022

                                          _____
                                          JOSEPH A. CHURGIN, ESQ.
                                          Savad Churgin
                                          Attorneys for the Plaintiffs
                                          55 Old Turnpike Road, Suite 209
                                          Nanuet, New York 10954
                                          (845) 624-3820

# <u>EXHIBIT 6</u>

To commence the statutory
time period for appeals as of
right (CPLR 5513 [a]), you
are advised to serve a copy
of this order, with notice of
entry, upon all parties.

SUPREME COURT : STATE OF NEW YORK
COUNTY OF ROCKLAND
HON. ROBERT M. BERLINER, J.S.C.

----------------------------------------------------------x
YESHIVA CHOFETZ CHAIM INC. and 82
HIGHVIEW LLC ,

                                        Plaintiffs,                    DECISION AND ORDER

                    -against-                                          Index No.: 036879/2021

82 HIGHVIEW LLC, SHEM OLAM, LLC and
ARYEH ZAKS,                                                            Motion Sequence #1

                                        Defendants.
----------------------------------------------------------x

The following papers, NYSCEF Docs. 9 to 47, were read in connection with Defendants' motion

seeking an order dismissing Plaintiffs' complaint  pursuant to CPLR §3211(a)(1) and (3):

        Upon the foregoing papers, it is ORDERED that these applications are disposed of as

follows:

        Plaintiffs commenced the instant action seeking declaratory relief regarding real property

known as 82 Highview Road in Suffern, New York (hereinafter "the property") and to set aside an

alleged fraudulent deed conveying the property from 82 Highview LLC to Shem Olam LLC. Central

to this dispute is what entity had the legal authority to convey the property at the operative time(s)

and whether the conveyance comported with applicable provisions of New York law.

        In moving to dismiss, Defendants offer the affirmation of Henoch Zaks, who identifies

himself as Treasurer of Shem Olam LLC and agent of 82 Highview LLC. Henoch explains that he

formed 82 Highview with the intent to acquire the property and use it to further the purposes of

Yeshiva Chofetz Chaim. According to the Operating Agreement presented by Defendants, Yeshiva

Chofetz Chaim was the sole member of 82 Highview for 30 months following its creation, i.e.,

October 16, 2018 to April 16, 2021. On June 29, 2021, Henoch's father, Aryeh Zaks, transferred the

property to Shem Olam, LLC. Defendants rely upon the documents as the basis for their application

-1-

under CPLR §3211(a)(1) and the factual basis for its allegation that Plaintiffs lack standing to sue, as they can no longer claim an interest in the property.

Plaintiffs oppose Defendants' application, arguing that the 82 Highview Operating Agreement is signed only by Aryeh Zaks, whose signature was not acknowledged and alleged that the document may be a forgery based upon the rights he seeks to enforce herein. Plaintiffs also direct the Court's attention to filings Aryeh made to the Town of Ramapo in connection with other municipal applications in which he acknowledges that his brother, Mayer Zaks, is the President of Yeshiva Chofetz Chaim and 82 Highview. Mayer vehemently opposes Aryeh's claim of being the sole member of 82 Highview and states that neither he nor any other trustee would have permitted him to become the sole member. Plaintiffs also highlight the absence of an affidavit or affirmation from Aryeh Zaks amongst Defendants' submissions, as they claim he orchestrated the fraudulent conveyance of the property.

Dismissal Pursuant to CPLR §3211(a)(1)

"Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law". *Leon v Martinez*, 84 NY2d 83, 88 [1994]. "Dismissal on the basis of CPLR 3211(a)(1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiff's factual allegations, and conclusively disposes of the plaintiff's claims as a matter of law" *Mitkowski v Marceda*, 133 AD3d 574, 574 [2d Dept 2015] [*citing Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]. "The evidence submitted in support of such motion must be 'documentary' or the motion must be denied" *Eisner v Cusumano Const., Inc.*, 132 AD3d 940, 941 [2d Dept 2015].

The Court declines to dismiss Plaintiffs' complaint based upon the documents offered by Defendants, as they collectively fail to establish a defense as a matter of law. This determination is bolstered by Mayer Zaks challenge to 82 Highview's Operating Agreement naming Aryeh its sole member after 30 months, which happens to coincide with his conveyance of the property to Shem Olam LLC on June 29, 2021. Given this divergent accounts and the questions raised by the parties' submissions, Defendants' application to dismiss pursuant to CPLR §3211(a)(1) is denied.

-2-

FILED: ROCKLAND COUNTY CLERK 07/13/2022 05:30 PM
NYSCEF DOC. NO. 81

INDEX NO. 036879/2021

RECEIVED NYSCEF: 07/13/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 182 of 204

Dismissal Pursuant to CPLR §3211(a)(3)

"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" *Katz v Hampton Hills Assoc. Gen. Partnership*, 186 AD3d 688 [2d Dept 2020].

The foregoing determinations regarding Defendants' application seeking to dismissal pursuant to CPLR §3211(a)(1) are equally applicable and fatal to their application pursuant to CPLR §3211(a)(1). Plaintiffs' assertion give rise to questions of fact regarding its alleged standing to maintain this action, thereby rendering judgment as a matter of law inappropriate.

Based upon the foregoing, it is

ORDERED that Defendants' motion to dismiss is denied in its entirety.

The parties are hereby advised that a preliminary conference will be held at **9:30 a.m.** on **July 28, 2022**.

Any request for relief not explicitly addressed herein is denied, in the Court's discretion.

The foregoing constitutes the Decision and Order of the Court.


Dated: New City, New York
     July 12, 2022

         E N T E R

         HON. ROBERT M. BERLINER, J.S.C.


To:
Counsel of Record via NYSCEF

-3-

# EXHIBIT 7

# LIMITED LIABILITY COMPANY OPERATING AGREEMENT OF
# 82 HIGHVIEW LLC, LLC

PURSUANT TO § 417

FORMED IN THE STATE OF NEW YORK

This Agreement, entered into on OCTOBER 16, 2018, is a

MULTI-MEMBER LLC OPERATING AGREEMENT, entered into by and between
Rabbi Aryeh Zaks                        , of 18 Mountain Ave Monsey NY 10952 (Address),
Beatrice Waldman                        , of 18 Mountain Ave Monsey NY 10952 (Address),
Joshua Nussbaum                         , of 20 Kiryas Radin Dr Spring Valley NY 10977 (Address),
hereinafter known as the "Members"

      WHEREAS the Member(s) desire to create a limited liability company under the laws of the State of New York and set forth the terms herein of the Company's operation and the relationship between Member(s).

      NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the Member(s) and the Company agree as follows:

1. <u>Name and Principal Place of Business</u>

The name of the Company shall be 82 Highview, LLC.  The principal place of business of the Company shall be at 82 HIGHVIEW RD , City of SUFFERN, in the State of New York or at such other place of business as the Member(s) shall determine.

2. <u>Formation</u>

The Company was formed on OCTOBER 16, 2018 , when the Member(s) filed the Articles of Organization with the office of the Secretary of State pursuant to the statutes governing limited liability companies in the State of New York (the "Statutes").

3. <u>Purpose</u>
The purpose of the Company is to engage in and conduct any and all lawful businesses, activities or functions, and to carry on any other lawful activities in connection with or incidental to the foregoing, as the Member(s) in their discretion shall determine.

4. <u>Term</u>

The term of the Company shall be perpetual, commencing on the filing of the Articles of Organization of the Company, and continuing until terminated under the provisions set forth herein.

5.  Member Capital Contributions

Each Member has contributed the following capital amounts to the Company as set forth below and are not obligated to make any additional capital contributions:

| Rabbi Aryeh Zaks | **$1,000.00** |
| Beatrice Waldman | **$1,000.00** |
| Joshua Nussbaum | **$1,000.00** |

Members shall have no right to withdraw or reduce their contributions to the capital of the Company until the Company has been terminated unless otherwise set forth herein.  Members shall have no right to demand and receive any distribution from the Company in any form other than cash and members shall not be entitled to interest on their capital contributions to the Company.

The liability of any Member for the losses, debts, liabilities and obligations of the Company shall be limited to the amount of the capital contribution of each Member plus any distributions paid to such Member, such Member's share of any undistributed assets of the Company; and (only to the extent as might be required by applicable law) any amounts previously distributed to such Member by the Company.

6.  Distributions

For purposes of this Agreement "net profits" and "net losses" mean the profits or losses of the Company resulting from the conduct of the Company's business, after all expenses, including depreciation allowance, incurred in connection with the conduct of its business for which such expenses have been accounted.

The term "cash receipts" shall mean all cash receipts of the Company from whatever source derived, including without limitation capital contributions made by the Member(s); the proceeds of any sale, exchange, condemnation or other disposition of all or any part of the assets of the Company; the proceeds of any loan to the Company; the proceeds of any mortgage or refinancing of any mortgage on all or any part of the assets of the Company; the proceeds of any insurance policy for fire or other casualty damage payable to the Company; and the proceeds from the liquidation of assets of the Company following termination.

The term "capital transactions" shall mean any of the following: the sale of all or any part of the assets of the Company; the refinancing of mortgages or other liabilities of the Company; the receipt of insurance proceeds; and any other receipts or proceeds are attributable to capital.

(Check One)

MULTI-MEMBER: The "Capital Account" for each Member shall mean the account created and maintained for the Member in accordance with Section 704(b) of the Internal Revenue Code and Treasury Regulation Section 1.704-1(b)(2)(iv).

The term "Members' Percentage Interests" shall mean the percentages set forth opposite the name of each Member Below:

| Member | Percentage Interest |
|---|---|
| Rabbi Aryeh Zaks | **33.3%** |
| Beatrice Waldman | **33.3%** |
| Joshua Nussbaum | **33.3%** |

During each fiscal year, the net profits and net losses of the Company (other than from capital transactions), and each item of income, gain, loss, deduction or credit entering into the computation thereof, shall be credited or charged, as the case may be, to the capital accounts of each Member in proportion to the Members' Percentage Interests.  The net profits of the Company from capital transactions shall be allocated in the following order of priority: (a) to offset any negative balance in the capital accounts of the Members in proportion to the amounts of the negative balance in their respective capital accounts, until all negative balances in the capital accounts have been eliminated; then (b) to the Members in proportion to the Members' Percentage Interests.  The net losses of the Company from capital transactions shall be allocated in the following order of priority: (a) to the extent that the balance in the capital accounts of any Members are in excess of their original contributions, to such Members in proportion to the excess balances until all such excess balances have been reduced to zero; then (b) to the Members in proportion to the Members' Percentage Interests.

The cash receipts of the Company shall be applied in the following order of priority: (a) to the payment of interest or amortization on any mortgages on the assets of the Company, amounts due on debts and liabilities of the Company other than those due to any Member, costs of the construction of the improvements to the assets of the Company and operating expenses of the Company; (b) to the payment of interest and establishment of cash reserves determined by the Members to be necessary or appropriate, including without limitation, reserves for the operation of the Company's business, construction, repairs, replacements, taxes and contingencies; and (d) to the repayment of any loans made to the Company by any Member. Thereafter, the cash receipts of the Company shall be distributed among the Members as hereafter provided.

Except as otherwise provided in this Agreement or otherwise required by law, distributions of cash receipts of the Company, other than from capital transactions, shall be allocated among the Members in proportion to the Members' Percentage Interests.

Except as otherwise provided in this Agreement or otherwise required by law, distributions of cash receipts from capital transactions shall be allocated in the following order or priority: (a) to the Members in proportion to their respective capital accounts until each Member has received cash distributions equal to any positive balance in their capital account; then (b) to the Members in proportion to the Members' Percentage Interests.

It is the intention of the Members that the allocations under this Agreement shall be deemed to have "substantial economic effect" within the meaning of Section 704 of the Internal Revenue Code and Treas. Reg. Section 1.704-1. Should the provisions of this Agreement be inconsistent with or in conflict with Section 704 of the Code or the Regulations thereunder, then Section 704 of the Code and the Regulations shall be deemed to override the contrary provisions thereof.  If Section 704 or the Regulations at any time require that limited liability company operating agreements contain provisions which are not expressly set forth herein, such provisions shall be incorporated into this Agreement by reference and shall be deemed a part of this Agreement to the same extent as though they had been expressly set forth herein.

7.  <u>Books, Records and Tax Returns</u>

The Members, or their designees, shall maintain complete and accurate records and books of the Company's transactions in accordance with generally accepted accounting principles.

The Company shall furnish each Member, within seventy-five days after the end of each fiscal year, an annual report of the Company including a balance sheet, a profit and loss statement a capital account statement; and the amount of such Member's share of the Company's income, gain, losses, deductions and other relevant items for federal income tax purposes.

The Company shall prepare all Federal, State and local income tax and information returns for the Company, and shall cause such tax and information returns to be timely filed.  Within seventy-five days after the end of each fiscal year, the Company shall forward to each person who was a Member during the preceding fiscal year a true copy of the Company's information return filed with the Internal Revenue Service for the preceding fiscal year.

All elections required or permitted to be made by the Company under the Internal Revenue Code, and the designation of a tax matters partner pursuant to Section 6231(a)(7) of the Internal Revenue Code for all purposes permitted or required by the Code, shall be made by the Company by the affirmative vote or consent of Members holding a majority of the Members' Percentage Interests.

Upon request, the Company shall furnish to each Member, a current list of the names and addresses of all of the Members of the Company, and any other persons or entities having any financial interest in the Company.

8.  <u>Bank Accounts</u>

All funds of the Company shall be deposited in the Company's name in a bank account or accounts as chosen by the Member(s).  Withdrawals from any bank accounts shall be made only in the regular course of business of the Company and shall be made upon such signature or signatures as the Members from time to time may designate.

9.  <u>Management of the Company</u>

The business and affairs of the Company shall be conducted and managed by the Member(s) in accordance with this Agreement and the laws of the State of New York.

Except as expressly provided elsewhere in this Agreement, all decisions respecting the management, operation and control of the business and affairs of the Company and all determinations made in accordance with this Agreement shall be made by the affirmative vote or consent of Members holding a majority of the Members' Percentage Interests.

Notwithstanding any other provision of this Agreement, the Members shall not, without the prior written consent of the unanimous vote or consent of the Members, sell, exchange, lease, assign or otherwise transfer all or substantially all of the assets of the Company; sell, exchange, lease (other than space leases in the ordinary course of business), assign or transfer the Company's assets; mortgage, pledge or encumber the Company's assets other than is expressly authorized by this Agreement; prepay, refinance, modify, extend or consolidate any existing mortgages or encumbrances; borrow money on behalf of the Company in the excess of $1,000,000.00; lend any Company funds or other assets to any person in an amount or with a value in excess of $1,000,000.00; establish any reserves for working capital repairs, replacements, improvements or any other purpose, in excess of an aggregate of $100,000.00; confess a judgment against the Company; settle, compromise or release, discharge or pay any claim, demand or debt in excess of $1,000,000.00, including claims for insurance; approve a merger or consolidation of the Company with or into any other limited liability company, corporation, partnership or other entity; or change the nature or character of the business of the Company.

The members shall receive such sums for compensation as Members of the Company as may be determined from time to time by the affirmative vote or consent of Members holding a majority of the Members' Percentage Interests.

<u>Meetings of Members</u>

The annual meeting of the Members shall be held on Sept 1 (day/month) at the principal office of the Company or at such other time and place as the Members determine, for the purpose of transacting such business as may lawfully come before the meeting.  If the day fixed for the annual meeting shall be a legal holiday, such meeting shall be held on the next succeeding business day.

The Members may by resolution prescribe the time and place for the holding of regular meetings and may provide that the adoption of such resolution shall constitute notice of such regular meetings.

Special meetings of the Members, for any purpose or purposes, may be called by any two Members (or such other number of Members as the Members from time to time may specify).

Written or electronic notice stating the place, day and hour of the meeting and, in the case of a special meeting, the purpose for which the meeting is called, shall be delivered not less than three days before the date of the meeting, either personally or by mail, to each Member of record entitled to vote at such meeting.  When all the Members of the Company are present at any meeting, or if those not present sign a written waiver of notice of such meeting, or

subsequently ratify all the proceedings thereof, the transactions of such meeting shall be valid as if a meeting had been formally called and notice had been given.

At any meeting of the Members, the presence of Members holding a majority of the Members' Percentage Interests, as determined from the books of the Company, represented in person or by proxy, shall constitute a quorum for the conduct of the general business of the Company. However, if any particular action by the Company shall require the vote or consent of some other number or percentage of Members pursuant to this Agreement, a quorum for the purpose of taking such action shall require such other number or percentage of Members.  If a quorum is not present, the meeting may be adjourned from time to time without further notice, and if a quorum is present at the adjourned meeting any business may be transacted which might have been transacted at the meeting as originally notified.  The Members present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough Members to leave less a quorum.

At all meetings of the Members, a Member may vote by proxy executed in writing by the Member or by a duly authorized attorney-in-fact of the Member.  Such proxy shall be filed with the Company before or at the time of the meeting.

A Member of the Company who is present at a meeting of the Members at which action on any matter is taken shall be presumed to have assented to the action taken, unless the dissent of such Member shall be entered in the minutes of the meeting or unless such Member shall file a written dissent to such action with the person acting as the secretary of the meeting before the meeting's adjournment.  Such right to dissent shall not apply to a Member who voted in favor of such action.

Unless otherwise provided by law, any action required to be taken at a meeting of the Members, or any other action which may be taken at a meeting of the Members, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the Members entitled to vote with respect to the subject.

Members of the Company may participate in any meeting of the Members by means of conference telephone or similar communication if all persons participating in such meeting can hear one another for the entire discussion of the matters to be vote upon.  Participation in a meeting pursuant to this paragraph shall constitute presence in person at such meeting.

<u>Assignment of Interests</u>

Except as otherwise provided in this Agreement, no Member or other person holding any interest in the Company may assign, pledge, hypothecate, transfer or otherwise dispose of all or any part of their interest in the Company, including without limitation, the capital, profits or distributions of the Company without the prior written consent of the other Members in each instance.

The Members agree that no Member may voluntarily withdraw from the Company without the Majority vote or consent of the Members.

A Member may assign all or any part of such Member's interest in the allocations and distributions of the Company to any of the following (collectively the "permitted assignees"): any person, corporation, partnership or other entity as to which the Company has given consent to the assignment of such interest in the allocations and distributions of the Company by the affirmative vote or consent of Members holding a majority of the Members' Percentage Interests.  An assignment to a permitted assignee shall only entitle the permitted assignee to the allocations and distributions to which the assigned interest is entitled, unless such permitted assignee applies for admission to the Company and is admitted to the Company as a Member in accordance with this Agreement.

An assignment, pledge, hypothecation, transfer or other disposition of all or any part of the interest of a Member in the Company or other person holding any interest in the Company in violation of the provisions hereof shall be null and void for all purposes.

No assignment, transfer or other disposition of all or any part of the interest of any Member permitted under this Agreement shall be binding upon the Company unless and until a duly executed and acknowledged counterpart of such assignment or instrument of transfer, in form and substance satisfactory to the Company, has been delivered to the Company.

No assignment or other disposition of any interest of any Member may be made if such assignment or disposition, alone or when combine with other transactions, would result in the termination of the Company within the meaning of Section 708 of the Internal Revenue Code or under any other relevant section of the Code or any successor statute.  No assignment or other disposition of any interest of any Member may be made without an opinion of counsel satisfactory to the Company that such assignment or disposition is subject to an effective registration under, or exempt from the registration requirements of, the applicable Federal and State securities laws.  No interest in the Company may be assigned or given to any person below the age of 21 years or to a person who has been adjudged to be insane or incompetent.

Anything herein contained to the contrary, the Company shall be entitled to treat the record holder of the interest of a Member as the absolute owner thereof, and shall incur no liability by reason of distributions made in good faith to such record holder, unless and until there has been delivered to the Company the assignment or other instrument of transfer and such other evidence as may be reasonably required by the Company to establish to the satisfaction of the Company that an interest has been assigned or transferred in accordance with this Agreement.

<u>Right of First Refusal</u>

If a Member desires to sell, transfer or otherwise dispose of all or any part of their interest in the Company, such Member (the "Selling Member") shall first offer to sell and convey such interest to the other Members before selling, transferring or otherwise disposing of such interest to any other person, corporation or other entity.  Such offer shall be in writing, shall be given to every other Member, and shall set forth the interest to be sold, the purchase price to be paid, the date on which the closing is to take place (which date shall be not less than thirty nor more than sixty days after the delivery of the offer), the location at which the closing is to take place, and all other material terms and conditions of the sale, transfer or other disposition.

Within fifteen days after the delivery of said offer the other Members shall deliver to the Selling Member a written notice either accepting or rejecting the offer. Failure to deliver said notice within said fifteen days conclusively shall be deemed a rejection of the offer. Any or all of the other Members may elect to accept the offer, and if more than one of the other Members elects to accept the offer, the interest being sold and the purchase price therefore shall be allocated among the Members so accepting the offer in proportion to their Members' Percentage Interests, unless they otherwise agree in writing.

If any or all of the other Members elect to accept the offer, then the closing of title shall be held in accordance with the offer and the Selling Member shall deliver to the other Members who have accepted the offer an assignment of the interest being sold by the Selling Member, and said other Members shall pay the purchase price prescribed in the offer.

If no other Member accepts the offer, or if the Members who have accepted such offer default in their obligations to purchase the interest, then the Selling Member within 120 days after the delivery of the offer may sell such interest to any other person or entity at a purchase price which is not less than the purchase price prescribed in the offer and upon the terms and conditions which are substantially the same as the terms and conditions set forth in the offer, provided all other applicable requirements of this Agreement are complied with. An assignment of such interest to a person or entity who is not a Member of the Company shall only entitle such person or entity to the allocations and distributions to which the assigned interest is entitled, unless such person or entity applies for admission to the Company and is admitted to the Company as a Member in accordance with this Agreement.

If the Selling Member does not sell such interest within said 120 days, then the Selling Member may not thereafter sell such interest without again offering such interest to the other Members in accordance with this Agreement.

Admission of New Members

The Company may admit new Members (or transferees of any interests of existing Members) into the Company by the majority vote or consent of the Members.

As a condition to the admission of a new Member, such Member shall execute and acknowledge such instruments, in form and substance satisfactory to the Company, as the Company may deem necessary or desirable to effectuate such admission and to confirm the agreement of such Member to be bound by all of the terms, covenants and conditions of this Agreement, as the same may have been amended. Such new Member shall pay all reasonable expenses in connection with such admission, including without limitation, reasonable attorneys' fees and the cost of the preparation, filing or publication of any amendment to this Agreement or the Articles of Organization, which the Company may deem necessary or desirable in connection with such admission.

No new Member shall be entitled to any retroactive allocation of income, losses, or expense deductions of the Company. The Company may make pro rata allocations of income, losses or expense deductions to a new Member for that portion of the tax year in which the Member was admitted in accordance with Section 706(d) of the Internal Revenue Code and regulations thereunder.

In no event shall a new Member be admitted to the Company if such admission would be in violation of applicable Federal or State securities laws or would adversely affect the treatment of the Company as a partnership for income tax purposes.

Withdrawal Events

In the event of the death, retirement, withdrawal, expulsion, or dissolution of a Member, or an event of bankruptcy or insolvency, as hereinafter defined, with respect to a Member, or the occurrence of any other event which terminates the continued membership of a Member in the Company pursuant to the Statutes (each of the foregoing being hereinafter referred to as a "Withdrawal Event"), the Company shall terminate sixty days after notice to the Members of such withdrawal Event unless the business of the Company is continued as hereinafter provided.

Notwithstanding a Withdrawal Event with respect to a Member, the Company shall not terminate, irrespective of applicable law, if within aforesaid sixty day period the remaining Members, by the unanimous vote or consent of the Members (other than the Member who caused the Withdrawal Event), shall elect to continue the business of the Company.

In the event of a Withdrawal Event with respect to an Member, any successor in interest to such Member (including without limitation any executor, administrator, heir, committee, guardian, or other representative or successor) shall not become entitled to any rights or interests of such Member in the Company, other than the allocations and distributions to which such Member is entitled, unless such successor in interest is admitted as a Member in accordance with this Agreement.

An "event of bankruptcy or insolvency" with respect to a Member shall occur if such Member: (1) applies for or consents to the appointment of a receiver, trustee or liquidator of all or a substantial part of their assets; or (2) makes a general assignment for the benefit of creditors; or (3) is adjudicated a bankrupt or an insolvent; or (4) files a voluntary petition in bankruptcy or a petition or an answer seeking an arrangement with creditors or to take advantage of any bankruptcy, insolvency, readjustment of debt or similar law or statute, or an answer admitting the material allegations of a petition filed against them in any bankruptcy, insolvency, readjustment of debt or similar proceedings; or (5) takes any action for the purpose of effecting any of the foregoing; or (6) an order, judgment or decree shall be entered, with or without the application, approval or consent of such Member, by any court of competent jurisdiction, approving a petition for or appointing a receiver or trustee of all or a substantial part of the assets of such Member, and such order, judgment or decree shall be entered, with or without the application, approval or consent of such Member, by any court of competent jurisdiction, approving a petition for or appointing a receiver or trustee of all or a substantial part of the assets of such Member, and such order, judgment or decree shall continue unstayed and in effect for thirty days.

10. Dissolution and Liquidation

The Company shall terminate upon the occurrence of any of the following : (i) the election by the Members to dissolve the Company made by the unanimous vote or consent of the

Members; (ii) the occurrence of a Withdrawal Event with respect to a Member and the failure of the remaining Members to elect to continue the business of the Company as provided for in this Agreement above; or (iii) any other event which pursuant to this Agreement, as the same may hereafter be amended, shall cause a termination of the Company.

The liquidation of the Company shall be conducted and supervised by a person designated for such purposes by the affirmative vote or consent of Members holding a majority of the Members' Percentage Interests (the "Liquidating Agent"). The Liquidating Agent hereby is authorized and empowered to execute any and all documents and to take any and all actions necessary or desirable to effectuate the dissolution and liquidation of the Company in accordance with this Agreement.

Promptly after the termination of the Company, the Liquidating Agent shall cause to be prepared and furnished to the Members a statement setting forth the assets and liabilities of the Company as of the date of termination. The Liquidating Agent, to the extent practicable, shall liquidate the assets of the Company as promptly as possible, but in an orderly and businesslike manner so as not to involve undue sacrifice.

The proceeds of sale and all other assets of the Company shall be applied and distributed in the following order of priority: (1) to the payment of the expenses of liquidation and the debts and liabilities of the Company, other than debts and liabilities to Members; (2) to the payment of debts and liabilities to Members; (3) to the setting up of any reserves which the Liquidating Agent may deem necessary or desirable for any contingent or unforeseen liabilities or obligations of the Company, which reserves shall be paid over to licensed attorney to hold in escrow for a period of two years for the purpose of payment of any liabilities and obligations, at the expiration of which period the balance of such reserves shall be distributed as provided; (4) to the Members in proportion to their respective capital accounts until each Member has received cash distributions equal to any positive balance in their capital account, in accordance with the rules and requirements of Treas. Reg. Section 1.704-1(b)(2)(ii)(b); and (5) to the Members in proportion to the Members' Percentage Interests.

The liquidation shall be complete within the period required by Treas. Reg. Section 1.704-1(b)(2)(ii)(b).

Upon compliance with the distribution plan, the Members shall no longer be Members, and the Company shall execute, acknowledge and cause to be filed any documents or instruments as may be necessary or appropriate to evidence the dissolution and termination of the Company pursuant to the Statutes.

11. Representations of Members

Each of the Members represents, warrants and agrees that the Member is acquiring the interest in the Company for the Member's own account for investment purposes only and not with a view to the sale or distribution thereof; the Member, if an individual, is over the age of 21; if the Member is an organization, such organization is duly organized, validly existing and in good standing under the laws of its State of organization and that it has full power and authority to execute this Agreement and perform its obligations hereunder; the execution and

performance of this Agreement by the Member does not conflict with, and will not result in any breach of, any law or any order, writ, injunction or decree of any court or governmental authority against or which binds the Member, or of any agreement or instrument to which the Member is a party; and the Member shall not dispose of such interest or any part thereof in any manner which would constitute a violation of the Securities Act of 1933, the Rules and Regulations of the Securities and Exchange Commission, or any applicable laws, rules or regulations of any State or other governmental authorities, as the same may be amended.

12. Notices

All notices, demands, requests or other communications which any of the parties to this Agreement may desire or be required to give hereunder shall be in writing and shall be deemed to have been properly given if sent by courier or by registered or certified mail, return receipt requested, with postage prepaid, addressed as follows: (a) if to the Company, at the principal place of business of the Company designated by the Company; and (b) if to any Member, to the address of said Member first above written, or to such other address as may be designated by said Member by notice to the Company and the other Members pursuant to this Article 13.

13. Arbitration

Any dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof shall, upon the request of any party involved, be submitted to, and settled by, arbitration in the city in which the principal place of business of the Company is then located, pursuant to the commercial arbitration rules then in effect of the American Arbitration Association (or at any other time or place or under any other form of arbitration mutually acceptable to the parties involved). Any award rendered shall be final and conclusive upon the parties and a judgment thereon may be entered in a court of competent jurisdiction. The expenses of the arbitration shall be borne equally by the parties to the arbitration, provided that each party shall pay for and bear the cost of its own experts, evidence and attorneys' fees, except that in the discretion of the arbitrator any award may include the attorney's fees of a party if the arbitrator expressly determines that the party against whom such award is entered has caused the dispute, controversy or claim to be submitted to arbitration as a dilatory tactic or in bad faith.

14. Amendments

This Agreement may not be altered, amended, changed, supplemented, waived or modified in any respect or particular unless the same shall be in writing and agreed to by the affirmative vote or consent of Members holding a majority of the Members' Percentage Interests. No amendment may be made to Articles that apply to the financial interest of the Members, except by the vote or consent of all of the Members. No amendment of any provision of this Agreement relating to the voting requirements of the Members on any specific subject shall be made without the affirmative vote or consent of at least the number or percentage of Members required to vote on such subject.

15. <u>Miscellaneous</u>

This Agreement and the rights and liabilities of the parties hereunder shall be governed by and determined in accordance with the laws of the State of New York. If any provision of this Agreement shall be invalid or unenforceable, such invalidity or unenforceability shall not affect the other provisions of this Agreement, which shall remain in full force and effect.

The captions in this Agreement are for convenience only and are not to be considered in construing this Agreement.  All pronouns shall be deemed to be the masculine, feminine, neuter, singular or plural as the identity of the person or persons may require.  References to a person or persons shall include partnerships, corporations, limited liability companies, unincorporated associations, trusts, estates and other types of entities.

This Agreement, and any amendments hereto may be executed in counterparts all of which taken together shall constitute one agreement.

This Agreement sets forth the entire agreement of the parties hereto with respect to the subject matter hereof.  It is the intention of the Member(s) that this Agreement shall be the sole agreement of the parties, and, except to the extent a provision of this Agreement provides for the incorporation of federal income tax rules or is expressly prohibited or ineffective under the Statutes, this Agreement shall govern even when inconsistent with, or different from, the provisions of any applicable law or rule.  To the extent any provision of this Agreement is prohibited or otherwise ineffective under the Statutes, such provision shall be considered to be ineffective to the smallest degree possible in order to make this Agreement effective under the Statutes.

Subject to the limitations on transferability set forth above, this Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective heirs, executors, administrators, successors and assigns.

No provision of this Agreement is intended to be for the benefit of or enforceable by any third party.

**IN WITNESS WHEREOF**, the parties have executed this Agreement this _____ day of

_____, 20_____.


_____, LLC

By:_____          _____
                                                                         Member Signature

                                                                         _____
                                                                         Member Signature

                                                                         _____
                                                                         Member Signature

15. <u>Miscellaneous</u>

This Agreement and the rights and liabilities of the parties hereunder shall be governed by and determined in accordance with the laws of the State of New York. If any provision of this Agreement shall be invalid or unenforceable, such invalidity or unenforceability shall not affect the other provisions of this Agreement, which shall remain in full force and effect.

The captions in this Agreement are for convenience only and are not to be considered in construing this Agreement.  All pronouns shall be deemed to be the masculine, feminine, neuter, singular or plural as the identity of the person or persons may require.  References to a person or persons shall include partnerships, corporations, limited liability companies, unincorporated associations, trusts, estates and other types of entities.

This Agreement, and any amendments hereto may be executed in counterparts all of which taken together shall constitute one agreement.

This Agreement sets forth the entire agreement of the parties hereto with respect to the subject matter hereof.  It is the intention of the Member(s) that this Agreement shall be the sole agreement of the parties, and, except to the extent a provision of this Agreement provides for the incorporation of federal income tax rules or is expressly prohibited or ineffective under the Statutes, this Agreement shall govern even when inconsistent with, or different from, the provisions of any applicable law or rule.  To the extent any provision of this Agreement is prohibited or otherwise ineffective under the Statutes, such provision shall be considered to be ineffective to the smallest degree possible in order to make this Agreement effective under the Statutes.

Subject to the limitations on transferability set forth above, this Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective heirs, executors, administrators, successors and assigns.

No provision of this Agreement is intended to be for the benefit of or enforceable by any third party.

**IN WITNESS WHEREOF**, the parties have executed this Agreement this _18th_ day of

_Febsrary_, 20_19_.

_83 HIGH ROW_, LLC

By: _____

_____
Member Signature

_____
Member Signature

_____
Member Signature

# EXHIBIT 8

Photo from Dave

Employer Identification Number:
83-3613749

Form: SS-4

Number of this notice: CP 575 B

32HIGHVIEW LLC
ARYEH ZAKS MBR
18 MOUNTAIN AVE
MONSEY, NY 10952

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned you
EIN 83-3613749. This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees. Please keep this notice in your permanent
records.

When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above. Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN. If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

Based on the information received from you or your representative, you must file
the following form(s) by the date(s) shown.

                        Form 1065                  03/15/2019

If you have questions about the form(s) or the due date(s) shown, you can call us at
the phone number or write to us at the address shown at the top of this notice. If you
need help in determining your annual accounting period (tax year), see Publication 538,
*Accounting Periods and Methods*.

We assigned you a tax classification based on information obtained from you or your
representative. It is not a legal determination of your tax classification, and is not
binding on the IRS. If you want a legal determination of your tax classification, you may
request a private letter ruling from the IRS under the guidelines in Revenue Procedure
2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue). Note:
Certain tax classification elections can be requested by filing Form 8832, *Entity
Classification Election*. See Form 8832 and its instructions for additional information.

A limited liability company (LLC) may file Form 8832, *Entity Classification
Election*, and elect to be classified as an association taxable as a corporation. If
the LLC is eligible to be treated as a corporation that meets certain tests and it
will be electing S corporation status, it must timely file Form 2553, *Election by a
Small Business Corporation*. The LLC will be treated as a corporation as of the
effective date of the S corporation election and does not need to file Form 8832.

To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov. If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

(IRS USE ONLY)    575B          02-18-2019  82HI  B  9999999999  SS-4

IMPORTANT REMINDERS:

*   Keep a copy of this notice in your permanent records. **This notice is issued only
    one time and the IRS will not be able to generate a duplicate copy for you.** You
    may give a copy of this document to anyone asking for proof of your EIN.

*   Use this EIN and your name exactly as they appear at the top of this notice on all
    your federal tax forms.

*   Refer to this EIN on your tax-related correspondence and documents.

If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice. If you write, please tear off the stub
at the bottom of this notice and send it along with your letter. If you do not need to
write us, do not complete and return the stub.

Your name control associated with this EIN is 82HI. You will need to provide this
information, along with your EIN, if you file your returns electronically.

Thank you for your cooperation.

                    Keep this part for your records.      CP 575 B (Rev. 7-2007)

--------------------------------------------------------------------------------

Return this part with any correspondence
so we may identify your account. Please                                    CP 575 B
correct any errors in your name or address.
                                                          9999999999

Your Telephone Number  Best Time to Call    DATE OF THIS NOTICE:  02-18-2019
(    )      _____     _____         EMPLOYER IDENTIFICATION NUMBER:  83-3613749
                                             FORM:  SS-4      NOBOD

INTERNAL REVENUE SERVICE                    32HIGHVIEW LLC
CINCINNATI  OH  45999-0023                  ARYEH ZAKS MBR
|..|..|.|.|.|..|.|..|..|..|.|.|..|.|.|      18 MOUNTAIN AVE
                                            MONSEY, NY 10952

# EXHIBIT 9

22-22493-shl   Doc 7-2   Filed 08/03/22   Entered 08/03/22 10:30:01   Declaration of
Israel Dahan   Pg 200 of 204

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ROCKLAND**
-------------------------------------------------------
X
YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,                                    Index No. 036879/2021

                      Plaintiffs,

              -against-                          **Suggestion of Bankruptcy**

82 HIGHVIEW LLC, SHEM OLAM LLC,
and ARYEH ZAKS

                   Defendants
-------------------------------------------------------
X

     **PLEASE TAKE NOTICE** that on July 27, 2022, Shem Olam LLC ("Debtor") filed a

voluntary petition seeking bankruptcy protection under chapter 11 of title 11 of the United States

Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of

New York ("Bankruptcy Court"). The Debtor's bankruptcy case is pending before the

Honorable Sean H. Lane, United States Bankruptcy Judge, Case No. 22-22493. A filing receipt

of the notice of bankruptcy case filing is attached as **Exhibit A**.

     **PLEASE TAKE FURTHER NOTICE**, that pursuant to section 362(a) of the

Bankruptcy Code, the filing of a bankruptcy petition gives rise to a stay, applicable to all entities,

of, among other things: (a) the commencement or continuation of any judicial, administrative or

other action or proceeding against the Debtor (i) that was or could have been commenced before

the commencement of the chapter 11 case or (ii) to recover a claim against the Debtor that arose

before the commencement of the chapter 11 case; and (b) the enforcement against the Debtor or

against any property of the Debtor's bankruptcy estate, of a judgment obtained prior to the

commencement of the chapter 11 case; and (c) any act to obtain possession of property of or

{01111358.DOC;2 }

1 of 3

FILED: ROCKLAND COUNTY CLERK 07/27/2022 06:56 PM

INDEX NO. 036879/2021

NYSCEF DOC. NO. 85

RECEIVED NYSCEF: 07/27/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 201 of 204

from the Debtor's bankruptcy estate, or to exercise control over property of the Debtor's

bankruptcy estate. No order has been entered in the chapter 11 case granting relief from the

automatic stay with respect to the above-captioned case.

**PLEASE TAKE FURTHER NOTICE**, that any action taken against the Debtor without

obtaining relief from the automatic stay from the Bankruptcy Court may be void and result in a

finding of contempt for violating the automatic stay.  The Debtor reserves and retains its right to

seek relief from the Bankruptcy Court from any judgment, order, or ruling entered in violation of

the automatic stay.

**DATED:**  New York, New York
July 27, 2022

> **LEECH TISHMAN**
> **ROBINSON BROG PLLC**
> **Proposed Attorneys for Debtor**
> 875 Third Avenue, 9th Floor
> New York, New York 10022
> Tel. No.:  212-603-6300
>
> By: /s/ Steven B. Eichel
> **Steven B. Eichel**

{01111358.DOC;2 }

FILED: ROCKLAND COUNTY CLERK 07/27/2022 06:56 PM

NYSCEF DOC. NO. 85

INDEX NO. 036879/2021

RECEIVED NYSCEF: 07/27/2022

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 202 of 204

# **Exhibit A**

{01111358.DOC;2 }

United States Bankruptcy Court
Southern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 11 of the United States Bankruptcy Code,
entered on 07/27/2022 at 4:50 PM and filed on 07/27/2022.

**Shem Olam LLC**
18 Mountain Avenue
Monsey, NY 10952
Tax ID / EIN: 84-3269735



The case was filed by the debtor's attorney:

**Arnold Mitchell Greene**
Leech Tishman Robinson Brog PLLC
875 Third Avenue
9th Floor
New York, NY 10022
212-603-6399

The case was assigned case number 22-22493-shl to Judge Sean H. Lane.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, 300 Quarropas Street, White Plains, NY
10601.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy Court**

---

**PACER Service Center**

**Transaction Receipt**

FILED: ROCKLAND COUNTY CLERK 07/27/2022 06:56 PM INDEX NO. 036879/2021

NYSCEF DOC. NO. 86

22-22493-shl    Doc 7-2    Filed 08/03/22    Entered 08/03/22 10:30:01    Declaration of
Israel Dahan    Pg 204 of 204

RECEIVED NYSCEF: 07/27/2022

07/27/2022 18:57:28

| PACER Login: | Rblggg8759 | Client Code: | 09997-363 Shem Olam |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 22-22493-shl |
| Billable Pages: | 1 | Cost: | 0.10 |