**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
A. Mitchell Greene
Steven B. Eichel
*Proposed Attorneys for the Debtor and Debtor in*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

In re:

**SHEM OLAM LLC,**

                         Debtor.

---------------------------------------------------------X

Chapter 11

Case No. 22-22493-shl

## APPLICATION OF THE DEBTOR FOR ENTRY
## OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
## RETENTION OF LEECH TISHMAN ROBINSON BROG, PLLC AS
## COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

       Shem Olam LLC, as debtor and debtor in possession (the "Debtor"), in support of the entry of the proposed order, annexed to this application as **Exhibit A**, and in support of this application (the "Application") states as follows:

## BACKGROUND

       1.      On July 27, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") in this Court.

       2.      The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this motion, no trustee, examiner or committee has been requested or appointed.

{01145516.DOC;4 }

3.      The Debtor is the owner of the real property located at 82 Highview Road, Suffern, New York.  In order to preserve the value of the Property and to either refinance the Property or sell it to pay its debts, the Debtor sought the protection afforded under the Bankruptcy Code.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C.§§ 1408 and 1409.

## RELIEF REQUESTED

5.      Pursuant to sections 327(a), 328(a), 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Debtor seeks entry of an order authorizing the retention and employment of the Leech Tishman Robinson Brog, PLLC ("LTRB") as counsel to the Debtor effective as of the Petition Date.

6.      The Debtor requests that the Court approve the retention of LTRB as its attorneys to perform the extensive legal services that will be required during the Chapter 11 Case in accordance with LTRB's normal hourly rates in effect when services are rendered and LTRB's normal reimbursement policies. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order"). In support of this Application, the Debtor submits the declaration of A. Mitchell Greene, a partner of LTRB, attached hereto as **Exhibit B** (the "Greene Declaration") and the Declaration of Henoch Zaks attached hereto as **Exhibit C** (the "Zaks Declaration").

2

**RETENTION OF LTRB**

7.      LTRB is well qualified to serve as bankruptcy counsel to the Debtor because of its familiarity with the Debtor, and LTRB's experience in the fields of debtor and creditor rights, bankruptcy, debt restructuring, corporate reorganization, real estate law, and litigation. LTRB has an extensive bankruptcy practice, having represented debtors, creditors, landlords and other parties in interest in numerous proceedings under chapter 11 of the Bankruptcy Code in the Southern and Eastern District of New York and the District of Delaware as well as other jurisdictions throughout the country.

**SCOPE OF EMPLOYMENT**

8.      LTRB was employed to provide the Debtor with financial restructuring services, specifically in connection with, but not limited to, the restructuring of the Debtor's debt obligations. LTRB's services are necessary to enable the Debtor to faithfully execute its duties as debtors in possession and to preserve and enhance the value of the Debtor's estate and satisfy the claims of its creditors. The professional services that LTRB expects to render to the Debtor include but shall not be limited to, the preparation, filing and prosecution of its chapter 11 bankruptcy case, including, without limitation:

(a)      providing legal advice with respect to the Debtor's powers and duties as a debtor in possession under the Bankruptcy Code in the continued operation of its business and the management of its property;

(b)      negotiating, drafting, and pursuing all documentation necessary in this chapter 11 case, including, without limitation, any debtor in possession financing arrangements and the disposition of the Debtor's assets, by sale or otherwise;

(c)      preparing, on behalf of the Debtor, applications, motions, answers, orders, reports, and other legal papers necessary to the administration of the Debtor's estate;

3

(d) negotiating with creditors of the Debtor, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

(e) appearing in Court and protecting the interests of the Debtor before the Court;

(f) attending meetings and negotiating with representatives of creditors, the United States Trustee, and other parties-in-interest;

(g) providing legal advice to the Debtor regarding bankruptcy law, corporate law, corporate governance, tax, litigation, and other issues attendant to the Debtor's business operations;

(h) taking all necessary actions to protect and preserve the Debtor's estate including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate; and

(i) performing other legal services for, and providing other necessary legal advice to, the Debtor, which may be necessary and proper in the chapter 11 case or otherwise requested by the Debtor and reasonably acceptable to LTRB.

## **LTRB'S DISINTERESTEDNESS**

9. To the best of the Debtor's knowledge, the partners of, counsel to, and associates of LTRB do not have any connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Greene Declaration.

10. Based upon the Greene Declaration, LTRB is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. The Debtor has been informed that LTRB will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant

4

facts or relationships are discovered, LTRB will supplement its disclosure to the Court accordingly.

## PROFESSIONAL COMPENSATION

11.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). LTRB intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court, on an hourly basis, plus reimbursement of actual necessary expenses and other charges incurred by LTRB. A statement pursuant to Rule 2016 of the Bankruptcy Rules and section 329 of the Bankruptcy Code is incorporated herein by reference.

12.     LTRB has advised the Debtor that the current hourly rates applicable to the attorneys proposed to represent the Debtor range from $325 to $800.

13.     Other attorneys and paralegals will render services to the Debtor as needed. Generally, LTRB's hourly rates are in the following ranges:

| Professional | Hourly Rate |
| --- | --- |
| Shareholders | $500-$800 |
| Counsel | $495-$600 |
| Associates | $325-$475 |
| Legal Assistants/Paralegals | $120-$250 |

14.     LTRB has explained to the Debtor that the hourly rates set forth above are (a) set at a level designed to fairly compensate the firm for its work and to cover fixed and

5

routine overhead expenses, (b) standard for work of this nature inside or outside bankruptcy and (c) remain subject to periodic, firm-wide adjustments in the ordinary course of LTRB's business.

15.     LTRB intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Greene Declaration, and related documents, as well as any monthly, interim or final fee applications and related issues.

16.     Other than as set forth herein, there is no proposed arrangement to compensate LTRB.

## COMPENSATION RECEIVED BY LTRB FROM THE DEBTOR

17.     As of the Petition Date, LTRB was not a creditor of the Debtor   *See* Greene Declaration at ¶30. LTRB also received an advanced payment retainer totaling $25,000 ("Advance Payment Retainer") from Deborah Hilman and $1,738.00 from Henoch Zaks to fund the payment of the Chapter 11 filing fee.

18.     The Advanced Payment Retainer was applied to LTRB's fees and expenses relating to the Debtor's prepetition insolvency-related issues and the preparation of the Chapter 11 case during that period. LTRB will hold any funds remaining after reconciliation and application of the Advance Payment Retainer to amounts incurred prior to the Petition Date to be applied to the fees and expenses incurred during this Chapter 11 Case after its final fee application is approved.  Additionally, LTRB received $1,738 from Henoch Zaks to fund the payment of the chapter 11 filing fee.

19.     Pursuant to Bankruptcy Code section 504 and Bankruptcy Rule 2016(b),

4892-8652-7020, v. 2

LTRB has not shared or agreed to share (a) any of its compensation from the Debtor with any persons other than shareholders, counsel, associates, and employees of LTRB, or (b) any compensation any other persons have received or may receive.

## SUPPORTING AUTHORITY

20.     The Debtor seeks retention of LTRB as its attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

21.     Additionally, pursuant to section 328(a) of the Bankruptcy Code, the Debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 ... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions. *See In re Vertis Holdings, Inc.,* Case No. 12-12821 (CSS) (Bankr. D. Del. Nov. 20, 2012), Docket No. 294 (authorizing the retention and employment of lead counsel to the debtors under sections 327(a) and 328(a) of the Bankruptcy Code).

22.     Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and

accountants, the United States trustee, or any person employed in the office of
the United States trustee.

Fed. R. Bankr. 2014(a).

23.     The Debtor submits that for all the reasons stated above and in the Zaks
Declaration, the employment and retention of LTRB as counsel to the Debtor is warranted.
Further, as stated in the Greene Declaration, LTRB is a "disinterested person" within the
meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of
the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code, and does
not hold or represent an interest adverse to the Debtor's estate and has no connection to the
Debtor, its creditors, or other parties in interest, except as disclosed in the Greene
Declaration.

## REQUEST FOR APPROVAL OF RETENTION
## OF LTRB EFFECTIVE AS OF THE PETITION DATE

24.     The Debtor requests that LTRB's retention be made effective as of the Petition
Date, in order to allow LTRB to be compensated for the work performed for the Debtor
prior to the Court's consideration and approval of this Application. Further, the Debtor
believe that no party-in-interest will be prejudiced by the granting of retroactive
employment because LTRB has provided, and will continue to provide, valuable services to
the Debtor's estate in the interim period.

25.     Courts in this jurisdiction routinely approve retroactive employment similar to
that requested herein. See, e.g., *26 Bowery LLC*, Case No. 22-10412 (MG) (Bankr. S.D.N.Y.
April 18, 2022); *GTT Communications, Inc*., Case No 21-11880 (MEW) (Bankr. S.D.N.Y. Dec.
13, 2021); *GBG USA Inc*., Case No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021), *The
Roman Catholic Diocese of Rockville Centre*, New York, Case No. 20-12345 (MG) (Bankr.
S.D.N.Y. Nov. 4, 2020); *Century 21 Dep't Stores LLC*, Case No. 20-12097 (SCC) (Bankr.

S.D.N.Y. Oct. 14, 2020).

## **NOTICE**

26.     Notice of this Application has been given to United States Trustee.  The Debtor believes that such notice is sufficient under the circumstances and that no further notice need be given to any party.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: August 31, 2022
          New York, New York

**SHEM OLAM LLC**

**By:** /s/ Henoch Zaks
**Henoch Zaks**
**Authorized Signatory**

9

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

In re:                                                                        Chapter 11

                                                                              Case No. 22-22493-SHL
**SHEM OLAM LLC,**

                                            Debtor.
---------------------------------------------------------X

### ORDER AUTHORIZING EMPLOYMENT AND
### RETENTION OF LEECH TISHMAN ROBINSON BROG PLLC AS
### BANKRUPTCY ATTORNEYS FOR THE DEBTOR EFFECTIVE AS OF JULY 27, 2022

Upon the application (the "Application") of the above-captioned debtor and

debtor-in-possession ("Debtor"), for entry an order, pursuant to section 327(a) of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules

of Bankruptcy Procedure, authorizing the employment of Leech Tishman Robinson Brog PLLC

("LTRB") as counsel to the Debtor; and upon the declarations of A. Mitchell Greene, Deborah

Hilman and Henoch Zaks, which are annexed to the Application (together, "Declarations"); and

it appearing that LTRB is a "disinterested person" within the meaning of sections 101(14) and

327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's

estate; and this Court having determined that employment of LTRB by the Debtor is in the best

interests of the Debtor, its estate and its creditors; and adequate notice of the Application having

been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule

2014, the Debtor is authorized to employ LTRB as its counsel on the terms and conditions set

forth in the Application and Declarations, effective as of July 27, 2022; and it is further

ORDERED, that LTRB shall seek compensation for its services and reimbursement of its

expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, S.D.N.Y. L.B.R. 2016-1 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that LTRB shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order the Court; and it is further

ORDERED, that prior to any increases in LTRB's rates, LTRB shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**DATED:**      White Plains, New York
_____, 2022

**HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

# **<u>EXHIBIT B</u>**

**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
A. Mitchell Greene
Steven B. Eichel
*Proposed Attorneys for the Debtor and Debtor in*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:

**SHEM OLAM LLC,**

                              Debtor.
----------------------------------------------------------X

Chapter 11

Case No. 22-22493-shl

### DECLARATION OF A. MITCHELL GREENE IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LEECH TISHMAN ROBINSON BROG, PLLC AS COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

**A. Mitchell Greene** declares, under penalty of perjury:

1.       I am a partner at Leech Tishman Robinson Brog, PLLC ("LTRB").  LTRB

maintains an office at 875 Third Avenue, New York, New York. I am admitted to practice in the

State of New York.

2.       I submit this declaration in support of the *Application of the Debtor for Entry oof*

*an Order Authorizing the Employment and Retention of Leech Tishman Robinson Brog, PLLC as*

*Counsel for the Debtor Effective as of the Petition Date* ("Application").

3.       The Debtor seeks authorization pursuant to sections 327(a), 328(a), 330 and

1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the

"Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for

the Southern District of New York (the "Local Rules"), for entry of an order authorizing the

retention and employment of the law firm of LTRB as counsel to the Debtor, effective as of

the July 27, 2022 (the "Petition Date").

### Retention of LTRB and Scope of Employment

4.      The Debtor seeks to retain LTRB as its Counsel under a general retainer to

represent them here and help them carry out its duties as debtors in possession under Chapter 11

of the Bankruptcy Code.  The professional services that LTRB expects to render to the Debtor

include but shall not be limited to, the preparation, filing and prosecution of chapter 11

bankruptcy case, including, without limitation:

        a.  providing legal advice with respect to the Debtor's powers and duties as a
debtor in possession under the Bankruptcy Code in the continued operation of
its business and the management of its property;

        b.  negotiating, drafting, and pursuing all documentation necessary in this
chapter 11 case, including, without limitation, any debtor in possession
financing arrangements and the disposition of the Debtor's assets, by sale
or otherwise;

        c.  preparing, on behalf of the Debtor, applications, motions, answers, orders,
reports, and other legal papers necessary to the administration of the
Debtor's estate;

        d.  negotiating with creditors of the Debtor, preparing a plan of reorganization
and taking the necessary legal steps to consummate a plan, including, if
necessary, negotiations with respect to financing a plan;

        e.  appearing in Court and protecting the interests of the Debtor before the
Court;

        f.  attending meetings and negotiating with representatives of creditors, the
United States Trustee, and other parties-in-interest;

        g.  providing legal advice to the Debtor regarding bankruptcy law, corporate
law, corporate governance, tax, litigation, and other issues attendant to the
Debtor's business operations;

        h.  taking all necessary actions to protect and preserve the Debtor's estate
including prosecuting actions on the Debtor's behalf, defending any action

commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate; and

i.  performing other legal services for, and providing other necessary legal advice to, the Debtor, which may be necessary and proper in the chapter 11 case or otherwise requested by the Debtor and reasonably acceptable to LTRB.

5.      The Debtor seeks to retain LTRB because of LTRB's recognized expertise and extensive experience and knowledge in the field of debtor's protections, creditors' rights, and business reorganizations under the Bankruptcy Code.  LTRB has been involved in many chapter 11 cases and successfully guided many debtors through the Chapter 11 reorganization process before this and other courts around the country.  LTRB is well qualified to represent the Debtor and has the requisite expertise to represent the Debtor's interests in all proceedings pending or which may reasonably be expected to be pending in this Court during this chapter 11 proceeding.

## Professional Compensation

6.      LTRB intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure LTRB will use in these chapter 11 cases is the same as the hourly rates and corresponding rate structure that LTRB uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, whether or not a fee application is required.

7.      LTRB has advised the Debtors that the current hourly rates applicable to the principal attorneys proposed to represent the Debtors range from $325 to $800.

8.    Other attorneys and paralegals will render services to the Debtor as needed.

Generally, LTRB's hourly rates are in the following ranges:

| Professional | Hourly Rate |
| --- | --- |
| Shareholders | $500-$800 |
| Of Counsel | $495-$600 |
| Associates | $325-$475 |
| Legal Assistants/Paralegals | $120-$250 |

9.    LTRB has explained to the Debtor that the hourly rates set forth above are (a)

set at a level designed to fairly compensate the firm for its work and to cover fixed and

routine overhead expenses, (b) standard for work of this nature inside or outside bankruptcy

and (c) remain subject to periodic, firm-wide adjustments in the ordinary course of LTRB's

business.

10.    It is LTRB's policy to charge its clients in all areas of practice for all other

expenses incurred in connection with the client's case. The expenses charged to clients

include, among other things, mail and express mail charges, special or hand delivery

charges, document processing, photocopying charges, travel expenses, expenses for working

meals, computerized research, and transcription costs, as well as non-ordinary overhead

expenses.

11.    LTRB will charge the Debtor's estate for these expenses in a manner and at

rates consistent with charges made generally to LTRB's clients outside of bankruptcy.

LTRB believes that these expenses should be fairly charged to the clients incurring them

rather than to increase the hourly rates and spread the expenses among all clients.

4

12.     In addition, LTRB intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, this Declaration, and related documents, as well as any monthly, interim or final fee applications and related issues.

13.     Prior to the Petition Date, LTRB received an advance payment retainer of $25,000 ("Advance Payment Retainer") from Deborah Hilman,  The Advanced Payment Retainer was applied to LTRB's fees and expenses relating to the Debtor's prepetition insolvency-related issues and the preparation of the Chapter 11 Case during that period. LTRB will hold any funds remaining after reconciliation and application of the Advance Payment Retainer to amounts incurred prior to the Petition Date to be applied to the fees and expenses incurred during this Chapter 11 Case after its final fee application is approved. Additionally, LTRB received $1,738.00 from Henoch Zaks to fund the payment of the chapter 11 filing fee.

14.     Pursuant to Bankruptcy Code section 504 and Bankruptcy Rule 2016(b), LTRB has not shared or agreed to share (a) any of its compensation from the Debtor with any persons other than shareholders, counsel, associates, and employees of LTRB, or (b) any compensation any other persons have received or may  receive.

**LTRB's Disinterestedness and Disclosure Procedures**

15.     LTRB strictly adheres to a conflict checking procedure, which involves the attorney responsible for the engagement completing a Client/Matter Intake Report ("Intake Report"). The Intake Report requires the responsible attorney to list if such information is available at that time, and again if other information becomes available at a later date, all parties

involved in a specific matter, whether such parties are the proposed client or any affiliate, any adverse parties, and their counsel and any other interested party. The Intake Report also allows the attorney to list specific, additional conflict search terms to be checked against LTRB's client database. LTRB's time and billing software have a special module for such conflict searches. Before a new client number is generated, the accounting department processes the Intake Report through the conflicts module to determine whether there are any conflicts with present or former clients of the firm. If a search results in a match for a potential conflict, the information is reviewed by the attorney, and any relevant information is set forth for disclosure under Bankruptcy Rule 2014.

16.     In addition to the Intake Report and database search set forth above, personnel at LTRB also prepare a list of new matters at the firm, which contains the client and affiliate names, known adverse parties, all other relevant party information, and a brief description of the substance of the engagement, along with the name of the attorney responsible for the matter. This list is circulated by email to all attorneys in the firm. If any attorney recognizes any potential conflict or other potentially disqualifying circumstance or connection, that attorney must immediately notify the attorney responsible for the engagement who then determines whether additional disclosures under Bankruptcy Rule 2014 are required to supplement those generated by the original conflict search. Thus, all new matters at the firm undergo both a mechanical search by the conflicts software module against the firm's client database and another search through review by every attorney at the firm through the circulation of the new matter list.

17.     The processing of the Intake Report as described above and the firm-wide dissemination of the new matter client list disclosed no matters requiring disclosure under

Bankruptcy Rule 2014 or any other provision of the Bankruptcy Code, except as set forth below and in the schedules attached hereto.

18.    The firm's policy requires the continued monitoring of the case for any other information requiring supplemental disclosure.  For example, if the Debtors were to amend their schedules and statement of financial affairs, those filings would be reviewed by attorneys at the firm and resubmitted through the procedures described above to uncover any other conflicts.  If any new potential conflicts are discovered, LTRB will also supplement this declaration to make the appropriate disclosures.

19.    Further, LTRB obtains information from the Debtor's member, management, other professionals, and from documents currently available to LTRB and publicly available information, the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest") and such parties are listed on **Schedule 1** hereto. LTRB has searched on its electronic database for its connections to the entities listed on **Schedule 1** hereto. In addition, after LTRB sends a weekly (or sometimes more frequent) report of new matters firm wide. All LTRB attorneys are responsible for reviewing the daily report of new matters and raising any potential concerns with respect to new representations. In addition, to the extent I have been able to ascertain, LTRB has not been retained within the last three years to represent any of the Potential Parties in Interest (or their affiliates, as the case may be) in matters unrelated to these cases.

20.    LTRB and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and this chapter 11 case. LTRB has searched on its electronic

7

database for its connection to the entities listed on **Schedule 1** attached hereto. The information

listed on **Schedule 1** may change without during the pendency of these chapter 11 cases.

Accordingly, LTRB will update this Declaration as necessary and when LTRB becomes aware of

additional material information. The following is a list of the categories that LTRB has

searched:[1]

| Schedule | Category |
|----------|----------|
| 1(a) | Debtor |
| 1(b) | Non-Debtor Affiliates |
| 1(c) | Members and Upstream Entities |
| 1(d) | Bankruptcy Judges and Chambers Personnel |
| 1(e) | Litigation Parties |
| 1(f) | Taxing Authorities and Counsel |
| 1(g) | U.S. Trustee Personnel |
| 1(h) | Contract Counterparties |
| 1(i) | 20 Largest Unsecured Creditors |

21.     To the best of my knowledge, (a) LTRB is a "disinterested person" within the

meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the

Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and

(b) LTRB has no connection to the Debtor, its creditors, or other parties in interest, except as

may be disclosed in this Declaration.

22.     Listed on **Schedule 2** to this Declaration are the results of LTRB's conflicts

searches of the above-listed entities.  All of the representations set forth in Schedule 2 were prior

representations undertaken by Robinson Brog Leinwand Greene Genovese & Gluck P.C.

("Robinson Brog") which attorneys now at LTRB may have had some involvement. However,

LTRB has never represented any of these entities, and the representations by LTRB attorneys

previously at Robinson Brog have all been terminated or completed (except as set forth in

---

[1] LTRB's inclusion of parties in the following schedules is solely to illustrate LTRB's conflict search process and is not an admission that any party has a valid claim against the Debtor or that any

8

paragraph 28 and Schedule 2) and therefore LTRB does not believe that any of the representations by attorneys formerly at Robinson Brog and now at LTRB result in LTRB not being disinterested.  Nevertheless, LTRB is making these disclosure out of an abundance of caution.

23.     For the avoidance of doubt, LTRB will not commence a cause of action in these chapter 11 cases against the entities listed on **Schedule 2** unless LTRB has an applicable waiver on file or first receives a waiver from such entity allowing LTRB to commence such an action. To the extent that a waiver does not exist or is not obtained from such entity, and it is necessary for the Debtor to commence an action against that entity, the Debtor will be represented in such particular matter by conflicts counsel.[2]

24.     Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, LTRB, nor any partner or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest their respective attorneys and accountants, the United States Trustee for the Southern District of New York ("U.S. Trustee"), any person employed by the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, except as disclosed or otherwise described herein.

25.     LTRB will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, LTRB will use reasonable efforts to

---

party properly belongs in the schedules or has a claim or legal relationship to the Debtor of the nature described in the schedules.

[2] The Debtor has not yet sought to retain conflict counsel but will do so should the need arise in the future.

identify such further developments and will promptly file a supplemental declaration, as required

by Bankruptcy Rule 2014(a).

26.     Generally, it is LTRB's policy to disclose entities in the capacity that they first

appear in a conflicts search. For example, if an entity already has been disclosed in this

Declaration in one capacity (*e.g.*, a customer), and the entity appears in subsequent conflicts

search in a different capacity (*e.g.*, a vendor), LTRB does not disclose the same entity again in

subsequent supplemental declaration, unless the circumstances are such in the latter capacity that

additional disclosure is required.

### Specific Disclosures

27.     LTRB  does not, as far as can be ascertained as of the date of this Declaration,

represent any of the Debtors' creditors, equity security holders, or other entities that may be

parties in interest in ongoing matters unrelated to the Debtor and this chapter 11 case.

28.     Prior to LTRB's representation of the Debtors and before the Petition Date,

Robinson Brog, LTRB's predecessor in interest, represented Mosdos Chofetz Chaim, Inc.

("Mosdos"), in two separate bankruptcy cases, Case Nos. 11-22062 and 12-23616, both of which

involved both Rabbi Aryeh Zaks and Rabbi Meyer Zaks.  After the Mosdos' plan (Case No. 12-

23616) was confirmed by Judge Drain, litigation was commenced by Rabbi Mayer Zaks and

others derivatively on behalf of Mosdos against Mosdos, Rabbi Aryeh Zaks and others.[3]

Robinson Brog did not represent any party in the Mosdos Litigation or in any other litigation

between Rabbi Aryeh Zaks and Rabbi Mayer Zaks that arose subsequent to the confirmation of

---

[3] *See Mosdos Chofetz Chaim Inc., Rabbi Mayer Zaks, derivatively on behalf of Mosdos Chofetz Chaim Inc., Sima Weintraub, derivatively on behalf of Mosdos Chofetz Chaim Inc., Daniel Rosenblum, derivatively on behalf of Mosdos Chofetz Chaim Inc., Joseph Grunwald, derivatively on behalf of Mosdos Chofetz Chaim Inc., and Yisroel Hochman,  derivatively on behalf of Mosdos Chofetz Chaim Inc. v. Mosdos Chofetz Chaim Inc., TBG Radin LLC, Shem Olam LLC, Congregation Radin Development Inc., Aryeh Zaks, Beatrice Wald,man Zaks, Henoch Zaks, Mendel Zaks, Gittel Zaks Layosh, Samuel Markowitz and Sterling National Bank, Adv. Pro. No. 20-08949* (the "Mosdos Litigation").

the Mosdos bankruptcy case.  It is my understanding that certain issues relating to the Mosdos

Litigation are currently on appeal in the Second Circuit Court of Appeals. The Mosdos

bankruptcy case has not been closed yet because of the appeal pending in the Second Circuit.

29.    In addition, more than 15 years ago, Robinson Brog represented Yeshiva Chofetz

Chaim Kiryas Radin, Inc. in its Chapter 11 Case in the United States Bankruptcy Court for the

Southern District of New York.  The case was filed on October 27, 2003. Robinson Brog was

substitute counsel and was retained on February 9, 2004. A plan of reorganization was confirmed

in that case on December 13, 2005, and Robinson Brog's fees were approved on or about May 3,

2006.  Robinson Brog was paid less than what the Court approved for its services at that time,

and is not owed any money from said party for its services.  Robinson Brog has not represented

Yeshiva Chofetz Chaim Kiryas Radin, Inc. since May of 2006.

## Affirmative Statement of Disinterestedness

30.    Based on the conflicts search conducted to date and described herein, to the best

of my knowledge and insofar as I have been able to ascertain, (a) LTRB is a "disinterested

person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section

327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors'

estates and (b) LTRB has no connection to the Debtors, their creditors, or other parties in

interest, except as may be disclosed herein.

4888-2733-1117, v. 5

I declare under penalty of perjury under the laws of the United States, under 28 USC §

1746, that the preceding is true and correct.

Dated: New York, New York
August 31, 2022

/s/ A. Mitchell Greene
**A. Mitchell Greene**

## Schedule 1

**Schedule 1(a) – Debtor**

SHEM OLAM LLC

**Schedule 1(b)- Non-Debtor Affiliates**

**Although not technically an "affiliate " under section 101(2) of the Bankruptcy Code, Rabbi Aryeh Zaks and Rabbi Mayer Zaks were both on the board of Yeshiva Chofetz Chaim Kiryas Radin, Inc.**

**What is relationship of entities below to Debtor?**

YESHIVA CHOFETZ CHAIM KIRYAS RADIN, INC. –see Schedule 1(b) and paragraph 29
YESHIVA CHOFETZ CHAIM, INC.— Rabbi Aryeh Zaks formed 82 Highview LLC and its operating agreement provided that Yeshiva Chofetz Chaim was the sole member of 82 Highview LLC for the first 30 months of 82 Highview LLC, and after that time, the membership interest was owned by Rabbi Aryeh Zaks. 82 Highview LLC owned a piece of property located at 82 Highview Road, Suffern New York, which property was transferred to the Debtor and is the subject of the  removed adversary proceeding.
RABBI ARYEH ZAKS—Manager of the Debtor
HENOCH ZAKS –Substitute Manger of the Debtor
Mosdos Chofetz Chaim Inc. --  See paragraph 28

**Schedule 1(c) – Members and Upstream Entities**

CHOFETZ CHAIM INC.,  A SIMPLE MEMBER ENTITY AND RELIGIOUS CORPORATION.  IT OWNS THE DEBTOR.

**Schedule 1(d) -  Bankruptcy Judges and Chambers Personnel**

MARTIN GLENN
DEANNA ANDERSON
ANDRES BARAJAS
MICHAEL BLACKMON
ANNIE ZEISING
LISA G. BECKERMAN
SHELLY CHAPMAN
ROBERT DRAIN
JAMES L. GARRITY, JR.
DAVID JONES
SEAN LANE
MICHAEL WILES

**Schedule 1(e) - Litigation Parties**

4888-2733-1117, v. 5

YESHIVA CHOFETZ CHAIM INC.
82 HIGHVIEW LLC
ARYEH ZAKS
SAVAD CHURGIN  (Counsel to Yeshiva Chofetz Chaim, Inc and 82 Highview LLC)
TOWN OF RAMAPO
BOARD OF ASSESSMENT REVIEW OF TOWN OF RAMAPO

**Schedule 1(f) – Taxing Authorities and Counsel**

ROCKLAND COUNTY
TOWN OF RAMAPO
INTERNAL REVENUE SERVICE
NEW YORK STATE DEPT. OF FINANCE
OFFICE OF THE ATTORNEY GENERAL
US ATTY OFFICE -SDNY

**Schedule 1(g) – U.S. Trustee Personnel**

LINDA A. RIFFKIN
VICTOR ABRIANO
SUSAN ARBEIT
MARK BRUH
MARIA CATAPANO
SHARA CORNELL
BENJAMIN J. HIGGINS
NADKARNI JOSEPH
BRIAN S. MASUMOTO
ERCILIA A. MENDOZA
MARY V. MORONEY
RICHARD C. MORRISSEY
ALABA OGUNLEYE
ILUSION RODRIGUEZ
ANDREA B. SCHWARTZ
PAUL K. SCHWARTZBERG
SHANNON SCOTT
SYLVESTER SHARP
ANDY VELEZ-RIVERA
MADELEINE VESCOVACCI
ANNIE WELLS
GREG M. ZIPES

**Schedule 1(h) – Contract Counterparties**

NONE

4888-2733-1117, v. 5

**Schedule 1(i) – Creditors**

645 SPRINGDALE HOLDINGS LLC
KRISS & FEUERSTEIN LLP
LEVINE & ASSOCIATES, P.C.

**Schedule 2**

| Name of Entity that was a LTRB Client | Nature of Legal Services | Status/Relationship |
|---|---|---|
|  |  |  |
| Mosdos Chofetz Chaim, Inc. ("Mosdos") | Represent Mosdos in two chapter 11 cases. | Waiting for appeal to appeal to conclude to close the bankruptcy case |
|  |  |  |
| Yeshiva Chofetz Chaim Kiryas Radin Inc. ('YCCKR") | Represented YCCKR in chapter 11 case | Has not represented YCCKR since 2006 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4888-2733-1117, v. 5

# **<u>EXHIBIT C</u>**

**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
A. Mitchell Greene
Steven B. Eichel
*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

In re:

**SHEM OLAM LLC,**

                            Debtor.

--------------------------------------------------------X

Chapter 11

Case No. 22-22493-shl

### DECLARATION OF HENOCH ZAKS IN SUPPORT OF APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LEECH TISHMAN ROBINSON BROG, PLLC AS COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

I, **Henoch Zaks,** declare under penalty of perjury:

1.      With respect to the above-captioned debtor and debtor in possession (the "**Debtor**"), I have been authorized to sign certain documents on behalf of the Debtor, including this declaration.

2.      I submit this declaration ("**Declaration**") in support of the application (the "**Application**") of the Debtor for entry of an order authorizing the retention and employment of the law firm of Leech Tishman Robinson Brog PLLC ("**LTRB**") as counsel to the Debtor, effective as of July 27, 2022 (the "**Petition Date**"), pursuant to sections 327(a), 328(a), 330 and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**")**,** Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**")**,** and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

3.      Except as otherwise noted, all facts in this Declaration are based on my

personal knowledge of the matters set forth herein, information gathered from my

review of relevant documents and information supplied to me by the member of the Debtor

or its management team and the Debtor's advisors.

4.      Prior to the commencement of this chapter 11 case, LTRB advised the Debtor

concerning its restructuring options regarding the Debtor's business and financial affairs,

level of indebtedness and liquidity issues and desire to preserve its property located at 82

Highview Road, Suffern, New York, and either refinance it or sell it in order to pay its

debts.  LTRB's professionals have worked closely with the Debtor's management and, as

a result, have become well acquainted with the Debtor's capital structure and related

matters.  Accordingly, LTRB has developed a working knowledge regarding the Debtor

that will result in effective and efficient services in this chapter 11 case.

5.      In addition to LTRB's knowledge of the Debtor, the firm has extensive

experience and knowledge in the fields of debtor and creditor rights and business

reorganizations under chapter 11 of the Bankruptcy Code. Therefore, LTRB has the

necessary resources and experience to assist the Debtor in its chapter 11 case and LTRB's

retention would be in the best interests of the Debtor, its estates, and its creditors.

6.      LTRB's rates are (i) consistent between bankruptcy representations,

including related transactional and litigation services, and (ii) the firm's standard hourly

rates for work of this nature. LTRB further informed me that the firm operates in a regional

marketplace for legal services in which rates are driven by multiple factors relating to the

individual lawyer, his or her area of specialty, the firm's expertise, performance and reputation, the nature of the work involved and other factors.

      7.     For the foregoing reasons, I believe LTRB should be retained as the Debtor's counsel in its Chapter 11 Case.

     I declare under the penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. §1746 that the foregoing is true and correct, to the best of my knowledge.

Dated: August 31, 2022
      Suffern, New York

**SHEM OLAM LLC**

**By:** /s/ Henoch Zaks
     **Henoch Zaks**
     **Authorized Signatory**