Israel Dahan
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036
Phone: (212) 556-2100
Fax: (212) 556-2200
idahan@kslaw.com
*Counsel for Yeshiva Chofetz Chaim, Inc.
and 82 Highview LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SHEM OLAM LLC,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 22-22493 (SHL) |

### SUPPLEMENTAL FILING BY YESHIVA CHOFETZ CHAIM, INC. AND 82 HIGHVIEW LLC IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS DEBTOR'S CHAPTER 11 PETITION

Movants Yeshiva Chofetz Chaim, Inc. ("YCC") and 82 Highview LLC submit this supplemental filing in further support of their Motion to Dismiss Debtor's Chapter 11 Petition [Dkt. 7] (the "Motion"). In their Motion, the Movants demonstrated that Debtor Shem Olam LLC ("Debtor" or "Shem Olam") filed its Chapter 11 Petition as a bad faith attempt to avoid an adverse ruling in state court litigation over title to a property located at 82 Highview Road in Suffern, New York (the "Property"). Rabbi Aryeh Zaks, the purported founder and manager of the Debtor, admitted as much in his First-Day Declaration. *See* Dkt. 7 at 11; Dkt. 1-1 ¶¶ 8-9.

On August 25, 2022, the United States Trustee's Office conducted its meeting of creditors under Section 341 of the Bankruptcy Code (the "341 Meeting") at which Henoch Zaks, Rabbi Aryeh Zaks' son, appeared as the "authorized representative" for the Debtor. During the 341 Meeting, Henoch Zaks reaffirmed the representations made in his father's First-Day Declaration,

1

and he articulated no reasons for the Debtor's Petition other than what was set forth in the Declaration. *See* Ex. A (341 Mtg. Tr.) at 55:1-4, 70:19-71:5, 77:20-80:11.

Because the Debtor's stated reason for filing this case—avoiding having to continue litigating a two-party dispute—is an improper basis to file a petition, the Court should dismiss this case. *See, e.g.*, *In re 652 W. 160th LLC*, 330 B.R. 455, 467 (Bankr. S.D.N.Y. 2005) ("A debtor cannot use a bankruptcy filing solely as a tactic designed to gain a litigation advantage over a creditor."); *In re 698 Flushing Realty Corp.*, 335 B.R. 17, 22 (Bankr. E.D.N.Y. 2005) ("In this case, not only was this case filed in an effort to obtain a 'perceived advantage in litigation' with movants and to obtain an 'alternative judicial forum' for that litigation, it was filed in circumstances where the facts revealed by the petition conclusively."). And the Court can and should do so now *sua sponte*.[1] *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir. 1997) ("A bankruptcy court may dismiss a bad faith filing on an interested party's motion or *sua sponte*.").

But unfortunately, the Debtor's bad faith conduct and abuse of the bankruptcy process has not ended with its filing of its bankruptcy petition. The Debtor continues to act in bad faith by misrepresenting and concealing information concerning its assets, liabilities, recent payments, and corporate structure. As explained below, the Debtor has failed to include in its Schedules [Dkt. 14] a significant asset valued at $11.1 million; the Debtor has improperly included in its Schedules a $3.5 million secured debt that plainly does not exist; the Debtor has knowingly concealed the

---

[1] The Motion was filed on August 3, 2022. Section 1112(b)(3) of the Bankruptcy Code required that the Motion needed to be heard within 30 days and decided within 15 days after such hearing, as Movants have not consented to a continuance of the Motion and expressly asked the Court for a hearing as soon as possible when communicating with Chambers before Movants filed the Motion. As of yet, the Court has not yet set the Motion for hearing, which is yet another reason why the Court should dismiss the case *sua sponte.*

affiliated and familial relationship between the Debtor (and Rabbi Aryeh Zaks) and the entity that purportedly owns the non-existent secured debt; the Debtor has misrepresented the amount it purportedly paid to acquire the Property; and the Debtor has misrepresented Henoch Zak's role with Shem Olam. These are just some of the misstatements and omissions Movants have uncovered in the past few weeks while the Debtor, Rabbi Aryeh Zaks, and the alleged secured creditor have stymied or flatly ignored Movants' discovery efforts in this contested matter[2] by failing to respond to subpoenas and discovery requests propounded by the Movants. Accordingly, as other courts in this District have done in the past with respect to the Debtor's purported founder and manager, Rabbi Aryeh Zaks, it should find that he has once again engaged in a bad faith bankruptcy filing, issue sanctions against him, and dismiss this bankruptcy case *sua sponte*.

A.     **Shem Olam Has Failed To Disclose An $11.1 Million Asset**

As the Court is aware, as part of Official Form 206A/B, the Debtor was required to disclose "all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest." In its Official Form 206A/B, the Debtor identifies as its real and personal property the Property (purportedly valued at $7 million) and a mere $23.23 in cash. *See* Dkt. 14 at 4-6. But this is not a complete picture of the Debtor's assets. According to filings the Debtor and its representatives, Rabbi Aryeh Zaks and Henoch Zaks, have made in another matter in this Court, the Debtor is the beneficiary of a promissory note in the amount of $11.1 million. Specifically, on April 6, 2020, in an adversary proceeding in a different case in this Court,[3] Henoch Zaks submitted a declaration, as a representative of Shem Olam, in which he asserts that Shem

---

[2] *See* Fed. R. Bankr. P. 1017(f) ("Rule 9014 governs a proceeding to dismiss or suspend a case . . . ."); 11 U.S.C. § 1112(b).  As Bankruptcy Rule 9014(c) makes clear, discovery is proper under Bankruptcy Rule 7030 once a contested matter is initiated.

[3] *Mosdos Chofetz Chaim Inc. v. Mosdos Chofetz Chaim Inc.* (*In re Mosdos Chofetz Chaim Inc.*), Nos. 12-bk-23616, 20-ap-8949 (Bankr. S.D.N.Y.).

3

Olam provided an $11.1 million loan pursuant to a promissory note to Congregation Radin Development Inc. ("CRD").[4] *See* Ex. B (Henoch Zaks Delc.) ¶ 6. In a declaration submitted in the same case, Rabbi Aryeh Zaks acknowledges the same loan from Shem Olam to CRD. *See* Ex. C (Aryeh Zaks Decl.) ¶ 30. According to Henoch Zaks, Shem Olam loaned $11.1 million to CRD in connection with CRD's purchase of a different real property owned by the Debtor or its affiliated entities and that "CRD is, thus, presently indebted to Shem Olam in the amount of $11,100,000.00." Ex. B ¶ 6.[5] There is no evidence that such loan has been repaid. In fact, in CRD's filing with the NYS Department of Taxation and Finance in 2021, CRD continues to list this loan as one of its liabilities. Ex. D (CRD Tax Appl.) at 8 (listing "Other liabilities"). Notably, that filing by CRD was signed by Henoch Zaks. *Id.* at 10. Moreover, assuming that loan has since been repaid, what Shem Olam did with those funds is unknown as its Schedules do not identify receipt of such loan repayment or its transfer of funds from such repayment within the past two years. Simply put, Shem Olam has not been truthful with this Court and its creditors by omitting this significant asset in its Schedules, and the undisclosed intrafamily and affiliated entity connections raise, at a minimum, very troubling questions.

    **B.**    **645 Springdale Holdings LLC Is Not A Secured Creditor Of The Debtor**

Although not mentioned in Rabbi Aryeh Zaks' First-Day Declaration or in the Debtor's petition, the Debtor's Schedules (submitted after the Movants filed their Motion) identify a single secured creditor, 645 Springdale Holdings LLC, which purportedly holds a judgment lien in the

---

[4] CRD is yet another entity affiliated with the Debtor and Rabbi Aryeh Zaks. According to filings CRD has made with the NYS Department of Taxation and Finance, Henoch Zaks is identified as "manager" and "contact person" of CRD. In fact, Henoch Zaks signed and submitted the filing on behalf of CRD. Ex. D.

[5] Notably, in the same declaration, Henoch Zaks states (correctly) that the Property "was acquired by 82 Highview LLC, the sole member of which was [YCC]" and that "[YCC] (through 82 Highview LLC) now owns that property." Ex. B ¶¶ 7-8.

4

amount of $3.5 million. *See* Dkt. 14 at 8. The Schedules do not specify the property to which this lien applies, but Henoch Zaks claims that the purported lien is a judgment lien on the Property. Ex. A at 16:1-17:5. Specifically, at the 341 Meeting, he characterized the lien as relating to "a judgment against the property" and one that 645 Springdale Holdings "took over" from the "Silverman Foundation," which had obtained an unspecified judgment against the Property's then owner YCC. *Id.* at 65:11-66:6. But this is yet another lie by the Debtor and its representatives.

Contrary to the Debtor's representations, there is no $3.5 million judgment lien on the Property. Not only are YCC and 82 Highview LLC (the Property's true owners) unaware of any such judgment lien on the Property, there is no record of such property lien in the land records maintained by the Clerk of Rockland County, New York:

- A search of records pertaining to the Property address, 82 Highview Rd., shows no judgment liens whatsoever and no other lien or other record pertaining in any way to 645 Springdale Holdings or the Silverman Foundation. *See* Ex. E (Property land records index).

- A search of records for the various title owners of the Property—Shem Olam LLC, 82 Highview LLC, and Yeshiva Chofetz Chaim, Inc.—as either a grantor or a grantee, shows no current judgment liens or other indebtedness to 645 Springdale Holdings or to Silverman Holdings. *See* Exs. F (Shem Olam), G (82 Highview LLC), H (YCC).

The only judgment lien reflected in the land records that could even conceivably correspond to the purported judgment lien at issue is one originally recorded by the "Marty and Dorothy Silverman Foundation" against Mosdos Chofetz Chaim, Inc. d/b/a YCC on January 7, 2011, and subsequently assigned to 645 Springdale Holdings, in the amount of $938,960.38. Ex. I (Recorded Judgment). Yet that judgment lien, which is nowhere close to $3.5 million, has long been extinguished as a matter of law. To this end, as the Debtor acknowledges in the First-Day Declaration, on August 20, 2013—two years after the above judgment lien—TD Bank was awarded a judgment of foreclosure on the Property and acquired title to the Property. Such judgment of foreclosure extinguished any and all liens on the Property at that time. *See* N.Y. Real

5

Prop. Acts. Law § 1352. Further proof that any liens on the Property had been extinguished at that time is the fact that when TD Bank then sold the Property to Del Realty in 2017, a title search conduced at the time on the Property and on YCC and Del Realty revealed no liens or judgments. *See* Ex. J (Title Search). But even if such judgment lien had not been wiped out through TD Bank's foreclosure judgment in 2013, it has certainly been extinguished as of January 7, 2021 by operation of New York statute. *See* N.Y. C.P.L.R. 5203(a) (judgment lien expires after 10 years absent extension issued by the court). Thus, the Debtor's claim of a $3.5 million judgment lien on itself or the Property is baseless, and the Debtor appears to have manufactured the alleged existence of a judgment lien as a purported basis to avoid dismissal of the Debtor's bankruptcy case.

    **C.**    **The Debtor Has Concealed Its Affiliated And Familial Relationship With 645 Springdale Holdings**

Not only has the Debtor been untruthful about the purported $3.5 million lien of 645 Springdale Holdings, but the Debtor also knowingly has concealed its affiliated and familiar relationship with that entity. At the Section 341 meeting, Henoch Zaks expressly denied that the Debtor or members of his family are affiliated or employed with 645 Springdale Holdings:

> THAD WILSON: Okay. Who owns 645 Springdale Holdings, LLC?
> HENOCH ZAKS: I don't know.
> THAD WILSON: Okay. Are any of your family members affiliated with 645 Springdale Holdings, LLC?
> HENOCH ZAKS: Can you tell me what the word "affiliated" means in this context?
> THAD WILSON: Yes. Do any of your family members work for or own an interest in 645 Springdale Holdings, LLC?
> HENOCH ZAKS: None of my family members own an interest in Springdale Holdings.
> THAD WILSON: Okay. Do you any of your family members work for 645 Springdale Holdings?
> HENOCH ZAKS: Meaning employed by them, no.

Ex. A at 62:20-63:16.

The Rockland County land records, however, show that this testimony is false. Those records show that, in 2011, the Silverman Foundation also obtained a judgment in the amount of $1,029,504.95 against Rabbi Aryeh Zaks personally and a lien on his property located at 18 Mountain Avenue, Monsey, New York. That judgment lien was purportedly assigned to 645 Springdale Holdings in March 2019. At or around the same time of that assignment of judgment, 645 Springdale Holdings executed a release of said judgment lien against Rabbi Aryeh Zaks for the sum of only $10. That release of judgment was signed by Rabbi Aryeh Zaks' wife and the mother of Henoch Zaks, Beatrice Waldman, as a "proper corporate officer" of 645 Springdale Holdings. *See* Ex. K (Recorded Zaks Judgment & Release) at 5. In other words, Rabbi Aryeh Zak's wife is an officer of 645 Springdale Holdings, the entity that purportedly has a $3.5 million judgment lien on the Debtor and its Property. It is simply not credible that Henoch Zaks was unaware of said release and that his mother was an officer of 645 Springdale Holdings when he testified under oath at the 341 Meeting. It should also be highly concerning to the Court that 645 Springdale Holdings (through Beatrice Waldman, the wife of Rabbi Aryeh Zaks) released Rabbi Aryeh Zaks from a more than $1 million judgment against him for only $10, but somehow did not or will not release the purported $3.5 million judgment lien it has against the Debtor, which is essentially Rabbi Aryeh Zaks.[6]

---

[6] Notably, Movants have attempted to take discovery of 645 Springdale Holdings concerning the purported $3.5 million judgment lien and its relationship with the Debtor. But 645 Springdale Holdings has been evading such discovery. To this end, Movants have served 645 Springdale Holdings with a subpoena seeking documents and deposition testimony. The deposition was scheduled for September 12, at 9:30 a.m. Counsel for the Movants and the Debtor appeared at that time for the deposition, but no representative or counsel from 645 Springdale Holdings showed up. Movants intend to seek sanctions against 645 Springdale Holdings for its failure to produce documents and attend the duly noticed deposition.

### D.    Other Misstatements By The Debtor And Its Representatives

***Shem Olam Did Not Pay $8 million For The Property.*** The Rockland County land records reflect that Shem Olam acquired (fraudulently) the Property from 82 Highview LLC for $10. *See* Dkt. 7-1 at 400-05. Yet, at the Section 341 Meeting, Henoch Zaks claimed that Shem Olam paid "in the range of $8 million" for the Property. Ex. A at 53:3-9. When asked about that purported payment, Henoch Zaks asserted that it was "not a cash transfer" but forgiveness of debt owed ***by YCC***. *Id.* at 58:17-59:10. Henoch Zaks could not otherwise explain the basis of the alleged debt of YCC or its forgiveness. *See id.* He did not explain why the purported $8 million debt forgiveness is not included in the Debtor's Schedules. *See* Dkt. 14 at 16 (listing transfers within 2 years of the petition but not listing any debt forgiveness). And he certainly did not explain why Shem Olam forgave a debt allegedly owed ***by YCC*** when, according to Shem Olam, the seller of the Property, 82 Highview LLC, was wholly owned by Rabbi Aryeh Zaks and not YCC.

***Henoch Zaks Is A Manager Of The Debtor.*** At the 341 Meting, Henoch Zaks claimed that he was merely appearing as an "authorized representative" of the Debtor. Henoch Zaks stated that his father Rabbi Aryeh Zaks, whom he described as the "only manager" of Shem Olam, verbally authorized him to represent the Debtor at the 341 Meeting. Ex. A at 31:1-32:4. Henoch Zaks specifically denied having any other formal role with Shem Olam. *See id.* That testimony, however, is contradicted by Henoch Zaks' filings with New York state agencies. As recently as February 2022, for example, Henoch Zaks submitted and signed real estate tax exemption applications for Shem Olam as Shem Olam's "manager." *See* Ex. L (Shem Olam Tax Appls.) at 4, 40. Thus, Henoch Zaks is either lying to this Court or the NYS Department of Taxation and Finance about his position with the Debtor.

## CONCLUSION

For the reasons stated in the Motion, and for the additional reasons outlined above, the Court should dismiss this Chapter 11 proceeding as a bad faith filing and issue appropriate sanctions against the Debtor and its representatives.

Dated: September 19, 2022
New York, New York                    **KING & SPALDING LLP**

*/s/ Israel Dahan*
Israel Dahan
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Phone: (212) 556-2100
Fax: (212) 556-2200
idahan@kslaw.com

Thaddeus D. Wilson (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, N.E., Suite 1600
Atlanta, Georgia 30309
Phone: (404) 572-4600
Fax: (404) 572-5100
thadwilson@kslaw.com

*Counsel for Yeshiva Chofetz Chaim, Inc.
and 82 Highview LLC*

## CERTIFICATE OF SERVICE

      I certify that on September 19, 2022, I caused a true and correct copy of the foregoing to be served via first-class mail on the parties listed below, in addition to those parties receiving electronic notification through the ECF filing system:

> A. Mitchell Greene
> LEECH TISHMAN ROBINSON BROG, PLLC
> 874 Third Avenue
> New York, New York 10022
> amgreene@leechtishman.com
> *Counsel to Debtor*
>
> Paul K. Schwartzberg
> OFFICE OF THE UNITED STATES TRUSTEE
> 201 Varick Street, Suite 1006
> New York, New York 10014
> paul.schwartzberg@usdoj.gov
> *United States Trustee for the*
> *Southern District of New York*

                                                */s/ Israel Dahan*
                                                Israel Dahan