# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

**15 Barclay Road**
**Scarsdale, New York 10583-2707**
**e-mail: ml@LevLaw.org**
**Fax (914) 725-4778**
**Telephone (914) 600-4288**

September 22, 2022

**Via ECF and email**

Hon. Sean H. Lane, U.S.B.J.
300 Quarropas Street
White Plains, NY 10601-4140

*Re: In re Shem Olam LLC (22-22493)*
*Yeshiva Chofetz Chaim, et. ano. V. 82 Highview LLC, et. al. (22-07033)*

Dear Judge Lane:

The undersigned is counsel to 82 Highview LLC and Rabbi Aryeh Zaks in the above-referenced Adversary Proceeding (the "Adversary Proceeding") and proposed special litigation counsel to the Debtor, Shem Olam LLC (the "Debtor"), in the Adversary Proceeding and matters related thereto (including the motions by Yeshiva Chofetz Chaim Inc. ["YCC"] and 82 Highview LLC ["Highview"] to dismiss the bankruptcy case [the "Dismissal Motion"] and/or abstain from considering, or remanding and lifting the automatic stay concerning, the Adversary Proceeding [the "Omnibus Motion"]). On September 20, 2022, at the conclusion of a hearing on the Dismissal Motion and a pretrial conference in the Adversary Proceeding, the Court denied without prejudice the Dismissal Motion and a parties entered into a stipulation on the record agreeing to a discovery and briefing schedule regarding the to-be-refiled Dismissal Motion, the Omnibus motion and the Adversary Proceeding. I indicated to the Court that I would prepare an Order reflecting that, circulate the same to all counsel for approval, and then submit the same to the Court. I prepared and circulated to counsel a proposed order yesterday morning and the language as drafted was agreed to by all counsel, save for one subject area of disagreement, as discussed below. A copy of our clients' proposed Order is attached hereto in MS Word format, as per the Court's direction.

Whereas we believed that the Court intended, and we agreed, that the discovery schedule placed on the record was applicable to all of (i) the Dismissal Motion (to be re-filed at the conclusion of discovery), (ii) the Omnibus Motion, and (iii) the Adversary Proceeding, counsel for Plaintiffs YCC and Highview expressed the view that discovery in the Adversary Proceeding was not subject to the agreed upon schedule, and should be independently directed *after* the Court determines the Omnibus Motion and the re-filed Dismissal Motion. Counsel for YCC and Highview circulated a redlined version of the proposed order reflecting that view. A copy of the same is annexed hereto as well. The parties agreed that they would each simultaneously submit to the Court, at 10:30 this morning, their respective versions of the proposed order and a letter explaining their positions

## LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

**Hon. Sean H. Lane, U.S.B.J.**
**Page 2**                                                                                            **September 22, 2022**

regarding the simultaneous discovery issue. This letter is submitted to explain the position of my clients as to that issue.

First, prior to the Court taking a recess in the Motion Hearing/Pretrial Conference to permit the parties to discuss a potential agreed-upon discovery and briefing schedule, the Court (insofar as we understood it) made it clear that it believed (and we agreed) that the factual issues raise in the Omnibus Motion, the Dismissal Motion and the Adversary Proceeding complaint were largely identical, or, at least, certainly predominantly overlapping. While the legal issues related to each of the proceedings differed somewhat, the witnesses, relevant documents and scope of discovery would be the same for each. Thus, we believe that the Court intended, as did we, that the contemplated discovery schedule would be applicable to all of those matters. For that reason, we agreed to a discovery schedule which contemplated the conclusion of discovery by November 14, 2022, a period of approximately eight weeks.

We submit that it made (and still makes) perfect sense to simultaneously conduct discovery on the Dismissal Motion, the Omnibus Motion and the Adversary Proceeding complaint. The first point in the movants' argument on the remand aspect of their Omnibus Motion is that "this adversary proceeding should be remanded because the underlying bankruptcy case was filed in bad faith, as detailed in Plaintiff's motion to dismiss" [Omnibus Motion, p. 11]. Similarly, they later argued, in connection with their permissive abstention/equitable remand point, that "Rabbi Aryeh Zaks' fraud was revealed in third-party discovery and was about to be exposed to the [state] court. Thus, the [Bankruptcy] Court should … abstain from hearing this adversary proceeding." [Omnibus Motion, p. 15]. Finally, the Omnibus Motion concludes that "For all the reasons discussed in Plaintiffs' motion to dismiss, which equally pertain to the Debtor's bad faith in removing the State Court Action to this Court, a lifting of the automatic stay … is appropriate because it will allow Plaintiffs to … recover their stolen Property." [Omnibus Motion, p. 15]. Obviously, it is not possible to litigate those allegations in the Omnibus Motion and the Dismissal Motion without discovery on those claims of "fraud," the same allegations as underpinned the Adversary Proceeding complaint.

The Complaint in the Adversary Proceeding seeks to set aside a real property transfer based upon the *same* fraudulent claims as are advanced in the Omnibus Motion and the Dismissal Motion. [*see*, for example, ¶¶ 14-17, 19, 24 and 26 of the Complaint], the allegations in the April 14, 2022 and May 9, 2022 Affirmations of Joseph Churgin, Esq. [NYSCEF Doc. Nos. 55 and 76 in 36879/2021], and the Affirmation of Rabbi Mayer Zaks [NYSCEF Doc. No. 27 in 36879/2021]. For ease of reference, copies of the same are also annexed hereto. As is clear, the allegations of fraud in Adversary Proceeding are identical to (or, at least, inextricably intertwined with) the allegations of fraud in the Dismissal Motion and the Omnibus Motion. To not simultaneously conduct discovery in all of the same is, in our view, a monumental waste of time, money and judicial resources.

Moreover, counsel for Plaintiffs has not identified to us (but perhaps will do so in his simultaneous letter submission to this Court) what factual discovery is purportedly necessary in the Adversary

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

**Hon. Sean H. Lane, U.S.B.J.**
**Page 3**                                                                                       September 22, 2022

Proceeding that is not necessary in connection with the Omnibus Motion or the Dismissal Motion. As importantly, even of there are any such areas of additional discovery, counsel has not explained why the same cannot be conducted within the time parameters already agreed to on the record. All that he suggested to us was that the legal considerations for Plaintiffs' motion for abstention were purportedly not fact related but were only matters of law that do not require discovery. However, the lengthy factual recitation prefacing the Omnibus Motion (as well as the assertions made in the arguments section of Plaintiffs' Brief) subvert that contention, and this Court has already (insofar as we understood it) opined to the contrary. If Plaintiffs wish to withdraw *with prejudice* all other motions and arguments, and proceed *only* on the contention that, from the face of the complaint in the Adversary Proceeding, mandatory abstention is required, the playing field might be different. But Plaintiffs have *not* done that and we have before us *only* the extant and identical *factual* allegations of fraud underpinning *each* of the Omnibus Motion, the Dismissal Motion and the Adversary Proceeding complaint. For those reasons, we believe that the Court's statements (insofar as we interpreted them) that discovery should be simultaneously conducted on all of the contested issues was sound and should be reflected in the proposed order.

Before concluding, we would like to point out one additional matter. It is uncontested that the property at issue in the Adversary Proceeding was conveyed from Highview to the Debtor by way of Deed recorded on June 30, 2021. None of the Plaintiffs ever contested or complained about that conveyance until *six months later*, on December 23, 2021, when they commenced the state court action that became the Adversary Proceeding. They did that because permission to continue the occupancy of the subject property by Rabbi Mayer Zaks ("Rabbi Mayer") was to be terminated. Rabbi Mayer and his group are still occupying the subject property notwithstanding that they no longer have any legal right to do so. Thus, the longer that the Adversary Proceeding drags on, the longer they can continue to illegally occupy the subject property to the detriment of the Debtor. Thus, their suggestion that discovery in the Adversary Proceeding should be effectively "placed on hold" for the three month balance of this year (while the Dismissal Motion and the Omnibus Motion are litigated) is, in our view, simply an attempt to buy time.

While we are confident that this Court will deny both of those motions on the facts and the law, even if we are incorrect in that view conducting discovery in the Adversary Proceeding during the agreed upon period is of benefit to all parties and the judiciary. Should this Court grant either of the Plaintiffs' motions, and the Adversary Proceeding is sent to the state court, discovery will be complete and all that will be left is either a trial or a summary judgment motion. Rabbi Mayer and his family were able to prolong *for over two years* his illegal occupancy of a different piece of property previously belonging to Mosdos (a Debtor before this Court) and they are *still* illegally occupying that property (despite affirmed findings by this Court [Hon. Robert D. Drain] that the property belongs to another entity, an affirmed injunction prohibiting Rabbi Mayer and his family from stepping onto that property, an order holding Rabbi Mayer and sone of his family members in contempt for violating that injunction, and a Rule 70 Order [which is presently temporarily stayed by this Court] to physically remove them from that property). It is respectfully asserted that the attempt by Rabbi Mayer (under the guise of being in control of Plaintiffs YCC and Highland) to now unduly delay the adjudication of the Adversary Proceeding, after an agreement

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

**Hon. Sean H. Lane, U.S.B.J.**
**Page 4**                                                                                          **September 22, 2022**

was reached on the record to conduct simultaneous discovery therein, is simply an extension of his strategy to remain in illegal occupancy of Shem Olam's property as long as possible. He commenced the Adversary Proceeding in the state court and alleged, assumedly consistent with his Rule 130 obligations (the equivalent of FRCP Rule 11), the fraud that he now advances before this Court. Clearly, he believed that he had sufficient evidence of the "fraud" to commence the Adversary Proceeding; his attorneys conducted some discovery in the State Court which they now claim uncovered "conclusive" evidence of that fraud); and his attorneys fully participated in the 2004 examination in this bankruptcy case, where they made substantial inquiry of the Debtor's representative regarding the allegations in the Adversary Proceeding. It is inconceivable, under those circumstances, that they cannot conclude whatever else (if anything) they believe they need in terms of discovery in the Adversary Proceeding under the schedule that they already agreed to.

For those reasons, it is respectfully requested that the Court issue the proposed Order accompanying this letter.

Thank you for your attention.

                                                                                                Respectfully,

                                                                                   s/ *Michael Levine*

                                                                    MICHAEL LEVINE

cc. All counsel (via ECF and email).