# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
Direct Dial: +1 212 556 2114
Direct Fax: +1 212 556 2222
idahan@kslaw.com

September 22, 2022

**Filed Via ECF**
Hon. Sean H. Lane
US Bankruptcy Judge
US Bankruptcy Court, SDNY
300 Quarropas Street
White Plains, NY 10601-4140

Re:     *In re Shem Olam LLC*, **Chapter 11, Case No. 22-22493(SHL)**

Dear Judge Lane,

We are counsel to Yeshiva Chofetz Chaim, Inc. ("YCC") and 82 Highview LLC. We write to request a conference to discuss the attached Proposed Order and case management dispute we have with the Debtor.

On September 20, 2022, the Court held an initial conference in the above-referenced matter. During the conference, the Court addressed our clients' motion to dismiss the Debtor's bankruptcy filing as a bad faith filing (the "Motion to Dismiss") and their motion for abstention, remand and lifting of the automatic stay (the "Abstention Motion" and, collectively the "Motions"). At the outset, the Court made clear that it did not want to discuss the merits of the Motions, but only how the parties wished to proceed procedurally on the Motions. To this end, counsel for the Debtor, Steven Eichel, stated that the Debtor would like 30-45 days for discovery concerning the Motions and then a period to file its briefs in response to the Motions. The Court then asked the parties to work on a discovery and briefing schedule concerning these Motions, which the parties did during a break in the conference. The parties ultimately agreed to a discovery and briefing schedule that had document and deposition discovery related to the Motions completed between September 30 and November 14, 2022—*a six-week period*—and briefing to be completed by December 21, 2022. Notably, several of those six weeks include the various upcoming Jewish holidays in which the parties on both sides (and some counsel) are unavailable. What is certain, YCC and 82 Highview LLC did not agree that they would also conduct all of the party and non-party discovery they may need in connection with their underlying claims in the Adversary Proceeding in that same six-week period, particularly before the Defendants in that case (the Debtor and its principals) have filed their answer and defenses to the complaint and before the Court determines whether it has jurisdiction over (or must abstain from hearing) the Adversary Proceeding that was originally filed in state court and involves purely state law issues/claims.

The Court asked the parties to prepare an order detailing the agreed discovery and briefing schedule for the Motions, to which proposed special litigation counsel for the Debtor, Mr. Michael Levine, agreed to prepare.  Yesterday, we received a draft of a proposed order from Mr. Levine that had all document and deposition discovery for the Adversary Proceeding also included in the six-week discovery schedule for the Motions. We explained to Mr. Levine that YCC and 82 Highview LLC did not agree to such truncated discovery schedule in the Adversary Proceeding and do not believe the Court asked the parties to conduct all of the Adversary Proceeding discovery *before* the Court decides whether it has proper jurisdiction over the case (and before Defendants have even filed their answer and defenses). We therefore asked Mr. Levine to remove that statement from his draft proposed order, but he declined because he believes the Court requested that the parties also complete the discovery needed for the Adversary Proceeding simultaneously with completion of the  discovery for the Motions. Again, we do not believe that is what the Court requested, particularly in light of the fact that the Court cannot order discovery over a matter over which it has no proper jurisdiction. Thus, contrary to the Debtor's view, YCC and 82 Highview LLC should not be required to complete all the discovery needed for the Adversary Proceeding in six weeks and before the Court rules on whether it has proper jurisdiction or must abstain from hearing the Adversary Proceeding.

Now, the Debtor contends that it would be a waste of time, money and judicial resources and delay the Adversary Proceeding to not allow full blown Adversary Proceeding discovery now. This argument lacks merit for multiple reasons.  To begin, any delay that has occurred in the adjudication of the Adversary Proceeding is of the Debtor's making.  The claims in the Adversary Proceeding were being litigated in state court since December 2021 and were headed into discovery two months ago until the Debtor chose to file for bankruptcy on the eve of the case management conference and remove the case shortly thereafter.  Moreover, if the Debtor is truly concerned about a waste of time and expense it would have accepted the offer YCC and 82 Highview LLC made yesterday to bypass the Motion to Dismiss issues and simply have the Court address the question of proper jurisdiction through the Motion for Abstention, which doesn't require any discovery to decide. The Court can simply decide the merits of the Motion for Abstention by analyzing the factors under 28 U.S.C. § 1334(c)(1) and (2). But counsel for the Debtor rejected this proposal and takes the position that full Adversary Proceeding discovery is needed even for the Motion for Abstention.  That would improperly put the merits ahead of the Court deciding jurisdiction.

Given the parties inability to agree on whether the six-week discovery period should be only with respect to the Motions or also for the merits of the Adversary Proceeding, the parties have agreed to submit to the Court separate Proposed Orders and a letter explaining their respective positions.  As explained above, YCC and 82 Highview LLC believe the only discovery that should proceed at this time—prior to the Court deciding the gating jurisdictional questions raised in the Abstention Motion—is with respect to the issues raised in the Motions and not the merits of the Adversary Proceeding.  If some discovery relevant to the Motions happens to also be relevant to the Adversary Proceeding, YCC and 82 Highview LLC have no objection to proceeding with such discovery.  But YCC and 82 Highview LLC should not be required to complete all of their Adversary Proceeding discovery on the merits within six weeks, particularly given the discovery

obstruction of third parties to date.  YCC and 82 Highview LLC attach a Proposed Order reflecting their position and respectfully request the Court approve their form Proposed Order.

       We are available at the Court's convenience for a conference to further discuss this matter if needed.

Respectfully submitted,

*s/ Israel Dahan*

Israel Dahan

Enclosure