Kara J. Cavallo, Esq.
JACOBOWITZ & GUBITS, LLP
158 Orange Avenue, P.O. Box 367
Walden, New York 12586
Telephone: (845) 778-2121
Facsimile: (845) 778-5173
Email: KJC@jacobowitz.com
*Attorneys for Respondents, Town of Ramapo
and Board of Assessment Review of the
Town of Ramapo*

Hearing Date: To be Determined
Response Deadline: To be Determined

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:

        SHEM OLAM, LLC,

                Debtor.

Case No. 22-22493-SHL

-----------------------------------------------------------------------x
In the Matter of the Petition of SHEM OLAM LLC,
for review, under Article 7 of the Real Property Law,
of the assessment of certain real property taxes in
and for the Town of Ramapo,

                Petitioner,

   -against-

TOWN OF RAMAPO and BOARD OF ASSESSMENT
REVIEW OF THE TOWN OF RAMAPO,

                Respondents.
-----------------------------------------------------------------------x

Index No.: 033289/2022

## DECLARATION OF KARA J. CAVALLO

Pursuant to 28 U.S.C. §1746, Kara J. Cavallo declares as follows:

1.     I am a partner in the law firm of Jacobowitz & Gubits, LLP, attorneys for the

Respondents the Town of Ramapo and the Board of Assessment Review of the Town of Ramapo

(the "BAR") (collectively, the "Respondents"). As such, I am fully familiar with the facts and

circumstances of this matter.

2.     This matter involves a special proceeding pursuant to New York Real Property Tax Law ("RPTL") Article 7, wherein the debtor, Shem Olam, LLC (hereinafter the "Debtor" or the "Petitioner"), challenges the denial of a real property tax exemption pursuant to RPTL §420-a, a state statutory real property tax exemption for real property owned by an organization or association conducted or organized exclusively for exempt purposes and used exclusively in furtherance of those exempt purposes. The RPTL Article 7 proceeding was removed from Supreme Court of the State of New York, Rockland County to the Southern District of New York and referred to the United States Bankruptcy Court of the Southern District of New York.

3.     This affirmation is respectfully submitted in support of Respondents' motion to dismiss the above referenced adversary proceeding in its entirety pursuant to 11 USCS § 505, 28 USCS §§ 1341, 1334(b) and (c) and 1447(c) on the basis that the United States Bankruptcy Court lacks subject matter jurisdiction over this proceeding or in the alternative that the doctrines of mandatory or permissive abstention apply such that this court must abstain or should exercise its discretion to abstain from adjudicating this adversary proceeding and to remand this matter to State Court; or in the alternative, if the Bankruptcy Court determines it has jurisdiction over these proceedings and does not abstain from determining this matter, pursuant to Rules 12(b)(1), (b)(6) and (c) of the Federal Rules of Civil Procedure that debtor, Shem Olam, LLC (the "Debtor") is not entitled to a real property tax exemption pursuant to RPTL §420-a as a matter of law, based on the express provisions of its Articles of Organization and Operating Agreement, and the documents it submitted in support of its application for a real property tax exemption.

4.     Respondents do not consent to entry of final orders or judgment by the bankruptcy court.

5.     A true and correct copy of the Petitioner's Article 7 Notice of Petition and Petition (the "Petition") is submitted herewith as **Exhibit 1**.

6.     Respondents are deemed to have filed an answer to the Petition pursuant to RPTL §712(1). All allegations of the Petition are deemed denied and the Respondents are not required to replead in this Court unless the court so orders. *See* RPTL §712(1); Fed. R. Bankruptcy Proc. Rule 9027(g).

7.     Respondents moved to dismiss the Petition in the State Court proceedings on the basis that the Petitioner is not entitled to a real property tax exemption pursuant to RPTL §420-a. A true and correct copy of the Respondents' motion to dismiss the Petition is submitted herewith as **Exhibit 2** and is incorporated herein by reference.   Respondents' motion to dismiss the Petition was pending at the time the Petitioner filed its notice of removal.

8.     A true and correct copy of Petitioner's Application For Real Property Tax Exemption For Nonprofit Organizations, submitted to the Town of Ramapo Assessor's Office for the 2022 assessment year for real property located at 105 Carlton Road, Town of Ramapo, (Tax Map No. 49.17-2-47), is submitted herewith as **Exhibit B to Exhibit 2**.  *See* Affidavit of Alyssa A. Luis, Assessing Clerk I ("Luis Aff."), submitted herewith at ¶3.

9.     A true and correct copy of Petitioner's Application For Real Property Tax Exemption For Nonprofit Organizations, submitted to the Town of Ramapo Assessor's Office for the 2022 assessment year for real property located at 82 Highview Road, Town of Ramapo, (Tax Map No. 49.17-2-42), is submitted herewith as **Exhibit C to Exhibit 2**. *See* Luis Aff. ¶3.

10.     A true and correct copy of Petitioner's Articles of Organization is submitted separately herewith as **Exhibit D to Exhibit 2** (also contained in Exhibit B). *See* Luis Aff. ¶3.

11.     A true and correct copy of Petitioner's Operating Agreement provided to the Town of Ramapo Assessor's Office in support of Petitioner's exemption application is submitted herewith as **Exhibit E to Exhibit 2**. *See* Luis Aff. ¶3.

12.     A true and correct copy of the March 10, 2022 letter provided by the Petitioner to the Town of Ramapo Assessor's Office is submitted herewith as **Exhibit F to Exhibit 2**. *See* Luis Aff. ¶3.

13.     True and correct copies of the letters from the Town of Ramapo Assessor's Office and the BAR denying Petitioner's application for a real property tax exemption are submitted herewith, collectively, as **Exhibit G to Exhibit 2**. *See* Luis Aff. ¶3.

### *Facts*

14.     Petitioner is a limited liability ("LLC") that purports to have a sole member which it claims is a not-for-profit religious corporation. *See* Exhibit 2 at Exhibits A at ¶1; B, C, E, F. Petitioner acquired the two parcels that are the subject of this RPTL Article 7 proceeding on or about June 29, 2021 (collectively the "Subject Properties"). *See* Exhibit 2 at Exhibit B at RP-5217 Real Property Transfer Report.

15.     On or about April 29, 2022, the Town of Ramapo Assessor's Office provided notice to the Debtor of the imposition of pro rata taxation pursuant to RPTL §§520 and 551, with respect to the Subject Properties. *See* Declaration of Scott Shedler, IAO, Town Assessor, submitted herewith, at ¶4 ("Shedler Decl."); Exhibit 3. The notices advise the Debtor of the imposition of pro rata taxation and the right to administrative review before the Town of Ramapo Board of Assessment Review. *See* Shedler Decl. at ¶4; Exhibit 3.

16.     The Town of Ramapo Assessor's Office also sent notice to predecessor in title, 82 Highview LLC, of the pro rata taxation. *See* Shedler Decl. at ¶5; Exhibit 4.

17.     Petitioner applied for a real property tax exemption pursuant to RPTL §420-a for each of the Subject Properties for the 2022 assessment year. *See* Luis Aff. ¶3; Exhibit 2 at Exhibits B through G.

18.     The Town of Ramapo Assessor's Office denied the applications for a real property tax exemption on the basis that the Petitioner has not demonstrated that it is organized or conducted for exempt purposes. *See* Shedler Decl. ¶6, Exhibit 5; Luis Aff. ¶3; Exhibit 2 at Exhibit G.

19.     On or about May 19, 2022, the Debtor filed grievance complaints with the BAR pursuant to RPTL §524. *See* Shedler Decl. ¶¶7, 8, Exhibit 6.

20.     The BAR duly held hearings on the grievance complaints on May 24, 2022, pursuant to RPTL §525, at which time the Debtor had a full and fair opportunity to appear and contest the assessments. *See* Shedler Decl. ¶¶8, 9.

21.     The BAR duly deliberated and issued its determination denying the real property tax exemption on the basis that the Petitioner does not qualify for the RPTL §420-a exemption. *See* Shedler Aff. at ¶8, Exhibit 6; Exhibit 2 at Exhibit G.

22.     Petitioner brought this RPTL Article 7 proceeding challenging the denial of the RPTL §420-a real property tax exemption on July 27, 2022. *See* Exhibit 1.

23.     Petitioner filed a Chapter 11 voluntary bankruptcy petition on the same date as it filed the RPTL Article 7 proceeding and subsequently filed its notice of removal to federal court.

*Argument*

**I.     THIS COURT LACKS JURISDICTION OVER THIS PROCEEDING
PURSUANT TO 11 U.S.C. §505(a)(2)(a).**

24.     11 USCS § 505 provides

**(a)(1)** Except as provided in paragraph (2) of this subsection, the court may
determine the amount or legality of any tax, any fine or penalty relating to a tax,
or any addition to tax, whether or not previously assessed, whether or not paid,
and whether or not contested before and adjudicated by a judicial or
administrative tribunal of competent jurisdiction.

The court may not so determine—
**(A)** the amount or legality of a tax, fine, penalty, or addition to tax if such amount
or legality was contested before and adjudicated by a judicial or administrative
tribunal of competent jurisdiction before the commencement of the case under
this title . . .

25.     The Second Circuit Court of Appeals has squarely held that the adjudication by a

BAR of a grievance complaint seeking a real property tax exemption pursuant to RPTL

§420-a constitutes an administrative proceeding that divests the Bankruptcy Court of

jurisdiction to  consider the Debtor's claims to a real property tax exemption for the

assessment year at issue. *Cody Inc. v. County of Orange (In re Cody, Inc.),* 338 F.3d 89, 94,

96 (2d Cir. 2003).

26.     Here, there has been a full and complete adjudication of the Debtor's claim for a

real property tax exemption before the Board of Assessment Review. *See* Shedler Decl. at

¶¶8-10. This adversary proceeding must therefore be dismissed pursuant to 11 USCS §

505(a)(1)(A).

**II.     THE COURT MUST ABSTAIN FROM ADJUDICATING THIS
PROCEEDING PURSUANT TO THE DOCTRINE OF MANDATORY
ABSTENTION AND THE TAX INJUNCTION ACT.**

27.     As a preliminary matter, "a court that lacks jurisdiction over a matter cannot

'abstain' from deciding that matter." *Cody Inc.,* 338 F.3d at 94, *quoting In re Cody,* 281 B.R.

182, 189 (S.D.N.Y. 2002). Thus, for the reasons set forth in Point I above, this case should be

dismissed and the Court need not consider any further or additional arguments set forth herein.

However, if the Court determines that it does have jurisdiction over this adversary proceeding, it

must nevertheless dismiss this proceeding as it must mandatorily abstain from adjudicating it

pursuant to the Tax Injunction Act.

28.     28 USCS § 1341 provides, "[t]he district courts shall not enjoin, suspend or

restrain the assessment, levy or collection of any tax under State law where a plain, speedy and

efficient remedy may be had in the courts of such State."

29.     28 USCS § 1334 provides,

**2)** Upon timely motion of a party in a proceeding based upon a State law claim or
State law cause of action, related to a case under title 11 but not arising under title
11 or arising in a case under title 11, with respect to which an action could not
have been commenced in a court of the United States absent jurisdiction under
this section, the district court shall abstain from hearing such proceeding if an
action is commenced, and can be timely adjudicated, in a State forum of
appropriate jurisdiction.

30.     In the Second Circuit, "availability of an Article 7 Proceeding is adequate as a

matter of law to satisfy the statutory prerequisite to invoke § 1341 . . . ." *Cody, Inc. v. Town of*

*Woodbury,* 8 F. Supp. 2d 340, 343 (S.D.N.Y. 1998), *quoting Long Island Lighting Co. v. Town*

*of Brookhaven,* 889 F.2d 428, 431 (2d Cir. 1989).

31.     28 U.S.C. § 1341 "has its roots in equity practice, in principles of federalism, and

in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v.*

*Griffin, Inc.,* 429 U.S. 68, 73 (1976). "Its principal purpose is to limit drastically federal-court

interference with local tax matters." *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 522

(1981)(noting the compelling reasons for reasons supporting federal non-interference in state tax

administration).

32.     Here, New York State law provides the Debtor with ample opportunity to invoke

state law procedures to challenge real estate taxes and alleged exempt status by bringing a

statutory special proceeding pursuant to RPTL Article 7, the Debtor has already invoked its State

law remedies to challenge its taxable status, and a motion to dismiss that proceeding was pending

at the time the Debtor filed for Chapter 11 bankruptcy and removed this action to federal court.

Thus, the *removal* of the proceeding to federal court has hindered and delayed the prompt

adjudication of that State court proceeding which the Debtor initiated (which was likely the

desired result).

33.     Because state law provides a plain, speedy and efficient remedy as a matter of

law, this Court must abstain from adjudicating the Debtor's right to a real property tax exemption

and dismiss the adversary proceeding.

## III.    THE COURT SHOULD EXERCISE ITS DISCRETION TO ABSTAIN FROM ADJUDICATING THIS PROCEEDING.

34.     If the Court determines it is not mandatorily proscribed from adjudicating this

proceeding, then it should nevertheless exercise its discretion to abstain from doing so.

35.     28 USCS § 1334(c)(1) permits a bankruptcy court broad discretion to abstain

from "hearing a particular proceeding arising under title 11 or arising in or related to a case

under title 11," "in the interest of justice, or in the interest of comity with State courts or respect

for State law . . . ." *Cody, Inc.*, 281 B.R. at 190-191. "28 U.S.C. § 1334(c) sets forth the

statutory standard that bankruptcy courts must employ when evaluating a motion for permissive

abstention in the context of adversary proceedings." *Id.*

> "In determining whether to exercise permissive abstention under § 1334(c) courts
> have considered **one or more** (not necessarily all) of twelve factors:  (1) the
> effect or lack thereof on the efficient administration of the estate if a Court
> recommends abstention, (2) the extent to which state law issues predominate over
> bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law,

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Id.* (emphasis in original). "This statute has been widely applied by bankruptcy courts to abstain from hearing tax disputes between debtors and state and/or federal taxing authorities." *Id.*

36.     Here, as stated above, there is a plain, speedy and adequate remedy in the State court proceedings; the state statutory real property tax exemption is a state-law issue and is more appropriately determined by the State court in the already pending proceeding that the Debtor initiated; this is not a core proceeding under Chapter 11; the Debtor has little likelihood of success on the merits in either forum and thus there is little impact on the Debtor's bankruptcy proceeding; the Debtor is likely forum-shopping since it removed the action to federal court only after Respondents filed a dispositive motion in the State court proceeding; and there is a tenuous connection to the federal bankruptcy court and the Debtor's right to a real property tax exemption. Thus, the court should exercise its broad discretion to abstain from determining this matter.

**IV.     IF THE COURT DETERMINES THIS PROCEEDING ON THE MERITS, PETITIONER'S ADVERSARY PROCEEDING MUST BE DISMISSED PURSUANT TO RULES 12(b)(6) AND (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE THE DOCUMENTARY EVIDENCE SUBMITTED IN SUPPORT OF ITS EXEMPTION APPLICATION CONCLUSIVELY DEMONSTRATES THAT PETITIONER IS NOT ENTITLED TO A REAL PROPERTY TAX EXEMPTION PURSUANT TO RPTL §420-a.**

37.     RPTL § 420-a(1)(a) provides that:

Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section.

38.    To establish entitlement to a real property tax exemption pursuant to RPTL §420-a, Petitioner has the burden of proving that: (1) it is an entity organized or conducted exclusively for purposes enumerated in the statute; (2) the property is used primarily in furtherance of such exempt purposes; (3) no pecuniary profit, apart from reasonable compensation, inures to the benefit of any officers, members or employees, and (4) the entity is not used as a guise for profit-making operations. *See* RPTL §420-a(1); *Congregation Ateres Yisroel v. Town of Ramapo,* 146 A.D.3d 857, 858 (2d Dept. 2017). The elements of the claim for a real property tax exemption must be established by convincing evidence and any ambiguity will be strictly construed against the Petitioner. *Matter of Gemilas Chasudim Keren Eluzer, Inc. v. Assessor of Ramapo,* 5 Misc.3d 1026(A)(Rockland Cty. 2006). If doubt exists, it must be resolved in favor of taxation. *Lackawanna v. State Board of Equalization & Assessment,* 16 N.Y.2d 222, 230 (1965).

39.    Here, Petitioner's Articles of Organization and Operating Agreement definitively establish that it is not an association organized or conducted exclusively for exempt purposes pursuant to RPTL §420-a. *See* Exhibits D and E to Exhibit 2. The Petition must therefore be dismissed.

A. **Because New York LLCs Are Statutorily Formed For For-Profit Purposes, Their Governing Documents Must Contain Language Limiting Their Purposes And Activities To Those Not Inconsistent With Those Of The Sole Not-For-Profit Member To Be Eligible For A Real Property Tax Exemption Pursuant To RPTL §420-a.**

40.    The governing documents of an LLC include its Articles of Organization, which are filed with the department of state (along with any certificates of amendment), and its Operating Agreement, which is a document adopted by the LLC that relates to (i) the business of the limited liability company, (ii) the conduct of its affairs and (iii) the rights, powers, preferences, limitations or responsibilities of its members, managers, employees or agents. *See* LLCL §§203, 209, 417.

41.    New York Limited Liability Company Law ("LLCL") section 201 provides that "[a] limited liability company may be formed under this chapter for any lawful *business* purpose or purposes . . . ." (Emphasis added). "'Business' means every trade, occupation, profession or commercial activity." LLCL §102(e). Thus, by definition, New York LLCs may only be formed for for-profit purposes for pecuniary gain.

42.    New York LLCs are statutorily vested with powers that not-for-profit entities cannot have, including, for example, the power to sell its real property or convey all or substantially all of its assets without approval by a court or the New York Attorney General's Office, *see* LLCL §201(c), and the power to dissolve, wind up its affairs and pay distributions to its members, *see* LLCL §§201(p), 701, 703, *compare* New York Not-For-Profit Corporation Law ("N-PCL") §508 (prohibiting the distribution of income or profit to members, directors or officers of a not-for-profit corporation).[1]

---

[1] There are several additional limitations on a New York not-for-profit corporation that do not apply to New York limited liability companies, including but not limited to, limitations on merger and consolidation, mandatory conflict of interest policies, limitations on related party transactions, oversight by the New York Charities Bureau, and financial reporting requirements. *See generally* N-PCL §§715, 715-a; LLCL §1002; Exec. Law §§172, 172-b.

43.     Thus, unless their Articles of Organization and/or Operating Agreement provide

otherwise, New York LLCs are not limited to non-profit purposes, conduct or activities.  Thus,

taxing jurisdictions grappling with the exempt status of LLCs pursuant to RPTL §420-a require

certain criteria to be met to consider those entities to qualify for the exemption.  *See, e.g., Matter*

*of Greater Jamaica Dev. Corp. v. New York City Tax Comm'n.,* 25 N.Y.3d 614, 632 fn.1 (2015),

*citing* N.Y. City Dept. of Fin. Letter Ruling No. 074873-021, 2007 N.Y. City Tax LEXIS 17

(Nov. 21, 2007), submitted herewith for the court's convenience as **Exhibit H**.  These criteria

include that:

> 1. The LLC's sole member qualifies for a § 420-a exemption. The LLC must also
> show that it is effectively a not-for-profit entity, organized or conducted for § 420-
> a purposes;
>
> 2. The Articles of Organization and/or Operating Agreement must state that there
> will be no pecuniary profit and that the LLC will operate solely for not-for-profit
> purposes consistent with § 420-a;
>
> 3. There must be commonality between the management of the LLC and its not-
> for-profit member;
>
> 4. The property must be managed and maintained by the not-for-profit member;
>
> 5. Rent may not exceed carrying, maintenance and depreciation charges as
> specified in § 420-a;
>
> 6. Upon termination of the LLC, ownership of the property must revert to another
> exempt entity.  Also, transferring any interest in the LLC to a non-qualifying
> entity will result in loss of exemption;
>
> 7. Both the LLC and the member must annually file an affidavit stating that there
> has been no change in the LLC's ownership, in addition to certifications of
> continuing use otherwise required.

*See* Exhibit H; *Matter of Greater Jamaica Dev. Corp.,* 25 N.Y.3d at 632 fn.1.

44.     In *Matter of Greater Jamaica Dev. Corp. v. New York City Tax Comm'n,* 111

A.D.3d 937, 939-40 (2d Dept. 2013), the Appellate Division, Second Department held that the

petitioner, Jamaica First Parking, LLC, was entitled to a real property tax exemption pursuant to

RPTL §420-a where its sole member was an entity that was exempt from federal income taxation

pursuant to section 501(c)(3) of the Internal Revenue Code. Jamaica First Parking, LLC was a

Delaware limited liability company whose Certificate of Formation expressly stated that it was

formed to carry out the charitable purposes of the non-profit member and that its activities were

limited to those "not inconsistent with" the income tax exempt status of the not-for-profit

member. *Id.; Matter of Greater Jamaica Dev. Corp.,* 25 N.Y.3d at 620. The Appellate Division,

Second Department held that a presumption arose with respect to tax-exempt status pursuant to

RPTL §420-a when a petitioner demonstrated that it was exempt from taxation pursuant to

section 501(c)(3) of the Internal Revenue Code. *Matter of Greater Jamaica Dev. Corp.,* 111

A.D.3d at 939. The Court of Appeals reversed the Appellate Division, Second Department's

holding that there was a presumption of exempt status pursuant to RPTL §420-a for 501(c)(3)

entities, reversed the Second Department's holding that the use of the subject property was in

furtherance of charitable or exempt purposes, and held that the subject property was not entitled

to the exemption. The Court of Appeals did not reach the question whether the petitioner LLC

was an exempt entity pursuant to RPTL §420-a but assumed that fact without deciding it for

purposes of the appeal. *Matter of Greater Jamaica Dev. Corp.,* 25 N.Y.3d at 625-28.

45.    The LLC in *Matter of Greater Jamaica Dev. Corp.* was a Delaware LLC. Unlike

New York, Delaware law permits a limited liability company to be organized and conducted for

not-for-profit purposes. *See* 6 Del. C. § 18-106A ("A limited liability company may carry on

any lawful business, purpose or activity, whether or not for profit . . .").

46.    In addition, the petitioner LLC's governing documents in *Matter of Greater

Jamaica Dev. Corp.* expressly provided that the LLC was formed to carry out the charitable

purposes of the sole not-for-profit member and that it would operate the property on a "nonprofit basis." *Matter of Greater Jamaica Dev. Corp.*, 25 N.Y.3d at 647. The LLC's certificate of formation provided that its purposes were limited to those "not inconsistent with" its sole not-for-profit member's exempt status under 26 U.S.C. §501(c)(3) of the Internal Revenue Code. *Id.* at 647, 632 fn.1.

47.    Here, as discussed in Point I(B) below, Petitioner's governing documents do not contain any such limitations and on their face conclusively demonstrate that Petitioner is not an entity that is organized or conducted exclusively for exempt purposes pursuant to RPTL §420-a. Thus, the petition must be dismissed as a matter of law.

48.    Similar to the holding and rationale of the Court of Appeals in *Matter of Greater Jamaica Dev. Corp.*, while IRS regulations permit a single-member LLC to be *disregarded* for federal income tax purposes, allowing it to be considered a branch or division of the owner, the IRS imposes limitations on LLCs to receive a determination letter recognizing it as tax exempt under section 501(a) and described in section 501(c)(3). *See, e.g.*, Treasury Reg. Section 301.7701-3(o)(1)(ii); Notice 2021-56 at p.1 (annexed hereto as Exhibit I to Exhibit 2). In addition to the requirement that the LLC's sole member be an exempt entity, for an LLC to receive a determination letter, the IRS requires provisions to be contained in the LLC's governing documents that "are intended to ensure that the LLC is organized and operated for exclusively for exempt purposes, including that its assets are dedicated to an exempt purpose and do not inure to private interests." *See* Exhibit I to Exhibit 2 at p.6. These include provisions in both the Articles of Organization and the Operating Agreement that: (1) each member of the LLC be a tax-exempt entity; (2) charitable purposes must be expressed in the Articles of Organization and the operating agreements; (3) charitable distribution provisions upon

dissolution (ie. the assets of the LLC must be distributed to another charitable entity upon dissolution); (4) an acceptable contingency plan in the event the LLC ceases to be an exempt entity (such as suspension of its membership until the member regains exempt status); and (5) a statement that the foregoing are authorized and enforceable by State law, because the laws of some states, such as New York, do not recognize charitable or not-for-profit LLCs. *See* Exhibit I to Exhibit 2 at p.6-7.

49.      Again, here, as discussed in Point IV(B) below, Petitioner's governing documents do not contain any such limitations and on their face conclusively demonstrate that Petitioner is not an entity that is organized or conducted exclusively for exempt purposes pursuant to RPTL §420-a. Thus, the petition must be dismissed as a matter of law.

### B.      **Petitioner's Governing Documents Conclusively Establish That It Is Not Organized Or Conducted For Not-For-Profit, Exempt, Charitable or Religious Purposes.**

50.      Here, Petitioner's governing documents definitively establish that Petitioner is neither organized nor conducted exclusively for not-for-profit, exempt, charitable or religious purposes such that it would qualify for a real property tax exemption pursuant to RPTL §420-a.

51.      *First,* neither Petitioner's Articles of Organization nor its Operating Agreement contain any provisions whatsoever limiting Petitioner's purposes to those of its purported sole non-profit member. *See* Exhibits D and E to Exhibit 2.

52.      *Second,* neither Petitioner's Articles of Organization nor the Operating Agreement provide that no pecuniary profit will inure to any officer, member or employee or provide that the LLC will operate solely for not-for-profit purposes. *See* Exhibits D and E to Exhibit 2. Instead, paragraph seven (7) of the Operating Agreement refers to the "net profits" from the "LLC's Business" and paragraph 11 refers to dividends, profits and distributions, all

without limitation of the LLC's activities to those not inconsistent with, or in furtherance of, the exempt purposes of the alleged not-for-profit member. *See, e.g.,* Exhibit E to Exhibit 2.

53.     ***Third,*** there is no provision in Petitioner's Articles of Organization or the Operating Agreement that provides that upon dissolution, the property will revert to another exempt entity. *See* Exhibits D and E to Exhibit 2. Instead, the Manager (Rabbi Aryeh Zaks, an individual) is vested with "the sole authority to dissolve and commence winding up and the liquidation of the LLC" and disposition of its assets. *See* Exhibit E to Exhibit 2 at ¶¶6, 13. The Operating Agreement expressly provides that the Member will "NOT" seek an accounting of the LLC's assets (emphasis in original) and that the Member "hereby irrevocably waives any and all rights . . . with respect to any assets or property . . . " upon dissolution of the LLC. *See* Exhibit E to Exhibit 2 at ¶13. This provision alone eviscerates any indicia that this LLC is organized or conducted as a branch of the alleged not-for-profit or exempt sole-member entity. Petitioner cannot prevail on its claim for a real property tax exemption pursuant to RPTL §420-a as a matter of law because it cannot demonstrate that no profit will inure to any officer, member or employee upon dissolution.

54.     ***Fourth,*** the Operating Agreement vests substantial and unfettered discretion over the LLC, its activities and its assets in the sole "Manager," who is an individual.[2] For instance, the Manager is a party to the Operating Agreement. The Manager has the ability to change the name of the LLC (Exhibit E to Exhibit 2 at ¶2), determine its place of business (Exhibit E to Exhibit 2 at ¶3), has "exclusive and full power with respect to . . . management and control" over

---

[2] Indeed, the second "WHEREAS" clause in the Operating Agreement states "WHEREAS, the Member hereto believes that it is in *his* best interest to set forth the respective rights and obligations with respect to the operation and management of the LLC . . . ." (Emphasis added). While read alone this provision may be construed as boilerplate or a typo, when read in connection with the remainder of the Operating Agreement it clearly demonstrates that it is the Manager who has exclusive control and authority over the LLC and its assets and not the not-for-profit member. *See* Exhibit E to Exhibit 2.

the "Business affairs and operations of the LLC" and the "sole power and authority" to act on its

behalf (Exhibit E to Exhibit 2 at ¶6). Should the Manager cease to serve, he has the "absolute

authority to designate the substitute manager but agrees, in good faith, to listen to the input of the

members into the selection of" the new manager (Exhibit E to Exhibit 2 at ¶6). The Manager

may execute deeds, mortgages and other documents that bind the LLC (Exhibit E to Exhibit 2 at

¶6). The Manager has the sole authority to set up bank accounts and designate signatories on

those bank accounts (Exhibit E to Exhibit 2 at ¶9). The unfettered control and authority of the

Manager over the LLC also demonstrates that it is not organized or conducted as a mere branch

of the nonprofit LLC, is not controlled by it, and is not limited to its exempt and nonprofit

purposes.

55.    ***Fifth***, the Operating Agreement eviscerates the Member's control over and right

to the assets and property of the LLC. The Operating Agreement provides that the Member has

no ownership interest in any LLC property, including the real property. *See* Exhibit E to Exhibit

2 at ¶10. The Member must obtain consent of the Manager to pledge, sell or encumber property,

but the Manager has "exclusive," "full," "sole power and authority" to do so. *See* Exhibit E to

Exhibit 2 at ¶¶6, 11.

56.    ***Sixth,*** the Operating Agreement provides that the Member will indemnify, defend

and hold harmless the LLC and the Manager against all claims, damages, costs and attorneys'

fees incurred as a result of fraud, bad faith, gross negligence, intentional misconduct, or a

knowing violation of law or breach of the Operating Agreement by any Member, Manager or

officer. *See* Exhibit E to Exhibit 2 at ¶12. This provision is patently unlawful and directly

violates LLCL §417(a)(1).

57.     Thus, Petitioner's Articles of Organization and Operating Agreement definitively demonstrate that Petitioner is not organized or conducted for exempt purposes for at least the following reasons: Petitioner is not effectively a not-for-profit entity, organized or conducted for § 420-a purposes; its governing documents do not provide that there will be no pecuniary profit to any individual or that the LLC will operate solely for not-for-profit purposes consistent with RPTL § 420-a; the property is not managed and maintained by the not-for-profit member, but instead unfettered authority, control and discretion are vested in an individual; and upon termination of the LLC, ownership of the property is not required to revert to another exempt entity.

58.     Put simply, Petitioner's governing documents conclusively demonstrate that it is not organized or conducted exclusively in furtherance of the exempt purposes of its purported sole not-for-profit member.  The adversary proceeding must therefore be dismissed pursuant to Rule 12(b)(6) and (c) of the Federal Rules of Civil Procedure.

## C. The Debtor's Petition Should Be Dismissed For The Additional Reason That It Failed To Demonstrate Entitlement To A Real Property Tax Exemption Pursuant To RPTL §420-a.

59.     Petitioner states in its March 10, 2022 letter in support of its exemption application that "[w]e will need the current people using the Highview site to vacate before we can advance our religious use plans for the site." *See* Exhibit F to Exhibit 2.  Thus, the Petition should be dismissed for the additional reason that the Petitioner failed to establish that the subject property was being used exclusively in furtherance of religious or exempt purposes as of the taxable status date.

60.     Petitioner further failed to provide adequate financial information in support of the exemption application, including a completed Schedule A for either the LLC or the purported

sole not-for-profit member and failed to demonstrate that the alleged non-profit member would qualify for an exemption pursuant to RPTL §420-a in its own right. *See* Exhibit B to Exhibit 2. The Petition should be dismissed for these reasons as well.

61.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**WHEREFORE,** Respondents respectfully request dismissal of the adversary proceeding in its entirety and remand of this proceeding to State Court, along with such other relief as the Court deems just and equitable.[3]

Executed:    Walden, New York
             October 5, 2022

                                        KARA J. CAVALLO, ESQ.
                                        JACOBOWITZ AND GUBITS, LLP.
                                        *Attorneys for Respondents*
                                        158 Orange Avenue, P.O. Box 367
                                        Walden, New York 12586-0367
                                        Telephone: 845-778-2121
                                        Facsimile:  845-778-5173


TO:    LEECH, TISHMAN, ROBINSON &
       BROG, PLLC
       *Attorneys for the Debtor*
       875 Third Avenue
       New York, New York  10022

---

[3] A table of contents and table of authorities are appended to this Declaration for the Court's convenience and pursuant to the Court's rules

## TABLE OF CONTENTS FOR

## <u>DECLARATION OF KARA J. CAVALLO</u>

Page

FACTS...................................................................................................... 4

ARGUMENT............................................................................................. 6

I.    This Court Lacks Jurisdiction Over This Proceeding Pursuant
      To 11 U.S.C. §505(a)(2)(A)................................................................ 6

II.   The Court Must Abstain From Adjudicating This Proceeding Pursuant To The
      Doctrine Of Mandatory Abstention And The Tax Injunction Act........................ 6

III.  The Court Should Exercise Its Discretion To Abstain From Adjudicating
      This Proceeding............................................................................. 8

IV.   If The Court Determines This Proceeding On The Merits, Petitioner's Adversary
      Proceeding Must Be Dismissed Pursuant To Rules 12(b)(6) And (c) Of The Federal
      Rules Of Civil Procedure Because The Documentary Evidence Submitted By
      Petitioner In Support Of Its Exemption Application Conclusively Demonstrates
      That Petitioner Is Not Entitled to a Real Property Tax Exemption Pursuant
      To RPTL §420-a ............................................................................ 9

      A.  Because New York LLCs Are Statutorily Formed For For-Profit Purposes,
          Their Governing Documents Must Contain Language Limiting Their
          Purposes And Activities To Those Not Inconsistent With Those Of The
          Sole Not-For-Profit Member To Be Eligible For A Real Property Tax
          Exemption Pursuant To RPTL §420-a. ...................................... 11

      B.  Petitioner's Governing Documents Conclusively Establish That It Is
          Not Organized Or Conducted For Not-For-Profit, Exempt, Charitable
          or Religious Purposes...................................................... 15

      C.  The Debtor's Petition Should Be Dismissed For The Additional Reason
          That It Failed To Demonstrate Entitlement To A Real Property Tax
          Exemption Pursuant To RPTL §420-a ....................................... 18

# TABLE OF AUTHORITIES FOR

## DECLARATION OF KARA J. CAVALLO

Page

**FEDERAL STATUTES**

11 USCS § 505 .................................................................................................2, 6

26 U.S.C. §501(c)(3) ........................................................................................13, 14

28 U.S.C. §1746 .................................................................................................1

28 USCS § 1341 ...............................................................................................2, 7

28 USCS § 1334 ............................................................................................2, 7, 8

28 USCS § 1447(c) .............................................................................................2

**NEW YORK STATE STATUTES**

Exec. Law §172 ...............................................................................................11

Exec. Law §172-b ............................................................................................11

LLCL §102(e) ..................................................................................................11

LLCL § 201 ....................................................................................................11

LLCL §203 .....................................................................................................11

LLCL §209 .....................................................................................................11

LLCL §417 .....................................................................................................17

LLCL § 701 ....................................................................................................11

LLCL § 703 ....................................................................................................11

LLCL §1002 ...................................................................................................11

N-PCL §508 ...................................................................................................11

N-PCL §715 ...................................................................................................11

N-PCL §715-a ................................................................................................11

RPTL §420-a ……………………………………………… 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 17, 18

RPTL §520………………………………………………………………………………………………4

RPTL §524 ……………………………………………………………………………………..…….5

RPTL §525………………………………………………………………………………………………5

RPTL §551………………………………………………………………………………………………4

RPTL Article 7…………………………………………………………………… 2, 3, 4, 5, 7

RPTL §712(1)……………………………………………………………………………………3

## OTHER STATE STATUTES

Del. C. §18-106A………………………………………………………………………13

## FEDERAL RULES

F.R.C.P. Rules 12(b) …………………………………………………………………2, 17

F.R.C.P. Rules 12(c) ……………………………………………………………….....2, 17

Fed. R. Bankruptcy Proc. Rule 9027(g)…………………………………………………...3

## FEDERAL REGULATIONS

IRS Treasury Reg. Section 301.7701-3(o)(1)(ii) …………………………………………14

## CASE LAW

*Cody Inc. v. County of Orange (In re Cody, Inc.),* 338 F.3d 89 (2d Cir. 2003)………………………… 6, 7

*Cody, Inc. v. Town of Woodbury,* 8 F. Supp. 2d 340 (S.D.N.Y. 1998) ………………………………6, 7

*Congregation Ateres Yisroel v. Town of Ramapo,* 146 A.D.3d 857 (2 Dept. 2017) ………………10

*In re Cody,* 281 B.R. 182 (S.D.N.Y. 2002). ……………………………………………………6 , 8, 9

*Lackawanna v. State Board of Equalization & Assessment,* 16 N.Y.2d 222 (1965)………………………10

*Long Island Lighting Co. v. Town of Brookhaven,* 889 F.2d 428 (2d Cir. 1989)…………………………...7

*Matter of Gemilas Chasudim Keren Eluzer, Inc. v. Assessor of Ramapo,* 5 Misc.3d 1026(A)(Rockland Cty. 2006)……………………………………………………………………………10

*Matter of Greater Jamaica Dev. Corp. v. New York City Tax Comm'n.,* 25 N.Y.3d 614 (2015) ………12, 13,

*Matter of Greater Jamaica Dev. Corp. v. New York City Tax Comm'n,* 111 A.D.3d 937 (2d Dept. 2013)…12, 13, 14

*Rosewell v. LaSalle National Bank,* 450 U.S. 503 (1981)…………………………………………………...7

2

*Tully v. Griffin, Inc.*, 429 U.S. 68 (1976). ………………………………………………………………………7

## ADMINISTRATIVE MATERIALS

IRS Notice 2021-56…………………………………………………………………………………………...14

N.Y. City Dept. of Fin. Letter Ruling No. 074873-021, 2007 N.Y. City Tax LEXIS 17 (Nov. 21, 2007) ……..12