**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
Steven B. Eichel, Esq.
*Attorneys for Debtor and Debtor in Possession*

Hearing Date and Time:
December 13, 2022 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

**SHEM OLAM LLC,**

                            Debtor.

-----------------------------------------------------------X

Chapter 11

Case No. 22-22493-shl

## DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES TO THEIR PLAN AND FOR RELATED RELIEF

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      Shem Olam LLC ("Debtor"), seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, under section 1121 of Title 11 of the United States Code ("Bankruptcy Code"), extending the time within which the Debtor has the exclusive right to file a plan of reorganization and to solicit acceptances with respect to filing a plan for 120 days through and including March 27, 2023 and May 23, 2023, respectively. In support thereof, the Debtor states:

### JURISDICTION AND VENUE

      1.     Jurisdiction over this application is vested in the United States District Court for this District under 28 U.S.C. § 1334.

{01115216.DOCX;2 }

2.  This motion has been referred to this Court for consideration under section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3.  This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is section 1121 of the Bankruptcy Code.

4.  Venue of this civil proceeding in this district is proper under 28 U.S.C. § 1409.

## BACKGROUND

5.  On July 27, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has filed its schedules of assets and liabilities and list of creditors.

6.  On August 25, 2022, the Office of the U.S. Trustee conducted its 341 examination of the Debtor.

7.  As of the filing of this motion, no trustee, examiner or committee has been requested or appointed.

8.  The Debtor is a limited liability company, which owns the real property located at 82 Highview Road, Suffern, New York and 105 Carlton Road, Suffern, New York (collectively, the "Property"). The Property is currently improperly occupied by third parties, including Rabbi Mayer Zaks.

9.  Prior to the Petition Date, Rabbi Mayer Zaks, purportedly representing Plaintiffs YCC and 82 Highview (collectively, the "Plaintiffs"), commenced an action in the Supreme Court of the State of New York, Rockland Country, under Index No. 036879/2021

2

(the "State Court Action") to (i) quiet title to the Property in favor of 82 Highview LLC ("82 Highview"), (ii) invalidate the sale of the Property to Shem Olam and set aside the deed from 82 Highview LLC to Shem Olam, and (iii) preliminarily enjoin Rabbi Aryeh Zaks and Shem Olam from taking any further action with regard to the Property.  The Debtor removed the State Court Action to this Court and Plaintiffs filed a motion for abstention, remand and to lift the automatic stay ("Motion to Remand").

10. Plaintiffs filed two motions to dismiss the bankruptcy case. The first was dismissed without prejudice and the second was refiled on October 10, 2022 ("Motion to Dismiss").  Both the Motion to Dismiss and Motion to Remand are pending before the Court and the briefing schedule runs through mid-December, 2022.

11. The Debtor filed a motion for an order establishing deadline for filing proofs of claim and approving the form and manner of note thereof (the "Bar Date Motion").  On September 2, 2022, the Court granted the Bar Date Motion establishing October 7, 2022 as the deadline to file claims in this case for non-governmental units and March 1, 2023 for governmental units.

12. On September 22, 2022, the Debtor also removed an Article 7 Proceeding that was pending in Rockland County Supreme Court with respect to taxes that were assessed against the Debtor. Subsequently, the Debtor stipulated with the Town of Ramapo and Board of Assessment of Town of Ramapo (collectively, "Town of Ramapo") to remand that action back to Rockland Supreme Court.

**RELIEF REQUESTED**

13. Under section 1121(b) of the Bankruptcy Code, the Debtor has the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, under section 1121(c)(3) of the Bankruptcy Code, the Debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for 180 days following the Petition Date (the "Acceptance Period," which, together with the Exclusivity Period, is hereafter referred to as the "Exclusive Periods"). Under section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

14. The current Exclusivity Period and Acceptance Period expire on November 25, 2022, and January 23, 2023, respectively. The filing of a motion under section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. *See* 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within the respective periods specified in subsections (b) and (c) of this section* . . . the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.") (emphasis added).

15. This is the Debtor's first request for an extension of the Exclusive Periods. The Debtor seeks the entry of an order: (i) extending the Exclusivity Period for 120 days (to and including March 27, 2023), and (ii) extending the Acceptance Period for 120 days (to and including May 23, 2023), to ensure that this Court, the Debtor, and other parties in interest are not distracted by the filing of any competing or premature plans.

16. The Debtor submits it should be granted the requested extensions of the Exclusive Periods so that it will have sufficient time to formulate and then confirm a plan.

4

4882-2899-7695, v. 4

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

17.   The Debtor's Exclusive Periods may be extended by this Court for "cause" under section 1121(d) of the Bankruptcy Code.

18.   The moving party bears the burden of establishing that cause exists for an extension of exclusivity under section 1121(d) of the Bankruptcy Code. *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987). Whether cause supports extending a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based on the facts of each particular case. *See, e.g., In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), *First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *Texaco*, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); *In re Tony Downs Foods Co.*, 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. See H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); *See also In re Perkins*, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [section 1121(d)] is flexibility").

19.   Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

(a)   the size and complexity of the case;

(b)   the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(c)   the existence of good faith progress toward reorganization;

(d)   the fact that the debtor is paying its bills as they become due;

(e)   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

5

4882-2899-7695, v. 4

(f)      whether the debtor has made progress in negotiations with its creditors;

(g)      the amount of time which has elapsed in the case;

(h)      whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i)      whether an unresolved contingency exists.

*In re Adelphia*, 352 B.R. at 857. Applying these factors to the facts and circumstances demonstrates that the requested extensions are appropriate.

20. This Court should be aware that this is the Debtor's first request for an extension of its Exclusive Periods. The Debtor submits that factor "(h)" is inapplicable to this case as it is not using exclusivity to pressure creditors. The Debtor submits that it satisfies substantially all of the factors, which militate toward granting the relief requested.

21. The Debtor, through special counsel, has communicated with Yeshiva Chofetz Chaim, Inc ("YCC") and 82 Highview (through their counsel) in an effort to resolve their claims in the bankruptcy case and consensually submit a plan. A settlement has not been reached, therefore the Debtor will timely file its response to the YCC's and 82 Highview's Motion to Dismiss and Motion to Remand. Similarly, proposed special tax counsel had contacted counsel for the Town of Ramapo in an effort to resolve its claim; however, no resolution was reached.

22. Although the ownership of the Property is in dispute, because of the decline in the real estate market and rising interest rates, the Debtor is prepared to file a plan authorizing the selling the Property at an auction with the sale proceeds to be held in escrow pending a determination as to what entity owns the Property and who the Trustees are of such entity. Under that plan, the sale proceeds would be paid to the owner after the claims against the estate are paid. Additionally, until it is determined whether the Debtor is exempt from real estate taxes, real estate

6

taxes and interest thereon continue to accrue. The Debtor's schedules reflect a disputed $600,000 real estate tax claim as of the Petition Date. The end result is that the Property is a rapidly dissipating asset and therefore must be sold as soon as possible and the Debtor is prepared to do so under a plan which (as discussed) will result in a sale of the Property and, after payment of prepetition and administrative claim against the estate, the proceeds thereof held in escrow for the entity that is determined to have owned the Property prior to such sale.

23. Thus, the Debtor has attempted to negotiate with its creditors with respect to their claims and is seeking to reach an agreement to consensually confirm a plan.

24. Moreover, as the Property is improperly occupied by third parties, the utilities are presumably being paid by them.

25. Accordingly, the Debtor submits that given these facts, and to preserve the Debtor's exclusive right to file a plan, it has demonstrated good cause to extend the Exclusive Periods. At this time, the Debtor should be granted an extension of the Exclusive Periods so that it can continue settlement discussions, prepare to market the Property for sale and propose a plan. While the Debtor is seeking an additional 120 days to file its Plan, the Debtor believes that a plan can be filed in significantly less time.

26. The Debtor has served this application on the Office of the United States Trustee, the Debtor's creditors, and counsel to all parties who have filed notices of appearance in this case. The Debtor submits that such service should be deemed sufficient under the circumstances.

27. No prior application for the relief sought has been made by the Debtor to this, or any other, Court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this motion and enter an order under sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtor's exclusive right to file a plan of reorganization to and including **March 27, 2023;** (ii) and if the Debtor files a plan of reorganization before **March 27, 2023,** further extending the Debtor's right to solicit acceptances with respect thereto to and including **May 23, 2023**; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

**Dated:** New York, New York
November 23, 2022

    **LEECH TISHMAN**
    **ROBINSON BROG, PLLC**
    Attorneys for the Debtor
    875 Third Avenue, 9th Floor
    New York, New York 10022
    Tel. No.: 212-603-6300

    By: /s/ Steven B. Eichel
          **Steven B. Eichel**

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

**SHEM OLAM LLC,**

                       Debtor.

-----------------------------------------------------------X

Chapter 11

Case No. 22-22493-SHL

**ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN
OF REORGANIZATION AND TO SOLICIT ACCEPTANCES
WITH RESPECT TO THE DEBTOR'S PLAN AND FOR RELATED RELIEF**

**UPON** the motion dated November 23, 2022 ("Motion") of Shem Olam LLC ("Debtor") seeking the entry of an order under section 1121 of Title 11 of the United States Code ("Bankruptcy Code"): (i) extending the Debtor's exclusive right to file a plan of reorganization through and including **March 27, 2023;** and (ii) if the Debtor files a plan of reorganization before that date, extending the Debtor's right to solicit acceptances for their plan through and including **May 23, 2023**; and there being due and sufficient notice of the Motion; and a hearing having been held on December 13, 2022; and it appearing that due and sufficient cause to grant the Motion appearing therefor, it is

      **ORDERED,** that the Motion is granted as set forth herein; and it is further

      **ORDERED**, that the Debtor's exclusive right to file a plan of reorganization under section 1121 of the Bankruptcy Code is extended through and including **March 27, 2023** ("Exclusivity Period"); and it is further

      **ORDERED**, that if the Debtor files a plan of reorganization within the time set forth herein, then the Debtor's exclusive right to solicit acceptances for their plan under section

1121(c)(3) of the Bankruptcy Code is extended to **May 23, 2023** ("Acceptance Period"); and it is further

**ORDERED**, that the entry of this order is without prejudice to the Debtor's right to seek additional extensions of the Exclusivity Period and Acceptance Period under section 1121 of the Bankruptcy Code.

**DATED:**    White Plains, New York
_____, 2022

_____
**HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**