**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.:  212-603-6300
Steven B. Eichel, Esq.
*Attorneys for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

**SHEM OLAM LLC,**

                      Debtor.
-----------------------------------------------------------X

Chapter 11

Case No. 22-22493-shl

### DEBTOR'S OBJECTION TO CLAIM OF
### YESHIVA CHOFETZ CHAIM, INC. AND 82 HIGHVIEW LLC

TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE:

      Shem Olam LLC, the debtor and debtor in possession (the "Debtor"), by its attorneys, Leech Tishman Robinson Brog, PLLC, files this Objection ("Objection") to disallow and expunge the claims filed by Yeshiva Chofetz Chaim, Inc. ("YCC") as claim no. 2 ("YCC Claim") and 82 Highview LLC ("82 Highview") as claim no. 3 ("82 Highview Claim").[1]  In support of its Objection, the Debtor respectfully represents and alleges as follows:

**Jurisdiction**

      1.    Jurisdiction over this Objection is vested in the United States District Court for this District pursuant to 28 U.S.C. §§ 157 and 1334.  The Objection has been referred to this

---

[1]Copies of the YCC Claim and 82 Highview Claim is attached hereto as Exhibits A and B, respectively. YCC and 82 Highview are collectively referred to herein as Claimants.

1

Court for consideration pursuant to Section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb 1, 2012) (Preska C.J.).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief sought are sections 105, 502 and 505 of the Bankruptcy Code and Bankruptcy Rule 3007(a).

3. Venue is proper in this District pursuant to 28 U.S.C §§ 1408 and 1409.

**Background**

4. On July 27, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has filed its schedules of assets and liabilities and list of creditors.

5. The Debtor is a limited liability company, which owns the real property located at 82 Highview Road, Suffern, New York and 105 Carlton Road, Suffern, New York (collectively, the "Property"). The Property is currently improperly occupied by third parties, including Rabbi Mayer Zaks.

6. On September 9, 2022, this Court entered the Order Establishing Deadline for Filing Proofs of Claim Approving the Form and Manner of Notice Thereof (the "Bar Date Order"). The Bar Date Order established October 7, 2023, as the deadline for all creditors, with the exception of governmental units, to file proofs of claim against and interests in the Debtor.

7. On October 7, Rabbi Mayer Zaks, signed the YCC Claim and the 82 Highview Claim purportedly on their behalf, both of which were filed on that date. These claims are based on the state court action styled *Yeshiva Chofetz Chaim, Inc. et al.,* Index No. 036879/2021 (N.Y. Sup Ct. Rockland County) ("State Court Action"), to quiet title to the Property in favor of 82 Highview, (ii) invalidate the sale of the Property of Shem Olam and setting aside the deed from

82 Highview LLC to Shem Olam, and (iii) preliminarily enjoin Rabbi Aryeh Zaks and Shem Olam from taking any further action with respect to the Property.

8.  The Debtor removed the State Court Action to this Court and the Claimants filed a motion for abstention, remand and to lift the automatic stay ("Motion for Remand"). That motion is also pending before the Court.

9.  Additional facts and circumstances supporting this Objection are set forth in (a) Debtor's Opposition to the Amended Motion by YCC and 82 Highview for Abstention, Remand, and to Lift the Automatic Stay ("Opposition to Remand Motion"), and (b) the March 25, 2022, Affirmation of Henoch Zaks (the "Henoch Affirmation") and ancillary documents previously filed in the State Court Action. A copy of the Henoch Affirmation is annexed hereto and marked Exhibit "C".[2]

## Relief Requested

10.  For the reasons set forth herein, in the Opposition to Remand Motion, and in the Reply Affirmation, the Debtor respectfully requests that the Court disallow and expunge the YCC Claim and 82 Highview Claim.

## Basis for Relief

11.  A filed proof of claim "is deemed allowed, unless a party in interest … objects." 11 U.S.C. §502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim by a preponderance of the evidence. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd, 2010 WL 234827, at *3 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,

---

[2] The ancillary documents referred to in the Henoch Affirmation are incorporated herein by reference.

3

539 (Bankr. S.D.N.Y. 2000). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against the debtor. *In re Allegheny, Int'l Inc.*, 954 F.2d 167, 173-177 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (claimant "bears the burden of persuasion as to the allowance of [its] claim").

12. Once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted). In addition to proving the validity of its claim, a claimant must also prove the amount of the claim. *In re Frederes*, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989).

13. As set forth in more detail in the Opposition to the Remand Motion and in the Henoch Affirmation, the YCC Claim and 82 Highview Claim should be disallowed and expunged because (i) Claimants have no standing to file the YCC Claim and 82 Highview Claim, and (ii) Shem Olam owns the Property, and there is no basis to quiet title, to invalidate the transfer of the Property to Shem Olam and set aside the deed from 82 Highview LLC to Shem Olam.[3]

14. The Debtor reserves the right to amend and/or supplement this Objection.

---

[3] Additionally, there is a issue as to whether the Proof of Claim is even appropriate on its face pursuant to 11 U.S.C. § 101(5)(A).

4

**WHEREFORE**, the Debtor respectfully requests that the Court disallow and expunge the YCC Claim and 82 Highview Claim for the reasons set forth herein and for such other relief as this Court finds appropriate.

Dated: New York, New York
December 5, 2022

**LEECH TISHMAN
ROBINSON BROG, PLLC**

By: s/ *Steven B. Eichel*
Attorneys for Debtor and Debtor in Possession
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: (212) 603-6300