# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                         : Chapter 11

MOSDOS CHOFETZ CHAIM INC.,                              Case No. 12-23616(rdd)
                                                                                 : Post-Confirmation
----------------------------------------------------------X
MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS,  :
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,   Adv. Pro. No. 20-08949-rdd
SIMA WEINTRAUB, derivatively on behalf of MOSDOS         :
CHOFETZ CHAIM INC., DANIEL ROSENBLUM,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,   :
JOSEPH GRUNWALD, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC., and YISROEL HOCHMAN,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,   :

                                        Plaintiffs,                        :

                        - against-                                       :
MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM       :
INC., TBG RADIN LLC, SHEM OLAM LLC.,
CONGREGATION RADIN DEVELOPMENT INC., ARYEH :
ZAKS, BEATRICE WALDMAN ZAKS, HENOCH ZAKS,
MENDEL ZAKS, GITTEL ZAKS LAYOSH, SAMUEL         :
MARKOWITZ and STERLING NATIONAL BANK,
                                                                                 :
                                        Defendants.
----------------------------------------------------------X

### ORDER GRANTING MOTION OF DEFENDANTS MOSDOS CHOFETZ CHAIM AND RABBI ARYEH ZAKS TO DISMISS ADVERSARY PROCEEDING COMPLAINT AFTER TRIAL AND RELATED RELIEF

Plaintiffs having commenced an action in the Supreme Court of the State of New York, County of Rockland, under Index No. 036069/2019, and on February 11, 2020 such action having been removed to the United States District Court for the Southern District of New York, which then referred the action to this Court; and the action then being designated as the above-captioned Adversary Proceeding; and the Court having issued an Order [DE-17] on March 26, 2020 which, among other things, directed that two dispositive issues underlying the claims in the Adversary Proceeding Complaint herein be tried before this before this Court, namely (1) whether the

1

corporate governance of the Reorganized Debtor[1] and the identity of the Reorganized Debtor's Board of Trustees (a) on the Confirmation Date and (b) the post-Confirmation Date transfer of the Property by the Reorganized Debtor were in compliance with the Plan and Confirmation Order, and (2) whether the Confirmation Order approved the Reorganized Debtor's post-Confirmation Date transfer of the Property without the requirement of any additional approval under applicable New York law, and, if not, whether such approval was obtained (the "Contested Issues"); and the Court having conducted a trial of the Contested Issues on March 4, 2021; and, at the conclusion of the presentation of Plaintiffs' evidence, and after Plaintiff rested their case on the record, Defendants having moved for an order dismissing the Adversary Proceeding Complaint based upon Plaintiffs' failure to meet their burden of proof on the Contested Issues; and Plaintiffs not having contested the motion as to Contested Issue number 1 but having argued that they had presented sufficient evidence to meet their burden of proof with respect to the motion on Contested Issue number 2; and Defendants' having argued that Plaintiffs were precluded from making such argument under the doctrines of waiver, judicial estoppel, equitable estoppel, and the like; and the Court having adjourned argument of Defendants' motion to dismiss for the purpose of giving the parties an opportunity to present briefs on that issue; and Defendants having submitted their brief on that issue on March 19, 2021 [DE-136], and Defendants' having submitted their brief on that issue on March 25, 2021 [DE-145]; and the Court having resumed argument on Defendants' motion to dismiss on March 26, 2021; and the Court having considered the arguments of counsel for Plaintiffs and counsel for Defendants made on the record on that date; and after due deliberation and for the reasons stated by the Court in its bench ruling at the conclusion of the March 26, 2021

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Court's March 26, 2020 Order.

2

oral argument on Defendants' motion to dismiss, the Court having determined that the Defendants' motion to dismiss should be granted;

And, by letter from Robert L. Rattet, Esq. dated March 31, 2021, Plaintiffs having requested a stay under Fed. R. Bankr. P. 8007 of that portion of the order proposed by counsel for the Defendants (but not then entered by this Court) set forth in the first sentence of paragraph 8 of this Order, pending appeal; and, after due deliberation, the Court having determined that such request should be denied because the movants have failed to show either irreparable injury to them absent a stay pending appeal or substantial injury and a balance of harms in favor of movants absent a stay pending appeal, as well as a substantial possibility of success on appeal, in that (a) the Plaintiffs at least since the entry of the Court's March 26, 2020 Order have had the opportunity to show the improper use or intended improper use of the funds at issue and have failed to do, (b) the second sentence of paragraph 8 of this Order sufficiently protect the movants from the improper use of such funds under the circumstances, (c) the movants have not offered to post a bond to protect Defendants from harm caused by the requested stay pending appeal, arising, for example from any resulting inability of Defendants to make mortgage payments, and (d) the only argument on the merits described in the March 31, 2021 letter is not based on any lack of due process in *this* Adversary Proceeding but, rather, the asserted lack of due process with respect to the confirmation of the Reorganized Debtors' Chapter 11 Plan, approved by an order that has long since become final, that was relevant only as a fact in this Adversary Proceeding, and of which movants were prime beneficiaries.

Now, therefore, good and sufficient cause appearing, it is hereby **ORDERED** that

1.     Defendants' motion to dismiss the Adversary Proceeding Complaint, to the extent based upon the doctrine of judicial admission, is denied.

2. Defendants' motion to dismiss the Adversary Proceeding Complaint, to the extent based upon the doctrine of judicial estoppel, is denied.

3. Defendants' motion to dismiss the Adversary Proceeding Complaint, to the extent based upon the doctrine of waiver, is granted.

4. Defendants' motion to dismiss the Adversary Proceeding Complaint, to the extent based upon the doctrine of equitable estoppel, is granted.

5. It is determined and declared that the Board of Trustees of Mosdos Chofetz Chaim Inc. as of the Confirmation Date and the post-Confirmation Date transfer of the Property was as set forth at paragraphs 29 and 35 of the Trial Declaration of Rabbi Aryeh Zaks [DE-42].

6. The Adversary Proceeding Complaint in this Adversary Proceeding is dismissed with prejudice as to the Plaintiffs, and the Clerk of the Court is hereby directed to close this Adversary Proceeding. Except to the extent that claim preclusion or issue preclusion may apply, the dismissal of this Adversary Proceeding is without prejudice to the rights of any person or entity that is not a party to this Adversary Proceeding, including, without limitation, the Attorney General of the State of New York.

7. The Notice of Pendency filed by Plaintiffs prior to the removal of this action to this Court, on the State Court Docket under Index No. 036069/2019, is set aside and vacated and of no further force and effect.

8. The standstill and/or preliminary injunction order of this Court, which was entered by this Court pending this Court's determination of the Contested Issues, is vacated, revoked and dissolved and of no further force or effect. Any person or entity formerly bound by such standstill and/or preliminary injunction order shall nevertheless disclose to counsel of record for Plaintiff Mosdos Chofetz Chaim Inc. its intention to make a material transfer that would have been stayed

by such standstill and/or preliminary injunction at least three business days before making such a material transfer.

9. Plaintiffs request for a stay pending appeal of the first sentence of paragraph 8 of this Order is denied, with the exception of the requirement set forth in the second sentence of paragraph 8 of this Order.

10. The Court shall retain exclusive jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation and/or implementation of this Order.

Dated: White Plains, New York
April 2, 2021

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE