**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.:  212-603-6300
Steven B. Eichel, Esq.
*Attorneys for Debtor and Debtor in*
*Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

**SHEM OLAM LLC,**

        Debtor.

--------------------------------------------------------X

Chapter 11

Case No. 22-22493-SHL

**APPLICATION PURSUANT**
**TO SECTION 327(e) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN**
**SARAJIAN & BAUM PLLC AS SPECIAL TAX COUNSEL TO THE DEBTOR**

   Shem Olam LLC (the "Debtor"), by its attorneys, Leech Tishman Robinson Brog, PLLC,

submits this application (the "Application") for an order pursuant to section 327(e) of Chapter 11

of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor's retention of

Sarajian & Baum PLLC ("Sarajian") as its special tax counsel effective as of July 27, 2022.  In

support of the Application, the Debtor respectfully refers the Court to the Declaration of Richard

Sarajian (the "Sarajian Declaration"), which is attached hereto and is being submitted

concurrently with this Application.  In further support of the Application, the Debtor respectfully

represents as follows:

1

<u>**Summary of Requested Relief**</u>

1.      As set forth in more detail herein and as set forth in the Sarajian Declaration, this Application seeks approval of Debtor's retention of Sarajian as its special tax counsel to represent the Debtor with respect to its litigation against the Town of Ramapo regarding the Debtor's tax-exempt status (the "Litigation").  The Litigation has since been removed to the Bankruptcy Court as Adv. Pro. 22-7040.

<u>**Background**</u>

2.      On July 27, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

3.      The Debtor is operating its business and managing its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this application, no trustee, examiner or committee has been requested or appointed.

4.      The Debtor is a limited liability company, which owns the real property located at 82 Highview Road, Suffern, New York and 105 Carlton Road, Suffern, New York (the "Property").  The Property is currently improperly occupied by third parties.

<u>**Jurisdiction**</u>

5.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these proceedings is proper pursuant to 28 U.S.C. §§1408 and 1409.

6.      The statutory bases for the relief sought herein are sections 327(e), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

4862-1100-4470, v. 2

**<u>Relief Requested</u>**

7.      By this Application, the Debtor seeks authority to employ and retain Sarajian as its special tax counsel.  Prior to the Petition Date, Sarajian represented the Debtor in the Litigation.  Because Sarajian represented the Debtor pre-petition and is intimately familiar with the issues at hand, Sarajian is able to continue representing the Debtor.

8.      The Debtor respectfully requests the entry of an order, effective as of the Petition Date, pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing it to employ and retain Sarajian as its special tax counsel.

9.      Except as may be stated herein and in the annexed Sarajian Declaration, Sarajian has not at any time represented any other entity in connection with this case.  Sarajian shall not represent any other entity in connection with this case while it acts as special tax counsel to the Debtor, other than as disclosed in the Sarajian Declaration.  The Bankruptcy Code provides that a debtor, with court approval, may employ for a specified special purpose, an attorney that has represented the Debtor if it is in the best interest of the estate and if such attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed.  11 U.S.C. §327(e).

10.     The Debtor believes that Sarajian does not hold or represent any interest adverse to the Debtor in respect of the matters upon which it is to be engaged and that Sarajian's employment is necessary and in the best interests of the Debtor's estate and creditors.

11.     The Debtor believes that Sarajian is well qualified to act as its special tax counsel due to its experience in the area of tax law and religious corporations and its pre-petition knowledge of the issues that need to be addressed based on its pre-petition representation of the Debtor in the Litigation.

3

12.     Except as provided herein and in the Sarajian Declaration, Sarajian has not otherwise or previously acted as counsel to Debtor in any other matters.

13.     Based upon the foregoing, Sarajian submits it does not hold or represent an interest adverse to Debtor with respect to the matters on which it is requesting to be retained, as provided by §327(e) of the Bankruptcy Code.

## Professional Compensation

14.     Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Sarajian on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Sarajian.

15.     Richard Sarajian will primarily be responsible for performing the services requested by the Debtor and bill for his services at a rate of $400.00 per hour in addition to the reimbursement of actual, necessary expenses and other charges incurred by Sarajian.  Other attorneys who may perform additional services charge at the rate of $375.00 per hour with paraprofessionals charging $100.00 per hour.

16.     The Debtor requests that Sarajian be allowed compensation for its services at its usual and customary rates and reimbursement for necessary expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code upon submission of an appropriate application therefor after court approval of such fee application.

## No Adverse Interest and Disclosure of Connections

17.     To the best of the Debtor's knowledge and other than as disclosed in the Sarajian Declaration submitted concurrently herewith, Sarajian has not represented the Debtor, its creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estate.

4862-1100-4470, v. 2

## <u>Notice</u>

18.    The Debtor has provided notice of this application to: (i) the U.S. Trustee; (ii) the

Debtor's 20 largest unsecured creditors; and (iii) all other parties that have requested service in

these cases pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Debtor respectfully request entry of an order, pursuant to section

327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Debtor to employ and

retain Sarajian as its special tax counsel effective as of the Petition Date and for such other and

further relief as is just and proper.

Dated:  New York, New York
            December 27, 2022

> **LEECH TISHMAN ROBINSON BROG, PLLC** .
> Attorneys for Debtor and Debtor in Possession
> 875 Third Avenue, 9th Floor
> New York, New York  10022
> Tel. No.:  212-603-6300
>
> By:    _/s/ Steven B. Eichel_
>            Steven B. Eichel