**MCGRAIL & BENSINGER LLP**
888-C 8th Avenue #107
New York, New York 10019
Telephone: (201) 931-6910
Ilana Volkov, Esq.
Email: ivolkov@mcgrailbensinger.com

*Counsel for Rabbi Mayer Zaks, Yeshiva Chofetz Chaim, Inc. and 82 Highview LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SHEM OLAM LLC, | Case No. 22-22493 (SHL) |
| Debtor. | |

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AUTHORIZING THE FILING OF A CERTAIN SETTLEMENT AGREEMENT AND RELATED INFORMATION UNDER SEAL IN CONNECTION WITH THE OBJECTION OF RABBI MAYER ZAKS, YESHIVA CHOFETZ CHAIM, INC. AND 82 HIGHVIEW LLC TO THE MOTION FOR AN ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING SALE OF SHEM OLAM'S PROPERTY**

TO: THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

Rabbi Mayer Zaks, Yeshiva Chofetz Chaim, Inc. and 82 Highview LLC (collectively, the "Objectors"), by and through their undersigned counsel, hereby file this Motion (this "Motion") Pursuant to 11 U.S.C. §§105(a) and 107(b) for Entry of an Order, substantially in the form attached as **Exhibit A**, Authorizing the Filing of a Certain Settlement Agreement and Related Information Under Seal in Connection with the Objectors' Objection to the Motion for an Order Pursuant to

Section 363 of the Bankruptcy Code Authorizing Sale of Shem Olam's Property [Dkt. No 162] (the "Sale Motion"). In support of the Motion, the Objectors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code.

## BACKGROUND

2. On February 9, 2026, Shem Olam LLC ("Shem Olam") filed the Sale Motion.

3. In connection with the Objectors' objection to the Sale Motion, which is due on February 24, 2026, the Objectors intend to rely on, in part, on that certain Settlement Agreement (the "Global Settlement Agreement"), dated June 6, 2024, by and among Rabbi Yisroel Mayer Zaks, on the one hand, and Rabbi Aryeh Zev Zaks, Henoch Zaks and Congregation Radin Development Inc., on the other hand, and (i) as agreed to in full by Yeshiva Chofetz Chaim, Inc., (ii) agreed to as to Paragraphs 2, 5 and 32 by Shem Olam LLC, and (iii) with additional signatures of Shimon Zaks, Shimon Ganz and Ben Phillipson (collectively, the "Global Settlement Parties"), the truncated version of which Global Settlement Agreement this Court approved by order entered August 13, 2024, in the adversary proceeding captioned *Congregants of Mosdos Chofetz Chaim, Inc. a/k/a Kiryas Radin v. Mosdos Chofetz Chaim Inc. et al.*, Adv. Pro. 21-07023 [Dkt. No. 30].

4. The reason the Objectors plan on relying on the Global Settlement Agreement is because the Global Settlement Agreement discussed, among other things, the Settlement Parties' agreement regarding disposition of the Property (as defined in the Sale Motion) and created certain

2

rights in the Objectors' favor which are critical to the Court's understanding and consideration in connection with its ruling on the Sale Motion.

5. Section 34 of the Global Settlement Agreement contains a very rigorous and broad confidentiality provision, which the Objectors do not want to breach by filing the Global Settlement Agreement with the Court as a public document. The last sentence of that Section states: "[i]n the event that any party brings any motion or proceeding to enforce the terms of this Settlement Agreement (which motion or proceeding may only be brought to the United States Bankruptcy Court for the Southern District of New York), all papers filed with respect to such motion or proceeding shall be filed under seal."

## RELIEF REQUESTED AND BASIS THEREFOR

6. Bankruptcy Code section 107 provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of confidential or sensitive information. 11 U.S.C. §107(b). Section 105(a) of the Bankruptcy Code states, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

7. Moreover, Rule 9018 of the Federal Rules of Bankruptcy Procedure authorize the bankruptcy court, with or without notice, to issue any order "that justice requires to (1) protect the estate or any entity regarding … or commercial information."

8. Here, given the highly restrictive language in the Global Settlement Agreement regarding its confidentiality, the Objectors respectfully request that the Court allow them to file the Global Settlement Agreement under seal and to redact in the publicly filed Sale Motion objection all specific references to the Settlement Agreement.

9. The Objectors respectfully submitted that the relief they seek is warranted, appropriate and should be granted.

**WHEREFORE**, the Objectors respectfully request that the Court grant the Motion, enter the form of Order attached hereto as **Exhibit A** and grant them such other relief as the Court deems just and appropriate under the circumstances.

        Respectfully submitted,

        **MCGRAIL & BENSINGER LLP**
        *Counsel for Rabbi Mayer Zaks, Yeshiva Chofetz Chaim, Inc. and 82 Highview LLC*

        By: /s/ *Ilana Volkov*
              Ilana Volkov

Dated: February 17, 2026

4

# **Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SHEM OLAM LLC, | ) | Case No.: 22-22493 (SHL) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AUTHORIZING THE FILING OF A CERTAIN SETTLEMENT AGREEMENT AND RELATED INFORMATION UNDER SEAL IN CONNECTION WITH THE OBJECTION OF RABBI MAYER ZAKS, YESHIVA CHOFETZ CHAIM, INC. AND 82 HIGHVIEW LLC TO THE MOTION FOR AN ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING SALE OF SHEM OLAM'S PROPERTY**

THIS MATTER having been opened to the Court by Rabbi Mayer Zaks, Yeshiva Chofetz Chaim, Inc. and 82 Highview LLC (collectively, the "Objectors") upon a motion (the "Motion") pursuant to 11 U.S.C. §§105(a) and 107(b) for entry of an order authorizing the filing of a certain settlement agreement and related information under seal in connection with the Objectors' objection to the motion for an order pursuant to Section 363 of the Bankruptcy Code authorizing sale of Shem Olam's property [Dkt. No 162] (the "Sale Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided as evidenced by Certificates of Services filed with the Court, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion

and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that in connection with their objection to the Sale Motion, the Objectors are authorized to file the Global Settlement Agreement (as defined in the Motion) under seal and to redact in the publicly filed Sale Motion objection all specific references to the Global Settlement Agreement; and it is further

ORDERED that the Objectors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order; and it is further

ORDRED that the Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: February ___, 2026
New York, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge