**BLANK ROME LLP**
William J. Dorsey
444 W. Lake Street,
Chicago, IL 60606
Tel: (312) 776-2512
William.Dorsey@blankrome.com

*Attorney for Shem Olam*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
In re:                                                         :
                                                               :   Chapter 11
SHEM OLAM, LLC                                                  :
                                                               :   Case No. 22-22493-SHL
                                                               :
                                                    Debtor     :
------------------------------------------------------------- X
```

## DEBTOR'S MOTION TO STRIKE OBJECTORS' PROOF OF CLAIM

Shem Olam, LLLC ("Shem Olam" or "Debtor") respectfully submits this Motion to Strike Rabbi Mayer Zaks, Yeshiva Chofetz Claim, Inc., and 82 Highview LLC's ("Objectors") purported proof of claim. In support thereof, Debtor states as follows:

### INTRODUCTION

Debtor filed its Bankruptcy Rule 9019 Motion to Approve Settlement and Compromise in January, and its related Section 363 Motion` to Authorize the sale of the Debtor's Property[1] (to pay off its creditors pursuant to the settlement) in early February. Both motions (and the replies filed by Debtor and the Law Firms[2] to those motions) unequivocally established that Objectors—through a dismissal with prejudice that has not been disturbed—released any purported claim that they had to Debtor's Property. In multiple objections,

---

[1] Property, as referenced herein, means Debtor's real property located 82 Highview Avenue and 105 Carlton Road, Suffern NY 10901.

[2] The Law Firms, as referenced herein, means  Leech Tisman Robinson Brog, PLLC ("Leech Tisman") and Levine & Associates, P.C. ("Levine").

157429176

Objectors failed to cite a single authority to refute that their claims of an interest in Debtor's Property are barred by res judicata and are an impermissible collateral attack on the Court's final judgment Order. The Court heard oral argument on March 5th, and scheduled a ruling date of March 18th. Since then, Objectors have filed a belated "proof of claim." It should be rejected out of hand and stricken—and should not affect the approval of the settlement, the sale of the Property, or the dismissal of this case—for the reasons set forth below.

First, the claims bar date has long passed. It was more than three and a half years ago on October 7, 2022. (Dkt. No. 19.) Objectors have not sought leave for their belated filing, and it should simply be determined null and void by this Court.

Second, this bankruptcy proceeding was already dismissed, Dkt. 107, and Objectors have taken the position that it was reopened for the limited purpose of addressing payment of fees to the Law Firms. There was no invitation to start a new claims process or revisit the prior dismissal, with prejudice, of Objectors' claims.

This Court repeatedly acknowledged the limited scope of the reopening of this proceeding at the July 10, 2025, hearing, and Objectors have taken the same position in signed pleadings. (Dkt. # 131). Indeed, the Court stated directly the purpose of reopening the case to enforce a the dismissal order; not to relitigate claims of other alleged creditors: "if we're thinking about this as a matter of civil contempt and order, the unsecured creditors have whatever rights they have with the case dismissed. And so while I sympathize with 22 creditors who haven't been paid, but when a case is dismissed, they're able to do what they're able to do."); *Id.* at p. 13:18-23; *see also id.* at p.14:16-20 ("the order says what it says. ***And nobody sought relief from the order and they'd be, frankly, exceedingly hard-pressed to do so under this -- on this record.***") (emphasis added).

2

Objectors repeatedly acknowledged the same, stating in signed pleadings that "the Objectors believe that because the Motion to Reopen sought the reopening of this case only for the Court to consider the Trustee Motion and, relatedly, the Sanctions Motion, this case has not been reopened on a plenary basis." (Dkt. # 156 at p. 10.) Objectors should be estopped from now, inconsistently, arguing otherwise.

Third, briefing closed on March 2, 2026. (Dkt. # 161.) Objectors filed their proof of claim after briefing, and after oral argument, and just days before the Court's ruling date. To be clear, the purported claim is not "new"—Objectors have attempted to raise it in their pleadings dating back to July. It should be rejected as untimely and an improper attempt to submit a post-argument sur-reply.

Fourth, while Objectors purported claim is convoluted and baseless, it is not against Shem Olam under a plain reading of the documents. Objectors seek payment for breach of a settlement agreement involving multiple non-parties and unrelated properties—the same settlement agreement they previously argued was a nullity (as addressed in their papers and at oral argument). Shem Olam signed it only in a limited capacity consenting to only three provisions: (i) that the adversary proceeding in this case would be dismissed with prejudice, (ii) that it would move for dismissal of this bankruptcy proceeding, and (iii) that it released the parties, and was in turn itself released, from all claims existing as of the date of the settlement agreement. Any monetary liability that Objectors claim to be owed under the purported settlement agreement has nothing to do with Shem Olam.

In sum, the Court should strike Objectors' proof of claim, and proceed to rule on March 18th on Debtor's Section 363 and Rule 9019 Motions—which resolve Leech Tishman's motion to appoint a trustee, Dkt. # 113, and its contempt motion, Dkt. # 119, upon which the

case was reopened. Debtor has already been forced to obtain a seven-day extension of its contract to sell the Property, and any further delay will risk its termination. The Court should put an end to Objectors' machinations, deem briefing closed as of March 2nd, and issue its ruling on Debtor's pending motions. The proof of claim should be stricken.

## BACKGROUND

1. On July 27, 2022 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On September 4, 2024, Debtor filed a motion to voluntarily dismiss this bankruptcy case **with prejudice**, which this Court granted on September 27, 2024. (Dkt. # 107.) The dismissal Order required Debtor to pay the Law Firms fees within a certain period of time. (*Id.*)

3. Disputes subsequently arose between Debtor and the Law Firms regarding the payments to the Law Firms and Debtor's purported obligation to sell Debtor's Property to generate sufficient proceeds to make those payments. (*See* Dkts. # 113, 115, 121, 131, 140.) Upon the request of the Leech Tishman to reopen the case to permit the sale of the Property to pay its fees, the Court reopened this bankruptcy case by order dated July 18, 2025. (Dkt. # 128.) Leech Tishman also sought an order of contempt as to Debtor and its principal for allegedly failing to make the payment. (*See id.*)

4. The Court entered an order reopening the case on July 18, 2025. At the July 10, 2025 hearing, however, the Court made clear its reopening was narrowed to the issues raised in the above-referenced motions. (Dkt. # 131 at p. 13:18-23 ) ("if we're thinking about this as a matter of civil contempt and order, the unsecured creditors have whatever rights they have with the case dismissed. And so while I sympathize with 22 creditors who haven't been paid,

4

but when a case is dismissed, they're able to do what they're able to do."); *see also* ("the order says what it says. And nobody sought relief from the order and they'd be, frankly, exceedingly hard-pressed to do so under this -- on this record.")

5.     Debtor and the Law Firms have resolved their dispute, reaching a settlement resulting in their payment in full following the consummation of a sale of Debtor's Property. Debtor filed motions under Bankruptcy Rule 9019 and Section 363 of the Bankruptcy Code respectively to approve the sale and settlement. (*See* Dkt. # 152, 162.)  The motions were fully briefed as of March 2, 2026. (*See* Dkt. # 170, 171, 172.)

6.     The Court set a final hearing date on March 5, 2026, and heard argument on that date. (Dkt. # 161.)  The Court subsequently set a ruling date of March 18th.

7.     On March 10, 2026, Objectors, without leave of Court, filed a purported proof of claim.  The proof of claim incredibly seeks almost $30,000,000 from Debtor. Nothing in the contract upon which their claim is based (a settlement agreement) gives rise to any liability, let alone that liability on behalf of Shem Olam.

8.     As explained below, the belated and unauthorized proof of claim should be stricken.

## ARGUMENT

Fundamental principles of bankruptcy law warrant striking, or simply denying, Objectors' proof of claim.  First, the "the [claims] bar date is strictly enforced" unless a known creditor fails to receive notice. *In re AMR Corp.* 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013). Second,  "if a party wishes to file a late claim it is incumbent on the party to seek the Court's permission to do so by filing a motion under Rule 9006 of the Federal Rules of Bankruptcy Procedure." *Matter of Pacific Drilling S.A.* 616 B.R. 634, 642 (Bankr. S.D.N.Y. 2020). Third,

a dismissed bankruptcy case does not continue indefinitely; nor allow creditors to assert claims post-dismissal. The court should strike the proof of claim for these reasons.

### A. The Proof of Claim Comes Far Too Late.

This Court set a proof of claim deadline for October 7, 2022. Objectors missed that deadline by more than three years. They have not sought leave of this Court to file their belated proof of claim, even if it could be filed post-dating the dismissal with prejudice of the bankruptcy proceeding. *In re AMR Corp.* 492 B.R.at 663. The proof of claim is therefore procedurally improper and should be rejected out of hand.

Neither can Objectors satisfy the excusable neglect standard. Objectors' claim is based on a purported settlement agreement executed in 2024. They had full knowledge of it; yet failed to raise it until after its other arguments in favor of a purported ownership interest in Debtor's Property were unequivocally rebutted. Courts routinely deny belated proofs of claim where the circumstances leading to the late-filed claim are in the control of claimant or their counsel. *In re Lehman Brothers Holdings Inc.* (Bankr. S.D.N.Y. 2010) 433 B.R. 113, 125 (disallowing proof of claim and reasoning that the failure to "timely file proofs of claim resulted from a series of sequential errors, but these errors at all times were within the complete control of Seaport or BEKB.")

To that end, courts have confirmed that a "Bar Date Order needs to be uniformly enforced except in truly unusual and compelling circumstances." *Id.* Objectors present no such compelling circumstances here. Nor could they. They not only failed to seek permission to file a late claim, they did nothing for the last eight months in which the bankruptcy case was reopened, with Objectors' knowledge and regular participation. The proof of claim can and should be rejected for this reason alone.

6

**B**. *The Court's Dismissal Order Precludes the Proof of Claim.*

Objectors' proof of claim is likewise improper because it comes after this bankruptcy proceeding was dismissed with prejudice and by agreement. Indeed, this Court expressed concern with altering the dismissal with prejudice order in considering whether to reopen the case, but ultimately considered that it had authority to enforce its order. (Dkt. # 131 at p. 13:18-23).

The proceedings to date since the case was reopened are each fully consistent with the Court's limited order reopening the case. The proof of claim filed by Objectors is not. Objectors admitted as much, in signed pleadings, in which they asserted "Objectors believe that because the Motion to Reopen sought the reopening of this case only for the Court to consider the Trustee Motion and, relatedly, the Sanctions Motion, this case has not been reopened on a plenary basis." (Dkt. # 156 at p. 10.)

Objectors should be judicially estopped from  changing that argument now, following the close of briefing, and following oral argument on Debtor's fully briefed motions. *See Intellivision v. Microsoft Corp.* 484 Fed.Appx. 616, 621 (2d Cir. 2012) ("the Supreme Court, has recognized that a prior inconsistent representation made in a prior phase of the same case *can* trigger judicial estoppel."). Application of this doctrine is particularly appropriate where a litigant "last-minute about-face would have unfairly advantaged [the party raising inconsistent argument]". *Id.*  That is exactly the case here.

**C**. *The Proof of Claim is an Impermissible Sur-Reply.*

In addition, the belated proof of claim is a clear attempt to raise a new argument as to why Objectors purportedly have standing to challenge the Section 363 Motion and Bankruptcy Rule 9019 motions, notwithstanding their dismissal of their Adversary Proceeding with

7

prejudice. To make matters worse, the proof of claim was not submitted until after final briefing and oral argument. While sur-replies of any kind of disfavored, a delayed sur-reply to prejudice the movant on the eve of hearing is "unacceptable." *In re Lehman Brothers Holdings Inc.* 535 B.R. 608, 619 Bankr. S.D.N.Y. 2015) (delay of more than a month to submit letter regarding "new" issue was unacceptable").

Moreover, the proof of claim premised on the contention that Objectors are "creditors" of Shem Olam is not new. Objectors were well aware of Debtor's and the Law Firms' argument that Objectors had no interest in Debtor's Property, and were not creditors of the estate after dismissing their Adversary Proceeding in this case with prejudice. Debtor raised the issue in multiple rounds of briefing dating back to last summer, in which Objectors repeatedly argued without supporting authority that they had an interest in the Property because the settlement agreement was void. They should again be estopped from changing their argument diametrically for the reasons explained above. And, in any event, their effort to do so now comes far too late. See *Preston Hollow Capital LLC v. Nuveen Asset Management LLC* (343 F.R.D. 460, 4 S.D.N.Y. 2023) ("where a party requesting to submit a sur-reply was on notice of the opposing party's argument or the party had "ample opportunity" to address the argument, courts have denied leave to file a sur-reply").

### D. The Proof of Claim does Not Assert an Obligation of Debtor.

Finally, the proof of claim—seeking $30 million dollars under a settlement agreement between multiple non-parties and involving other real property unrelated to Debtor—does not assert an obligation of Shem Olam, and it fails on the face of the claim itself. At the outset, and misleadingly omitted from Objectors' proof of claim, Shem Olam signed the settlement agreement only in a limited capacity consenting to only three paragraphs (Paragraphs 2, 5, and 32.) The limited nature of this agreement is as follows: (i) Shem Olam agreed that the adversary

8

proceeding in this case would be dismissed with prejudice, (ii) Shem Olam agreed that it would move for dismissal of this bankruptcy proceeding, and (iii) Shem Olam agreed that it released the parties, and was in turn itself released, from all claims existing as of the date of the settlement agreement. (*See* Proof of Claim at Exhibit A, pp. 2-3, 7, 9-10.)

Debtor's limited assent to the dismissal and release provisions—and nothing further—does not and cannot give rise to a purported $30,000,000 obligation for "fraudulent inducement" or other alleged breaches of settlement obligations that Shem Olam explicitly did not agree to. Moreover, Debtor could not have agreed to do anything more than dismiss the case and the releases without seeking and obtaining this Court's permission under Rule 9019.

Even if the court were to reach the merits of the proof of claim, it should be rejected outright. It is well established that, generally, a party who is not a signatory to a contract cannot be held liable for breaches of that contract. *D'Antonio v. Metropolitan Transp. Authority*, 2008 WL 582354, at *7 S.D.N.Y., Mar. 4, 2008, No. 06 CV 4283 (KMW).

Here, the parties manifested their consent that Shem Olam would be bound by only three terms, and agreed to avoid the exact result that Objectors' urge here: tying Shem Olam up in disputes concerning the performance of the agreement and myriad obligations of non-parties and real properties (the Kiryas Radin property) that Shem Olam does not, and has never, owned. Tacitly acknowledging this fact, Objectors claim that Shem Olam failed to dismiss the bankruptcy case—but there is no dispute that the case is now dismissed, and has been for more than a year and a half. And it was done pursuant to this Court's direction and timeline. Nor did Objectors raise any objection to the dismissal of the bankruptcy case with prejudice, or otherwise contend that the untimely dismissal actually gave rise to a $30 million claim against the estate.

9

To the contrary, at the September 25, 2024 hearing on Shem Olam's dismissal motion, Objectors' former counsel expressly consented to the approval of the settlement agreement in the Mosdos bankruptcy case, stating "we are obviously in support of this motion…" (9/25/2024 Tr. at p. 7.) Perhaps more fundamentally, **this Court approved the settlement agreement**, as requested by the parties in the Mosdos bankruptcy case, more than a month after Shem Olam's purported August 2024 breach, which was never raised. Put simply, there is no "breach" involving the dismissal of Debtor's bankruptcy case, let alone one resulting in a monetary obligation of Shem Olam.

Indeed, while Objectors' proof of claim suggests that the transfer of a separate property, the Kiryas Radin property, was impossible without the closing of the Debtor's Property, they have no standing to pursue such a claim. Objectors are not the purchasers of the Kiryas Radin. The purchaser of the Kiryas Radi under the settlement agreement is none other than Shimon Ganz (along with Ben Philipson). Thus, if anyone could raise a claim as to a purported delay in the purchase of that property it is axiomatically Mr. Ganz, and not Objectors. *See generally Foodbuy, LLC v. Gregory Packaging, Inc.*, 987 F.3d 102, 116 (4th Cir. 2021) ("[S]imply being a party to the contract does not alone establish Article III standing.").

Moreover,  and presumably because they understand there is no valid claim for breach of the settlement agreement, the Objectors raise a far-reaching "fraudulent inducement" claim that likewise does not give rise to any obligation of Shem Olam. The only purported fraudulent misrepresentation put forward by Objectors involves a purported statement by Shimon Ganz, an individual who Objectors do not claim is a member or representative of Shem Olam, and indeed, is not.  Yet, the only supporting fact alleged by Objectors in support of their fraudulent inducement claim if the following conclusory allegation: "Based on **Mr. Ganz's**

10

*representation* [that Debtor's representative would sign a "side agreement"], the Creditors agreed to proceed with the Global Settlement Agreement." This statement simply was not made by Shem Olam, or anyone authorized to speak on its behalf, and cannot give rise to a purported fraud claim against it.

Regardless, Objectors ignore the express merger clause in the settlement agreement barring evidence of any contemporaneous agreement not found in the settlement agreement. Paragraph 42 of the settlement agreement states directly that "This Settlement Agreement constitutes the entire agreement among the Parties and supersedes any prior understandings or written or oral agreements among the Parties respecting the subject matter and any other matter, compromise, and settlement contained herein." Thus, any claim based on a purported "side letter agreement" should be rejected out of hand. *See Lankau v. Luxoft Holding, Inc.*, 266 F.Supp.3d 666, 680 (S.D.N.Y. 2017) ("New York law bars the "introduction of extrinsic evidence to vary or add to the terms of contract" such as extraneous oral or written agreements"); *In re Cromer* 153 B.R. 391, 395–396 (Bankr. E.D.N.Y. 1993) ("parol evidence rule bars evidence of any prior or contemporaneous oral agreement where such agreement is offered to vary or add to the terms of the writing"). To be clear, the purported "promise" to sign a side letter agreement, made by an individual who is not an agent Shem Olam, is not actionable, and is nothing more than an end-around of the express integration clause in the contract.

In sum, while the belated proof of claim is not only procedurally improper, untimely, and beyond the Court's authority in this dismissed bankruptcy case, it has no merit. The Court should strike it out of hand, and proceed to grant Debtor's Bankruptcy Rule 9019 and Section 363 motions on March 18th, as requested by Debtor and the Law Firms.

11

Dated: March 17, 2026

Respectfully submitted by

BLANK ROME LLP

By: */s/ William J. Dorsey*
William J. Dorsey
444 W. Lake Street, Suite 1650
Chicago, IL 60606
Tel: 312-776-2512
William.Dorsey@blankrome.com

*Attorney for Debtor Shem Olam, LLC.*

=======================================================================

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 17, 2026, the foregoing document was served via the Court's electronic filing system upon all counsel of record.

*/s/ William J. Dorsey*
William J. Dorsey