# MCGRAIL & BENSINGER LLP

888-C 8th Avenue #107, New York, NY 10019
ivolkov@mcgrailbensinger.com
201-931-6910

March 19, 2026

**VIA CM/ECF**

Honorable Judge Sean H. Lane, U.S.B.J.
United States Bankruptcy Court for the
 Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

> Re:   Shem Olam LLC
>         Case No. 22-22493 (SHL)

Dear Judge Lane:

As Your Honor knows, we represent Rabbi Mayer Zaks, Yeshiva Chofetz Chaim, Inc. and 82 Highview LLC (the "Objectors"). As a follow-up to yesterday's bench ruling on the motions of Shem Olam LLC ("Shem Olam") to approve a settlement (the "Settlement Motion") and to sell the Property, the Objectors are seeking a further clarification of the Court's ruling on the Settlement Motion.

Specifically, if Your Honor may recall, in the Objectors' Verified Objection to the Settlement Motion [Docket No. 156], they objected specifically to paragraph 17(f) of the Settlement Motion as going beyond the scope of the Shem Olam bankruptcy case. That subparagraph states:

> The order granting this motion and approving the agreement herein
> and sale of the Property shall be the final order in this proceeding
> and any related adversary proceedings, replacing and superseding
> any other post-petition orders that remain in effect in this bankruptcy
> case and in the above proceedings, *including without limitation
> the Mosdos Adversary Proceeding*, and serving as the final resolution
> of all disputes in all such proceedings, and shall close this bankruptcy
> case and all such proceedings.

By way of background, as set forth in the Objectors' Verified Objection to the Settlement Motion [Docket No. 156] (the "Verified Objection"), on March 25, 2025, this Court entered a Consent Order Authorizing Disputes To Be Submitted To Binding Arbitration Before Rabbi Ari Marburger [Dkt. No. 305 in the MCC Adversary Proceeding] (the "Arbitration Consent Order").

It appears that by Paragraph 17(f) of the Settlement Motion, Shem Olam is looking to override the Arbitration Consent Order.  There is nothing in the record of this case or in any law cited by Shem Olam in the Settlement Motion that would allow Shem Olam to do so.

The Objectors understood that the Settlement Motion was granted to the extent it (i) resolved the non-payment dispute between Shem Olam and the "Law Firms" and (ii) sought approval of the sale of the Property to pay the Law Firms.  Respectfully, paragraph 17(f) of the Settlement Motion exceeds the parameters of the Shem Olam case, does not pertain to the resolution of the disputes with the Law Firms and should not be included in any relief granted by the Court in connection with the Settlement Motion.

Could Your Honor please clarify Your Honor's ruling on the foregoing portion of the Objectors' objection to the Settlement Motion so that the proposed form of order to be submitted by Mr. Dorsey can accurately reflect Your Honor's decision?

The Court's attention to this matter is greatly appreciated.

Respectfully submitted,

McGRAIL & BENSINGER LLP

*/s/ Ilana Volkov*

Ilana Volkov