UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

In re:                                                              :
                                                                    :   Chapter 11
**SHEM OLAM, LLC**                                                  :
                                                                    :   Case No. 22-22493-SHL
                                                                    :
                                                         Debtor  :

------------------------------------------------------------------ X

### ORDER PURSUANT TO SECTION 363 (b) AND (f) OF
### THE BANKRUPTCY CODE AUTHORIZING DEBTOR
### IN POSSESSION TO SELL REAL PROPERTY, AND APPROVING SETTLEMENT
### AGREEMENT PURSUANT TO RULE 9019

Upon motions of Debtor Shem Olam, LLC, debtor in possession (the "Debtor"), for entry

of an order, pursuant to § 363(b) and (f) of Title 11, United States Code (the "Bankruptcy Code")

and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the

"Motions") for (i) and Order authorizing and approving the private sale of Debtor's real property

the "Sale") located at 82 Highview Road and 105 Carlton Road, Suffern NY 10901 (the

"Property") to MS Highview LLC ("Purchaser")[1] and  (ii) for an Order approving the

settlement between Debtor, on one hand, and Leech Tishman Robinson Brog, PLLC ("Leech

Tishman"), Levine & Associates, P.C. ("Levine"), and Kriss & Feuerstein LLP ("Kriss" and,

together with Leech Tisman and Levine, the "Law Firms") on the other hand (the "Settlement

Agreement"), and with sufficient notice of the Motions having been given under the particular

circumstances; and it appearing that no other or further notice need be provided; and the United

States Bankruptcy Court for the Southern District of New York (the "Court") having held two

hearings on February 4, 2026 and March 5, 2026 (the "Hearings") to approve the Sale and the

Settlement Agreement; and the Court having reviewed and considered (a) the Motions, (b) the

---

[1] A true and accurate copy of the Purchase and Sale Agreement (the "Sale Agreement") is attached to Debtor's
reply brief to its motion under Rule 9019 of the Bankruptcy Rules to approve settlement and compromise.

005904.00003/157356966v.7
005904.00003/157356966v.8
005904.00003/157356966v.9
005904.00003/157356966v.11

objections of Rabbi Mayer Zaks, Yeshiva Chofetz Chaim, Inc., and 82 Highview LLC ("Objectors") to the Motions, (c) all other pleadings filed in support of the Motions, and (d) the extensive arguments of counsel made, and the evidence proffered or adduced at the Hearings on the Motions and (e) the letter and proposed comments regarding the provisions of this order filed by counsel to the Objectors, *see* ECF Nos. 176 and 177 ; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Sale Agreement and Settlement Agreement; and it appearing that the relief requested in the Motions is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and upon the record of the Hearing and after due deliberation thereon; and good cause appearing therefor, it is hereby,

## IT IS ORDERED, ADJUDGED AND DECREED THAT:

For the reasons stated on the record, the Sale and Settlement Agreement are approved, as set forth in this Order, for the reasons set forth in this Court's March 18, 2026 bench ruling.

All objections to the Motions and the relief requested therein, the Sale, the Settlement Agreement, the entry of this Order, and the relief granted herein are hereby **DENIED** and **OVERRULED** for the reasons stated in this Court's March 18, 2026 bench ruling with prejudice.

### Approval of the Sale

The Sale of the Property, subject to the required payments to be made under this Order, is hereby **APPROVED** in all respects.

Pursuant to 11 U.S.C §§ 363(b), 363(f), and 365, the Sale of the Property to the Purchaser free and clear of all liens, claims, and interests, including any possessory interests

2

in the Property, (collectively "Interests") is approved in all respects. No further order of Court shall be required for Debtor to proceed with and close the sale of the Property.

### Sale and Transfer of the Property

The Court finds that the sale of the Property satisfies all requirements of applicable law, including but not limited to the requirements set forth in Section 363 of the Bankruptcy Code.

The automatic stay imposed by Section 362 of the Bankruptcy Code is modified to the extent necessary, without further order of the Court, to implement the Sale and the other provisions of this Order, including, without limitation, to allow Debtor and the Purchaser to take any and all actions permitted and required to effectuate the Sale, provided, however, that the Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

Subject to the terms, conditions, and provisions of this Order, all persons and entities are hereby forever prohibited and barred from taking any action that would adversely affect or interfere with the Sale or the Settlement Agreement, or that would be inconsistent with (a) the ability of the Debtor to sell and transfer the Property to the Purchaser in accordance with the terms of the Sale Agreement and this Order or (b) the ability of the Purchaser to acquire, take possession of, use and operate the Property in accordance with the terms of this Order; or (c) Debtor's use of the proceeds from the sale of the Property in accordance with this Order.

Pursuant to 11 U.S.C. §§ 105 and 363, the Debtor is hereby authorized, empowered and directed to, and shall, take any and all actions necessary or appropriate to (a) sell the Property to Purchaser, (b) consummate the Sale Agreement in accordance with, and subject to the terms and conditions of, the Sale Agreement, (c) pay the Law Firms, Blank Rome LLP, the current Property mortgage lender as required by this Order, and thereafter to any other person or entity whose payment is appropriate consistent with the Sale and Settlement Agreement,

005904.00003/157356966v.9
005904.00003/157356966v.11

and (d) transfer and assign to the Purchaser all right, title and interest (including common law rights) to all property, licenses and rights to be conveyed in accordance with and subject to the terms and conditions of the Sale Agreement, in each case, without further notice to or order of the Court.

Subject to the terms, conditions, and provisions of this Order, all persons, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants, parties to executory contracts and unexpired leases, customers, licensors, litigation claimants, current and former employees and other creditors, holding interests against or in a Debtor or the Property, including any purported possessory interests,  (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Property, or the Sale, are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such persons' or entities' interests, whether by payment, setoff, or otherwise, directly or indirectly in the Property or sale proceeds (including, without limitation, taking any of the following actions: (a) commencing or continuing in any manner any action or other proceeding regarding those alleged rights; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any Interest; (d) asserting an Interest as a setoff, right of subrogation or recoupment of any kind against any obligation due; (e) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Order or the agreements or actions contemplated or taken in respect thereof; or (f) interfering with, preventing, restricting, prohibiting or otherwise enjoining the consummation

4

of the Sale Agreement), against the Purchaser, or any of its respective successors or assigns. Following the consummation of the Sale Agreement, no party shall interfere with the Purchaser's title to or use and enjoyment of the Property based on or related to any such interest.

Subject to (i) the terms and conditions of this Order, and (ii) payment to the Law Firms, Blank Rome LLP, the current mortgage lender, and the U.S. Trustee fees, the transfer of Property to the Purchaser pursuant to the Sale Agreement and the consummation of the Sale Agreement and any related actions contemplated thereby constitute a legal, valid, binding, and effective transfer of the Property and shall vest the Purchaser with all rights, title, and interests of the Debtor in and to the Property, free and clear of all liens, claims, encumbrances, and other interests.

Except to the extent the Purchaser specifically agrees in the Sale Agreement or as otherwise set forth in this Order, the Purchaser shall not have any liability, responsibility or obligation for any claims, liabilities or other obligations of the Debtor or its estate, including any claims, liabilities or other obligations related to the Property.  Under no circumstances shall the Purchaser be deemed a successor of or to the Debtor.

### Good Faith

The Purchaser is a good faith purchaser of the Property within the meaning of section 363(m) of the Bankruptcy Code and, as such is entitled to, and is hereby granted, the full rights, benefits, privileges and protections of section 363(m) of the Bankruptcy Code.

### Free and Clear

The transfer of the Property to the Purchaser shall be a legal, valid, and effective transfer of the Property,  and shall vest the Purchaser with all right, title, and interest of the

5

Seller to the Property free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever (other than any liens created by the Purchaser), including, without limitation, rights or claims (for purposes of this Order, the term "claim" shall have the meaning ascribed to such term in Section 101(5) of the Bankruptcy Code) based on any successor or transferee liability, including, without limitation, (i) those that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's or the Purchaser's interest in the Property or any similar rights, and (ii) those arising under all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal, or charges of any kind or nature, if any, including, without limitation, any restriction on the use, voting, transfer, receipt of income, or other exercise of any attributes of ownership.

**Approval of the Settlement Agreement**

The terms of the Settlement Agreement are approved in all respects. The Settlement Agreement satisfies all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, including Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 and applicable law.

The Debtor is authorized and directed to enter into and perform under the Settlement Agreement. The parties are authorized and directed to take any and all actions necessary to consummate the Settlement Agreement and to perform any and all obligations contemplated by the Settlement Agreement, including without limitation the payment of fees to the Law Firms, Blank Rome LLP, the current mortgage lender, and thereafter to anyone the Debtor

6

elects in its sole discretion.  The stay of section 362 of the Bankruptcy Code is hereby modified to permit the parties to implement the terms and conditions of the Settlement Agreement.

The terms and provisions of the Sale Agreement, Settlement Agreement, and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor and its respective affiliates, successors and assigns, estate, creditors and equity holders, the Purchaser, and its respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting interests in, on or against the Property to be sold to the Purchaser including but not limited to the Objectors.

### Proceeds of Sale

Pursuant to the Settlement Agreement and the Sale, and as otherwise agreed by the parties, the Debtor is directed to have the proceeds of the sale of the Property distributed as follows: (1) payment of  Leech Tishman's legal fees in the amount of $600,000, (2) payment of Levine's legal fees in the amount of $91,412.68; (3) payment of Blank Rome LLP's legal fees incurred in connection with the representation of Debtor and its principal, Henoch Zaks, in connection with the reopening of this bankruptcy case from July 2025 – to closing of the Sale Agreement; (4) payment of Kriss's legal fees in the amount of $51,000; (5) payment of the current Property mortgage lender in the amount of $2,750,000; (6) payment of the U.S. Trustee fees, if any; and (7) any other entity whose payment is appropriate consistent with the Sale and the Settlement Agreement. The above payments shall be made at the closing of the sale of the Property, and shall be free and clear of any liens or claims.

The Court shall retain exclusive jurisdiction to enforce and implement the terms and provisions of the Sale Agreement and Settlement Agreement, all amendments thereto, any

005904.00003/157356966v.9
005904.00003/157356966v.11

waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects.

The above referenced order resolves all outstanding motions, including Leech Tishman's Motion to Appoint a Trustee and Motion for Contempt, which are HEREBY DENIED AS MOOT upon payment to the Law Firms.

Given the litigious nature of the parties to the pending disputes in this bankruptcy case and their other contentious litigation in prior bankruptcy cases and other cases in federal and state courts, the parties are cautioned that this is a final order as to the Sale and Settlement Agreement and that any attempt to improperly and collaterally attack this Order may result in the imposition of sanctions by this Court.

Dated:   White Plains, New York
         March 23, 2026

                                          */s/ Sean H. Lane*
                                          **UNITED STATES BANKRUPTCY JUDGE**

005904.00003/157356966v.9
005904.00003/157356966v.11